UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

|  |  |
|---|---|
| IN RE: LIGHT CIGARETTES MARKETING SALES PRACTICES LITIGATION | ) <br> ) MDL Docket No. 1:09-MD-2068 <br> )          A L L   C A S E S <br> ) |

**PLAINTIFFS' MOTION FOR ENTRY OF CONFIDENTIALITY ORDER WITH INCORPORATED MEMORANDUM OF LAW**

NOW COME Plaintiffs, by and through the undersigned counsel, and move the Court to enter Plaintiffs' proposed confidentiality order, which is taken in its entirely (except for paragraph 4) from the District of Maine's Local Rules Appendix II Form Confidentiality Order.[1] Time is of the essence, given the schedule for class certification briefing. Without a confidentiality order, Plaintiffs cannot access Defendants' documents under the restrictions Defendants have placed on document access.

**INTRODUCTION**

Over the past month, Plaintiffs and Defendants have tried to negotiate a mutually acceptable Confidentiality Order. Despite substantial efforts, the parties have been unable to reach agreement on virtually any aspect of a Confidentiality Order. Defendants' version is unacceptable to Plaintiffs and Plaintiffs' is unacceptable to Defendants.

Accordingly, Plaintiffs respectfully request the Court to enter the Form Confidentiality Order adopted by the District of Maine and included as Appendix II to the Local Rules of the District of Maine. Plaintiffs' proposed form of order is attached.

---

[1] Pursuant to Local Rule 26(d)'s terms, Plaintiffs are submitting a formal motion, recognizing that at the Court's discretion, this matter will be determined either by Judge Woodcock or Magistrate Judge Kravchuk.

## **DEFENDANTS' PREVIOUS USE OF CONFIDENTIALITY**

On August 17, 2006, Judge Gladys Kessler in the United States District Court for the District of Columbia entered an opinion, after a bench trial in a RICO case. In her findings of fact and conclusions of law, Judge Kessler concluded that the tobacco companies regularly and systematically misused protective orders, including the Defendants before this Court. *U.S. v. Philip Morris USA, Inc.*, 449 F. Supp. 2d 1, 931 (D.D.C. 2006). Judge Kessler found that: "Defendants have abused these protections, using privilege and confidentiality designations to conceal potentially damaging information."

Defendants did not just misuse confidentiality to shield inconvenient documents from public disclosure – Defendants also misused privilege and engaged in the wholesale destruction of documents, according to the Court. Judge Kessler found that

> [o]ver the course of approximately fifty years, different Defendants [including Philip Morris], at different times, took the following actions in order to maintain their public positions on smoking and disease-related issues, nicotine addiction, nicotine manipulation, and low tar cigarettes, in order to protect themselves from smoking and health related claims in litigation, and in order to avoid regulation which they viewed as harmful: they suppressed, concealed, and terminated scientific research; they destroyed documents including scientific reports and studies; and they repeatedly and intentionally improperly asserted the attorney-client and work product privileges over many thousands of documents (not just pages) to thwart disclosure to plaintiffs in smoking and health related litigation and to federal regulatory agencies, and to shield those documents from the harsh light of day.

*Id.* at 839. Judge Kessler also noted that it was impossible to know the extent to which Defendants were successful in destroying documents and the amount of information that will never be viewed by the public. *Id.*

## **REMEDIES ORDERED TO CORRECT DEFENDANTS' CONDUCT**

Because of Defendants' prior conduct, Judge Kessler ordered Defendants to "provide complete and accurate information about any documents they withhold on grounds of privilege or other protection, including confidentiality" by providing "full bibliographic information for all withheld documents, including titles (as well as a brief summary of the basis for the privilege or confidentiality assertion)." *Id.* The bibliographic information is contained on searchable websites, which are maintained by Defendants.

Judge Kessler explained her decision to require Defendants to disclose the bibliographic information, stating:

> [c]ompelling Defendants to provide accurate and updated indices of all documents they are withholding on grounds of privilege or confidentiality is the only way to guarantee transparency and ensure that Defendants do not engage in similar egregious conduct in the future. Without a Court-ordered mechanism to ensure that all appropriate documents are either disclosed, or are logged as being withheld, Defendants will continue to suppress documents from the public. Defendants must similarly be required to identify all document fields and give meaningful explanations for all documents that they withhold on grounds of confidentiality.

*Id.* Defendants were ordered to place bibliographic information in a Confidential Document Index on the websites that Defendants are required to maintain. *Id.* at 943.

