# EXHIBIT C

Scanned by: CF
Folder Location: ЧЦЦ
File Name: dln03md1532c
Names of Attachments, if any:

# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| IN RE NEW MOTOR VEHICLES CANADIAN EXPORT ANTITRUST LITIGATION | ) MDL Docket No. 03-md-1532<br>)<br>) ALL CASES<br>) |

## STIPULATED PROTECTIVE ORDER

WHEREAS, certain documents and information have been and may be sought, produced or exhibited by and between the parties to the above-styled proceeding (the "Proceeding") which relate to the parties' financial information, competitive information, personnel information or other kinds of commercially sensitive information which the party making the production deems confidential; and

WHEREAS, it has been agreed by and among the parties in the Proceeding, through their respective counsel, that, to expedite the flow of discovery material and to preserve the confidentiality of certain documents and information, a protective order should be entered by the Court; and

WHEREAS, the Court has reviewed the terms and conditions of this Protective Order submitted by the parties,

IT IS HEREBY ORDERED THAT:

1. This Protective Order shall govern all documents, the information contained therein, and all other information produced or disclosed during the Proceeding whether revealed in a document, deposition, other testimony, discovery response or otherwise, by any party in this Proceeding (the "supplying party") to any other party (the "receiving party"), when same is designated in accordance with the procedures set forth

{W0165592.1}

Case 1:09-md-02068-JAW   Document 101-3   Filed 12/22/09   Page 3 of 19
Case 2:03-md-01532-DBH   Document 36   Filed 10/03/03   Page 2 of 17

- 2 -

herein. This Protective Order is binding upon the parties to the Proceeding, including their respective corporate parents, subsidiaries and affiliates and their respective attorneys, agents, representatives, officers and employees and others as set forth in this Protective Order.

2. A subpoenaed third party who so elects may avail itself of, and agree to be bound by, the terms and conditions of this Protective Order and thereby become a supplying party for purposes of this Protective Order. The parties, in conducting discovery from third parties, shall attach to such discovery requests a copy of this Protective Order so as to apprise such third parties of their rights herein. A third party who elects to become a supplying party for purposes of this Protective Order shall provide written notice thereof to the party requesting discovery (the "requesting party"). Upon receiving such notice, the requesting party shall notify all other parties to the Proceeding that the discovery received from the third party is subject to the terms and conditions of this Protective Order.

3. Any supplying party shall have the right to identify and designate as "Confidential" or "Highly Confidential" any document or other materials it produces or provides (whether pursuant to court order, notice or subpoena or by agreement), or any testimony given in this Proceeding, which testimony or discovery material is believed in good faith by that supplying party to constitute, reflect or disclose its confidential and proprietary information, as those terms are understood under Rule 26(c)(7) of the Federal Rules of Civil Procedure ("Designated Material").

4. "Confidential Information" as used herein means any Designated Material that is designated pursuant to this Protective Order as "Confidential" by the supplying party, whether it is a document, information contained in a document, information revealed during a deposition or other testimony, information revealed in an interrogatory answer or information otherwise revealed. In designating material as "Confidential," the

{W0165592.1}

Case 1:09-md-02068-JAW   Document 101-3   Filed 12/22/09   Page 4 of 19
Case 2:03-md-01532-DBH   Document 36   Filed 10/03/03   Page 3 of 17

- 3 -

supplying party will make such designation only as to that material that it in good faith believes to be entitled to confidential treatment.

5. Specific documents and interrogatory answers produced by a supplying party shall, if appropriate, be designated as "Confidential" by marking the first page of the document and each subsequent page thereof containing Confidential Information with the legend:

### **CONFIDENTIAL**

Interrogatory answers containing Confidential Information shall be separately bound.

