UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

IN RE: LIGHT CIGARETTES MARKETING ) MDL DOCKET NO. 1-09-MD-2068
SALES PRACTICES LITIGATION ) ALL CASES

**REPLY TO ALTRIA GROUP, INC.'S
MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS'
MOTION FOR APPLICATION OF THE COLLATERAL ESTOPPEL DOCTRINE**

Table of Contents

I.   PLAINTIFFS' CLAIMS ARE NOT DEPENDENT UPON ALTRIA'S CONTROL OF PHILIP MORRIS..................................................................................................2

II.  THE FINDINGS WERE NECESSARY TO THE OUTCOME OF THE *DOJ* CASE.......3

III. THE IDENTITY OF ISSUES REQUIREMENT IS SATISFIED ......................................3

Table of Authorities

*Commercial Assocs. v. Tilcon Gammino, Inc.*, 998 F.2d 1092 (1st Cir. 1993) ...............................3

*Comm'r of Dept. of Employment & Training v. Dugan,* 697 N.E.2d 533 (Mass. 1998) .................3

*In re Sonus Networks, Inc, Shareholder Derivative Litig.*, 499 F.3d 47 (1st Cir. 2007) .................3

*Kobrin v. Bd. of Registration in Med.,* 832 N.E.2d 628 (Mass. 2005) ............................................3

*Montana v. United States*, 440 U.S. 147 (1979) ..............................................................................3

*United States v. Philip Morris USA, Inc.*, 566 F.3d 1095 (D.C. Cir. 2009) ................................2, 3

*United States v. Philip Morris USA, Inc.*, 449 F. Supp. 2d 1 (D.D.C. 2006) ..........................1, 2, 3

The application of collateral estoppel to Altria Group Inc. ("Altria") is fair and is appropriate in this case.[1] Altria's claim that few Findings relate to it is incorrect. The *DOJ* court's opinion includes Altria within the defined term "Defendants." *United States v. Philip Morris USA, Inc.*, 449 F. Supp. 2d 1, 31 (D.D.C. 2006). As such, a great number of Findings relate to Altria, despite not expressly specifying it by name, because they are findings as to "Defendants," including, *inter alia*:

> Even as they engaged in a campaign to market and promote filtered and low tar cigarettes as less harmful than conventional ones, Defendants either lacked evidence to substantiate their claims or knew them to be false. Indeed, internal industry documents reveal Defendants' awareness by the late 1960s/early 1970s that, because low tar cigarettes do not actually deliver the low levels of tar and nicotine which are advertised, they are unlikely to provide any clear health benefit to human smokers, as opposed to the FTC smoking machine, when compared to regular, full flavor cigarettes.

*Id.* at 430 (FOF 2024).

Altria received a full and fair opportunity to litigate the Findings in the *DOJ* case. As is set forth in Plaintiffs' Reply to PM, each Finding was necessary to the judgment entered in the *DOJ* matter. *See* Plaintiffs' Reply to PM at Section II(A). Moreover, Altria's argument that Plaintiffs seek to preclude it from contesting issues not litigated in the *DOJ* case is without merit, as the Findings were taken directly from the *DOJ* court's opinion, and thus, Plaintiffs seek to preclude Altria from relitigating the exact issues decided in the *DOJ* action.

Further, Plaintiffs' motion is not dependent upon Findings relating to Altria's control over Philip Morris, as Altria suggests. Rather, it is based upon the premise that "Altria should not be given yet another opportunity to escape liability when a court of competent jurisdiction has already found that Altria's actions in and of themselves were fraudulent." Pl. Memo at 26.

---

[1] Plaintiffs expressly incorporate their Reply to Philip Morris USA Inc's Opposition to Plaintiffs' Motion For Application of the Collateral Estoppel Doctrine ("Plaintiffs' Reply to PM"), and all arguments stated therein, into this Reply.

I.  **PLAINTIFFS' CLAIMS ARE NOT DEPENDENT UPON ALTRIA'S CONTROL OF PHILIP MORRIS.**

Plaintiffs assert that "Altria should not be given yet another opportunity to escape liability when a court of competent jurisdiction has already found that Altria's actions in and of themselves were fraudulent." Pl. Memo at 26. The *DOJ* court held that, "[s]ince its creation in 1985, Altria, formerly Philip Morris Companies Inc., has participated directly in the conduct of the Enterprise and conspired to violate 1962(c). Even though there is overwhelming evidence that Altria effectively controlled Philip Morris USA and therefore 'caused' some of its predicate Racketeering Acts, *Altria's liability in this case stands on its own*." 449 F. Supp. 2d at 907 (emphasis added). Thus, Altria is wrong that Plaintiffs' claims are dependent upon Findings related to its control of Philip Morris. Altria should be held liable for its own actions, as it was in the *DOJ* case.

