UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| IN RE:  LIGHT CIGARETTES MARKETING | ) | MDL DOCKET NO. 1-09-MD-2068 |
| SALES PRACTICES LITIGATION | ) | ALL CASES |

**PLAINTIFFS' MOTION PURSUANT TO FED. R. CIV. P. 56(f) AND
INCORPORATED MEMORANDUM OF LAW IN RELATION TO
<u>PHILIP MORRIS USA INC.'S MOTION FOR SUMMARY JUDGMENT</u>**

**INTRODUCTION**

On January 22, 2010, defendant Philip Morris USA Inc. ("Defendant") filed its Motion for Summary Judgment on Plaintiffs' Claims for Purchases After December 1, 2002 and Memorandum in Support ("Motion for Summary Judgment"). [D.E. #130] On February 5, 2010, Defendant filed its Statement of Material Undisputed Facts in Support of its Motion for Summary Judgment. [D.E. #159] Plaintiffs' response is due on February 22, 2010. Plaintiffs have diligently reviewed these filings and are in the process of completing their responsive papers to said items.

While Plaintiffs firmly believe that Defendant's motion is not well based in either fact or law, Plaintiffs are, of course, obligated to respond in as complete a fashion as possible. In that regard, Defendant has made a number of factual assertions that Plaintiffs believe are overbroad or readily refutable, in whole or in significant part, and that certain documents, which are believed to be available and in Defendant's possession, and which are material to Plaintiffs' opposition to the Motion for Summary Judgment, have yet to be produced. Limited discovery has been conducted by Plaintiffs to date, was served prior to the filing of Defendant's Motion for Summary Judgment, and has been directed at the issues of class certification, as opposed to the matters raised in Defendant's motion. Also, the protective order required by Defendant prior to it allowing Plaintiffs to access certain databases of information has not yet been entered[1] and, thus, Plaintiffs have not had the opportunity to access or review documents that may well play a significant part in Plaintiffs' response to the extant motion and in providing a full briefing for the Court. Defendant recognizes this reality in its responses to Plaintiffs' discovery requests,

---

[1] A joint agreed to Protective Order was emailed to the Bangor ECF inbox on February 16, 2010, but at the time of filing the instant Rule 56(f) motion, the Protective Order has yet to be entered on the Court's docket.

1

particularly Plaintiffs' First Set of Interrogatories for Purposes of Class Certification, in which it repeatedly refers to its confidential document website.[2]

Plaintiffs believe that Judge Kessler's Findings of Fact and Conclusions of Law weigh heavily, if not conclusively, against Defendant's pending motion. Plaintiffs must await the Court's determination as to whether collateral estoppel of such Findings of Fact and Conclusions of Law will apply here in order to know whether to cite them in opposition to the instant Motion for Summary Judgment as merely demonstrating the existence of a genuine issue of material fact, or to cite them as conclusive because of the application of collateral estoppel or issue preclusion.

The crux of Defendant's Motion for Summary Judgment is based primarily on its "onserts," which were "periodically" included with packs of its cigarettes beginning December 1, 2002. Def. Mot. at 2 n.3, 5 ("PM USA is moving now only for the period during which the distribution of onserts into purchasers' hands makes any contention of deception patently absurd"). The majority of the purported facts cited in support of Defendant's arguments are taken from the Affidavit of Brendan McCormick, attached as Exhibit 7 to Defendant's Motion for Summary Judgment ("McCormick Affidavit'). Plaintiffs have not yet had the opportunity to test the averments in the McCormick Affidavit, either through deposition or document discovery.

The current predicament is purely of Defendant's making, as it was well aware of the fact that documents in its possession, which to date it has not produced, relate to a multitude of alleged facts that it relies upon to advance its motion. Plaintiffs suggest that it is only fair that Defendant should be denied the benefit of such opportunistic activity, whether by dismissal of its

---

[2] Defendant served its responses to Plaintiffs' written discovery requests on February 16, 2010.

pending motion[3] or by a stay or continuance of the briefing. As illustrated in more detail below, given that discovery has just begun in this matter and is ongoing—documents are still to be produced, interrogatories are to be answered, and further discovery targeted to the specifics of Defendant's motion is warranted—Plaintiffs respectfully request that Defendant's Motion for Summary Judgment be dismissed without prejudice to file again, or, alternatively, that briefing on said motion be stayed or continued until the important discovery matters identified herein are fleshed out. *See* Fed. R. Civ. P. 56(f) (a summary judgment motion may be denied, or a continuance ordered, where the party opposing the motion can show by affidavit that it cannot present facts essential to justify its opposition).

