UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

IN RE:  LIGHT CIGARETTES MARKETING    )    MDL DOCKET NO. 1-09-MD-2068
SALES PRACTICES LITIGATION            )              ALL CASES

AFFIDAVIT OF SAMUEL W. LANHAM, JR.

I, Samuel W. Lanham, Jr., having been duly sworn, hereby depose and say:

1. In my role as Plaintiffs' Liaison Counsel, and as a member of Plaintiffs' Executive Committee for the Light Cigarettes Marketing Sales Practice Litigation MDL, I have personal knowledge of all filings with the Court and service of all discovery requests by either party.  I make this affidavit on personal knowledge.

2. On January 22, 2010, Defendant Philip Morris USA Inc. ("Defendant") filed its Motion for Summary Judgment on Plaintiffs' Claims for Purchases After December 1, 2002. [D.E. #130].

3. On February 5, 2010, Defendant filed its separate Statement of Material Undisputed Facts in Support of its Motion for Summary Judgment. [D.E. #159].

4. Plaintiffs' opposition to the summary judgment motion is due on February 22, 2010.

5. Defendant is moving for summary judgment on all claims based on purchases after December 1, 2002, the date Defendant claims it began distributing "onserts" periodically on "*hundreds of millions* of cigarette packages each year," making any contention of deception "patently absurd."  Def. Mot. at 2, n.2 (emphasis in original).

6. In December 2009, Defendant deposed Allain Thibodeau, Lori Spellman, and Stephanie Good, the three class representatives for the Maine action.  Allain Thibodeau and

Stephanie Good were asked about the onserts Defendant claims were distributed,[1] and neither of these Plaintiffs could recall ever seeing onserts in packs of Light cigarettes they purchased.

7. Allain Thibodeau testified as follows:

> Q I'll ask you if you recall ever seeing an on-cert [sic] on any of the packs of cigarettes that you bought.
> A I don't recall seeing these.
> Q Do you recall seeing a piece of paper that was stuck in the cigarette pack at all that you didn't bother to read?
> A Other than coupons.

Thibodeau Transcript at 73:13-19 (attached as Exhibit A).

8. Stephanie Good testified as follows:

> Q In 2002 did you ever notice that there was a little pamphlet folded up and stuck to the package of the Marlboro Lights pack underneath the cellophane?
> A No. I never noticed.

Good Transcript at 120:19-22 (attached as Exhibit B).

> Q Are you aware that Philip Morris put the onsert on its packages of light and low-tar cigarettes in 2004?
> A No. I – no.
> Q Are you aware that Philip Morris put the onsert on its packages in 2005?
> A No.
> Q Are you aware that Philip Morris put the onsert on its packages in 2007?
> A No.

Good Transcript at 130:25 – 131:9 (attached as Exhibit C).

9. This testimony by these two Plaintiffs is illustrative and raises questions about Defendant's claims regarding the extensiveness of the distribution of the onserts.

10. Defendant has provided very little information about the frequency, number, or distribution pattern for the "onserts" it claims eliminated the potential for misrepresentation about the true nature of its Light cigarettes as of December 1, 2002.

11. Defendant's Statement of Material Facts reveal only that:

---

[1] Exhibits used by Defendant in its depositions of Plaintiffs reveal that in different years different wording

2

>   PM USA included these onsets in approximately 130 million cigarette packs distributed nationwide in 2002, 109 million packs in 2003, 118 million packs in 2004, 145 million and then another 135 million packs in 2005, 140 million packs in 2006, 129 million packs in 2007 and 127 million packs in 2008.
>
>   Def. SMF at ¶14.

12.   In order to effectively respond to Defendant's Motion for Summary Judgment, Plaintiffs must be able to put these seemingly large numbers into context.

13.   Defendant's Motion for Summary Judgment and the Statement of Material Facts in support of that motion are based primarily on the Affidavit of Brendan McCormick. Plaintiffs believe it is necessary to take Mr. McCormick's deposition to flesh out the factual basis for his declaration.

14.   Further, Plaintiffs seek additional discovery specific to the factual issues raised in the Motion for Summary Judgment, including the following:

- for each year identified in Defendant's Motion for Summary Judgment, all documents identifying the number of packs of each Light cigarettes brand distributed by Defendant;

- for each year identified in Defendant's Motion for Summary Judgment, and for each MDL state at issue in this litigation, all documents identifying the number of packs of each Light cigarettes brand distributed by Defendant;

- for each year identified in Defendant's Motion for Summary Judgment, all documents identifying the number of packs of each Light cigarettes brand distributed by Defendant that contained an onsert (and a copy of the text of each such onsert);

- for each year identified in Defendant's Motion for Summary Judgment, and for each MDL state at issue in this litigation, all documents identifying the number of packs of each Light cigarettes brand distributed by Defendant that contained an onsert (and a copy of the text of each such onsert);

- all documents related to research performed by Defendant or at its request regarding onserts, including but not limited to all drafts of the onserts, the

---

was used in onserts.

