UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

IN RE:  LIGHT CIGARETTES MARKETING   )   MDL DOCKET NO. 1-09-MD-2068
SALES PRACTICES LITIGATION               )           ALL CASES

## REPORT OF TELEPHONE CONFERENCE
## AND ORDER

     I held a telephone conference at Bangor, Maine, on Friday, February 19, 2010, commencing at 8:30 a.m. and concluding at 9:05 a.m., with the following counsel participating:

     Samuel Lanham, Esq. for Plaintiffs

     David King, Esq. for Defendant Altria Group, Inc.

     Peter DelBianco, Esq. for Defendant Philip Morris USA, Inc.

     I requested this conference with liaison counsel in order to discuss my concerns with the Joint Proposed Protective Order submitted to me for consideration pursuant to my Order at Doc. No. 134.  I first reiterated to liaison counsel my view of their function as liaison counsel as the "go-to" counsel for me to get on the phone quickly and advise them of any pending issues.  I do not expect them to make substantive decisions without conferring with their principals, merely to act as a means for me to move matters along without having to get all counsel on the phone.

     I advised liaison counsel of my three concerns[1] regarding the Joint Proposed Protective Order and they will confer with their principals.  Counsel jointly agreed that they will attempt to submit a revised joint proposed protective order by Wednesday, February 24, 2010.  They may submit the revised protective order as a Word document and I will enter it on the docket if I

---

[1] Those concerns related to the filing of redacted and unredacted versions of pleadings (with the attendant concern of reducing the use of "sealed envelopes" and using ECF sealed functionality instead), the need to clarify that nothing in the protective order indicates a judicial determination has been made as to the status of any document, and the use of the term "continuing jurisdiction" over this case after the case has been concluded.

approve the changes. If they are unable to submit a joint order, I will then determine how to proceed on plaintiff's original motion for a confidentiality order (Doc. No. 101).

The second matter discussed involves Plaintiffs' recently filed First Motion to Dismiss Defendant's Motion for Summary Judgment (Rule 56 Motion) (Doc. No. 162). Without objection by defendants, Plaintiffs' deadline to file their response to the pending summary judgment motion is extended to March 1, 2010. Defendants agree they will file their response to Plaintiffs' Rule 56(f) Motion by February 22, 2010, and the clerk should note the response deadline change. Further, the parties jointly request a telephonic conference with Chief Judge John A. Woodcock, Jr. on the Plaintiffs' Rule 56(f) motion issues during the week of February 22, 2010. To that end, counsel will be in contact with Julie Walentine of the Clerk's Office to schedule the telephonic conference. The parties jointly request that any further extension of plaintiffs' deadline to file a response to the pending motion for summary judgment be addressed with Chief Judge Woodcock during the telephonic conference to be scheduled next week.

## CERTIFICATE

This report fairly reflects the actions taken at the hearing and shall be filed forthwith. Any objections to this report shall be filed in accordance with Fed.R.Civ.P. 72.

*So Ordered.*

February 19, 2010                    /s/ Margaret J. Kravchuk
                                     U.S. Magistrate Judge