UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| IN RE: LIGHT CIGARETTES MARKETING SALES PRACTICES LITIGATION | MDL Docket No.: 1:09-MD-2068 ALL CASES |

**PHILIP MORRIS USA INC.'S MEMORANDUM OF LAW
IN OPPOSITION TO PLAINTIFFS'
MOTION PURSUANT TO FED. R. CIV. P. 56(f)**

On January 22nd Philip Morris USA ("PM USA") filed its summary judgment motion based on its public disclosures relating to low tar cigarettes. On February 17th -- five days before their opposition brief was due -- plaintiffs filed a Rule 56(f) motion seeking to postpone the briefing while they pursue certain discovery. Plaintiffs' Rule 56(f) motion should be denied because the materials that the Court needs to decide PM USA's motion are already available to the Court and the parties. Therefore, no discovery is necessary. Plaintiffs' motion is nothing more than an attempt to delay the Court's consideration of PM USA's motion.

## ARGUMENT

Plaintiffs' Rule 56(f) motion fails because the discovery they now contend they need is not necessary for the Court to decide PM USA's summary judgment motion. In order to decide PM USA's motion, the Court needs to examine two issues: (1) whether PM USA's disclosure on its face disclaimed the alleged misrepresentation or disclosed the alleged concealed fact, and (2) whether the distribution of the disclosure was sufficient. *See In re AIG Advisor Group Secs. Litig.*, 309 Fed. Appx. 495, 498, 2009 WL 382355, at *2 (2d Cir. 2009) (barring securities fraud claim because the content of defendants' website disclosures, which "disclosed the existence of the very 'conflict of interest' at the heart of the plaintiffs' complaint," rendered the alleged misrepresentations or omissions inactionable); *Perona v. Volkswagen of America*, *Inc.*, 684 N.E.2d 859, 866 (Ill. Ct. App. 1997) (fraudulent concealment claims based on alleged defect in automobiles were invalid with respect to any automobiles bought after defendant issued two press releases that disclosed the problem and associated safety risks). The Court and the parties have the requisite information to address both of these issues.

With respect to the text of the disclosure, plaintiffs speculate -- without any factual basis -- that there might be material differences in the onserts that PM USA has included on packages

of low tar cigarettes since 2002, and thus they need to take discovery on every onset used by PM USA. Pls. Br. at 7 & n.4. But plaintiffs already have this information available to them: *every* onset that PM USA has used is already available on PM USA's publicly available website. *See* www.pmdocs.com.[1]

With respect to the distribution of the disclosure, PM USA submitted an affidavit which provides detailed information on how, when and where PM USA made its disclosures. As plaintiffs concede, Pls. Br. at 8, the Affidavit of Brendan McCormick discloses the number of packs that included the onset for each year from 2002-2008, as well as (1) the distribution figures for inserts that were included in over 25 U.S. newspapers that were distributed nationwide, and (2) the number of direct mailings to smokers that referenced PM USA's website containing health information about lights. *See* Affidavit of Brendan McCormick, dated January 21, 2010, ¶¶ 4, 10, 26. In addition, the McCormick affidavit described nationwide television and radio advertisements disclaiming that lights were safer that ran in each of the MDL jurisdictions, and ads and retail signage displayed in retail stores disclaiming that lights were safer. *Id.* ¶¶ 8, 14, 16.[2]

Plaintiffs claim that they need other information, such as the total number of cigarette packs distributed in the U.S. and in certain states in order to calculate what percentage of packs sold had onsets. However, where defendant has already provided information on the number of disclosures it made -- onsets on 109-284 million packs per year, 16.7 million inserts in more

---

[1] The 2002 onset is available on www.pmdocs.com at bates range: 3000305569/5570. The 2003 onset is available at: 3002438363/8364. The 2004 onset is available at: 3015667701/7702. The 2005 onset is available at: 3002959402/9403. And the onset used from 2006 through 2008 is available at: 3061719398.

[2] Plaintiffs also claim they need to depose Brendan McCormick, Lanham Decl. ¶ 13 -- who submitted the affidavit detailing PM USA's disclosure programs -- but they have never even requested his deposition.

than 25 newspapers distributed nationwide, and more than 7 million direct mailings in the MDL jurisdictions -- the additional information plaintiffs seek is not relevant to deciding the motion.[3] The fact that the disclosure was extensive cannot be genuinely disputed and its breadth, based on the national distribution figures for the onserts, newspaper inserts and direct mailings, as well as information about PM USA's website, national radio and television ads, print ads and retail signage, is available and detailed in PM USA's submission.

