# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| IN RE: LIGHT CIGARETTES MARKETING SALES PRACTICES LITIGATION | ) ) ) ) MDL Docket No. 1:09-MD-2068 ALL CASES |

## PROTECTIVE ORDER

It is hereby **ORDERED** that the following Protective Order shall govern all proceedings in this matter:

1.  This Protective Order shall govern the use and dissemination of all information, documents or materials that are produced or deemed produced in the MDL Action and designated as Confidential or Highly Confidential, as well as documents from PM USA's Litigation Document Website as to which public access is not granted.

2.  The term "document" or "documents," as used in the Protective Order, shall have the same meaning as contemplated by the Federal Rules of Civil Procedure. The term "Trade Secret," as used in this Protective Order, is defined to include (a) information, documents, or materials not in the public domain that are so proprietary or competitively sensitive that their public disclosure is likely to cause competitive injury or (b) matters that constitute or contain trade secrets pursuant to the applicable law of the state of Maine.

### Confidential Information

3.  Any party to this action or other person or entity, including any third party, who produces or supplies information, documents or other materials used in this action (hereinafter the "Designating Party" or the "Producing Party") may designate as "Confidential" any such information, document or material that it reasonably and in good faith believes constitutes or contains Trade Secret information, personal information, information protected from disclosure by contractual obligations with third-party vendors, or is otherwise protectable under applicable

law.  The designation "Confidential" shall be made by affixing on the document or material containing such information, and upon each page so designated if practicable, a legend that in substance states: **"CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER IN LIGHT CIGARETTES LITIGATION"** or, at the option of the Designating Party, **"CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER IN TOBACCO LITIGATION."**

    4.    Depositions may be designated Confidential by indicating that fact on the record at the deposition.  If a Designating Party has advised the court reporter that Confidential information has been disclosed during a deposition, the court reporter shall include on the cover page the following indication:  **"DEPOSITION CONTAINS CONFIDENTIAL INFORMATION OF [NAME OF DESIGNATING PARTY] - SUBJECT TO PROTECTIVE ORDER IN LIGHT CIGARETTES LITIGATION."**  Within ten (10) days of receipt of the initial deposition transcript, the Designating Party shall advise the court reporter and opposing counsel of the specific pages and lines in which Confidential information appears.  The court reporter shall supplement the transcript to mark the specific pages and lines designated as Confidential and amend the cover page to reflect that these specific designations have been made.  Counsel for the opposing party may have immediate access to the deposition transcript, but prior to the page and line designations, shall treat the entire transcript as Confidential, if so designated at the deposition.

    5.    Confidential information shall not be disclosed by any party other than the Designating Party other than as expressly authorized in this Protective Order and may be disclosed only to:

        (a)    This Court and its personnel.

        (b)    Outside counsel of record and in-house counsel in this litigation (including staff persons employed by

        such counsel). In-house counsel for a defendant may have access to Confidential information produced by a plaintiff, but not that produced by another defendant.

(c)     Any consultant, investigator or expert (collectively, "Expert") who is assisting in the preparation and trial of this litigation, but only to the extent reasonably necessary to enable such Expert to render such assistance. With respect to Experts for defendants, only outside retained Experts may have access to the Confidential information of a co-defendant.

(d)     A deponent, but only during the course of his or her deposition.

(e)     A court reporter and a videographer.

6.     If a party wishes to disclose Confidential information to any person not described in paragraph 5 of this Protective Order, permission to so disclose must be requested from the Designating Party in writing. If the Designating Party objects to the proposed disclosure, such disclosure shall not be made unless, upon motion by the party requesting such permission, this Court orders otherwise.

7.     Prior to obtaining access to Confidential information, any person to whom Confidential information may be disclosed pursuant to paragraphs 5 and 6 of the Protective Order, except this Court and its personnel, shall be shown and shall read a copy of this Protective Order and, except for any counsel who has entered a formal appearance with the District of Maine in this action, shall agree in writing to be bound by its terms by signing a copy of the Confidentiality Acknowledgment annexed hereto as Exhibit A ("Confidentiality Acknowledgment A"). Counsel for the party obtaining a person's signature on the Confidentiality Acknowledgment shall retain the original signed acknowledgment, and, if the Court so orders, shall provide a copy of the signed acknowledgment to all counsel of record.

