**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

IN RE: LIGHT CIGARETTES MARKETING    )    MDL DOCKET NO. 1-09-MD-2068
SALES PRACTICES LITIGATION              )             ALL CASES

**PLAINTIFFS' REPLY MEMORANDUM TO DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION PURSUANT TO FED. R. CIV. P. 56(f) IN RELATION TO PHILIP MORRIS USA INC.'S MOTION FOR SUMMARY JUDGMENT**

Contrary to what Defendant Philip Morris USA (Defendant) contends, the materials Plaintiffs need to oppose Defendant's Motion for Summary Judgment are not already available to Plaintiffs. Indeed, it is disingenuous of Defendant to suggest that data on the total number of lights packs distributed during the relevant period, which they admit was not provided to Plaintiffs until February 18, 2010 – the day *after* Plaintiffs filed their Rule 56(f) motion – constitutes information "already provided." (Def. Opp. to P.'s Rule 56(f) Mot. at 3, n.3). As demonstrated by the Supplemental Affidavit of Samuel W. Lanham, Jr. (attached hereto), that information is still not accessible to Plaintiffs' expert, Jeffrey Harris.

Defendant's argument that further discovery on the issue of the distribution of its disclosures is not necessary because the Affidavit of Brendan McCormick provides that information, is without merit. Mr. McCormick's affidavit provides incomplete information at best. For example: paragraph 9 of the McCormick affidavit states "beginning in 2002, and again every year through 2008, Philip Morris USA has *for a period of each year included an 'onsert' with certain brands of cigarettes*." McCormick Aff. at ¶ 9 (emphasis added). Paragraph 10 of the McCormick affidavit provides the number of packs in which the onserts were enclosed for each year and the month or quarter in which this "disclosure" was accomplished. This is the full extent of information provided with regard to the distribution of the onserts. Lacking is any information about the brands of cigarettes included in the distribution[1], the states in which the onserts were distributed, the number of onserts per state, etc. Also missing is data on the total distribution of Philip Morris cigarettes in the relevant years which would allow Plaintiffs to calculate the percentage of cigarette packs available for purchase that actually contained onserts.

---

[1] Defendant's Statement of Material Fact ¶ 12 improperly cites paragraph 9 of the McCormick Affidavit for the proposition that the onserts were placed "on packs of low tar cigarettes."

1

The discovery Plaintiffs are proposing is material to their opposition to the Motion for Summary Judgment and not an attempt to delay.  Plaintiffs have good reason to believe that the distribution of the onserts, on which Defendant's Motion for Summary Judgment relies, was of such small magnitude in relation to the total shipment of Marlboro Lights that Philip Morris' "disclosure" was insufficient to rectify 50 years of deception and misrepresentation.  For example, based on data available to Plaintiffs at this time, Plaintiffs have calculated that onserts were only included in approximately 2.3% of the total number of Marlboro Light cigarette packs shipped during 2003.[2]  Of course, it is just as likely, from the information Defendant has provided, that the onserts were not limited to Marlboro Light packages, or even to low tar brands of Philip Morris cigarettes.  If that is so, the percentage of packs containing onserts in 2003 decreases significantly from the 2.3% calculated.  The information Plaintiffs seek by means of the instant motion is critical to the Court's determination of the sufficiency of Defendant's disclosure in each of the states involved in this litigation.

Plaintiffs again respectfully request that the Court dismiss Defendant's Motion for Summary Judgment or, in the alternative, stay or continue briefing on that motion until the discovery detailed in the instant motion and in the Lanham Affidavits has been completed.

Dated:  February 25, 2010                               Respectfully submitted,

  /s/ Samuel W. Lanham, Jr.

---

[2]  Plaintiffs' calculations are based upon information contained in the 2004 Altria Group, Inc. Annual Report for the PM USA shipment volume of Marlboro cigarettes for 2003.  The link to the Annual Report is: http://www.altria.com/AnnualReport/ar2004/2004ar_06_0209.aspx  Plaintiffs base their calculation of the number of Marlboro Lights shipped in 2003 on a table provided by Defendant's expert Dennis Carlton giving the ratio of Marlboro Lights to total Marlboro cigarette shipments by year, which for 2003 was 64%.

3

Samuel W. Lanham, Jr.
**LANHAM BLACKWELL, P.A.**
470 Evergreen Woods
Bangor, ME 04401

Ben Barnow
**BARNOW AND ASSOCIATES, P.C.**
One North LaSalle Street, Suite 4600
Chicago, IL 60602

Don Barrett
**BARRETT LAW OFFICE, P.A.**
404 Court Square
Lexington, MS 39095-0987

Kent Caperton
**BEN BARNES GROUP**
1215 19th Street, NW
Washington, DC 20036

Marian S. Rosen
**MARIAN S. ROSEN
  & ASSOCIATES**
5065 Westheimer, Suite 840
Houston, TX 77056

Howard Rubinstein
**LAW OFFICE OF
HOWARD WEIL RUBINSTEIN**
P.O. Box 4869
Aspen, CO 81611

Walter Umphrey
**PROVOST UMPHREY
  LAW FIRM, LLP**
P.O. Box 4905
Beaumont, TX 77704-4905

Joe R. Whatley, Jr.
**WHATLEY, DRAKE & KALLAS**
1540 Broadway, 37th Floor
New York, NY 1036

John Eddie Williams

**WILLIAMS, KHERKER, HART,
  BOUNDAS, LLP**
8441 Gulf Freeway, Suite 600
Houston, TX 77017

*Plaintiffs' Executive Committee*

4

## CERTIFICATE OF SERVICE

Service of Plaintiffs' Reply Memorandum to Defendants' Opposition to Plaintiffs' Motion Pursuant to Fed. R. Civ. P. 56(f) and Incorporated Memorandum of Law in Relation to Philip Morris USA Inc.'s Motion for Summary Judgment has been made through the Court's ECF system.

Date: February 25, 2010

                                           */s/ Samuel W. Lanham, Jr.*
                                           Samuel W. Lanham, Jr.
                                           **LANHAM BLACKWELL, P.A.**
                                           470 Evergreen Woods
                                           Bangor, ME 04401