UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

IN RE:  LIGHT CIGARETTES MARKETING         )         MDL DOCKET NO. 1-09-MD-2068
SALES PRACTICES LITIGATION                 )         ALL CASES

SUPPLEMENTAL AFFIDAVIT OF SAMUEL W. LANHAM, JR.

I, Samuel W. Lanham, Jr., having been duly sworn, hereby depose and say;

1.      I submit this supplemental affidavit in support of Plaintiffs' Motion Pursuant to Fed. R. Civ. P. 56(f).  I make this affidavit on personal knowledge.

2.      The subject matter of this affidavit addresses footnote 3 at page 3 of Defendant's opposition memorandum. That footnote states as follows: "In any event, information on the total number of lights packs distributed by PM USA during the relevant period is contained in a disc that was provided to plaintiffs on February 18, 2010 in connection with the expert disclosure of defendant's expert, Dennis W. Carlton."

3.      The Declaration and Expert Disclosure Statement of Dennis Carlton was served on Plaintiffs on or about January 28, 2010.  On February 12, 2010, Plaintiffs realized that data, explicitly relied upon by Mr. Carlton, by his own account, in reaching his opinions, was not produced in the form of five CDs listed by Mr. Carlton in his Declaration. One of these CDs is the disc referenced by Defendant in footnote 3 quoted above. This omission was brought to the attention of Defendant Philip Morris' liaison counsel, Peter Del Bianco, by my email on February 12, 2010.  A copy of my email to Mr. Del Bianco is attached hereto as Exhibit A. On February 13, 2010, Mr. Del Bianco informed me that he would follow up and get back to me.

4. By email of February 15, 2010, Mr. Del Bianco informed me that the five CDs were being sent and that I could expect them sometime that week.

5. On February 16, 2010, I emailed Mr. Del Bianco and inquired of the status of production of the CDs. That same day Mr. Del Bianco informed me that I could expect to receive the CDs by February 18, 2010.

6. The CDs arrived at my office on February 18, 2010; however, we were unable to open them due to the formatting of the data, and that same day I so informed Mr. Del Bianco.

7. By email from Mr. Del Bianco on February 19, 2010, he advised that the CDs were formatted for SAS, a program commonly used for large data sets, and that our expert, Jeffrey Harris, could likely use such a program to access the data. Mr. Del Bianco suggested we try downloading the CDs from our office and then emailing the data to our expert. If that did not work, or if our expert could not access the data in its current format, Mr. Del Bianco indicated that I should let him know and that he would then look into getting the data to us in a different format. A copy of Mr. Del Bianco's email is attached hereto as Exhibit B.

8. On February 19, 2010, we were able to download the data into our computer system, but we were not able to upload the data for emailing, due to the large size of the files. On February 22, 2010, we copied the five CDs onto one DVD, and sent the DVD out by UPS overnight delivery for handling by our expert, Jeffrey Harris.

9. Late yesterday evening, February 24, 2010, Mr. Harris informed us that he had attempted to read the SAS files on the DVD with a standard program called Stat Transfer, which is designed to read all SAS data files formatted in PCs, Unix and Mac

OS, as well as SAS Transport files and SAS CPORT files written in these operating systems. Mr. Harris indicated that the Stat Transfer program was unable to read any of the files on the DVD, and that as best he can determine, the files were written on a nonstandard VAX VMS platform, which is one of the few formats that Stat Transfer software cannot interpret.

10. Due to these developments, I am today contacting Mr. Del Bianco to problem solve this matter based on some recommendations provided by Mr. Harris. It is my expectation that Mr. Del Bianco and I will be able to advise the Court of our next steps, during this afternoon's conference call at 4:30 PM.

11. Plaintiffs cannot present facts essential to justify their opposition to Defendant's Motion for Summary Judgment, without the opportunity for sufficient time to access and analyze the data contained on the relevant CD, as well as to undertake the discovery addressed in the instant motion.

Dated: February 25, 2010

      /s/ Samuel W. Lanham, Jr.
      Samuel W. Lanham, Jr.

STATE OF MAINE           Date: February 25, 2010
PENOBSCOT

    Personally appeared before me, the above-named Samuel W. Lanham, Jr., and made oath that the foregoing Supplemental Affidavit is based upon personal knowledge and the statements are true.

      /s/ Sheila J. Connors
      Sheila J. Connors, Notary Public