**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

|  |  |
|---|---|
| ) | |
| IN RE:  LIGHT CIGARETTES MARKETING ) | MDL Docket No.: 1:09-MD-2068 |
| SALES PRACTICES LITIGATION ) | |
| ) | |
| ) | |
| This document relates to: ) | |
| ) | |
| ) | |
| CAROL CORSE, ) | |
| ) | |
|       Plaintiff, ) | Case No. 09CV01122 [M.D. Tenn.] |
| v. ) | |
| ) | |
| PHILIP MORRIS USA, INC. and ALTRIA ) | |
| GROUP, INC., ) | |
| ) | |
|       Defendants; ) | |
| ) | |
| ) | |
| STEPHANIE GOOD, LORI A. SPELLMAN, ) | |
| and ALLAIN L. THIBODEAU, ) | |
| ) | |
|       Plaintiffs, ) | Case No. 1:05CV00127 [D. Me.] |
| v. ) | |
| ) | |
| PHILIP MORRIS USA, INC. and ALTRIA ) | |
| GROUP, INC., ) | |
| ) | |
|       Defendants; ) | |
| ) | |
| ) | |
| MELANIE HAUBRICH, ) | |
| ) | |
|       Plaintiff, ) | Case No.  09CV05867 [E.D. Pa.] |
| v. ) | |
| ) | |
| PHILIP MORRIS USA, INC., ) | |
| ) | |
|       Defendant; ) | |
| ) | |
| ) | |

MILES TYRER,                                     )
                                                 )
        **Plaintiff**                        )    **Case No. 1:09CV00427 [S.D. Cal.]**
v.                                               )
                                                 )
PHILIP MORRIS USA, INC. and ALTRIA               )
GROUP, INC.,                                     )
                                                 )
        **Defendants.**                      )

**PHILIP MORRIS USA, INC.'S MOTION FOR
SUMMARY JUDGMENT ON PLAINTIFFS'
CLAIMS FOR LACK OF CAUSATION
AND MEMORANDUM IN SUPPORT**

**TABLE OF CONTENTS**

Page

TABLE OF CONTENTS.................................................................................................................. i

TABLE OF AUTHORITIES ......................................................................................................... ii

PRELIMINARY STATEMENT ....................................................................................................1

SUMMARY JUDGMENT STANDARD .......................................................................................1

ARGUMENT..................................................................................................................................2

I.      PM USA Is Entitled To Summary Judgment Against Plaintiffs Tyrer, Corse,
        Haubrich, Good, Thibodeau, And Spellman Because They Cannot Demonstrate
        Causation..............................................................................................................................2

        A.   To Prevail, Plaintiffs Must Demonstrate A Causal Link Between The Alleged
             Misrepresentations And Plaintiffs' Purchasing Decisions.............................................3

        B.   Courts Uniformly Hold That A Plaintiff Cannot Demonstrate Causation
             Where He Or She Continues To Purchase The Product After Learning Of The
             Alleged Fraud..................................................................................................................7

        C.   These Six Plaintiffs Continued To Choose To Purchase Light Cigarettes Even
             After Learning Of The Alleged Fraud ............................................................................9

CONCLUSION...............................................................................................................................11

## TABLE OF AUTHORITIES

**Page(s)**

CASES

*Anderson v. Liberty Lobby, Inc.*,
    477 U.S. 242 (1986)................................................................................................................1

*Bennett v. Visa U.S.A. Inc.*,
    198 S.W.3d 747 (Tenn. Ct. App. 2006)...............................................................................5

*Cohen v. DIRECTV, Inc.*,
    101 Cal. Rptr. 3d 37 (Cal. Ct. App. 2009).......................................................................5, 6

*Emergent Capital Inv. Mgmt., LLC v. Stonepath Group, Inc.*,
    343 F.3d 189 (2d Cir. 2003)..................................................................................................3

*Everest v. Leviton Mfg. Co.*,
    No. CV-04-612, 2006 WL 381832 (Me. Super. Ct. Jan. 13, 2006).....................................3, 4

*Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner, & Smith, Inc.*,
    119 F.R.D. 344 (S.D.N.Y. 1988), *aff'd*, 908 F.2d 176 (2d Cir. 1990).....................................8

