UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| IN RE: LIGHT CIGARETTES MARKETING SALES PRACTICES LITIGATION | MDL Docket No.: 1:09-MD-2068 |
| This document relates to: | |
| CAROL CORSE, | |
|     Plaintiff, | Case No. 09CV01122 [M.D. Tenn.] |
| v. | |
| PHILIP MORRIS USA, INC. and ALTRIA GROUP, INC., | |
|     Defendants; | |
| STEPHANIE GOOD, LORI A. SPELLMAN, and ALLAIN L. THIBODEAU, | |
|     Plaintiffs, | Case No. 1:05CV00127 [D. Me.] |
| v. | |
| PHILIP MORRIS USA, INC. and ALTRIA GROUP, INC., | |
|     Defendants; | |
| MELANIE HAUBRICH, | |
|     Plaintiff, | Case No. 09CV05867 [E.D. Pa.] |
| v. | |
| PHILIP MORRIS USA, INC., | |
|     Defendant; | |

| | |
|---|---|
| **MILES TYRER,** ) | |
| ) | |
|     **Plaintiff** ) | Case No. 1:09CV00427 [S.D. Cal.] |
| **v.** ) | |
| ) | |
| **PHILIP MORRIS USA, INC. and ALTRIA** ) | |
| **GROUP, INC.,** ) | |
| ) | |
|     **Defendants.** ) | |

## STATEMENT OF MATERIAL UNDISPUTED FACTS IN SUPPORT OF DEFENDANT PHILIP MORRIS USA, INC.'S MOTION FOR SUMMARY JUDGMENT ON PLAINTIFFS' CLAIMS FOR LACK OF CAUSATION

Pursuant to Rule 56(b) of the Local Rules for the United States District Court for the District of Maine, Defendant Philip Morris USA, Inc. ("PM USA") submits this statement of material facts as to which it contends no genuine issue exists.

*Good v. Philip Morris, Inc. & Altria Group, Inc.*

1. Plaintiffs Stephanie Good, Lori Spellman, and Allain Thibodeau claim that PM USA's and Altria's liability under Maine's Unfair Trade Practices Act ("UTPA") and for unjust enrichment arises out of their description of their cigarettes as "light" and having "lowered tar and nicotine."  *Good* 2d Am. Compl. ¶ 2.

2. Plaintiffs claim that PM USA and Altria misrepresented that cigarettes with the descriptors "light" and "lowered tar and nicotine" delivered less tar and nicotine and were therefore safer than regular cigarettes.  *Good* 2d Am. Compl. ¶¶ 14-15, 32.

3. Plaintiffs seek monetary relief based on the purchase of light cigarettes.  *See Good* 2d Am. Compl., Prayer.

4. Plaintiff Good first filed a complaint in this lawsuit on August 15, 2005.  *Good* Compl.

5. Plaintiff Good has read the complaint.  Good Dep. 96:24-97:2, Dec. 14, 2009 (Ex. 1).

6. Plaintiff Good was deposed on December 14, 2009.  Good Dep. 1:16.

7. Plaintiff Good continued to smoke Marlboro Lights in the four years since she filed her lawsuit.  Good Dep. 99:4-13.

8. Plaintiff Good prefers the taste of Marlboro Lights over Marlboro Reds.  Good Dep. 55:5-10.

9. Plaintiff Lori Spellman first filed a complaint in this lawsuit on August 15, 2005.  *Good* Compl.

10. Plaintiff Spellman has read the complaint. Spellman Dep. 19:11-20:24, Dec. 9, 2009 (Ex. 3).

11. Plaintiff Spellman was deposed on December 9, 2009. Spellman Dep. 1:15.

12. Plaintiff Spellman has formed the belief that Marlboro Lights are more dangerous than regular ("full-flavor") cigarettes. Spellman Dep. 116:19-117:8.

13. Notwithstanding this belief, Plaintiff Spellman is still smoking Marlboro Lights cigarettes. Spellman Dep. 21:15-18.

14. Plaintiff Spellman has not decided whether she wants to stop smoking Marlboro Lights. Spellman Dep. 117:10-13.

15. Plaintiff Spellman wants to continue buying Marlboro Lights despite her lawsuit against PM USA. Spellman Dep. 106:2-9.

16. If Marlboro Lights were not available in the store when Plaintiff Spellman went to buy her next pack of cigarettes, she would go to another store. Spellman Dep. 106:10-12.

17. Plaintiff Allain Thibodeau first filed a complaint in this lawsuit on August 15, 2005. *Good* Compl.

18. Plaintiff Thibodeau has read the complaint. Thibodeau Dep. 14:18-15:1, Dec. 10, 2009 (Ex. 2).

19. Plaintiff Thibodeau was deposed on December 10, 2009. Thibodeau Dep. 1:17.

20. Plaintiff Thibodeau formed the belief that Marlboro Lights are more dangerous than Marlboro Reds. Thibodeau Dep. 62:15-18.

21. Notwithstanding this belief, Plaintiff Thibodeau still occasionally smokes Marlboro Lights instead of Marlboro Reds. Thibodeau Dep. 62:22-63:7.

22. The last pack of cigarettes that Plaintiff Thibodeau purchased prior to his deposition was a pack of Marlboro Lights.  Thibodeau Dep. 23:18-24:24.

*Corse v. Philip Morris USA, Inc. & Altria Group, Inc.*

23. Plaintiff Carol Corse claims that PM USA's and Altria's liability for unjust enrichment arises out of their description of their cigarettes as "light" and "ultra light" and therefore as delivering less tar and nicotine than regular cigarettes.  *Corse* Compl. ¶ 16.