To access the websites that Judge Kessler ordered the tobacco companies to create, Defendants require that lawyers have a confidentiality order in place. Because Plaintiffs in this litigation have not yet been able to access Defendants' document website, Plaintiffs are uncertain if Defendants have fully complied with Judge Kessler's order requiring bibliographic information on documents withheld from the online database as privileged or confidential. If Plaintiffs determine that Defendants have not complied with the order, Plaintiffs will request that this Court require Defendants to comply with Judge Kessler's Order.

3

## THE DISTRICT OF MAINE'S CONFIDENTIALITY ORDER FORM PROVIDES AMPLE PROTECTION TO DEFENDANTS

The Local Rules of the District of Maine permit confidentiality orders and states "[t]he proposed order shall conform to the Form Confidentiality Order set forth in Appendix II to these Local Rules." L.R. 26(d). Plaintiffs suggest that this order should be entered by this Court. *See, e.g., Lannigan v. S.D. Warren Co.*, Civil No. 08-401-P-H, 2009 WL 1421093, at *3 (D. Me. May 19, 2009) (Rich, M.J.) (ordering documents produced in an employment law case, subject to a protective order "modeled on the Form Confidentiality Order appended to this court's Local Rules"); *Glenwood Farms, Inc. v. Ivey*, No. 03-217-P-S, 2005 WL 1320102, at *1 n.1 (D. Me. May 31, 2005) (Cohen, M.J.) (noting in a dispute over confidentiality designations that parties are *required* to use the form confidentiality order in Local Rule 26(d) and that designating parties must show "good cause" for the designation).

The only revision Plaintiffs propose to the Form Confidentiality Order is the insertion of Paragraph 4, designed to prevent Defendants from asserting confidentiality over documents where confidentiality has already been waived (whether by publication or through being part of a public proceeding, such as a trial), or where a court has determined that the information is not confidential. Plaintiffs submit that Judge Kessler's findings make such a prohibition necessary.

The District of Maine's Form Confidentiality Order provides sufficient protection for Defendants' information. These Defendants require no more and indeed, one might argue, based on Judge Kessler's findings, that the Maine form of Order provides more protection then required. In any event, Maine's form of Order ensures that Confidential information is only used "to prepare for and conduct discovery and trial in this action." It allows access to documents only by:

4

- "counsel for the parties and employees of counsel who have responsibility for the preparation and trial of this action;" (Paragraph 6(b)(1))

- "parties and employees of a party to this Order but only to the extent counsel determines that the specifically named individual party or employee's assistance is reasonably necessary to the conduct of the litigation;" (Paragraph 6(b)(2))

- "court reporters and recorders engaged for depositions;" (Paragraph 6(b)(3))

- contractors hired to make copies of documents or process documents, after the contractor has signed the Acknowledgement of Understanding and Agreement to be Bound; (Paragraph 6(b)(4))

- "consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action, but only after such persons have completed Acknowledgement of Understanding and Agreement to be Bound;" and (Paragraph 6(b)(5))

- other persons consented to by the producing party or upon order of the Court, after those persons have completed the Acknowledgement of Understanding and Agreement to be Bound. (Paragraph 6(b)(6)).

*See* Form Confidentiality Order, at Exhibit A. Additionally, confidential information may be filed under seal. (Paragraph 6).

This is abundant protection. Only those with legitimate reason to have access to confidential information will have it and the draconian provisions that previously allowed Defendants to misuse confidentiality designations are excised.

### DEFENDANTS' PROPOSED CONFIDENTIALITY ORDER IS EXCESSIVELY RESTRICTIVE IN ITS PROVISIONS FOR USE AND ACCESS TO DOCUMENTS

As discussed above, there is a judicial determination that Defendants have misused confidentially orders. Yet despite Judge Kessler's findings, which were upheld in all material aspects by the Court of Appeals for the District of Columbia (*see United States v. Philip Morris USA, Inc.*, 566 F.3d 1095 (D.C. Cir. 2009)), Defendants insist on the same type of order here that they were successful in promoting before Judge Kessler issued her findings.

Defendants, for example, insist that any document marked "Highly Confidential" be kept in a locked file cabinet in a locked room somewhere in the United States. No document can be removed from that room until the litigation is concluded. Any of Plaintiffs' notes or other work product based on those "Highly Confidential" documents must be kept in the locked filing cabinet within the secure room. No dictation or other recording equipment may be used. Nothing else may be stored in that room. Defendants are therefore placing truly burdensome limits on Plaintiffs' ability to work with the documents. *See* Defendants' Draft Confidentiality Order at ¶ 10(c), at Exhibit B.