6. Information disclosed at a deposition taken in connection with this Proceeding may be designated as "Confidential" as follows:

(a) A supplying party (or its counsel) may designate testimony, given by it or its present or former employee(s), officer(s), director(s), partner(s), representative(s), or any expert(s), as "Confidential" on the record during the taking of the deposition, in which case the stenographic employee or court reporter recording or transcribing such testimony shall be directed to bind any transcript page(s) containing Confidential Information separately and apart from any transcript page(s) containing no such Confidential Information; or

(b) A supplying party (or its counsel) may notify all other parties in writing, within twenty (20) calendar days of receipt of the transcript of a deposition, given by it or its present or former employee(s), its officer(s), director(s), partner(s), representative(s), or any expert(s), of specific pages and lines of the transcript which are designated as "Confidential," whereupon each party shall

{W0165592.1}

Case 1:09-md-02068-JAW   Document 101-3   Filed 12/22/09   Page 5 of 19
Case 2:03-md-01532-DBH   Document 36   Filed 10/03/03   Page 4 of 17

- 4 -

attach a copy of such written designation to the face of the transcript and each copy thereof in that party's possession, custody or control. To facilitate the designation of Confidential Information, all transcripts of depositions shall be treated, in their entirety, as Highly Confidential Information for a period of twenty (20) calendar days following delivery by the court reporter of certified transcripts to all parties.

7. Confidential Information shall be disclosed by the receiving party only to the following persons:

(a) Counsel for the Plaintiffs in this Proceeding, including their attorneys, paralegals, investigators, stenographic and clerical employees; the attorneys, paralegals, stenographic and clerical employees in law firms engaged to assist the Plaintiffs in this Proceeding; the personnel supplied by any independent contractor (including litigation support service personnel) with whom such attorneys work in connection with the Proceeding;

(b) Outside counsel for the Defendants in this Proceeding ("outside counsel"); the attorneys, paralegals and stenographic and clerical employees in the respective law firms of such outside counsel; the personnel supplied by any independent contractor (including litigation support service personnel) with whom such attorneys work in connection with the Proceeding;

(c) In-house counsel of the receiving party, for the sole purpose of assisting in this Proceeding;

{W0165592.1}

Case 1:09-md-02068-JAW   Document 101-3   Filed 12/22/09   Page 6 of 19
Case 2:03-md-01532-DBH   Document 36   Filed 10/03/03   Page 5 of 17

- 5 -

(d) The parties to this Proceeding, for the sole purpose of assisting in, or consulting with respect to, the prosecution or defense of this proceeding;

(e) Any outside consultant or expert who is assisting counsel or a party to the Proceeding to whom it is necessary to disclose Confidential Information for the purpose of assisting in, or consulting with respect to, the preparation of this Proceeding;

(f) The Court and any members of its staff to whom it is necessary to disclose Confidential Information for the purpose of assisting the Court in this Proceeding;

(g) Deponents, trial or hearing witnesses and their counsel, in preparation for and/or during depositions, trial or pretrial hearings in this Proceeding, provided that counsel for the party intending to disclose Confidential Information has a good-faith basis for believing that such Confidential Information is relevant to specific events, transactions, discussion, communications or data about which the deponent or witness is expected to testify;

(h) Stenographic employees and court reporters recording or transcribing testimony relating to the Proceeding; and

(i) Any other person that all parties have agreed to in advance in writing, according to the procedures set forth in paragraph 20 below.

8. Persons having knowledge of Confidential Information by virtue of the disclosure of such information by a supplying party in discovery in this Proceeding shall

{W0165592.1}

Case 1:09-md-02068-JAW   Document 101-3   Filed 12/22/09   Page 7 of 19
Case 2:03-md-01532-DBH   Document 36   Filed 10/03/03   Page 6 of 17

- 6 -

use that Confidential Information only in connection with the prosecution or appeal of the Proceeding, and shall neither use such Confidential Information for any other purpose nor disclose such Confidential Information to any person who is not identified in paragraph 7 of this Protective Order.

9. Nothing shall prevent disclosure beyond the terms of this Protective Order (a) if the supplying party designating the material as "Confidential" (or its counsel) consents in writing to such disclosure, (b) if a supplying party knowingly discloses its own Confidential Information in a pleading filed in the Court's public record or in a publication disseminated to the general public, or (c) if the Court, after reasonable written notice to counsel for all the parties, orders such disclosure.