Moreover, the D.C. Circuit Court of Appeals considered and upheld the *DOJ* court's findings with respect to Altria's substantial control over Philip Morris. *United States v. Philip Morris USA Inc.*, 566 F.3d 1095 (D.C. Cir. 2009). Specifically, the Court of Appeals noted that, "despite Altria's holding company status, it 'effectively and actively controls the activities of all of its subsidiaries, including Defendants Philip Morris,'" and that "[t]he record establishes that Altria management oversees subsidiary policies and operations." 556 F.3d at 1135; *see also id.* at 1130 (referring to Altria's actions "in furtherance of the goals of the enterprise, both directly and through Philip Morris") (citing 449 F. Supp. 2d at 907-08)). The Court of Appeals' comments in this regard do not refer to the more general, "broad oversight" that any parent corporation exercises over a subsidiary, as Altria suggests. This is evidenced by the court's use of the qualifier "despite Altria's holding company status" prior to detailing the extent of Altria's

2

control over Philip Morris. 556 F.3d at 1135. Thus, the D.C. Circuit Court of Appeals considered and upheld the proposition that Altria exercised substantial control over Philip Morris.

## II.   THE FINDINGS WERE NECESSARY TO THE OUTCOME OF THE *DOJ* CASE.

A finding is "'necessary' if it was central to the route that led the fact-finder to the judgment reached, even if the result 'could have been achieved by a different, shorter and more efficient route.'" *Id.* at 32 (quoting *Commercial Assocs. v. Tilcon Gammino, Inc.*, 998 F.2d 1092, 1097 (1st Cir. 1993)). The *DOJ* court included Atria within the defined term "Defendants," which appears extensively throughout the findings. 449 F. Supp. 2d at 32. As addressed in Plaintiffs' Memorandum and Plaintiffs' Reply to PM, each of the Findings was necessary to the outcome of the *DOJ* case. Plaintiffs' Reply to PM at Section II(A).

## III.   THE IDENTITY OF ISSUES REQUIREMENT IS SATISFIED.

Altria received a full and fair opportunity to litigate the Findings in the *DOJ* case. The application of collateral estoppel necessitates an inquiry into whether the "issues presented . . . are in substance the same as those resolved" in the prior action. *Montana v. United States*, 440 U.S. 147, 155 (1979); *In re Sonus Networks, Inc, Shareholder Derivative Litig.*, 499 F.3d 47, 62-63 (1st Cir. 2007) (citing *Kobrin,* 832 N.E.2d at 634; *Comm'r of Dept. of Employment & Training v. Dugan,* 428 Mass. 138, 697 N.E.2d 533, 537 (1998) (even if there is not complete identity between the issues, issue preclusion may be appropriate where the issues overlap substantially). Altria misinterprets the nature of the identity of issues requirement in attacking Plaintiffs' motion. The requirement ensures that parties are not precluded from contesting issues that were not litigated in a prior action. The Findings were adopted verbatim from the *DOJ* court's opinion. Thus, these issues were clearly litigated in the *DOJ* case, and the identity of issues element is satisfied.

Altria's attack on the merits of the Findings, in addition to having nothing to do with the identity of issues element, is misplaced, as the Findings were fully and fairly litigated in the *DOJ* case.

## CONCLUSION

As detailed herein, and in Plaintiffs' Motion for Application of the Collateral Estoppel Doctrine and Plaintiffs' Reply to PM, the application of the collateral estoppel doctrine to the Findings is appropriate in this matter. Thus, respectfully, the Court should grant Plaintiffs' Motion.

Dated:  January 15, 2010                                         Respectfully submitted,


  */s/ Samuel W. Lanham, Jr.*
Samuel W. Lanham, Jr.
**LANHAM BLACKWELL, P.A.**
470 Evergreen Woods
Bangor, ME 04401

Ben Barnow
**BARNOW AND ASSOCIATES, P.C.**
One North LaSalle Street, Suite 4600
Chicago, IL 60602

Don Barrett
**BARRETT LAW OFFICE, P.A.**
404 Court Square
Lexington, MS 39095-0987

Kent Caperton
**BEN BARNES GROUP**
1215 19th Street, NW
Washington, DC 20036

Marian S. Rosen
**MARIAN S. ROSEN
  & ASSOCIATES**
5065 Westheimer, Suite 840
Houston, TX 77056

Howard Rubinstein
**LAW OFFICE OF
HOWARD WEIL RUBINSTEIN**
P.O. Box 4869
Aspen, CO 81611

Walter Umphrey
**PROVOST UMPHREY
  LAW FIRM, LLP**
P.O. Box 4905
Beaumont, TX 77704-4905

Joe R. Whatley, Jr.
**WHATLEY, DRAKE & KALLAS**
1540 Broadway, 37th Floor
New York, NY 1036

John Eddie Williams
**WILLIAMS, KHERKER, HART,
  BOUNDAS, LLP**
8441 Gulf Freeway, Suite 600
Houston, TX 77017

*Plaintiffs' Executive Committee*

5

## CERTIFICATE OF SERVICE

Service of Plaintiffs' Reply to Altria Group, Inc.'s Memorandum of Law in Opposition to Plaintiffs' Motion for Application of the Collateral Estoppel Doctrine has been made through the Court's ECF system on all those registered to receive ECF service, and on all others not registered but listed on the Court's Manual Notice List by regular mail.

Date:   January 15, 2010

                                             */s/ Samuel W. Lanham, Jr.*
                                             Samuel W. Lanham, Jr.
                                             **LANHAM BLACKWELL, P.A.**
                                             470 Evergreen Woods
                                             Bangor, ME 04401