## ARGUMENT

"When an inadequate opportunity for discovery prevents the nonmovant from mounting an opposition, Federal Rule of Civil Procedure 56(f) offers a 'safeguard against judges swinging the summary judgment axe too hastily.'" *Bluetarp Financial, Inc. v. Eastern Materials Corp.*, 592 F. Supp. 2d 188, 189 (D. Me. 2009) (Singal, J.) (quoting *Resolution Trust Corp. v. North Bridge Assoc., Inc.,* 22 F.3d 1198, 1203 (1st Cir. 1994)). Maine's courts "construe motions that invoke the rule generously, holding parties to the rule's spirit rather than its letter." *Id.*

The First Circuit has identified five criteria for invoking Rule 56(f) relief: timeliness; authoritativeness; good cause; utility; and materiality. *Resolution Trust,* 22 F.3d at 1203. The party seeking to invoke the rule must make a proffer addressing these five criteria. *Clifford v. Social Security Administration Commissioner*, 223 F.R.D. 19, 21 (D. Me. 2004) (Woodcock, J.). District courts are vested with considerable discretion in administering the rule, but when all five

---

[3] *See Clifford v. Social Security Administration Commissioner*, 223 F.R.D. 19, 21 (D. Me. 2004) (Woodcock, J.) (explaining that on a Rule 56(f) motion, the Court dismisses rather than denies the motion for summary judgment as it is not a ruling on the merits of the motion).

3

criteria are met, there is a strong presumption in favor of granting relief. *Resolution Trust*, 22 F.3d at 1203.

When a summary judgment motion has been served before discovery has been commenced in any meaningful fashion, the motion is dismissed as premature. *Clifford*, 223 F.R.D. at 21 (dismissing summary judgment motion as "premature" stating "if the Court acted on the merits of the summary judgment before any discovery in this case, it would be acting 'too hastily'. . ."). "Only in the rarest of cases may summary judgment be granted against a [party] who has not been afforded the opportunity to conduct discovery." *Bluetarp*, 592 F. Supp. 2d at 190 (quoting *Hellstrom v. U.S. Dep't of Veterans Affairs*, 201 F.3d 94, 97 (2d Cir. 2000). Where, as here, there has not been an adequate opportunity for meaningful discovery related to Defendant's Motion for Summary Judgment, Rule 56(f) should be applied. Additionally, and despite this fact, Plaintiffs meet the criteria required for application of Rule 56(f), and Defendant's Motion for Summary Judgment should thus be dismissed or, alternatively, stayed or continued until the necessary discovery is completed.

**I.     TIMELINESS**

Rule 56(f) does not state the time within which a motion must be filed after the summary judgment motion has been served. Nor is there is a local rule with respect to timing of these motions. "In the absence of an applicable time limit, [the First Circuit] hold[s] that a party must invoke Rule 56(f) within a reasonable time following receipt of a motion for summary judgment." *Resolution Trust*, 22 F.3d at 1204. Defendant filed its motion on January 22, 2010, and just recently filed its Statement of Material Undisputed Facts on February 5, 2010. Since Defendant's initial filing, Plaintiffs have been vigorously reviewing Defendant's filings and numerous exhibits and preparing their response. Thus, Plaintiffs have not engaged in any undue

delay. *Compare, e.g., Paterson-Leitch Company, Inc., v. Massachusetts Municipal Wholesale Electric Company,* 840 F.2d 985, 989 (1st Cir. 1988) ("When the defense motions were served, appellant eschewed timely filing of a Rule 56(f) affidavit. Rather, it elected to meet the motions head-on before the magistrate. It lost."); *Nelson Rivera-Torres v. Cesar Rey-Hernandez,* 502 F.3d 7, (1st Cir. 2007) (holding that plaintiffs who "lollygagged more than five months [after receiving the motion for summary judgment] before filing their Rule 56(f) motion" were too late and the district court did not abuse its discretion in deeming the motion unopposed).