- for each year identified in Defendant's Motion for Summary Judgment, the total number of packs of Light cigarettes distributed by Defendant;

- for each year identified in Defendant's Motion for Summary Judgment, and for each MDL state at issue in this litigation, the total number of packs of Light cigarettes distributed by Defendant;

- whether there were other versions of the onserts than the version attached as Exhibit B to the Affidavit of Brendan McCormick, and if so, the exact text of each of those onserts; and

- for each year identified in Defendant's Motion for Summary Judgment, and for each MDL state at issue in this litigation, the number of packs of each Light cigarettes brand distributed by Defendant that contained an onsert (and a copy of the text of each such onsert).

15. Limited discovery has been conducted in this multidistrict litigation to date, and pursuant to the Court's Procedural Order of October 26, 2009 [D.E. #30], that discovery has been confined to matters related to class certification and collateral estoppel issues.

16. On January 15, 2010, Plaintiffs served discovery requests on Defendant. The requests included 58 interrogatories, 66 requests for production of documents, and 822 requests for admissions.

17. Defendants' responses to these discovery requests were served on February 16, 2010.

18. While this discovery includes certain requests for information and documents of a general nature that may assist Plaintiffs in opposing the summary judgment motion, due to the timing of the discovery requests *vis-a-vis* the Motion for Summary Judgment, it includes no requests specific to the factual issues raised by Defendant's motion.

19. Plaintiffs' Interrogatory No. 44 illustrates a request made for information that would be helpful in responding to the Motion for Summary Judgment:

4

> INTERROGATORY No. 44: What is the number of units of LIGHT Cigarettes sold by You throughout each Class Complaint State, by year, over the last 10 years, and identify all sources of data that You maintain with respect to the number of units of LIGHT Cigarettes sold throughout each Class Complaint State?

20. Defendant's response to Interrogatory No. 44 illustrates how premature Defendant's Motion for Summary Judgment is.

> RESPONSE: Philip Morris USA objects to this Interrogatory to the extent it seeks the disclosure of proprietary, trade-secret, or other commercially protected information without the protection of an appropriate protective order and implementation of procedures that will ensure the continued confidentiality of such information. . . .
>
> Subject to and without waiving its specific and General Objections, Philip Morris USA states that, <u>upon entry of an appropriate protective order</u>, Philip Morris USA will provide a summary of the sales volume by units (*i.e.*, number of cigarettes sold) of the sale of its FTC machine-test measured lowered tar and nicotine cigarette brands at issue in the respective MDL cases pending in the District of Columbia, California, Illinois and Maine to its direct customers in the District of Columbia, California, Illinois, and Maine for the years 1999 through 2009.

Def. Resp. to Interrogatories at 94 (emphasis added) (attached as Exhibit D).

21. At the time Defendant filed its Motion for Summary Judgment, there was no protective order in place. Plaintiffs not only do not have the information they need to respond to the motion, but they are also unable to gain access to at least some of that information prior to having such a protective order in place.

22. The parties have been working diligently to arrive at a mutually agreeable protective order. A joint agreed to Protective Order was emailed to the Bangor ECF inbox on February 16, 2010, but at the time of filing this Affidavit, the Protective Order has yet to be entered on the Court's docket.

23. Once the Protective Order is entered as a matter of record, Plaintiffs are prepared to meet and confer promptly with counsel for Defendant as to the further discovery needed in order for Plaintiffs to respond adequately and completely to the Motion for Summary Judgment.

24. Plaintiffs cannot present facts essential to justify their opposition to Defendant's Motion for Summary Judgment, without the opportunity to undertake the discovery addressed in the Motion submitted herewith.

Dated: February 17, 2010

                                                /s/ Samuel W. Lanham, Jr.
                                                Samuel W. Lanham, Jr.

STATE OF MAINE                                     Date: February 17, 2010
PENOBSCOT

     Personally appeared before me, the above-named Samuel W. Lanham, Jr., and made oath that the foregoing Affidavit is based upon personal knowledge and the statements are true.

                                                /s/ Sheila J. Connors
                                                Sheila J. Connors, Notary Public