There is simply no rationale for plaintiffs' request for discovery apart from delay. If plaintiffs believed they needed discovery to respond to PM USA's motion, they should have raised that issue promptly after PM USA filed its motion, as they had suggested at the January 11th hearing that they might do. Jan. 11, 2010 Hrg. Tr. at 13-14 (plaintiffs indicating "we don't know if that's going to call for discovery" and proposing that the parties confer after the motion is filed "and see if we can reach agreement" on a schedule for addressing the motion). That plaintiffs waited until after agreeing to a briefing schedule on February 10, *see* 2/10/2010 docket entry, and only five days before their opposition brief is due confirms that plaintiffs' motion is about delay, not discovery, and their lack of due diligence is basis enough for its denial. *Rivera-Torres v. Rey-Hernandez*, 502 F.3d 7, 10-11 (1st Cir. 2007).[4]

Finally, plaintiffs' attempt to point to their pending collateral estoppel motion as a basis to delay consideration of defendants' summary judgment motion is equally meritless. Plaintiffs

---

[3] In any event, information on the total number of lights packs distributed by PM USA during the relevant period is contained in a disc that was provided to plaintiffs on February 18, 2010 in connection with the expert disclosure of defendant's expert, Dennis W. Carlton.

[4] *See also Dennis v. Osram Sylvania, Inc.*, 549 F.3d 851, 860-61 (1st Cir. 2008) (denying as untimely Rule 56(f) motion filed nearly three weeks after the defendant had filed its summary judgment motion); *Players, Inc. v. City of New York*, 371 F. Supp. 2d 522, 533 (S.D.N.Y. 2005) (denying plaintiff's Rule 56(f) motion because plaintiff was dilatory where it had opportunity to seek discovery from defendants and chose not to, stipulated to a briefing schedule that contemplated filing summary judgment motions and did not seek a continuance to request discovery before summary judgment motion was filed).

do not identify any finding by the *DOJ* court that the public disclosures at issue in the onsert motion were somehow inadequate.  In fact, none of the 1,083 findings for which plaintiffs seek preclusive effect even address the onsert.  And while a small number of findings for which plaintiffs seek preclusive effect describe disclosures on PM USA's website as of 2003 and 2004, these findings merely quote PM USA's explanation that descriptors such as "light" did not imply that such cigarettes were safer without opining on the adequacy of the disclosure.

Plaintiffs instead cling to two *DOJ* findings relating to alleged schemes to defraud concerning other than low tar cigarettes in which the court noted that PM USA had not put its public statements that cigarette smoking causes disease and is addictive on cigarette packaging as well.  Pls. Br. at 7 n.4.  These findings have no bearing on the issues in this case, let alone the issue presented by defendant's motion:  whether PM USA's disclosures about low tar cigarettes are sufficient to defeat any alleged misrepresentation or concealment relating to low tar cigarettes.  Indeed, plaintiffs do not even seek preclusive effect for either of these findings in their collateral estoppel motion.

## **CONCLUSION**

For the foregoing reasons, plaintiffs' Rule 56(f) motion should be denied.


DATED:  February 22, 2010                    Respectfully submitted,


  /s/ H. Peter Del Bianco, Jr._____
H. Peter Del Bianco, Jr.
LAMBERT COFFIN
P.O. Box 15215
477 Congress Street
Portland, Maine 04112-5215
(207) 874-4000

4

Philip H. Curtis
Nancy G. Milburn
ARNOLD & PORTER LLP
399 Park Avenue
New York, NY 10022
(212) 715-1000

Judith Bernstein-Gaeta
James M. Rosenthal
ARNOLD & PORTER LLP
555 12th Street, N.W.
Washington, D.C. 20004
(202) 942-5000

John H. Beisner
SKADDEN, ARPS, SLATE, MEAGHER & FLOM
& AFFILIATES
1440 New York Avenue, N.W.
Washington, D.C. 20005
(203) 371-7000

Counsel to Defendant Philip Morris USA Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on February 22, 2010, I electronically filed the foregoing Philip Morris USA Inc.'s Memorandum of Law in Opposition to Plaintiffs' Motion Pursuant to Fed. R. Civ. P. 56(f) with the Clerk of the Court using the EM/ECF system which will send notification of such filing to all counsel of record registered with the ECF system.

    /s/H. Peter Del Bianco, Jr._____
H. Peter Del Bianco, Jr.
LAMBERT COFFIN
P.O. Box 15215
477 Congress Street
Portland, Maine 04112-5215
T: (207) 874-4000
pdelbianco@lambertcoffin.com