8. To the extent that any Confidential Information is, in whole or in part, contained in, incorporated in, disclosed in or attached to any pleading, motion, memorandum, appendix or other judicial filing, counsel shall file under seal on ECF that portion of the submission containing Confidential Information and that portion filed under seal shall be designated and treated as a "Sealed Document." Counsel shall also file an unsealed copy of such pleading, motion, memorandum, appendix or other judicial filing with the Court on ECF with appropriate redactions. Disclosure of any portion of the transcript of a deposition which reflects or contains Confidential Information shall be subject to the terms of this Protective Order, and if filed with the Court, such portion containing Confidential Information shall be filed on ECF both as a Sealed Document and as an unsealed document with the Confidential Information redacted. Pleadings and documents that contain Confidential Information but that cannot be filed electronically, such as bulky documents, shall be filed on paper or on electronic discs (including a CD, diskette, or DVD) under seal and in a sealed envelope without redaction, and unsealed with appropriate redactions. A notice that such documents are available in the Clerk's office shall be filed on ECF. All Sealed Documents, whether on ECF, on paper, or on electronic disc, shall remain under seal until such time as this Court orders otherwise. Such Sealed Documents shall be identified with the caption of this action, a general description of the sealed contents, and shall bear the following legend, which in the case of documents filed on paper or electronic disc shall also appear on the sealed envelope: **"CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER IN LIGHT CIGARETTES LITIGATION"** or, at the option of the Designating Party, **"CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER IN TOBACCO LITIGATION."** The Clerk of the Court shall maintain all Sealed Documents separate from the public records in this action, intact and unopened except as otherwise directed by the Court.

4

Such Sealed Documents shall be released by the Clerk of the Court only upon further order of the Court.

### Highly Confidential Information

9. Any Designating Party who produces or supplies information, documents or other materials or tangible items generated by it for use in this action may designate as "Highly Confidential" any information, documents or other materials concerning the following: (a) product formulas, specifications, recipes and manufacturing processes; (b) development of new products or technologies currently marketed or to be marketed in the future; (c) marketing plans and methods having current or future applicability; (d) business planning and financial documents having current or future applicability; or (e) other information which constitutes "Trade Secrets" (as defined in Paragraph 2), when any of the above information is so proprietary or competitively sensitive that its disclosure is likely to cause irreparable injury to the Designating Party. The designation "Highly Confidential" shall be made by affixing on the document or material containing such information, and upon each page of a document so designated if practicable, a legend that in substance states: **"HIGHLY CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER IN LIGHT CIGARETTES TOBACCO LITIGATION"** or, at the option of the Designating Party, **"HIGHLY CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER IN TOBACCO LITIGATION."**

10. Highly Confidential information shall not be disclosed, other than as expressly authorized in this Protective Order, and may be disclosed only as follows:

    (a)    Disclosure may be made to this Court and its personnel. Paragraph 8 of this Protective Order shall apply to any disclosure of Highly Confidential information to the Court, except that the cover page of the filed documents or materials shall be marked: "HIGHLY CONFIDENTIAL - DISSEMINATION

        RESTRICTED BY COURT ORDER." Only Designated Attorneys (defined in paragraph 10(b)) and counsel for the Designating Party shall be served with copies of court filings of Highly Confidential information.

(b)   Plaintiffs' access to Highly Confidential information shall be limited to twenty (20) ("Designated Attorneys"). If plaintiffs discover that additional attorneys require such access, plaintiffs may request, in writing, that defendants grant such access to specifically identified attorneys. If that request is not resolved by the parties, plaintiffs may file and serve a motion to resolve the dispute over the number of attorneys with access to Highly Confidential information.