*Gen. Motors Corp. v. Garza*,
    179 S.W.3d 76 (Tex. App. 2005)...........................................................................................8

*GxG Mgmt., LLC v. Young Bros. & Co.*,
    457 F. Supp. 2d 47 (D. Me. 2006) ........................................................................................3

*Heindel v. Pfizer, Inc.*,
    381 F. Supp. 2d 364 (D.N.J. 2004) .......................................................................................8

*In re Safeguard Scientifics*,
    216 F.R.D. 577 (E.D. Pa. 2003).............................................................................................8

*In re Tobacco II Cases*,
    207 P.3d 20 (Cal. 2009) ....................................................................................................5, 6

*Korea Supply Co. v. Lockheed Martin Corp.*,
    63 P.3d 937 (Cal. 2003) ........................................................................................................6

*Kraus v. Trinity Mgmt. Servs., Inc.*,
    999 P.2d 718 (Cal. 2000) ......................................................................................................6

*Legal Asset Funding, LLC v. Veneski*,
    No. 3:04-CV-01156, 2006 WL 2623884 (M.D. Pa. Sept. 12, 2006).....................................4

*Linda Coal & Supply Co. v. Tasa Coal Co.*,
    204 A.2d 451 (Pa. 1964)........................................................................................................8

*MacAleer v. Sun Oil Co.*,
    421 A.2d 449 (Pa. Super. Ct. 1980)..............................................................................4

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
    475 U.S. 574 (1986)......................................................................................................2

*McAdams v. Monier, Inc.*,
    No. C051841, 2010 WL 630973 (Cal. Ct. App. Feb. 24, 2010)................................6

*McCrory v. Spigel* (*In re Spigel*),
    260 F.3d 27 (1st Cir. 2001).........................................................................................2

*McLaughlin v. Am. Tobacco Co.*,
    522 F.3d 215 (2d Cir. 2008)......................................................................................3, 9

*Oakland Raiders v. Oakland-Alameda County Coliseum, Inc.*,
    51 Cal. Rptr. 3d 144 (Cal. Ct. App. 2006)................................................................8

*People v. Witzerman*,
    105 Cal. Rptr. 284 (Cal. Ct. App. 1972)...................................................................5

*Price v. Philip Morris, Inc.*,
    848 N.E.2d 1 (Ill. 2005) .............................................................................................9

*Princess Cruise Lines, Ltd. v. Super. Ct.*,
    101 Cal. Rptr. 3d 323 (Cal. Ct. App. 2009)..............................................................5

*Prohias v. Pfizer, Inc.*,
    485 F. Supp. 2d 1329 (S.D. Fla. 2007) ..................................................................7, 8

*Sanford v. Nat'l Ass'n for the Self-Employed, Inc.*,
    No. 09-22-P-H, 2010 WL 450902 (D. Me. Feb. 9, 2010) .......................................3

*Solomon v. Bell Atl. Corp.*,
    777 N.Y.S.2d 50 (N.Y. App. Div. 2004) ..................................................................8

*Temple Univ. Hosp., Inc. v. Healthcare Mgmt. Alternatives, Inc.*,
    832 A.2d 501 (Pa. Super. Ct. 2003)..........................................................................4

*Thibeault v. Brackett*,
    938 A.2d 27 (Me. 2007)..............................................................................................4

*Whalen v. Pfizer, Inc.*,
    No. 600125/05, 2005 WL 2875291 (Sup. Ct. N.Y. County Sept. 22, 2005)...........8

**STATUTES**

Cal. Bus. & Prof. Code §§ 17200 *et seq.* ..............................................................................2, 5

Cal. Bus. & Prof. Code §§ 17500 *et seq.* ...................................................................................2, 5

Cal. Civ. Code §§ 1750 *et seq.*.................................................................................................2

Me. Rev. Stat. Ann. tit. 5 §§ 205-A *et seq.* ..............................................................................2

**OTHER AUTHORITIES**

Fed. R. Civ. P. 56(c)(2)................................................................................................................1

Fed. R. Civ. P. 56(e)(2)...............................................................................................................2