24. Plaintiff Corse claims that PM USA and Altria failed to disclose that consumers of light cigarettes would not be exposed to less tar or nicotine than consumers of non-light cigarettes of the same brand.  *Corse* Compl. ¶ 32.

25. Plaintiff Corse seeks monetary relief based on the purchase of light cigarettes.  *Corse* Compl., Prayer for Relief.

26. Plaintiff Corse filed her lawsuit on November 25, 2009.  *See Corse* Compl.

27. Plaintiff Corse has read the complaint.  Corse Dep. 74:9-11, Dec. 9, 2009 (Ex. 6).

28. Plaintiff Corse has formed the belief that defendant's light cigarettes are more dangerous than regular cigarettes.  Corse Dep. 75:12-15.

29. Plaintiff Corse continues to smoke light cigarettes even today, not withstanding her allegations about light cigarettes.  *See* Corse Dep. 10:4-5.

30. Plaintiff Corse likes the taste of light cigarettes.  Corse Dep. 10:4-5; 49:7-9.

*Tyrer v. Philip Morris USA, Inc. & Altria Group, Inc.*

31. Plaintiff Miles Tyrer claims that PM USA's and Altria's liability under California's unfair competition and consumer protection statutes (the CLRA, UCL, and FAL) arises out of their use of the terms "light," "ultra light," "low tar" and "low nicotine" to describe their cigarettes.  *Tyrer* 2d Am. Compl. ¶ 1.

32. Plaintiff Tyrer claims that PM USA and Altria failed to disclose to the class that light cigarettes were not actually less harmful or less addictive than full-flavor cigarettes, and misrepresented that consumers of light cigarettes would be exposed to less tar and/or nicotine than users of full-flavored cigarettes.  *Tyrer* 2d Am. Compl. ¶¶ 2-3.

33. Plaintiff Tyrer seeks monetary relief based on the purchase of light cigarettes.  *Tyrer* 2d Am. Compl., Prayer for Relief.

34. Plaintiff Tyrer first filed his lawsuit on January 14, 2009.  *See Tyrer* Compl.

35. Plaintiff Tyrer has read the complaint.  Tyrer Dep. 15:18-23, Dec. 16, 2009 (Ex. 4).

36. Plaintiff Tyrer has formed the belief that Marlboro Lights are not safer than full-flavor cigarettes.  Tyrer Dep. 52:22-53:3.

37. Notwithstanding this belief, Plaintiff Tyrer is still smoking Marlboro Lights.  Tyrer Dep. 10:18-23.

38. Plaintiff Tyrer has expressed a preference for the taste of Marlboro Lights 100s over other cigarette brands.  Tyrer Dep. 69:9-16.

*Haubrich v. Philip Morris USA, Inc.*

39. Plaintiff Melanie Haubrich claims that PM USA's liability for unjust enrichment arises out of its description of its cigarettes as "light" or "ultra light" and therefore as delivering less nicotine and as being less harmful than regular cigarettes.  *Haubrich* Compl. ¶ 3.

40. Plaintiff Haubrich claims that PM USA misrepresented that the cigarettes she purchased were light and lower in tar and nicotine, when in reality the cigarettes were not lower in tar or nicotine than regular cigarettes.  *Haubrich* Compl. ¶ 4.

4

41. Plaintiff Haubrich seeks monetary relief based on the purchase of light cigarettes. *Haubrich* Compl., Prayer for Relief.

42. Plaintiff Haubrich first filed her lawsuit on December 8, 2009.  *See Haubrich* Compl.

43. Plaintiff Haubrich has read the complaint.  Haubrich Dep. 89:24-90:06, Jan. 7, 2010 (Ex. 5).

44. Plaintiff Haubrich has expressed a belief that light cigarettes are no less harmful than full-flavored cigarettes.  *See* Haubrich Dep. 118:7-10.

45. Notwithstanding this belief, Plaintiff Haubrich is still smoking light cigarettes.  Haubrich Dep. 22:6-14.

46. Plaintiff Haubrich has also expressed a preference for the taste of light cigarettes.  Haubrich Dep. 73:9-74:9.

DATED:  March 29, 2010                    Respectfully submitted,

/s/ H. Peter Del Bianco, Jr.
H. Peter Del Bianco, Jr.
Lambert Coffin
P.O. Box 15215
477 Congress Street
Portland, Maine  04112-5215
(207) 874-4000

Philip H. Curtis
Nancy G. Milburn
Arnold & Porter LLP
399 Park Avenue
New York, NY  10022
(212) 715-1000

Judith Bernstein-Gaeta
James M. Rosenthal
Arnold & Porter LLP
555 12th Street, N.W.
Washington, D.C.  20004
(202) 942-5000

        John H. Beisner
        Skadden, Arps, Slate, Meagher
        & Flom & Affiliates
        1440 New York Avenue, N.W.
        Washington, D.C.  20005
        (203) 371-7000

        Counsel to Defendant Philip Morris USA Inc.

## CERTIFICATE OF SERVICE

      I hereby certify that on March 29, 2010, I electronically filed the Statement of Material Undisputed Facts in Support of Motion for Summary Judgment on Claims for Lack of Causation and Exhibits 1-6 with the Clerk of the Court using the EM/ECF system which will send notification of such filing to all counsel of record registered with the ECF system.

                                    <u>/s/ H. Peter Del Bianco, Jr.</u>
                                    H. Peter Del Bianco, Jr.
                                    Lambert Coffin
                                    P.O. Box 15215
                                    477 Congress Street
                                    Portland, Maine 04101
                                    Telephone: (207) 874-4000
                                    pdelbianco@lambertcoffin.com