Second, Highly Confidential information may be seen by only six (6) so-called "Designated Attorneys" for the entire Light Cigarettes litigation. This severely limits the number of attorneys who can take and attend depositions (only "Designated Attorneys" can attend depositions where "Highly Confidential" information is discussed), limits the attorneys that can be involved in brief writing (if "Highly Confidential" information is discussed) and means that no other attorneys can assist the six "Designated Attorneys" in document review. *Id.* at ¶¶ 10(b), 13.

Third, Defendants' draft requires any expert, consultant or investigator to sign an acknowledgement of the Confidentiality Order and then requires Plaintiffs to serve copies of those acknowledgements on all counsel of record. *Id.* at ¶ 10(e)(ii). This means that Defendants will know the identities of Plaintiffs' testifying experts long before expert discovery is contemplated and will have the identities of any consultants or investigators that Plaintiffs employ. Defendants are not entitled to this information under any circumstances. The District of Maine has previously rejected a similar request. In *Kaplan v. First Hartford Corp.*, the defendant attempted to get copies of the plaintiffs' acknowledgements in order to comply with

6

supposed SEC requirements. 522 F. Supp. 2d 275, 280 (D. Me. 2008) (Hornby, J.). The Court rejected the defendant's request and noted that such a disclosure would reveal work product. *Id*. Like the *Kaplan* defendant, Defendants here should not be permitted access to Plaintiffs' work product.

Fourth, Defendants' draft requires this Court to close the courtroom if "Highly Confidential" information will be discussed during any pretrial proceeding. Defendants' Draft Confidentiality Order at ¶ 15. Defendants are not entitled to such a blanket courtroom closure. Any such request should be handled on a case by case basis so the Court can consider the nature of the "Highly Confidential" information to be discussed and make a determination of whether the courtroom should be closed.

Fifth, Defendants have provided themselves with greater protections if privileged information is inadvertently disclosed than they are entitled to under the Federal Rules of Civil Procedure and the Federal Rules of Evidence. *Id.* at ¶ 19. Defendants have eliminated the Federal Rules' provisions that allow return or sequestration of inadvertently disclosed privileged information and the requirement in the Federal Rules of Evidence that Defendants take reasonable steps to prevent any such inadvertent disclosure. *Id.*; Fed. R. Civ. P. 26(b)(5)(B); Fed. R.Evid. 502(b)(2).

Sixth, Defendants restrict the future employment opportunities of any expert, investigator or consultant that views "Highly Confidential" information. *Id.* at ¶ 10(e)(ii), Confidentiality Acknowledgement B. If an expert, investigator or consultant wants to work in the tobacco industry, or any industry that is tangentially related to the tobacco industry (including equipment manufacturers or ingredient providers), that expert, investigator or consultant must first consult

with Defendants about the potential employment before pursuing such employment opportunities.

Seventh, Defendants require Plaintiffs' Counsel to sign an acknowledgement of the Confidentiality Order. *Id.* at ¶ 10(b). This is entirely unnecessary as Plaintiffs' Counsel are officers of the court and are already bound by the terms of any order this Court enters.

These are the more serious examples of why Defendants' proposed Confidentiality Order should not be entered by this Court. There are others throughout Defendants' proposed form of order.

### OTHER MDLs IN THE DISTRICT OF MAINE HAVE NOT CONTAINED DEFENDANTS' EXTRAORDINARY PROVISIONS

The District of Maine has hosted other MDLs where confidentiality orders have been entered. *See, e.g., In re New Motor Vehicles Canadian Export Antitrust Litig.*, MDL Docket No. 03-md-1352, Stipulated Protective Order (D. Me. Oct. 3, 2003) (Hornby, J.), at Exhibit C; *In re Compact Disc Minimum Advertised Price Antitrust Litig.*, MDL Docket No. 1361, Stipulated Protective Order (D. Me. Jan. 5, 2001) (Hornby, J.), at Exhibit D.

While the *New Motor Vehicles* Order is more complex than the Form Confidentiality Order contained in the Local Rules, it does not contain the extreme provisions that are included in Defendants' draft order. To cite several examples, the *New Motor Vehicles* order contains no requirement that documents designated "Highly Confidential" be kept under lock and key in a single secure room, and does not limit the number of plaintiffs' counsel that may have access to the documents. *See New Motor Vehicles* Stipulated Protective Order, at 7-8.