10. Any party that is served with a subpoena or other notice compelling the production of any Confidential Information produced by any supplying party is obligated to give written notice of such subpoena or other notice to counsel for all parties to this Proceeding and, if the supplying party is not a party to this Proceeding, to the supplying party by facsimile within three (3) business days. Upon receiving such notice, the supplying party shall bear the burden to oppose, if it deems appropriate, the subpoena on grounds of confidentiality. If the supplying party or any other party asserts objections to the subpoena or notice, the objections shall be made in writing and served on the party that received the subpoena or notice within five (5) business days of receipt of notice that a subpoena or other notice compelling production has been received.

11. Counsel shall take all reasonable steps to assure the security of any Confidential Information and shall limit access to Confidential Information to those persons listed in paragraph 7 of this Protective Order. Confidential Information produced or provided by any supplying party will be kept in the receiving party's outside counsel's possession or in the possession of the receiving party's outside consultants or experts or other persons entitled to receive copies of the documents pursuant to paragraph 7 above.

Case 1:09-md-02068-JAW   Document 101-3   Filed 12/22/09   Page 8 of 19
Case 2:03-md-01532-DBH   Document 36   Filed 10/03/03   Page 7 of 17

- 7 -

12. It is possible that there may be certain discrete categories of extremely sensitive confidential and/or proprietary information, the disclosure of which, even if limited to the persons listed in paragraph 7 above, may compromise and/or jeopardize the supplying party's business interests ("Highly Confidential Information") such that the supplying party may deem such Highly Confidential Information to require greater limitations on disclosure than are set forth in paragraph 7 above. The supplying party may designate such Highly Confidential Information by marking the first page of the document or interrogatory answer and each subsequent page thereof containing Highly Confidential Information with the legend:

### **HIGHLY CONFIDENTIAL**

13. All the provisions set forth above applicable to Confidential Information shall apply equally to Highly Confidential Information, except that disclosure of Highly Confidential Information by the receiving party shall be limited to the following persons:

(a) Counsel for the Plaintiffs in the Proceeding, including their attorneys, paralegals, investigators, stenographic and clerical employees; the attorneys, paralegals, stenographic and clerical employees in law firms engaged to assist the Plaintiffs in this Proceeding; the personnel supplied by any independent contractor (including litigation support service personnel) with whom such attorneys work in connection with the Proceeding;

(b) Outside counsel for the Defendants in this Proceeding ("outside counsel"); the attorneys, paralegals and stenographic and clerical employees in the respective law firms of such outside counsel; the personnel supplied by any independent contractor (including

{W0165592.1}

Case 1:09-md-02068-JAW   Document 101-3   Filed 12/22/09   Page 9 of 19
Case 2:03-md-01532-DBH   Document 36   Filed 10/03/03   Page 8 of 17

- 8 -

litigation support service personnel) with whom such attorneys work in connection with the Proceeding;

(c) Designated in-house counsel of the receiving party for the sole purpose of assisting in the defense of this proceeding;

(d) Any outside consultant or expert who is assisting counsel for Plaintiffs or who is assisting Defendants' outside counsel to whom it is necessary to disclose Highly Confidential Information for the purpose of assisting in, or consulting with respect to, the prosecution or defense of this Proceeding;

(e) Deponents, trial or hearing witnesses and their counsel, in preparation for and/or during depositions, trial or pretrial hearings in this Proceeding, provided that counsel for the party intending to disclose Highly Confidential Information has a good-faith basis for believing that such Highly Confidential Information is relevant to specific events, transactions, discussions, communications or data about which the deponent or witness is expected to testify;

(f) The Court and any members of its staff to whom it is necessary to disclose Highly Confidential Information for the purpose of assisting the Court with respect to the Proceeding; and

(g) Stenographic employees and court reporters recording or transcribing testimony relating to the Proceeding.