## II.   AUTHORITATIVENESS

Rule 56(f) requires a proffer in the form of an affidavit. The affidavit may be by counsel who has "first hand knowledge and is competent to address the specific matters discussed." *Resolution Trust*, 22 F.3d at 1204. This motion is accompanied by an affidavit of counsel and is thus "authoritative" for purposes of the Rule 56(f) analysis. *See* Affidavit of Samuel W. Lanham, Jr. ("Lanham Affidavit"), attached hereto.

## III.   GOOD CAUSE

The moving party must show good cause for the failure to have discovered the facts sooner. Rule 56(f) "requires due diligence both in pursuing discovery before the summary judgment initiative surfaces and in pursuing the extension of time thereafter." *Resolution Trust*, at 1203. This requirement carries less weight where, as here, discovery is in its infancy. The only reason that Plaintiffs have not completed discovery and obtained all relevant facts relating to the issues raised in Defendant's Motion for Summary Judgment is that Defendant filed its motion at this early stage of the litigation. Plaintiffs are entitled to test the veracity of the "material undisputed facts" relied upon by Defendant in support of its Motion for Summary Judgment—including those in the McCormick Affidavit—particularly in light of the breadth of

relief Defendant seeks by its motion. In the interim, Defendant's Motion for Summary Judgment should be dismissed, or, alternatively, stayed or continued until such discovery on these "material undisputed facts" has been completed.

## IV.   UTILITY

The movant must present "a plausible basis for a belief that discoverable materials exist that would likely suffice to raise a genuine issue of material fact, and thus, defeat summary judgment. [citation omitted]  For purposes of achieving this benchmark, a Rule 56(f) proffer need not be presented in a form suitable for admission as evidence at trial, so long as it rises sufficiently above mere speculation." *Resolution Trust, 22 F.3d* at 1206. The proffer must be specific about what facts the party seeks to discover and the probability that those facts exist and can be discovered in a reasonable amount of time. *Id.* at 1203.

As illustrated by the Lanham Affidavit, Plaintiffs seek discovery on, *inter alia*, the following matters:

1) for each year identified in Defendant's Motion for Summary Judgment, all documents identifying the number of packs of each Light cigarettes brand distributed in the United States by Defendant;

2) for each year identified in Defendant's Motion for Summary Judgment, and for each MDL state at issue in this litigation, all documents identifying the number of packs of each Light cigarettes brand distributed by Defendant;

3) for each year identified in Defendant's Motion for Summary Judgment, all documents identifying the number of packs of each Light cigarettes brand distributed by Defendant that contained an onsert, and an actual-size copy of the text of each such onsert;

4) for each year identified in Defendant's Motion for Summary Judgment, and for each MDL state at issue in this litigation, all documents identifying the number of packs of each Light cigarettes brand distributed by Defendant that contained an onsert, and an actual-size copy of the text of each such onsert;

5) all documents related to research performed by Defendant or at its request regarding onserts, including but not limited to all drafts of the onserts, the

6

       effectiveness of the onserts, the number of consumers who recalled seeing the onserts, and the number of consumers who read the onserts;

6) for each year identified in Defendant's Motion for Summary Judgment, the total number of packs of Light cigarettes distributed in the United States by Defendant;

7) for each year identified in Defendant's Motion for Summary Judgment, and for each MDL state at issue in this litigation, the total number of packs of Light cigarettes distributed by Defendant;

8) whether there were other versions of the onserts than the version attached as Exhibit B to the Affidavit of Brendan McCormick, and if so, the exact text of each of those onserts;[4] and

9) for each year identified in Defendant's Motion for Summary Judgment, and for each MDL state at issue in this litigation, the number of packs of each Light cigarettes brand distributed by Defendant that contained an onsert, and the exact text of each such onsert.

These matters are directly relevant and material to the foundation of Defendant's Motion for Summary Judgment. Plaintiffs cannot fully and completely respond to Defendant's motion in the absence of discovery on such matters.