(c)   Highly Confidential information shall be produced directly into the custody of one of the Designated Attorneys. Highly Confidential information, including all notes or summaries of such information, shall be maintained in a locked filing cabinet within a locked and otherwise secure room at Whatley Drake & Kallas, 1540 Broadway, 37th Floor, New York, New York 10036. Philip Morris USA shall pay the costs of establishing the secure room and shall control the manner of its construction. Highly Confidential information shall not be removed from the secure room for review. Access to the secure room shall be restricted to Designated Attorneys and Experts authorized, in accordance with paragraph 10(f), to have access to Highly Confidential information. No dictation equipment, voice transcribers, cameras, photocopiers, document scanners, facsimile machines, telephones or other devices for facilitating document copying or summarization shall be permitted in the secure room. Computers may be maintained in the secure room, but may not be networked with, or communicate with, any other computer that resides outside the secure room. The computers and any removable media (including floppy diskettes, CD-ROM's or removable hard drives) containing Highly Confidential information must remain in the secure room. Access to any such computers must be adequately controlled and password protected. Only Highly Confidential

information produced in this action may be stored in the secure room except by express agreement of the parties to this action or by amendment to this Order.

(d) A Designated Attorney may remove from the secure room notes made by the Designated Attorney for litigation-specific purposes directly related to the specific information in the Highly Confidential document. Such notes must be promptly returned to the secure room following their use for the litigation-specific purpose (*e.g.* brief, deposition). While out of the secure room such notes must remain in the personal possession of the Designated Attorney at all times or be kept in the Designated Attorney's locked office.

(e) Outside counsel for co-defendants of a Designating Party shall have access to Highly Confidential information only after it has been designated for use as a deposition exhibit or submitted to the Court. Such access shall be limited to six (6) outside counsel of record representing the co-defendant ("Designated Co-Counsel"). Designated Co-Counsel shall maintain Highly Confidential information as described in paragraph 10(c). Absent further order of the Court, Designated Co-Counsel shall not further disclose Highly Confidential information.

(f) Disclosure of Highly Confidential information may be made to Experts who are actively assisting in the preparation and trial of this action. Prior to disclosing any Highly Confidential information to any Expert, Counsel for the party contemplating such disclosure shall determine that:

  i) (a) disclosure to any Expert of particular Highly Confidential information is, in that counsel's good faith judgment, necessary to that party's prosecution of the case, (b) the Expert is not, and is not believed to intend to become, affiliated with or employed by any entity that is or intends to be in the tobacco business or in the business of supplying ingredients or machinery used in the

7

                    manufacture of tobacco products ("Competitor"), and (c) counsel has formed a good faith and informed belief that the individual has not previously violated any confidentiality agreement or order and is not likely to violate the terms of this Protective Order.

        ii)    each such Expert has executed the Confidentiality Acknowledgment annexed hereto as Exhibit B ("Confidentiality Acknowledgment B"). Counsel for the party obtaining an Expert's signature on the Confidentiality Acknowledgment shall retain the original signed acknowledgment and shall promptly serve a copy on all counsel of record if and when that Expert is designated. If a consultant or investigator never becomes a formally designated expert, the acknowledgment need not be served but shall be retained by counsel for the party obtaining the consultant or investigator.

    (g)    A Designated Attorney shall, upon granting access to Highly Confidential information to any authorized person outside the Designated Attorney's law firm, maintain a written record of the identity of each such person and the identity of the information to which they have been given access. Each person who executes a Confidentiality Acknowledgment shall also comply with these record-keeping provisions. A copy of this written record shall be produced to any Designating Party upon request after the conclusion of this action, unless otherwise ordered by the Court.

11.    A Designating Party may in good faith redact non-responsive and/or irrelevant Highly Confidential information from any produced document or material. However, unredacted copies of such documents shall be maintained by the Designating Party. Designated Attorneys for a

discovering party and, if necessary, qualified Experts under paragraph 10(f) retained by them, may have access to the unredacted versions of the documents at a place of the Designating Party's choosing, but only for the purpose of ascertaining the appropriateness of any redactions.