## PRELIMINARY STATEMENT

Defendant Philip Morris USA, Inc. ("PM USA") seeks summary judgment against plaintiffs Carol Corse in *Corse*, Stephanie Good, Lori Spellman, and Allain Thibodeau in *Good*, Melanie Haubrich in *Haubrich*, and Miles Tyrer in *Tyrer*.  These plaintiffs allege that PM USA misrepresented that light cigarettes[1] deliver less tar and nicotine and as a result are safer than higher tar, "full-flavor" cigarettes.  Their claims should be dismissed because they cannot show, as they must, that the alleged misrepresentation caused them to purchase light cigarettes.  Each of the plaintiffs testified unequivocally that he or she continues to purchase and smoke light cigarettes *even after* filing his or her lawsuit and after being fully informed about PM USA's alleged "deception."  Courts have repeatedly recognized that a plaintiff who is willing to purchase the product at issue with knowledge of the "truth" cannot show that the alleged misrepresentation or concealment was the reason he or she purchased the product.  Accordingly, the *Corse*, *Good*, *Haubrich*, and *Tyrer* cases should be dismissed in their entireties because none of the plaintiffs in those cases can demonstrate causation.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate where the evidence shows "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2).  An issue of fact is "genuine" only if "the evidence is such that a reasonable jury could return a verdict for the non-moving party," and a fact is "material" only if it "might affect the outcome of the suit under the governing law."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Thus, to avoid summary judgment, the nonmoving party must "set out

---

[1]    While *Corse*, *Good*, and *Haubrich* are limited to purchasers of cigarettes bearing the product descriptors "Lights" and "Ultra-Lights," *Tyrer* challenges the marketing and sale of any low tar cigarettes, including those bearing the "Lights" and "Ultra-Lights" descriptors.  For purposes of this motion, all such products are referred to collectively as "light."

specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2); *see also Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 n.11 (1986). "[A]s to any essential factual element of its claim on which the nonmovant would bear the burden of proof at trial, its failure to come forward with sufficient evidence to generate a trialworthy issue warrants summary judgment to the moving party." *McCrory v. Spigel* (*In re Spigel*), 260 F.3d 27, 31 (1st Cir. 2001) (internal quotation and citation omitted).

## ARGUMENT

**I.      PM USA Is Entitled To Summary Judgment Against
         Plaintiffs Tyrer, Corse, Haubrich, Good, Thibodeau,
         And Spellman Because They Cannot Demonstrate Causation**

Plaintiffs' claims are based on allegations that PM USA misrepresented and concealed the characteristics of its cigarettes by using descriptors such as "lights" and "low tar" to promote and market its light cigarette brands. Plaintiff in *Tyrer* alleges claims under California's unfair competition and consumer protection statutes. *See Tyrer* Compl. ¶¶ 112-85 (alleging violations of Cal. Bus. & Prof. Code §§ 17200 *et seq.* (the "UCL"), Cal. Bus. & Prof. Code §§ 17500 *et seq.* (the "FAL"), and Cal. Civ. Code §§ 1750 *et seq.* (the "CLRA")). Plaintiffs in *Good* allege claims under Maine's Unfair Trade Practices Act (the "UTPA"), and for unjust enrichment. *See Good* Compl. ¶¶ 50-57 (alleging violation of Me. Rev. Stat. Ann. tit. 5 §§ 205-A *et seq.*); *id.* at ¶¶ 58-62 (alleging unjust enrichment). Plaintiffs in *Corse* and *Haubrich* allege claims for unjust enrichment -- Corse in Tennessee and Haubrich in Pennsylvania -- based on the same allegedly deceptive acts that form the basis of the statutory fraud claims. *See Corse* Compl. ¶¶ 35-41; *Haubrich* Compl. ¶¶ 44-50.

**A.      To Prevail, Plaintiffs Must Demonstrate A Causal Link Between
The Alleged Misrepresentations And Plaintiffs' Purchasing Decisions**

In order to recover on any of these claims, each plaintiff must demonstrate that PM

USA's representations caused his or her alleged injuries.  This in turn requires each plaintiff to

demonstrate that the alleged representations were a but-for reason why he or she purchased light

cigarettes (often referred to as "transaction causation" or "reliance").[2]  In other words, if the

plaintiff would have purchased light cigarettes even if there had been no alleged

misrepresentations or concealment, then that plaintiff cannot show that he or she suffered injuries

as a result of the alleged misconduct.