There is no requirement that the plaintiffs disclose the identities of experts, investigators or consultants beyond the usual disclosures made during expert discovery and there are no limitations on an expert's future employment. *Id.* at 8, 18. The *New Motor Vehicles* Order does

state that inadvertently produced privileged material must be returned, but it allows the circumstances of the production to be used to dispute the privilege, in line with Fed. R. Evid. 502(b), which states that the holder of a privilege must take "reasonable steps to prevent disclosure." *Id.* at 13.  There is also no requirement that the Court close the courtroom to the public if Highly Confidential information is to be discussed.

The *Compact Disc* order is also more detailed than the order Plaintiffs propose here, but like the *New Motor Vehicles* order, it is far less complicated and burdensome than Defendants' proposal.  The *Compact Disc* order does not require Highly Confidential information to be kept in a single room in locked file cabinets behind locked doors and it permits counsel of record to have access to the documents.  *See Compact Disc* Stipulated Protective Order at 5, 8.  In fact, counsel for the plaintiffs, outside counsel for the defendants, experts and consultants, witnesses and their counsel (for the purposes of deposition), the Court and court reporters may all have access to Highly Confidential information.  *Id.* at 8-10.[2]

The *Compact Disc* Order, like the *New Motor Vehicles* Order, requires the return of inadvertently produced privileged material, but the circumstances of the inadvertent production can be used to dispute the privilege.  *Id.* at 16.  There is also no provision that the courtroom be closed to the public if Confidential or Highly Confidential information is to be discussed.  *Id.* at 20.  In fact, the order specifically notes that the Court shall make a decision as to what protections, if any, would be afforded to the information during pretrial hearings or trial.  *Id.*

---

[2] While the *Compact Disc* order requires that all persons with access to Confidential and Highly Confidential information sign an acknowledgement (including counsel), the language is far from the burdensome language requested by Defendants here; it is simply an acknowledgement of this Court's jurisdiction and an affirmation that the Stipulated Protective Order was read and understood.  *Id.* at Exhibit A therein.

**CONCLUSION**

The Form Confidentiality Order used by the District of Maine is reasonable and sufficient to safeguard Defendants' confidential information. That is particularly true here, where there has already been a judicial finding that Defendants have misused confidentiality orders in the past. Plaintiffs respectfully request that the District of Maine's form of order, with the proposed revisions to Paragraph 4, be entered in this litigation.

Dated: December 22, 2009                    Respectfully submitted,

 */s/ Samuel W. Lanham, Jr.*
Samuel W. Lanham, Jr.
**LANHAM BLACKWELL, P.A.**
470 Evergreen Woods
Bangor, ME 04401

Ben Barnow
**BARNOW AND ASSOCIATES, P.C.**
One North LaSalle Street, Suite 4600
Chicago, IL 60602

Don Barrett
**BARRETT LAW OFFICE, P.A.**
404 Court Square
Lexington, MS 39095-0987

Kent Caperton
**BEN BARNES GROUP**
1215 19th Street, NW
Washington, DC 20036

Marian S. Rosen
**MARIAN S. ROSEN
  & ASSOCIATES**
5065 Westheimer, Suite 840
Houston, TX 77056

Howard Rubinstein
**LAW OFFICE OF
HOWARD WEIL RUBINSTEIN**
P.O. Box 4869
Aspen, CO 81611

Walter Umphrey
**PROVOST UMPHREY
  LAW FIRM, LLP**
P.O. Box 4905
Beaumont, TX 77704-4905

Joe R. Whatley, Jr.
**WHATLEY, DRAKE & KALLAS**
1540 Broadway, 37th Floor
New York, NY 1036

John Eddie Williams
**WILLIAMS, KHERKER, HART,
  BOUNDAS, LLP**
8441 Gulf Freeway, Suite 600
Houston, TX 77017

*Plaintiffs' Executive Committee*

## **CERTIFICATE OF SERVICE**

      Service of the above Plaintiffs' Motion for Entry of Form Confidentiality Order with Incorporated Memorandum of Law has been made through the Court's ECF system on all those registered to receive ECF service.


Date:   December 22, 2009                /s/ Samuel W. Lanham, Jr.
                                                  Samuel. W. Lanham, Jr., Esq.
                                                  Lanham Blackwell, P.A.
                                                  470 Evergreen Woods
                                                  Bangor,  ME  04401
                                                  Attorney for Plaintiffs