14. Persons having knowledge of Highly Confidential Information by virtue of the disclosure of such information by a supplying party in discovery in this Proceeding shall use that Highly Confidential Information only in connection with the prosecution or

{W0165592.1}

Case 1:09-md-02068-JAW   Document 101-3   Filed 12/22/09   Page 10 of 19
Case 2:03-md-01532-DBH   Document 36   Filed 10/03/03   Page 9 of 17

- 9 -

appeal of the Proceeding, and shall neither use such Highly Confidential Information for any other purpose nor disclose such Highly Confidential Information to any person who is not identified in paragraph 13 of this Protective Order.

15.  Prior to the disclosure of any Designated Material to any person identified in paragraphs 7 or 13 above (other than the Court and its staff), such person shall be provided with a copy of this Protective Order, which he or she shall read and upon reading shall sign a Certification, in the form annexed hereto as Exhibit A, acknowledging that he or she has read this Protective Order and shall abide by its terms. A file of all written acknowledgments by persons who have read this Protective Order and agreed in writing, in the form annexed hereto as Exhibit A, to be bound by its terms shall be maintained by counsel of record for the party obtaining them and shall be made available, upon request, for inspection by the Court in camera. Persons who come into contact with Designated Material for clerical, administrative, paralegal, stenographic or court reporting purposes, and who do not retain copies or extracts thereof, are not required to execute acknowledgements.

16.  A deponent shall not be permitted to retain copies of Designated Material unless the deponent is otherwise entitled to receive and retain such copies under the terms of this Protective Order. A deponent's counsel shall not be permitted to retain any copies of Designated Material unless such counsel represents one of the parties in this action or is otherwise entitled to receive and retain such copies under the terms of this Protective Order. Nothing in this paragraph shall prevent a deponent or deponent's counsel from having reasonable access to the deponent's deposition for purposes of executing the deposition, preparing to testify further in this action, or for other purposes agreed to by all the parties.

17.  Any supplying party may redesignate under paragraphs 5 or 12 above (or withdraw a designation regarding) any material ("redesignated material") that it has

{W0165592.1}

Case 1:09-md-02068-JAW   Document 101-3   Filed 12/22/09   Page 11 of 19
Case 2:03-md-01532-DBH   Document 36   Filed 10/03/03   Page 10 of 17

- 10 -

produced; provided, however, that such redesignation shall be effective only as of the date of such redesignation. Such redesignation (or withdrawal) shall be accomplished by notifying counsel for each party in writing of such redesignation (or withdrawal) and supplying counsel for each party with the production numbers of redesignated documents and copies of the redesignated material. Upon receipt of any such written redesignation, counsel of record shall (i) not make any further disclosure or communication of such redesignated material except as provided for in this Protective Order; (ii) take reasonable steps to notify any persons known to have possession of any redesignated material of the effect of such redesignation under this Protective Order; and (iii) promptly endeavor to procure all copies of such redesignated material from any persons known to have possession of any such redesignated material who are not entitled to receipt under paragraphs 7 and 13 above.

18.     If, in order to expedite the flow of discovery material in the Proceeding, counsel agree that specific documents or other information are to be provided for inspection without first having been labeled pursuant to paragraphs 5 and 12, such documents or other information are to be treated by the receiving party as Highly Confidential Information pending the copying and delivery of designated copies of same by the supplying party to the receiving party.

19.     Supplying parties may designate discovery material produced in the form of electronic media, such as computer disks and tapes, as Confidential or Highly Confidential in accordance with the provisions of this Protective Order. Any hard copies generated from electronic media designated as Confidential or Highly Confidential shall likewise be labeled "Confidential" or "Highly Confidential" and all such copies shall be treated in the same way they would be treated under this Protective Order if they had originally been produced in hard copy and so designated. Any bound compilation of hard copy pages generated from electronic media designated as Confidential or Highly

Case 1:09-md-02068-JAW   Document 101-3   Filed 12/22/09   Page 12 of 19
Case 2:03-md-01532-DBH   Document 36   Filed 10/03/03   Page 11 of 17

- 11 -

Confidential may be designated Confidential or Highly Confidential by marking the appropriate legend on the first page and/or front cover of such compilation; loose pages generated from such electronic media, and any pages that are removed or copied from any bound compilation, shall be individually labeled with the appropriate legend. All persons who use or review any designated electronic media or hard copies derived therefrom shall be instructed to comply with the provisions of this Protective Order. Nothing in this paragraph shall relieve any party from its obligation to appropriately and individually designate all documents which are scanned or otherwise converted from hard copy to electronic form.