## V. MATERIALITY

Finally, the proffer should "indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion." *Id.* Material means "material to the issues raised on summary judgment, and hence, the kind of additional discovery that will serve to vivify a Rule 56(f) motion is theoretically different from, and ordinarily will be more restricted than, the kind of discovery generally permitted under the Federal Rules. In short, the facts that

---

[4] It is likely that Defendant has produced the most comprehensive onsert it included in any of its packs of Light cigarettes. Indeed, exhibits used by Defendant in its depositions of Plaintiffs reveal that in different years different wording was used in onserts. Plaintiffs are entitled to know if other versions of onserts were created and included, and if so, what these other onserts stated. As Judge Kessler noted, "[a]lthough Philip Morris is free to voluntarily change the information it includes on its cigarette warning labels, it has chosen not to change those labels even though in October 2000, the company changed its public position to admit that smoking causes disease and is addictive." *U.S. v. Philip Morris USA, Inc.*, 449 F. Supp. 2d 1, 206 (D.D.C. 2006). Additionally, "Philip Morris has never told its customers on its cigarette packaging or in onserts that it agrees that smoking causes cancer and other diseases in smokers," and its "onserts did not contain the statement that Philip Morris agrees that smoking is addictive, even though Philip Morris had publicly stated this view in 2000." *Id.* at 206, 289.

the movant seeks to discover must be foreseeably capable of breathing life into his claim or defense." *Id.* at 1207 (citations omitted).

Defendant's Motion for Summary Judgment is based entirely on the onserts that it "periodically" included on packs of Light cigarettes. A copy of one of the onserts is attached to the McCormick Affidavit. The McCormick Affidavit further states that anywhere from 109 million to 149 million packs of Light cigarettes included the onserts in various quarters each year from 2002 until 2008. McCormick Aff. at ¶10. But the McCormick Affidavit does not state, *inter alia*:

1) the total number of packs of Light cigarettes distributed by Defendant during each of those years;

2) the total number of packs of Light cigarettes distributed by Defendant in each of the pertinent MDL jurisdictions during each of those years;

3) whether there were other versions of the onserts, and if so, what each of those onserts stated; or

4) the total number of packs of Light cigarettes distributed by Defendant that included an onsert in each of the pertinent MDL jurisdictions during the relevant years.

Plaintiffs are entitled to discovery on these material matters, as they relate directly to Defendant's purported "wide-ranging" campaign, for it is likely not as wide-ranging as Defendant claims.[5]

Moreover, the question of whether or not the purported disclosures were adequate turns on whether they included a full and express disclosure of all material facts, which is illustrated by the very cases Defendant cites in its Motion for Summary Judgment. *See, e.g.*, *In re: AIG*

---

[5] In fact, in light of the deficiencies in Defendant's onserts, Judge Kessler ordered "Defendants to make corrective statements about addiction (that both nicotine and cigarette smoking are addictive); the adverse health effects of smoking (all the diseases which smoking has been proven to cause); the adverse health effects of exposure to ETS (all the diseases which exposure to ETS has been proven to cause); their manipulation of physical and chemical design of cigarettes (that Defendants do manipulate design of cigarettes in order to enhance the delivery of nicotine); and light and low tar cigarettes (that they are no less hazardous than full-flavor cigarettes)." *Philip Morris USA, Inc.*, 449 F. Supp. 2d at 928.

*Advisor Group Securities Litig.*, 309 Fed. Appx. 495, 498 (2d Cir. 2009) (website disclosures that explicitly detailed plaintiffs' alleged "conflict of interest" rendered their claims for misrepresentations or omissions inactionable); *Standard Life & Accident Ins. Co. v. Dewberry & Davis, LLC*, 210 Fed. Appx. 330, 333, 335 (4th Cir. 2006) (plaintiff's claims were based upon defendant's non-disclosure of information that "was quite plainly disclosed" to plaintiff); *Rodi v. Southern New England Sch. of Law*, 532 F.3d 11, 17–18 (1st Cir. 2008) (where defendant's website expressly disclosed that it made no representation that it would be approved as an accredited law school, plaintiff could not have reasonably relied on statements to the contrary that were nothing more than "lukewarm endorsement[s]"); *Trujillo v. Apple Computer, Inc.*, 581 F. Supp. 2d 935, 937–39 (N.D. Ill. 2008) (the product's packaging clearly stated that its battery had limited recharge cycles and may need to be replaced, dispelling any "serious contention that this information was hidden from buyers" and barring plaintiff's claim that defendants failed to disclose "the obvious"—that future out-of-pocket expenses may be incurred by consumers); *McCoy v. Manhattan Bank USA*, 559 F.3d 963, 971 (9th Cir. 2009) (plaintiff failed to state a claim for consumer fraud where "Chase openly and expressly notifies cardholders of the actions it reserves the right to take"); *Wayne v. Staples, Inc.*, 135 Cal. App. 4th 466, 484 (2d Dist. 2006) ("In light of Staples' clear disclosure of the actual price it would charge its customers . . . the trial court properly concluded any ambiguity in the[ir] order form . . . was not misleading or deceptive."); *Sands v. Ticketmaster-New York, Inc.*, 207 A.D.2d 687, 687 (N.Y. App. 1994) (dismissing plaintiff's claims of deceptive acts and practices where "the record shows that these practices are *fully disclosed* prior to [the sale of tickets]") (emphasis in original) (internal quotation omitted); *Uebelacker v. Paula Allen Holdings, Inc.*, 464 F. Supp. 2d 791, 805 (W.D. Wis. 2006) (plaintiff's consumer fraud claims dismissed where defendant's documents "stated