12. Without further order of the Court, a party may use Highly Confidential information in deposing only (a) an individual who is or was eligible to have access to the Highly Confidential information by virtue of his or her employment with the Designating Party, or (b) an Expert (who shall meet the conditions of paragraph 10(f)). The Designating Party shall provide the receiving party with sufficient information to identify whether the individual deponent is or was eligible to have access to the Highly Confidential information by virtue of his or her employment with the Designating Party at the time the Highly Confidential information is produced. In such circumstances, at least seven (7) days before the deposition, counsel noticing the deposition shall notify counsel for the Designating Party, with service to other parties, of the Bates numbers (or other identifying information, if Bates numbers are inapplicable, such as with interrogatory answers) of the Highly Confidential information to be used at deposition. Such identifying information shall not include the substance of the Highly Confidential information. Counsel for the Designating Party may object to the proposed disclosure in writing at least four (4) days prior to the deposition. If such objection is made, the portion of the deposition which involves the objected-to Highly Confidential information shall be held in abeyance, pending resolution by the Court of the Designating Party's Motion for Protective Order respecting the Highly Confidential information. This Motion shall be filed within five (5) days of the Designating Party's objection. If no objection is made to the use of the Highly Confidential information in the deposition, the Designated Attorney noticing the deposition may personally remove the document or material from the secure room to a nearby copying station and make one

(1) copy of the Highly Confidential information for secure transport to the location of the deposition. The original must be returned to and kept in the secure room and the copy must either be destroyed after the conclusion of the deposition or, if it is made a deposition exhibit, it shall be placed in a sealed envelope that bears a legend in accordance with paragraph 10(a).

13. No one may attend or review the transcripts of the portions of any depositions at which Highly Confidential information is shown or discussed, other than the court reporter (who shall first have executed Confidentiality Acknowledgment A), Designated Attorneys, counsel for the Designating Party, Designated Co-Counsel, the deponent, and counsel for the deponent (provided deponent has previously executed the Confidentiality Acknowledgment A and deponent's counsel has either entered a formal appearance with the District of Maine in this case or has executed the Confidentiality Acknowledgment A), and Experts qualified to review Highly Confidential information under Paragraph 10(f).

14. Depositions may be designated Highly Confidential by indicating that fact on the record at the deposition. If a Designating Party has advised the court reporter that Highly Confidential information has been disclosed during a deposition, the court reporter shall include on the cover page the following indication: **"DEPOSITION CONTAINS HIGHLY CONFIDENTIAL INFORMATION OF [NAME OF DESIGNATING PARTY] - SUBJECT TO PROTECTIVE ORDER IN <u>LIGHT CIGARETTES MARKETING SALES PRACTICES LITIGATION</u>."** Within ten (10) days of receipt of the initial deposition transcript, the Designating Party shall advise the court reporter and opposing counsel of the specific pages and lines in which Highly Confidential information appears. The court reporter shall supplement the transcript to mark the specific pages and lines designated as Highly Confidential and amend the cover page to reflect that these specific designations have been

made. Designated Attorneys may have immediate access to the deposition transcript, but prior to receipt of the page and line designations, shall treat the entire transcript as Highly Confidential information, if so designated at the deposition.

## General Provisions

15. Except to the extent expressly authorized in this Protective Order, neither Confidential information nor Highly Confidential information shall be used or disclosed for any purpose other than the preparation and trial of this case, and/or any appeal therefrom, subject to the provisions of paragraph 23.

16. A document that is already in the public record because of prior court proceedings shall not be designated Confidential or Highly Confidential.

17. Any summary, compilation, notes, copy, electronic image or database containing Confidential information or Highly Confidential information shall be subject to the terms of the Protective Order to the same extent as the material or information from which such summary, compilation, notes, copy, electronic image or database is made or derived.

18. Any party may object to a designation by notifying the Designating Party in writing of that objection. That writing also must specify the bates range corresponding to the beginning and end of each document subject to objection and specifying the designated material to which the objection is made. The parties shall, within fifteen (15) days of service of the written objection, confer concerning the objection. If the objection is not resolved, the Designating Party shall, within fifteen (15) days of the conference, file and serve a motion to resolve the dispute over the designation of the material and shall bear the burden of proof on the issue. If no such motion is filed within the stated time period, the material will be redesignated as appropriate. If a motion is filed, information subject to dispute shall, until further order of the Court, be treated consistently with its designation. With respect to any material which is

redesignated or ceases to be subject to the protection of this Protective Order, the Designating Party shall, at its expense, provide to each party which so requests additional copies thereof from which all confidentiality legends affixed hereunder have been adjusted to reflect the redesignation or removed as appropriate.