**Maine (*Good*).**  A plaintiff cannot establish causation for purposes of a UTPA claim

without proof that the alleged misrepresentation or concealment was a but-for reason why the

plaintiff purchased the product.  As Judge Hornby recently ruled:

> it is not possible for members of the class to prove that deceptive
> or misleading statements caused them damage *unless they show*
> *that they relied on the statements.  If they did not rely, they could*
> *not have been harmed by them*, and the statements, while deceptive
> and unfair, cannot establish a violation of the UTPA for which a
> private plaintiff can seek a damage remedy.

*Sanford v. Nat'l Ass'n for the Self-Employed, Inc.,* No. 09-22-P-H, 2010 WL 450902, at *5 (D.

Me. Feb. 9, 2010) (emphasis added); *see also GxG Mgmt., LLC v. Young Bros. & Co.*, 457 F.

Supp. 2d 47, 51 (D. Me. 2006) (deceptive trade practice claim "depends upon proof of reliance

upon a material misrepresentation") (Kravchuck, M.J.); *Everest v. Leviton Mfg. Co.*, No. CV-04-

612, 2006 WL 381832, at *3 (Me. Super. Ct. Jan. 13, 2006) (claims under the UTPA premised

---

[2]      Transaction causation refers to the causal link between the defendant's misconduct and
the plaintiff's decision to enter into the transaction (in this case, purchasing light cigarettes).  *See*,
*e.g.*, *Emergent Capital Inv. Mgmt., LLC v. Stonepath Group, Inc.*, 343 F.3d 189, 197 (2d Cir.
2003); *see also McLaughlin v. Am. Tobacco Co.*, 522 F.3d 215, 222-23 (2d Cir. 2008).

on fraud must allege that plaintiff was induced to purchase product in reliance upon defendant's

false representations).

Similarly, under Maine law, unjust enrichment requires (among other things) a showing

of "the acceptance or retention by the defendant of the benefit under such circumstances as to

make it inequitable for the defendant to retain the benefit." *Thibeault v. Brackett*, 938 A.2d 27,

32 (Me. 2007).  Where, as here, an unjust enrichment claim is founded on defendant's alleged

misrepresentations and concealment, courts have held that plaintiffs must make a showing of

detrimental reliance.  *See*, *e.g.*, *Everest*, 2006 WL 381832, at *3 (unjust enrichment claim

premised on fraud must allege that plaintiff was induced to purchase the product in reliance upon

defendant's false representations).  This makes sense.  If the plaintiff would have purchased the

product regardless of the alleged misrepresentation or concealment, the plaintiff cannot show

that it would be inequitable for the defendant to retain any benefit.

**Pennsylvania (*Haubrich*).**  "The most significant element" of Pennsylvania's unjust

enrichment doctrine "is whether the enrichment of the defendant is unjust."  *Temple Univ. Hosp.,*

*Inc. v. Healthcare Mgmt. Alternatives, Inc.*,  832 A.2d 501, 507 (Pa. Super. Ct. 2003).  As a

result, when a plaintiff alleges unjust enrichment based on defendant's alleged fraud, the plaintiff

must establish detrimental reliance.  *See MacAleer v. Sun Oil Co.*, 421 A.2d 449, 450 (Pa. Super.

Ct. 1980) ("In order to prove unjust enrichment, there must be a showing of detrimental reliance

on the part of the class due to representations made by [defendant] . . . ."); *Legal Asset Funding,*

*LLC v. Veneski*, No. 3:04-CV-01156, 2006 WL 2623884, at *6 (M.D. Pa. Sept. 12, 2006) (where

there was "no evidence in the summary judgment record showing that [defendant] in any way

misled Plaintiff in order to induce it to enter into these contracts," defendant was entitled to

summary judgment on plaintiff's claim for unjust enrichment).