20.  Any party may request at any time permission to disclose Designated Material to a person other than those permitted under paragraphs 7 or 13 above (or to use such information in a manner prohibited by this Protective Order) by serving a written request upon the supplying party's counsel with copies to Plaintiffs' Lead Counsel and counsel for all Defendants in this Proceeding, and confirming receipt thereof. Any such request shall state the material the party wishes to disclose, to whom it wishes to make disclosure and the reason(s) and purpose therefor. The supplying party or its counsel shall thereafter respond to the request in writing within ten (10) calendar days of its receipt of such written request; and if consent is withheld, it shall state the reasons why consent is being withheld. A failure to respond within such ten-day period shall constitute consent to the request. If, where consent is withheld, the requesting party and the supplying party are subsequently unable to agree on the terms and conditions of disclosure, disclosure may only be made in accordance with the supplying party's designation of the material as "Confidential" or "Highly Confidential" unless and until differing treatment is directed pursuant to order of the Court.

21.  Any party may object to the propriety of the designation (or redesignation) of specific material as "Confidential" or "Highly Confidential" by serving a written

{W0165592.1}

Case 1:09-md-02068-JAW   Document 101-3   Filed 12/22/09   Page 13 of 19
Case 2:03-md-01532-DBH   Document 36   Filed 10/03/03   Page 12 of 17

- 12 -

objection upon the supplying party's counsel. The supplying party or its counsel shall thereafter respond to the objection in writing within ten (10) calendar days of its receipt of such written objection by either (i) agreeing to remove the designation; or (ii) stating the reasons why the designation was made. If the objecting party and the supplying party are subsequently unable to agree upon the terms and conditions of disclosure for the material(s) at issue, the objecting party may arrange a telephone conference with the Court in order to resolve the disputed designation. In such event, the supplying party or its counsel will participate in a telephone conference with the Court within five (5) business days, or as soon thereafter as the Court's schedule permits, in order to resolve the disputed designation. Pending the resolution of the disputed designation, the material(s) at issue shall continue to be treated in accordance with the supplying party's designation of the material as "Confidential" or "Highly Confidential" unless and until differing treatment is directed pursuant to order of the Court.

22. Nothing in this Protective Order shall restrict any party's outside counsel from rendering advice to its clients with respect to this Proceeding and, in the course thereof, relying upon Confidential Information or Highly Confidential Information, provided that in rendering such advice, outside counsel shall not disclose any other party's Confidential Information or Highly Confidential Information other than in a manner provided for in this Protective Order.

23. Inadvertent production of any document or information without an appropriate designation of confidentiality will not be deemed to waive a later claim as to its confidential nature or stop the supplying party from designating said document or information as "Confidential" or "Highly Confidential" at a later date by complying with the provisions of paragraph 17 above. Disclosure of said document or information by any party prior to such subsequent designation shall not be deemed a violation of the provisions of this Protective Order, provided, however, that any party that disclosed the

Case 1:09-md-02068-JAW   Document 101-3   Filed 12/22/09   Page 14 of 19
Case 2:03-md-01532-DBH   Document 36   Filed 10/03/03   Page 13 of 17

- 13 -

redesignated material shall make a good-faith effort promptly to procure all copies of such redesignated material from any persons known to have possession of any such redesignated material who are not entitled to receipt under paragraphs 7 and 13 above.

24. The inadvertent production of any privileged materials or other materials exempt from production by any party making production of materials in this Proceeding shall not be deemed a waiver or impairment of any claim of privilege or exemption (including under the attorney-client privilege or work product doctrine) concerning any such materials or the subject matter thereof. A party shall promptly notify all other parties if it determines that it has inadvertently disclosed privileged materials. Any party to whom such materials have been disclosed, shall cooperate in the return of all copies of such material from any persons known to have possession of any such redesignated material who are not entitled to receipt under paragraphs 7 and 13 above. Nothing in this paragraph constitutes a waiver of any party's right to challenge a supplying party's claim of privilege for any reason, including the manner in which the material as to which privilege is claimed was produced. Until such challenge has been resolved by order of Court or by written agreement of the parties, no party shall use or disseminate the subject materials in any manner inconsistent with the supplying party's claim of privilege.