9

explicitly" the very terms that plaintiff alleged were misrepresented to her); *Hakki v. Zima Co.*, 2006 WL 852126, at *1 (D.C. Super. Mar. 28, 2006) (plaintiff's consumer protection act claims dismissed where plaintiff, in an action regarding alleged marketing of alcoholic beverages to minors, "has not alleged, and cannot prove, any advertisement that was materially misleading under an objective standard"); *In re Estate of Roark*, 829 S.W.2d 688, 695 (Tenn. App. 1992) (plaintiffs' claims dismissed where the terms of the sale of property were fully disclosed to them).

Only discovery can establish the veracity of Defendant's claims and the adequacy and effectiveness of Defendant's purported disclosures to the public, and no such discovery has been conducted. Therefore, Defendant's motion should be dismissed, or alternatively, stayed or continued to allow for such discovery.

## CONCLUSION

Defendant's Motion for Summary Judgment is premature and would unfairly force Plaintiffs to oppose dispositive arguments on the factual merits of the case without an opportunity to obtain relevant documents and depose witnesses with information relevant to the issues raised in Defendant's motion.

For the foregoing reasons, Plaintiffs respectfully request that the Court dismiss Defendant's Motion for Summary Judgment or, in the alternative, stay or continue briefing on that motion until the discovery detailed herein and in the Lanham Affidavit has been completed, or until briefing and argument has been completed on the instant Motion Pursuant to Fed. R. Civ. P. 56(f).

Dated: February 17, 2010					Respectfully submitted,

							 */s/ Samuel W. Lanham, Jr.*

Samuel W. Lanham, Jr.
**LANHAM BLACKWELL, P.A.**
470 Evergreen Woods
Bangor, ME 04401

Ben Barnow
**BARNOW AND ASSOCIATES, P.C.**
One North LaSalle Street, Suite 4600
Chicago, IL 60602

Don Barrett
**BARRETT LAW OFFICE, P.A.**
404 Court Square
Lexington, MS 39095-0987

Kent Caperton
**BEN BARNES GROUP**
1215 19th Street, NW
Washington, DC 20036

Marian S. Rosen
**MARIAN S. ROSEN**
  **& ASSOCIATES**
5065 Westheimer, Suite 840
Houston, TX 77056

Howard Rubinstein
**LAW OFFICE OF**
**HOWARD WEIL RUBINSTEIN**
P.O. Box 4869
Aspen, CO 81611

Walter Umphrey
**PROVOST UMPHREY**
  **LAW FIRM, LLP**
P.O. Box 4905
Beaumont, TX 77704-4905

Joe R. Whatley, Jr.
**WHATLEY, DRAKE & KALLAS**
1540 Broadway, 37th Floor
New York, NY 1036

John Eddie Williams


**WILLIAMS, KHERKER, HART,**
 **BOUNDAS, LLP**
8441 Gulf Freeway, Suite 600
Houston, TX 77017

*Plaintiffs' Executive Committee*

## CERTIFICATE OF SERVICE

      Service of Plaintiffs' Motion Pursuant to Fed. R. Civ. P. 56(f) and Incorporated Memorandum of Law in Relation to Philip Morris USA Inc.'s Motion for Summary Judgment has been made through the Court's ECF system.

Date:   February 17, 2010

                                              */s/ Samuel W. Lanham, Jr.*
                                              Samuel W. Lanham, Jr.
                                              **LANHAM BLACKWELL, P.A.**
                                              470 Evergreen Woods
                                              Bangor, ME 04401