19. Failure to designate any information as Confidential or Highly Confidential pursuant to this Protective Order shall not constitute a waiver of any otherwise valid claim for protection, so long as such claim is asserted within thirty (30) days of the discovery of the failure. At such time, arrangements shall be made for the return to the Designating Party to substitute properly labeled copies. Pursuant to Fed. R. Civ. P. 502(d), the inadvertent disclosure of information protected by the attorney-client, work product or other applicable privilege or protection (a "privilege") shall not, in and of itself, constitute a waiver of any otherwise valid claim of privilege and inadvertent failure to assert a privilege as to one document or communication shall not, in and of itself, be deemed to constitute a waiver of the privilege as to any other document or communication allegedly so protected, even involving the same subject matter. A party that discovers that it has produced privileged information shall promptly, in writing, request its destruction within thirty (30) days of the discovery of such production. The receiving party shall, within seven (7) business days of receipt of such notice, destroy, return or sequester the privileged documents together with all copies thereof and any notes made therefrom and shall not use such information for any purpose.

20. Nothing in this Protective Order shall be deemed to restrict in any manner the use by any Designating Party of any information in its own documents and materials and/or any information contained therein.

21.     If counsel for any party receives notices of any subpoena or other compulsory process commanding production of Confidential or Highly Confidential information that a party has obtained under the terms of this Protective Order, counsel for such party shall, if there are fewer than ten (10) days to comply, within two (2) days, or if more than ten (10) days, at least seven (7) days prior to the due date of compliance, notify the Designating Party in writing, and shall not produce the Confidential or Highly Confidential information, until the Designating Party has had reasonable time to take appropriate steps to protect the material.  It shall be the responsibility of the Designating Party to obtain relief from the subpoena or order prior to the due date of compliance, and, to give the Designating Party an opportunity to obtain such relief, the party from whom such information is sought shall not make the disclosure before the actual due date of compliance set forth in the subpoena or order.

22.     This Protective Order shall not prevent any of the parties from moving this Court for an order that Confidential information or Highly Confidential information may be disclosed other than in accordance with this Protective Order.  This Protective Order is without prejudice to the right of any party to seek modification of it from the Court.  It shall remain in effect until such time as it is modified, amended, or rescinded by the Court.  This Protective Order does not affect any party's rights to object to discovery on any grounds other than an objection based solely on the ground that the information sought is confidential in nature.

23.     The foregoing provisions concerning confidentiality shall apply only to pre-trial proceedings and to matters provided in pre-trial discovery and designated as Confidential and Highly Confidential, and shall not affect the conduct of trial or of any hearing in open court. Any party or third party may move the court for an order that evidence be received in camera or under other conditions to prevent unnecessary disclosure of Confidential or Highly Confidential

Information.  Prior to trial or to the hearing in open court, the Court shall determine what protection, if any, may be afforded to such information at the trial or hearing.  Subject to the applicable rules of evidence and any order of this court governing the disclosure of Confidential or Highly Confidential information at hearings or trial, Designated Material may be offered in evidence at trial or any court hearing.

24. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents or information designated **"CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER IN <u>LIGHT CIGARETTES</u> LITIGATION"** or, at the option of the Designating Party, **"CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER IN TOBACCO LITIGATION."** by counsel or the parties is subject to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

25. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal

26. Within sixty (60) days after the conclusion of this action, including the exhaustion of all appeals, counsel for all parties shall return all Confidential or Highly Confidential information produced in this litigation (other than exhibits at the official court of record) to the Designating Party or shall, at the sole option of the Designating Party, destroy such information.  However, documents or materials that contain Confidential or Highly Confidential information of a Designating Party and the work product of the party in possession of the documents or materials need not be returned to the Designating Party, but shall be destroyed within the same time frame. Counsel for any party or third party receiving Confidential or Highly Confidential information

shall make written certification of compliance with this provision and shall deliver the same to counsel for each Designating Party within one hundred twenty (120) days after the conclusion of this action, including the exhaustion of all appeals.

*SO ORDERED*

February ___, 2010

 

                                                _____
                                                Honorable Margaret J. Kravchuk
                                                United States Magistrate Judge