**Tennessee (*Corse*).**  The same unjust enrichment principles are applicable under Tennessee law.  *See Bennett v. Visa U.S.A. Inc.*, 198 S.W.3d 747, 755 (Tenn. Ct. App. 2006) ("The most significant requirement of an unjust enrichment claim is that the benefit to the defendant be unjust.") (quoting *Freeman Indus. v. Eastman Chem. Co.,* 172 S.W.3d 512, 525 (Tenn. 2005)).  As in Maine and Pennsylvania, it is axiomatic that a plaintiff cannot claim that any benefit conferred is "unjust" if he or she would have purchased the product regardless of any alleged misrepresentation or concealment by the defendant.

**California (*Tyrer*).**  Under California law, a plaintiff seeking to recover under the CLRA must demonstrate that he or she relied on the purported misrepresentation in deciding to purchase the product at issue.  *See Princess Cruise Lines, Ltd. v. Super. Ct.*, 101 Cal. Rptr. 3d 323, 331 (Cal. Ct. App. 2009) (the "as a result" language in Cal. Civil Code § 1780(a) "means that reliance is required for CLRA actions"); *Cohen v. DIRECTV, Inc.,* 101 Cal. Rptr. 3d 37, 47-48 (Cal. Ct. App. 2009) ("[A]ctual reliance must be established for an award of damages under the CLRA").

Similarly, in order to have standing to sue under the UCL and FAL,[3] a named plaintiff or putative class representative -- such as Mr. Tyrer here -- must show "actual reliance on the allegedly deceptive or misleading statements."  *In re Tobacco II Cases*, 207 P.3d 20, 26 (Cal. 2009).  To meet this requirement, the named plaintiff needs to show that in the "absence" of the alleged misconduct, "the plaintiff 'in all reasonable probability' would not have engaged in the injury-producing conduct."  *Id.* at 39 (citation omitted).

---

[3]    The FAL (Cal. Bus. & Prof. Code §§ 17500 *et seq.*) is a counterpart provision to the UCL (Cal. Bus. & Prof. Code §§ 17200 *et seq.*) that focuses on deceptive advertising.  Section 17500 makes it unlawful to disseminate any statement that is untrue or misleading, and that is known or should be known to be untrue or misleading, with the intent to sell or lease property or perform services.  *See*, *e.g.*, *People v. Witzerman*, 105 Cal. Rptr. 284, 291 n.8 (Cal. Ct. App. 1972).

Even apart from the standing requirement that applies to named plaintiffs, any plaintiff seeking to recover restitution under the UCL or FAL must show that he or she suffered a loss *as a result of* the defendant's allegedly false statement. *See*, *e.g.*, *Korea Supply Co. v. Lockheed Martin Corp.,* 63 P.3d 937, 946, 949 (Cal. 2003) (holding that plaintiffs may only recover a "restitutionary form of disgorgement" under the UCL, and "restitution is limited to restoring money or property to direct victims" that was "acquired through unfair practices."); *Kraus v. Trinity Mgmt. Servs., Inc.,* 999 P.2d 718, 725-28 (Cal. 2000) (same). A consumer who was not deceived by and/or who would have purchased light cigarettes even without the alleged misrepresentation is not a "direct victim" and cannot show that PM USA obtained money "through unfair practices." Such a consumer would not be entitled to restitution. *See Korea Supply*, 63 P.3d at 950 (only "[a]ctual direct victims of unfair competition may obtain restitution").[4]

---

[4]     Plaintiffs have previously suggested that *In re Tobacco II* eliminated the causation requirement for obtaining restitutionary relief under the UCL. This is wrong. The holding of *In re Tobacco II* was limited to the *standing* requirement under the UCL, holding that the standing requirement added to the UCL by Proposition 64 applies only to the named class representatives and not to absent class members. *See*, *e.g.*, *DIRECTV*, 101 Cal. Rptr. 3d at 48-49 ("*for purposes of standing,* as long as a single plaintiff is able to establish that he or she relied on a defendant's false advertising, a multitude of class members will also *have standing*, regardless of whether any of those class members have in any way relied upon the defendant's allegedly improper conduct." (emphases in original)), *review denied*, No. S177734 (Feb. 10, 2010). *In re Tobacco II* did not overturn *Korea Supply*'s clear holding that only a "direct victim" may recover restitution. *See*, *e.g.*, *DIRECTV*, 101 Cal. Rptr. 3d at 49 (finding that the trial court properly considered class members' reliance on alleged false representations in determining whether common issues predominated in the context of class certification of a UCL claim "even after *Tobacco II*"). *But see*, *e.g.*, *McAdams v. Monier, Inc.*, No. C051841, 2010 WL 630973, at *11 (Cal. Ct. App. Feb. 24, 2010) (relying on *In re Tobacco II* dicta to hold that individualized proof of reliance and injury is not required for non-representative class members asserting a UCL claim).