25. Except as agreed in writing by counsel of record, to the extent that any Confidential Information or Highly Confidential Information is, in whole or in part, contained in, incorporated in, disclosed in or attached to any pleading, motion, memorandum, appendix or other judicial filing, counsel shall file under seal that portion of the submission containing Confidential Information or Highly Confidential Information and that portion filed under seal shall be designated and treated as a "Sealed Document." The remainder of any such pleading, motion, memorandum, appendix or other judicial filing shall be filed with the Court with appropriate redactions. Disclosure of any portion of the transcript of a deposition which reflects or contains Confidential

{W0165592.1}

Case 1:09-md-02068-JAW   Document 101-3   Filed 12/22/09   Page 15 of 19
Case 2:03-md-01532-DBH   Document 36   Filed 10/03/03   Page 14 of 17

- 14 -

Information or Highly Confidential Information shall be subject to the terms of this Protective Order, and if filed with the Court, such portion containing Confidential Information or Highly Confidential Information shall be filed as a Sealed Document. All Sealed documents, filed under seal pursuant to this Protective Order, shall be filed in a sealed envelope and shall remain under seal until such time as this Court orders otherwise. Such Sealed Documents shall be identified with the caption of this action, a general description of the sealed contents and shall bear the following legend which shall also appear on the sealed envelope:

## CONFIDENTIAL

**Contents hereof are confidential and are subject to a court-ordered protective order governing the use and dissemination of such contents.**

The Clerk of the Court shall maintain such Sealed Documents separate from the public records in this action, intact and unopened except as otherwise directed by the Court. Such Sealed Documents shall be released by the Clerk of the Court only upon further order of the Court.

26.     If Confidential Information or Highly Confidential Information is used during depositions, it shall not lose its confidential status through such use, and counsel shall exercise their best efforts and take all steps reasonably required to protect its confidentiality during such use.

27.     Nothing herein shall be construed to affect in any manner the admissibility at trial of any document, testimony or other evidence. Without losing its confidential status, any Designated Material marked with the legend "Confidential" or "Highly Confidential" under this Protective Order shall be redacted so as to eliminate the legend before the document is shown to the jury.

{W0165592.1}

Case 1:09-md-02068-JAW   Document 101-3   Filed 12/22/09   Page 16 of 19
Case 2:03-md-01532-DBH   Document 36   Filed 10/03/03   Page 15 of 17

- 15 -

28. Nothing in this Protective Order shall be deemed a waiver of any objection or privilege a party may claim to the production of any documents, nor shall anything in this Protective Order prevent the parties from seeking an order from the Court, upon proper notice to all parties, further restricting the disclosure of "Confidential" or "Highly Confidential" documents or information.

29. Upon the conclusion of the Proceeding, including any appeals related thereto, at the written request and option of the supplying party, within thirty (30) calendar days of such request all Designated Material and any and all copies thereof shall be either returned to the supplying party or destroyed, provided, however, that counsel may retain their attorney work product, attorney-client privilege information and all court-filed documents even though they contain Confidential Information or Highly Confidential Information. Any documents or other information retained pursuant to the provisions of this paragraph shall remain subject to the terms of this Protective Order. At the written request of the supplying party, any person or entity having custody or control of Designated Material or of recordings, notes, memoranda, summaries or other written materials, and all copies thereof, relating to or containing Designated Material shall certify that reasonable efforts have been made to assure that all such Designated Material and any copies thereof, any and all records, notes, memoranda, summaries or other written material regarding the Designated Material (except for attorney work product, attorney-client privilege and court-filed documents as stated above), have been destroyed or delivered in accordance with the terms of this Protective Order. Any request for return or destruction shall be made within ninety (90) days of the conclusion of this Proceeding. If a supplying party does not request the return of its Designated Material within the specified time period, parties in possession of said material shall destroy the material, and a Clerk of Court in possession of said material may destroy the material consistent with the terms of this Order. In the case of Designated Material that was produced by a third party, the party that requested the production of such material shall notify the supplying