**B.**   **Courts Uniformly Hold That A Plaintiff Cannot**
**Demonstrate Causation Where He Or She Continues**
**To Purchase The Product After Learning Of The Alleged Fraud**

Courts across the country have repeatedly recognized that a plaintiff cannot establish the

required causal link between the alleged misrepresentation or concealment and their injuries

where they continued to purchase the product even after learning the "truth."  These courts have

recognized that the fact that the plaintiff continues to purchase the product with knowledge of the

truth establishes that without the alleged deception, the plaintiff would still have purchased the

product in any event.  Thus, the plaintiff cannot demonstrate that his or her injuries were caused

by the alleged deception.

For example, in *Prohias v. Pfizer, Inc.*, 485 F. Supp. 2d 1329, 1331 (S.D. Fla. 2007),

plaintiffs alleged claims against Pfizer under the New York and Florida consumer protection

laws, as well as negligent misrepresentation and unjust enrichment claims, all based on alleged

"false and misleading advertising of its cholesterol-lowering drug, Lipitor."  Plaintiffs claimed

that they would not have purchased Lipitor had they known the truth about its lack of coronary

health benefits.  *See id.* at 1335.  Notwithstanding this allegation, the plaintiffs "still pay for the

drug even though they now know the 'truth.'"  *Id.*  The court held that plaintiffs' continuing

purchases defeated liability as a matter of law:

> Taking the allegations in the complaint in the light most favorable
> to these plaintiffs, who continue to pay for Lipitor with knowledge
> as to its alleged limitations, I cannot come up with any theory upon
> which they are actually injured or aggrieved by the allegedly
> misleading advertisement.  Rather, as explained above, the fact that
> they currently take Lipitor, in light of the information they have,
> requires me to conclude that they take Lipitor for its cholesterol-
> reduction or other undisputed health benefits, and therefore cannot
> claim to have suffered any damage from the allegedly misleading
> statements about Lipitor's coronary benefits.

7

*Id.* at 1336; *see also*, *e.g.*, *Heindel v. Pfizer, Inc.*, 381 F. Supp. 2d 364, 379-81 (D.N.J. 2004)

(where plaintiffs continued to use Vioxx and Celebrex even after the lawsuit was filed, they

could not receive restitution for the cost of drugs "whose benefits they clearly enjoyed," nor

could they demonstrate the reliance element of a statutory fraud claim); *Solomon v. Bell Atl.*

*Corp.,* 777 N.Y.S.2d 50, 56 (N.Y. App. Div. 2004) (recovery would be barred for plaintiffs who

continued to purchase DSL service notwithstanding their lawsuit against service provider); *Gen.*

*Motors Corp. v. Garza*, 179 S.W.3d 76, 83 (Tex. App. 2005) (where plaintiffs alleged breach of

implied and express warranties, the court noted that "purchasers who bought a Malibu knowing

of the alleged brake defect have no damages even under the plaintiffs' damage theory"); *Gary*

*Plastic Packaging Corp. v. Merrill Lynch, Pierce, Fenner, & Smith, Inc.,* 119 F.R.D. 344, 348

(S.D.N.Y. 1988) (in securities fraud case, reliance element undermined where plaintiff continued

to purchase bank CDs after discovering alleged fraud), *aff'd*, 908 F.2d 176 (2d Cir. 1990); *In re*

*Safeguard Scientifics*, 216 F.R.D. 577, 582-83 (E.D. Pa. 2003) (in securities fraud case,

presumption of reliance rebutted where plaintiff increased his stock holdings after public

disclosure of the alleged fraud); *Whalen v. Pfizer, Inc.*, No. 600125/05, 2005 WL 2875291, at \*4