{W0165592.1}

Case 1:09-md-02068-JAW Document 101-3 Filed 12/22/09 Page 17 of 19
Case 2:03-md-01532-DBH Document 36 Filed 10/03/03 Page 16 of 17

- 16 -

party of the conclusion of this Proceeding within thirty (30) days of its conclusion and shall inform the supplying party of the deadline for requesting the return or destruction of such material. If Designated Material is returned to a supplying party that is a party to this Proceeding, the supplying party shall be responsible for paying the cost of shipment; if Designated Material is returned to a third party, the requesting party or parties shall be responsible for the cost of shipment.

30. If Designated Material is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure shall within two (2) business days after learning of such disclosure, inform the supplying party of all pertinent facts relating to such disclosure and shall make every effort to prevent disclosure by each unauthorized person who received such information.

31. The foregoing provisions concerning confidentiality shall apply only to pre-trial proceedings and to matters provided in pre-trial discovery and designated as Confidential and Highly Confidential, and shall not affect the conduct of trial or of any hearing in open court. Subject to the applicable rules of evidence, Designated Material may be offered in evidence at trial or any court hearing. Any party or third party may move the court for an order that evidence be received *in camera* or under other conditions to prevent unnecessary disclosure of Confidential or Highly Confidential Information. Prior to trial or to the hearing in open court, the Court shall determine what protection, if any, may be afforded to such information at the trial or hearing.

32. The parties hereto contemplate coordinating discovery in this and certain related actions (the "Coordinated Actions"). However, nothing in this Order shall be construed to enlarge or otherwise modify the rights of the parties pursuant to protective orders entered in any of the Coordinated Actions.

{W0165592.1}

Case 1:09-md-02068-JAW   Document 101-3   Filed 12/22/09   Page 18 of 19
Case 2:03-md-01532-DBH   Document 36   Filed 10/03/03   Page 17 of 17

- 17 -

33.     The terms of this Order shall be binding upon all current and future parties to this Proceeding and their counsel. Within ten (10) days of (i) the entry of appearance by a new party to this Proceeding; (ii) the transfer of a tag-along action to this court pursuant to the rules of procedure of the Judicial Panel on Multidistrict Litigation; or (iii) notification of the filing in this District of a complaint that arises out of the same facts alleged in the Consolidated Amended Complaint, plaintiffs' co-lead counsel shall serve a copy of this Protective Order on such new party's counsel.

34.     Nothing contained in this Protective Order shall preclude any party from using its own Confidential Information or Highly Confidential Information in any manner it sees fit, without prior consent of any party or the Court. If a supplying party knowingly discloses its own Confidential Information or Highly Confidential Information in a pleading filed in the Court's public record or in a publication disseminated to the general public, the supplying party shall be deemed thereby to have consented to the removal of that designation with respect to the information disclosed.

35.     By written agreement of the parties, or upon motion and order of the Court, the terms of this Protective Order may be amended, modified or vacated. This Protective Order shall continue in full force and effect until amended or superseded by express order of the Court, and shall survive any final judgment or settlement in this action.

36.     Any invalidity, in whole or in part, of any provision of this Protective Order shall not affect the validity of any other provision of this Protective Order.

SO ORDERED, this 3rd day of October, 2003.

D. Brock Hornby
United States District Judge

{W0165592.1}

- 18 -

## EXHIBIT A

### CERTIFICATION

I hereby acknowledge that on _____ I read the Protective Order filed in the above-captioned action, and that I understand the terms thereof and agree to be bound thereby. I further agree to submit to the jurisdiction of the Court and understand that the Court may impose sanctions for any violation of the Protective Order.

_____
Name (typed or printed)

_____

_____
Address

_____
Signature

{W0165592.1}