(Sup. Ct. N.Y. County Sept. 22, 2005) ("[I]f the plaintiff, acting with knowledge of the facts,

pays for the product and continues to use the product, there is no unjust enrichment and recovery

is barred."); *Oakland Raiders v. Oakland-Alameda County Coliseum, Inc.*, 51 Cal. Rptr. 3d 144,

151 (Cal. Ct. App. 2006) (it is a "universally recognized" rule that "one who, after discovery of

an alleged fraud, ratifies the original contract by entering into a new agreement granting him

substantial benefits with respect to the same subject matter, is deemed to have waived his right to

claim damages for fraudulent inducement."); *Linda Coal & Supply Co. v. Tasa Coal Co.*, 204

A.2d 451, 453 (Pa. 1964) ("If at that time Linda knew of the false representations and that the

same were *fraudulent*, it could not renegotiate and accept a new agreement without waiving its

claim upon the original fraud." (emphasis in original)).

Consistent with this authority, in denying class certification in another lights case, the

Second Circuit relied in part on the fact that three out of six putative class representatives -- like

the plaintiffs at issue here -- continued to purchase light cigarettes even after filing the complaint.

As the court recognized, these continued purchases indicated that the plaintiffs had other reasons

to purchase light cigarettes independent of the alleged deception.  *See McLaughlin*, 522 F.3d at

226; *see also Price v. Philip Morris, Inc.*, 848 N.E.2d 1, 56-57 (Ill. 2005) (Karmeier, J.,

concurring) (plaintiff "continued smoking PMUSA's light cigarettes even after this litigation

alerted her to the fact that the cigarettes were not, in fact, any healthier and may actually be more

harmful than the regular version of those cigarettes" and thus "cannot be said to have sustained

any actual damages as a result of the misrepresentations made by PMUSA").

      C.        **These Six Plaintiffs Continued To Choose To Purchase**
                    **Light Cigarettes Even After Learning Of The Alleged Fraud**

The same principles apply here.  All six plaintiffs named in this motion testified in their

depositions that they continued to choose to purchase and smoke light cigarettes after filing their

lawsuits and after learning the "truth" about light cigarettes.

For example, all three *Good* plaintiffs became involved in this lawsuit in 2005, but yet all

continue to buy and smoke Marlboro Lights even today, *almost five years later*:

> Q:      So, when this First Amended Complaint was filed in 2005,
>            you knew that it was alleging that Marlboro Lights are
>            more mutagenic than -- on a per-tar basis than regular
>            cigarettes, correct?
> A:      Yes.
> Q:      And you understood that to mean genetic and chromosomal
>            damage, correct?
> A:      Yes.
> Q:      And yet you continue to smoke Marlboro Lights?
> A:      Yes.

Good Dep. 99:4-13, Dec. 14, 2009 (Ex. 1); *see also* Thibodeau Dep. 17:1-3, 23:12-20, Dec. 10, 2009 (Ex. 2) (became involved the lawsuit in 2005 because "Philip Morris was lying to the consumer of Light cigarettes," but then testified that "[t]he last pack I bought was probably a Marlboro Light"); Spellman Dep. 117:9-21, Dec. 9, 2009 (Ex. 3) (continues to purchase Marlboro Lights).  Indeed, Ms. Spellman went so far as to admit that "[i]f Marlboro Lights weren't in the store when [she] went to buy [her] next pack of cigarettes," she would simply "go to another store."  Spellman Dep. 106:10-12.

Similarly, Mr. Tyrer has read the complaint in his case, Tyrer Dep. 15:18-23, Dec. 16, 2009 (Ex. 4), and concluded that light cigarettes are not safer.  *Id.* at 52:22-53:3.  Nevertheless, he continues to purchase Marlboro Lights even today.  *Id*. at 10:18-23.  Ms. Haubrich similarly has concluded that light cigarettes are not "less harmful," Haubrich Dep. 118:7-10, Jan. 7, 2010 (Ex. 5), yet continues to smoke such cigarettes.  *Id.* at 22:6-14.  Ms. Corse also smokes light cigarettes to this day, notwithstanding her participation in this lawsuit alleging that PM USA's light cigarettes are fraudulently marketed.  *See* Corse Dep. 52:13-23, Dec. 9, 2009 (Ex. 6).

These plaintiffs even admitted that there are reasons why they would continue to purchase light cigarettes notwithstanding their conclusion that such cigarettes do not deliver less tar and nicotine and are not less harmful.  For example, Ms. Haubrich explained that she preferred the taste of light cigarettes:

> Q:   I'm saying, what is it about the taste that you like?  You
>      said you like the taste the best of the Lights.
> A:   The Lights have no, like—the Reds have a strong taste to
>      them.
> Q:   And the Lights' taste is not as strong as the Reds?
> A:   Yes.
> Q:   And how about the taste of the Ultra Lights?
> A:   The Ultra Lights are the best ones out of all of them.

Haubrich Dep. 73:20-74:7; *see also* Good Dep. 55:5-10 (does not like Marlboro Reds because they taste stronger); Tyrer Dep. 69:12-16 (prefers the taste of Marlboro Lights 100s); Corse Dep. 52:20-53:6 (prefers the taste of light cigarettes).[5]

Based on this testimony, it is clear that all six plaintiffs purchase light cigarettes for reasons unrelated to the alleged deception. As a result, none of these plaintiffs can establish the requisite causal link between the alleged deception and their injuries, because they would have purchased light cigarettes even without the deception. Moreover, in Mr. Tyrer's case, he also cannot establish the requisite standing to serve as a class representative for purposes of the UCL and FAL claims, because his continued purchasing defeats any showing of reliance on the alleged misrepresentation.

## CONCLUSION

For the above stated reasons, PM USA respectfully requests that this Court enter summary judgment dismissing the *Corse, Good, Haubrich,* and *Tyrer* cases.

---

[5]   Although many of these plaintiffs purport to be addicted, *see*, *e.g.*, Haubrich Dep. 88:7; Corse Dep. 16:20; Thibodeau Dep. 42:13, plaintiffs cannot justify their continued purchases of light cigarettes on addiction. At most, plaintiffs may be addicted to smoking, but there is no evidence that plaintiffs are addicted to a particular *brand* of cigarettes, as several plaintiffs have conceded. *See*, *e.g.*, Thibodeau Dep. 63:2-7 (alleging that he is addicted to nicotine but admitting that he is not addicted to Marlboro Lights); Haubrich Dep. 118:7-18 (although she believes she "can't quit" smoking, she acknowledges she can quit smoking Marlboro Ultra Lights); Corse Dep. 56:21-22 ("I can't say that I am addicted to that brand.").

Dated:   March 29, 2010                     Respectfully submitted,


                                            /s/ H. Peter Del Bianco, Jr.
                                            H. Peter Del Bianco, Jr.
                                            Lambert Coffin
                                            P.O. Box 15215
                                            477 Congress Street
                                            Portland, Maine  04112-5215
                                            (207) 874-4000

                                            Philip H. Curtis
                                            Nancy G. Milburn
                                            Arnold & Porter LLP
                                            399 Park Avenue
                                            New York, NY  10022
                                            (212) 715-1000

                                            Judith Bernstein-Gaeta
                                            James M. Rosenthal
                                            Arnold & Porter LLP
                                            555 12th Street, N.W.
                                            Washington, D.C.  20004
                                            (202) 942-5000

                                            John H. Beisner
                                            Skadden, Arps, Slate, Meagher
                                            & Flom & Affiliates
                                            1440 New York Avenue, N.W.
                                            Washington, D.C.  20005
                                            (203) 371-7000

                                            Counsel to Defendant Philip Morris USA Inc.


12

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 29, 2010, I electronically filed the foregoing Motion for Summary Judgment on Plaintiffs' Claims for Lack of Causation and Memorandum in Support with the Clerk of the Court using the EM/ECF system which will send notification of such filing to all counsel of record registered with the ECF system.

/s/ H. Peter Del Bianco, Jr.
H. Peter Del Bianco, Jr.
Lambert Coffin
P.O. Box 15215
477 Congress Street
Portland, Maine 04101
Telephone: (207) 874-4000
pdelbianco@lambertcoffin.com

13