# UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

|  |  |  |
|---|---|---|
| IN RE:  LIGHT CIGARETTES MARKETING | ) | MDL Docket No. 1:09-MD-2068 |
| SALES PRACTICES LITIGATION | ) | ALL CASES |
|  | ) |  |

## PHILIP MORRIS USA INC.'S MOTION AND SUPPORTING MEMORANDUM FOR JUDGMENT ON THE PLEADINGS ON PLAINTIFFS' UNJUST ENRICHMENT CLAIMS AND OTHER REQUESTS FOR EQUITABLE RELIEF

## TABLE OF CONTENTS

PRELIMINARY STATEMENT ................................................................................. 1

BACKGROUND ....................................................................................................... 2

STANDARD FOR JUDGMENT ON THE PLEADINGS........................................... 2

ARGUMENT ............................................................................................................ 3

I.      Because Plaintiffs Have Adequate Remedies At Law, The Court Should Dismiss
        Plaintiffs' Unjust Enrichment Claims And Other Requests For Equitable Relief............. 3

        A.      Each Jurisdiction Follows The General Rule That Equitable Relief Is
                Barred Where Plaintiffs Have An Adequate Remedy At Law ...............................4

        B.      Plaintiffs Have Adequate Remedies At Law ........................................................10

II.     The *Mirick* Case Should Be Dismissed On The Additional Ground That There Is No
        Independent Cause Of Action For Unjust Enrichment Under Mississippi Law.............. 12

CONCLUSION........................................................................................................ 13

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Am. Investors Life Ins. Co. v. TCB Transp., Inc.*,
    849 S.W.2d 509 (Ark. 1993)...............................................................................4

*Babylon Assocs. v. Suffolk County*,
    475 N.Y.S.2d 869 (N.Y. App. Div. 1984) ...........................................................8

*Batt v. City & County of San Francisco*,
    65 Cal. Rptr. 3d 716 (Cal. Ct. App. 2007) ..........................................................5

*Blades v. Countrywide Home Loans, Inc.*,
    No. 1:06CV1000-LG-JMR, 2007 WL 2746678 (S.D. Miss. Sept. 18, 2007) ..................13

*Canova v. Trs. of Imperial Irrigation Dist. Employee Pension Plan*,
    59 Cal. Rptr. 3d 587 (Cal. Ct. App. 2007) ..........................................................5

*Child's Play Ltd. v. A & A, Inc.*,
    642 A.2d 170 (Me. 1994)....................................................................................7

*Cirri v. Daily News, L.P.*,
    No. 26512/03, 2005 WL 3076346 (N.Y. Sup. Ct. Feb. 7, 2005).........................8

*Coleman v. Conseco, Inc.*,
    238 F. Supp. 2d 804 (S.D. Miss. 2002)..............................................................13

*Curtis v. Philip Morris Companies, Inc.*,
    No. 27-CV-01-18042, slip op. (Minn. Dist. Ct. Dec. 4, 2009) ..........................3, 4, 10, 12

*District of Columbia v. Wical Ltd. P'ship*,
    630 A.2d 174 (D.C. 1993) .................................................................................6

*Dobbs v. Guenther*,
    846 S.W.2d 270 (Tenn. Ct. App. 1992) ...........................................................11

*El Dorado Utils., Inc. v. Eldorado Area Water & Sanitation Dist.*,
    109 P.3d 305 (N.M. Ct. App. 2005) ...................................................................8

*Estate of Johnson v. Adkins*,
    513 So.2d 922 (Miss. 1987)..............................................................................12

*Farmer v. State Dep't of Pub. Safety*,
    907 So.2d 981 (Miss. Ct. App. 2005) ................................................................7

*Fletcher-Harlee Corp. v. Szymanski,*
    936 A.2d 87 (Pa. Super. Ct. 2007) ...................................................................11

*Frein v. Windsor Weeping Mary, LP,*
    --- S.W.3d ---, 2009 Ark. App. 774 (Ark. Ct. App. Nov. 18, 2009) ...................4

*Gray v. Evercore Restructuring L.L.C.,*
    544 F.3d 320 (1st Cir. 2008) .............................................................................3

*Guinn v. Hoskins Chevrolet,*
    836 N.E.2d 681 (Ill. Ct. App. 2005) ...............................................................6, 7

*Harrington v. Trotman,*
    983 A.2d 342 (D.C. 2009) ..................................................................................5

*Infusacare Med. Servs., P.C. v. Syracuse Home Ass'n,*
    853 N.Y.S.2d 785 (N.Y. App. Div. 2008) .........................................................9

*In re Potash Antitrust Litig.,*
    667 F. Supp. 2d 907 (N.D. Ill. 2009) ...............................................................12

*Kakaes v. George Washington Univ.,*
    790 A.2d 581 (D.C. 2002) ..................................................................................5

*Keniston v. JPMorgan Chase Bank,*
    918 A.2d 436 (Me. 2007)....................................................................................7

*Lamons v. Chamberlain,*
    909 S.W.2d 795 (Tenn. Ct. App. 1993) .............................................................9

*Ludyjan v. Continental Cas. Co.,*
    747 N.W.2d 745 (Wis. Ct. App. 2008) ............................................................10

*Malik v. Higgins,*
    570 N.Y.S.2d 652 (N.Y. App. Div. 1991) .........................................................8

*Marrero-Gutierrez v. Molina,*
    491 F.3d 1 (1st Cir. 2007)...................................................................................2

*McIntyre v. Plummer Assocs.,*
    375 A.2d 1083 (Me. 1977).............................................................................7, 11

*McNally v. Ceylon Court Cmty. Corp.,*
    No. 91-0930, 1992 WL 125183 (Wis. Ct. App. Mar. 4, 1992)..........................10

*Minuteman, Inc. v. Alexander*,
  434 N.W.2d 773 (Wis. 1989) ....................................................................................10

*Moore v. Sanders*,
  558 So.2d 1383 (Miss. 1990) ...............................................................................7, 11

*Nesby v. Country Mut. Ins. Co.*,
  805 N.E.2d 241 (Ill. Ct. App. 2004) ...........................................................................7

*Partipilo v. Hallman*,
  510 N.E.2d 8 (Ill. Ct. App. 1987) ...............................................................................7

*Perez-Acevedo v. Rivero-Cubano*,
  520 F.3d 26 (1st Cir. 2008) ..........................................................................................2

*Powell v. Campbell*,
  912 So.2d 978 (Miss. 2005) .........................................................................................8

*Ramos v. Madison Square Garden Corp.*,
  684 N.Y.S.2d 212 (N.Y. App. Div. 1999) ...............................................................8, 11

*Remsen Partners, Ltd. v. Stephen A. Goldberg Co.*,
  755 A.2d 412 (D.C. 2000) ............................................................................................6

*Samiento v. World Yacht Inc.*,
  883 N.E.2d 990 (N.Y. 2008) ........................................................................................8

*Scott & Fetzer Co. v. Montgomery Ward & Co.*,
  473 N.E.2d 421 (Ill. Ct. App. 1984) ...........................................................................6

*Season Comfort Corp. v. Ben A. Borenstein Co.*,
  655 N.E.2d 1065 (Ill. Ct. App. 1995) .........................................................................6

*Sims v. Sims*,
  930 P.2d 153 (N.M. 1996) ...........................................................................................8

*Square 345 Ltd. P'ship v. District of Columbia*,
  927 A.2d 1020 (D.C. 2007) .....................................................................................5, 10

*Steadfast Ins. Co. v. Caremark Rx, Inc.*,
  869 N.E.2d 910 (Ill. Ct. App. 2007) ...........................................................................6

*Taylor v. S. Farm Bureau Cas. Co.*,
  954 So.2d 1045 (Miss. Ct. App. 2007) .......................................................................11

*Thompson v. Bayer Corp.*,
    No. 4:07cv00017JMM, 2009 WL 362982 (E.D. Ark. Feb. 12, 2009)................................5

*Tip's Package Store, Inc. v. Commercial Ins. Managers, Inc.*,
    86 S.W.3d 543 (Tenn. Ct. App. 2001) ...................................................................9

*Town of Charleston v. Sch. Admin. Dist. No. 68*,
    798 A.2d 1102 (Me. 2002)......................................................................................7

*Volini v. Dubas*,
    613 N.E.2d 1295 (Ill. Ct. App. 1993) ...............................................................6, 11

*Wahlcometroflex, Inc. v. Alexander G. Baldwin*,
    No. 08-592, slip op. (Me. Mar. 25, 2010) ...........................................................3

*Wilderness Soc'y v. Cohen*,
    267 A.2d 820 (D.C. 1970) .....................................................................................6

*Zarwin v. Montgomery County*,
    842 A.2d 1018 (Pa. Commw. Ct. 2004) ...............................................................9

*Zeigler v. Zeigler*,
    530 A.2d 445 (Pa. Super. Ct. 1987).................................................................9, 10

**STATUTES AND RULES**

California Unfair Competition Law,
    California Bus. & Prof. Code § 17200 *et seq.* .....................................................5

California False Advertising Law,
    California Bus. & Prof. Code § 17500 *et seq.*  ...................................................5

Mississippi Consumer Protection Act,
    Miss. Code Ann. § 75-24-1 *et seq.*...................................................................11

Pennsylvania Unfair Trade Practices and Consumer Protection Law,
    73 Pa. Stat. Ann. § 201-1 *et seq.*.....................................................................11

Tennessee Consumer Protection Act,
    Tenn. Code Ann. § 47-19-101 *et seq.* ...............................................................11

Fed. R. Civ. P. 12(b)(6)..........................................................................................2

Fed. R. Civ. P. 12(c) ..........................................................................................2, 3

**OTHER AUTHORITIES**

Dan B. Dobbs,
   *Dobbs Law of Remedies* § 2.5(2) (2d ed. 1993)....................................................................3

John Norton Pomeroy,
   *A Treatise on Equity Jurisprudence* § 296 (4th ed. 1918) ...................................................3

## PRELIMINARY STATEMENT

This Court should grant Philip Morris USA Inc. ("PM USA") judgment on the pleadings and dismiss each plaintiff's unjust enrichment count as well as other requests for equitable relief for a simple and straightforward reason:  plaintiffs have adequate remedies at law and therefore are barred from seeking relief in equity.

In each of the thirteen actions, plaintiffs assert claims for unjust enrichment and/or seek restitution, injunctive, or other equitable remedies.  Under the state laws applicable in each of the relevant jurisdictions, however, such equitable relief is barred where a plaintiff has an adequate remedy at law.  Here, it is undisputed that plaintiffs have adequate remedies at law – their complaints on their face allege claims at law and/or seek damages or other monetary remedies. Indeed, in a recent case involving the same low-tar cigarette allegations that plaintiffs assert here, the court granted PM USA's motion for judgment on the pleadings and dismissed the plaintiffs' unjust enrichment claim because legal remedies – such as claims under state consumer protection statutes and common law fraud – were available to the plaintiffs.  This Court should do the same here.[1]

The Court should also dismiss the *Mirick* case – which asserts only a count for unjust enrichment – on the separate ground that Mississippi law does not recognize an independent cause of action for unjust enrichment.

---

[1]     The Court, therefore, should dismiss three cases in their entirety because plaintiffs' current complaints plead only unjust enrichment counts and no claims at law:  *Corse*, *Haubrich*, and *Mirick*.  As shown below, although those current complaints do not plead remedies at law, such remedies were otherwise available to those plaintiffs.  The Court should grant partial judgment on the pleadings in the rest of the cases, in which plaintiffs plead both claims at law and seek equitable remedies:  *Biundo*, *Domaingue*, *Good*, *Mulford*, *Nikolic*, *Parsons*, *Slater*, *Tang*, *Tyrer*, and *Williams*.  A chart summarizing plaintiffs' equitable and legal claims and remedies is attached.  *See* Ex. 1.

## BACKGROUND

There are two critical features of plaintiffs' complaints that mandate judgment or partial judgment here.

*First*, plaintiffs' complaints all assert equitable claims or seek equitable remedies. Specifically, plaintiffs in all but two of the cases (*Tyrer* and *Domaingue*) assert equitable causes of action for unjust enrichment. *See* Ex. 1. Further, in all thirteen cases, plaintiffs seek equitable remedies, including restitution, disgorgement, and/or constructive trust. *See id*. And in four cases (*Domaningue*, *Good*, *Tang*, and *Tyrer*), plaintiffs also seek injunctive relief, another equitable remedy. *See id*.

*Second*, the current and prior complaints reflect that remedies at law are available to plaintiffs. In ten of the actions, plaintiffs currently assert claims at law for damages under state consumer protection statutes. *See id*. In the remaining actions, plaintiffs have legal remedies available but have either voluntarily abandoned their causes of action at law or chosen not to bring those claims. *See* discussion *infra* at pp. 11-12.

## STANDARD FOR JUDGMENT ON THE PLEADINGS

"After the pleadings are closed – but early enough not to delay trial – a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "The standard of review of a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is the same as that for a motion to dismiss under Rule 12(b)(6)." *Marrero-Gutierrez v. Molina*, 491 F.3d 1, 5 (1st Cir. 2007). Thus, to survive a Rule 12(c) motion, "a complaint must contain factual allegations that raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true . . . ." *Perez-Acevedo v. Rivero-Cubano*, 520 F.3d 26, 29 (1st Cir. 2008) (quotation source and marks omitted) (dismissing claims under Rule 12(c) as a matter of law). Where a complaint on its face fails to state a claim for relief, or where a defense is "ascertainable

from the complaint and other allowable sources of information," dismissal is proper under Rule

12(c).  *Gray v. Evercore Restructuring L.L.C.*, 544 F.3d 320, 324 (1st Cir. 2008).

<u>**ARGUMENT**</u>

**I.      Because Plaintiffs Have Adequate Remedies At Law, The Court Should Dismiss
         <u>Plaintiffs' Unjust Enrichment Claims And Other Requests For Equitable Relief</u>**

It is axiomatic that equitable remedies are available only "when a legal remedy is

inadequate."  Dan B. Dobbs, *Dobbs Law of Remedies* § 2.5(2) (2d ed. 1993); *see also*, *e.g.*, John

Norton Pomeroy, *A Treatise on Equity Jurisprudence* § 296 at 578 (4th ed. 1918) ("[E]quitable

jurisdiction does not exist, or will not be exercised, in any case or under any circumstances

where there is an adequate, complete, and certain remedy at law.").  In light of this black-letter

principle, courts repeatedly have dismissed unjust enrichment, restitution, injunctive, and other

equitable claims or remedies where plaintiffs had adequate legal claims or remedies available.

*See* cases discussed *infra* at pp. 4-10.  As the Maine Law Court recently explained, "[s]uch

limitations on the use of unjust enrichment as a substantive cause of action can be understood, at

least in part, as measures to prevent the circumvention of an applicable legal claim through the

use of a more general unjust enrichment claim."  *Wahlcometroflex, Inc. v. Alexander G. Baldwin*,

2010 ME 26, ¶ 21, __ A.2d __ (applying Delaware law) (Ex. 2).

For instance, in a recent case involving the same low-tar cigarette allegations that

plaintiffs assert here, the court granted PM USA's motion for judgment on the pleadings and

dismissed the plaintiffs' unjust enrichment claim on the ground that adequate remedies at law

were available.  *See Curtis v. Philip Morris Companies, Inc.*, No. 27-CV-01-18042, slip op.

(Minn. Dist. Ct. Dec. 4, 2009) (appeal pending) (Ex. 3).  In *Curtis*, the plaintiffs had originally

brought common law fraud, state consumer protection, and unjust enrichment claims.  *Id.* at 1.

The plaintiffs subsequently voluntarily dismissed their common law fraud claim, and the court

subsequently dismissed plaintiffs' consumer protection claims. *Id.* at 2-3. Applying the longstanding rule that "one may not seek a remedy in equity when there is an adequate remedy at law," the court held that the remaining claim for unjust enrichment failed as a matter of law. *Id.* The court found that the mere fact that plaintiffs previously had asserted claims at law by itself established that they had legal remedies available to them. *Id.* at 2. It did not matter, the court reasoned, that plaintiffs had voluntarily dismissed their fraud claim and that the court had dismissed the consumer protection claims. *Id.* ("Plaintiffs' choice to abandon that claim does not render it inadequate"); *id* at 5 ("Plaintiffs here had an adequate statutory remedy, regardless of whether they could prevail on those claims"). All that mattered was that legal remedies were available under the state's law. *Id.* at 2.

Here, as in *Curtis*, the state laws at issue preclude equitable relief where plaintiffs have an adequate remedy at law. And here, too, plaintiffs' complaints on their face demonstrate that such legal remedies are available.

### A.   Each Jurisdiction Follows The General Rule That Equitable Relief Is Barred Where Plaintiffs Have An Adequate Remedy At Law

The law in the jurisdictions here all follow the well-established rule that equitable claims (such as unjust enrichment) and remedies (such as restitution, disgorgement, or injunctive relief) are barred where plaintiffs have adequate remedies at law:

**Arkansas.** "A party must show lack of an adequate remedy at law to obtain relief in equity." *Am. Investors Life Ins. Co. v. TCB Transp., Inc.*, 849 S.W.2d 509, 511 (Ark. 1993) (defense of adequate legal remedy applied to equitable claim for injunctive relief); *see also*, *e.g.*, *Frein v. Windsor Weeping Mary, LP*, --- S.W.3d ---, 2009 Ark. App. 774 (Ark. Ct. App. Nov. 18,

2009) (affirming dismissal of claim for equitable remedy of restitution under unjust enrichment theory because plaintiff had legal remedy for breach of contract).[2]

**California.**  Where "there is an adequate remedy at law, no tool of equity can be used to subvert or evade that remedy." *Batt v. City & County of San Francisco*, 65 Cal. Rptr. 3d 716, 728 (Cal. Ct. App. 2007) (affirming lower court's dismissal of equitable claims for constructive trust and injunction in part because plaintiffs had adequate remedies at law); *see also*, *e.g.*, *Canova v. Trs. of Imperial Irrigation Dist. Employee Pension Plan*, 59 Cal. Rptr. 3d 587, 595 (Cal. Ct. App. 2007) (holding that plaintiffs could not obtain injunctive relief because they had adequate relief in action at law for damages; "Plaintiffs are not entitled to injunctive relief or specific performance because they had an adequate remedy at law.").[3]

**District of Columbia.**  "It is 'axiomatic' that equitable relief will not be granted where the plaintiff has a complete and adequate remedy at law." *Kakaes v. George Washington Univ.*, 790 A.2d 581, 583 (D.C. 2002) (quotation source omitted) (affirming dismissal of plaintiff's equitable claims in part because plaintiff had "not shown why damages would not provide him with full and complete relief"); *see also*, *e.g.*, *Harrington v. Trotman*, 983 A.2d 342, 348 (D.C. 2009) (reversing judgment for award based on unjust enrichment theory because plaintiff's recovery was governed by terms of express contract); *Square 345 Ltd. P'ship v. District of Columbia*, 927 A.2d 1020, 1026 (D.C. 2007) (stating that the "trial court did not err in choosing

---

[2]    Without even acknowledging these decisions, one federal court in an unpublished opinion has summarily and incorrectly stated that "some states do not allow an unjust enrichment claim to survive if there is an adequate remedy at law.  Arkansas does not have such a requirement." *Thompson v. Bayer Corp.*, No. 4:07cv00017 JMM, 2009 WL 362982, at *6 (E.D. Ark. Feb. 12, 2009) (internal citations omitted).

[3]    This doctrine applies to plaintiffs' claims under the California Consumer Legal Remedies Act, under which plaintiffs seek equitable remedies and allege that they will move to seek damages.  *See Tyrer* Compl. ¶¶ 184-85.  PM USA is not moving against plaintiffs' independent claims for equitable relief brought under California Business and Professions Code § 17200 *et seq.* and § 17500 *et seq.*  *See Tyrer* Compl. ¶¶ 112-81.

not to exercise its equitable jurisdiction in a case where the party before it had an adequate legal remedy . . . ."); *District of Columbia v. Wical Ltd. P'ship*, 630 A.2d 174, 184-85 (D.C. 1993) (reversing order requiring government to issue permit where party had brought claims for damages at law; "[I]t is axiomatic that equity has no jurisdiction over a controversy for which there is a complete and adequate remedy at law." (citation omitted)); *Wilderness Soc'y v. Cohen*, 267 A.2d 820, 822 (D.C. 1970) (finding that "recovery under a theory of restitution, be it unjust enrichment or quantum meruit, is not available" where plaintiffs had adequate legal remedy); *cf. Remsen Partners, Ltd. v. Stephen A. Goldberg Co.*, 755 A.2d 412, 413 n.2 (D.C. 2000) ("Restitution is 'an equitable remedy under which a person is restored to his or her original position prior to loss or injury, or placed in the position he or she would have been, had the breach not occurred.'" (quoting Black's Law Dictionary 1313 (6th ed. 1990)).

**Illinois.**  "It is axiomatic that an unjust enrichment claim is viable only when there is no adequate remedy at law." *Season Comfort Corp. v. Ben A. Borenstein Co.*, 655 N.E.2d 1065, 1071 (Ill. Ct. App. 1995) (ordering dismissal of unjust enrichment claim where statutory claim would have been available); *see also*, *e.g.*, *Guinn v. Hoskins Chevrolet*, 836 N.E.2d 681, 704 (Ill. Ct. App. 2005) (affirming dismissal of unjust enrichment claims for failure to state a claim where plaintiff also brought consumer fraud and other claims at law; "Because it is an equitable remedy, unjust enrichment is only available when there is no adequate remedy at law" (citation omitted)); *Volini v. Dubas*, 613 N.E.2d 1295, 1303 (Ill. Ct. App. 1993) ("Equitable relief is not available where there is an adequate remedy at law."); *Scott & Fetzer Co. v. Montgomery Ward & Co.*, 473 N.E.2d 421, 429 (Ill. Ct. App. 1984) ("It is axiomatic that it is not error for the trial court to deny equitable relief when an adequate remedy at law exists"; affirming trial court's denial of the remedy of rescission); *cf. Steadfast Ins. Co. v. Caremark Rx, Inc.*, 869 N.E.2d 910,

915 (Ill. Ct. App. 2007) ("Restitution is an equitable remedy, the basis of which is a claim for unjust enrichment.").[4]

**Maine.**  "An equitable remedy will not be granted when there exists an adequate remedy at law or when an adequate legal remedy, once available, has been lost by the failure of the party seeking equitable relief to pursue that remedy."  *Keniston v. JPMorgan Chase Bank*, 2007 ME 29, n.6, 918 A.2d 436, 439; *see also*, *e.g.*, *Town of Charleston v. Sch. Admin. Dist. No. 68*, 2002 ME 95, ¶ 6, 798 A.2d 1102, 1104 (vacating order granting injunctive relief because plaintiffs failed to establish that they would suffer an "injury for which there is no adequate remedy at law"); *Child's Play Ltd. v. A & A, Inc.*, 642 A.2d 170, 173 (Me. 1994) (holding that trial court erred in granting preliminary injunction because plaintiff had adequate legal remedy in replevin); *McIntyre v. Plummer Assocs.*, 375 A.2d 1083, 1084 (Me. 1977) ("It is axiomatic that an equitable remedy such as specific performance will not be granted where there exists an adequate remedy at law . . . .").

**Mississippi.**  "[W]here a complete and adequate remedy exists at law for a plaintiff's claim, the chancery courts should not intervene to award equitable relief."  *Farmer v. State Dep't of Pub. Safety*, 907 So.2d 981, 984 (Miss. Ct. App. 2005) (citation omitted) (affirming dismissal of equitable claims); *see also, e.g.*, *Moore v. Sanders*, 558 So.2d 1383, 1385 (Miss. 1990) (equitable relief is unavailable when plaintiffs "have a complete and adequate remedy" at law);

---

[4]    A few Illinois decisions have found that the doctrine of unjust enrichment may underlie a claim at law, such as an action in assumpsit, to which an adequate remedy at law defense would not apply.  *See Partipilo v. Hallman*, 510 N.E.2d 8, 11 (Ill. Ct. App. 1987).  But where, as here, unjust enrichment is brought as an equitable claim that accompanies claims at law, Illinois courts have adhered to the general principle that "[b]ecause it is an equitable remedy, unjust enrichment is only available when there is no adequate remedy at law."  *Nesby v. Country Mut. Ins. Co.*, 805 N.E.2d 241, 243 (Ill. Ct. App. 2004); *Guinn*, 836 N.E.2d at 704 (same).

*cf. Powell v. Campbell*, 912 So.2d 978, 982 (Miss. 2005) (stating that the "theory of restitution is founded on the unjust enrichment of one at the expense of another.").

**New Mexico.**  "[E]quity will not act if there is a complete and adequate remedy at law." *Sims v. Sims*, 930 P.2d 153, 159 (N.M. 1996) (citation omitted); *see also*, *e.g.*, *El Dorado Utils., Inc. v. Eldorado Area Water & Sanitation Dist.*, 109 P.3d 305, 312 (N.M. Ct. App. 2005) (affirming lower court's dismissal of equitable claims, including public water utility's request for injunctive relief, because adequate legal remedy existed under the state's public commission regulations).

**New York.**  "[T]he theory of unjust enrichment is equitable in nature and equity will not entertain jurisdiction where there is an adequate remedy at law."  *Cirri v. Daily News, L.P.*, No. 26512/03, 2005 WL 3076346, at *7 (N.Y. Sup. Ct. Feb. 7, 2005) (citation omitted) (dismissing unjust enrichment claim for failure to state a claim; "Plaintiffs have failed to plead that no adequate remedy at law exists, and they could not support any such allegation."); *see also*, *e.g.*, *Samiento v. World Yacht Inc.*, 883 N.E.2d 990, 996 (N.Y. 2008) (affirming dismissal of unjust enrichment claim for failure to state a claim where plaintiffs also brought consumer protection and other claims; "As to plaintiffs' third cause of action for unjust enrichment, this action does not lie as plaintiffs have an adequate remedy at law and therefore this claim was likewise properly dismissed."); *Babylon Assocs. v. Suffolk County*, 475 N.Y.S.2d 869, 874 (N.Y. App. Div. 1984) (finding that county was not entitled to equitable remedies of rescission and restitution for monies paid to contractor and stating that "the county has an adequate remedy at law, namely recovery of money damages . . . ."); *Ramos v. Madison Square Garden Corp.*, 684 N.Y.S.2d 212, 213 (N.Y. App. Div. 1999) (affirming dismissal of equitable claims because "plaintiff has an adequate remedy at law"); *Malik v. Higgins*, 570 N.Y.S.2d 652, 653 (N.Y. App.

Div. 1991) ("[S]ince the plaintiff has an adequate remedy at law in a CPLR article 78 proceeding to review the determination of DHCR, he has failed to establish the need for either preliminary or permanent injunctive relief."); *cf. Infusacare Med. Servs., P.C. v. Syracuse Home Ass'n*, 853 N.Y.S.2d 785, 787 (N.Y. App. Div. 2008) (holding that restitution was an equitable remedy to which plaintiffs were not entitled).

**Pennsylvania.** "It is axiomatic that a court should not exercise equitable jurisdiction where the plaintiff has an adequate remedy at law." *Zarwin v. Montgomery County*, 842 A.2d 1018, 1021 (Pa. Commw. Ct. 2004) (affirming dismissal of taxpayers' class action against county); *see also*, *e.g.*, *Zeigler v. Zeigler*, 530 A.2d 445, 448 (Pa. Super. Ct. 1987) (affirming dismissal of plaintiff's claim for equitable distribution; "Equitable relief, of course, is not appropriate if there is an adequate remedy at law. . . .  [T]he adequacy of the legal remedy is not measured by the success or failure of a legal claim.  Rather, in deciding whether a remedy is adequate, it is the remedy itself, and not its possible lack of success, that is the determining factor.").

**Tennessee.** "[I]t is fundamental that equity will not grant relief if the complaining party has, or by exercising proper diligence would have had, an adequate remedy at law . . . ." *Tip's Package Store, Inc. v. Commercial Ins. Managers, Inc.*, 86 S.W.3d 543, 558-59 (Tenn. Ct. App. 2001) (citation omitted) ("Defendants thus had an adequate remedy available to them to challenge the denial of their motion seeking to set aside the judgment, if indeed there was error.  Because they did not appeal the denial of their motion to intervene and have the judgment set aside, the determination by the Circuit Court is final and they cannot reassert that same argument in this case in this appeal."); *see also*, *e.g.*, *Lamons v. Chamberlain*, 909 S.W.2d 795, 801 (Tenn.

Ct. App. 1993) (affirming dismissal of claim for rescission in part because equitable relief may

not be granted where "an adequate remedy at law exists, such as an award of damages.").

> **Wisconsin.**   "Ordinarily, one who seeks the aid of equity must make a showing that he or

she was without an adequate remedy at law and that he or she would suffer an irreparable injury

without the equitable relief being sought."  *McNally v. Ceylon Court Cmty. Corp.*, No. 91-0930,

1992 WL 125183, at *2 (Wis. Ct. App. Mar. 4, 1992) (affirming trial court's denial of equitable

relief); *see also*, *e.g.*, *Minuteman, Inc. v. Alexander*, 434 N.W.2d 773, 780 (Wis. 1989)

(affirming lower court's refusal to grant injunction because "damages represented an adequate

remedy at law"); *cf. Ludyjan v. Continental Cas. Co.*, 747 N.W.2d 745, 748-49 (Wis. Ct. App.

2008) (restitution is an equitable remedy to prevent unjust enrichment).

> **B.      Plaintiffs Have Adequate Remedies At Law**

Plaintiffs' own pleadings reflect that they have adequate remedies at law.

As in *Curtis*, in ten of the thirteen cases the plaintiffs' complaints allege *both* equitable

relief *and* claims at law for damages under state consumer protection statutes, *see* Ex. 1, which

on their face establishes that plaintiffs have adequate legal remedies available – they are actively

pursuing them under state statutes, *see Curtis*, slip op., at 3.  To be sure, PM USA has moved for

summary judgment on plaintiffs' claims at law and otherwise disputes that any such claims are

viable.  *See, e.g.*, PM USA Mot. For Summ. Judg., Dkt # 130.  But "[i]n deciding whether a

remedy is adequate, it is the remedy itself, and not its possible lack of success, that is the

determining factor.  The fact that the statutory remedy may not be successful in realizing the

fruits of a recovery at law . . . . is not, of itself, a basis for equitable intervention."  *Zeigler*, 530

A.2d at 448; *see also*, *e.g.*, *Curtis*, slip op., at 5 ("Plaintiffs here had an adequate statutory

remedy, regardless of whether they could prevail on those claims"); *Square 345 Ltd. P'ship*, 927

A.2d at 1026 (holding party had adequate legal remedy despite that "it failed to establish its legal

claims before the trial court"); *Ramos*, 684 N.Y.S.2d at 213 (affirming dismissal of equitable claims because "plaintiff has an adequate remedy at law," even though the trial court dismissed the plaintiff's legal claims).

For the three cases where plaintiffs assert unjust enrichment as their sole cause of action (*Corse*, *Haubrich*, and *Mirick*), plaintiffs' claims are based on the same conduct alleged in the ten cases asserting claims at law.[5]  That plaintiffs in *Corse*, *Haubrich*, and *Mirick* chose not to assert causes of actions available to them under state law, including common law fraud and state consumer protection statutes,[6] does not render those remedies inadequate.  *See*, *e.g.*, *Volini*, 613 N.E.2d at 1303 ("Plaintiff had adequate remedies at law to recover for the missed payments, but the record shows that plaintiff chose not to pursue those remedies.  Equitable relief is not available where there is an adequate remedy at law."); *Moore*, 558 So.2d at 1385 (reversing chancery court's grant of equitable relief because statutory remedy was adequate remedy at law, despite plaintiff's failure to obtain that legal remedy); *McIntyre*, 375 A.2d at 1084 ("It is axiomatic that an equitable remedy such as specific performance will not be granted where there exists an adequate remedy at law or where an adequate legal remedy, once available, has been lost by the failure of the party seeking equitable relief to pursue that remedy in a timely manner." (internal citations omitted)).  Indeed, in *Mirick* plaintiffs previously asserted, but voluntarily

---

[5]    *See Corse* Compl. ¶¶ 35-41; *Haubrich* Compl. ¶¶ 44-50; *Mirick* SAC ¶¶ 35-41.

[6]    *See*, *e.g.*, Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-101 *et seq.*; *Dobbs v. Guenther*, 846 S.W.2d 270, 274 (Tenn. Ct. App. 1992) (stating requisite elements of common law fraud under Tennessee law); Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 Pa. Stat. Ann. § 201-1 *et seq.*; *Fletcher-Harlee Corp. v. Szymanski*, 936 A.2d 87, 100-01 (Pa. Super. Ct. 2007) (stating requisite elements of common law fraud under Pennsylvania law); Mississippi Consumer Protection Act, Miss. Code Ann. § 75-24-1 *et seq.*; *Taylor v. S. Farm Bureau Cas. Co.*, 954 So.2d 1045, 1049 (Miss. Ct. App. 2007) (stating requisite elements of common law fraud under Mississippi law).

abandoned, claims at law.[7]  And in *Haubrich* the plaintiffs' lawyers seeking to represent the

putative class previously filed and voluntarily dismissed a materially identical case against PM

USA asserting claims at law.[8]  Thus, there is no question that such claims were available.  And,

as in *Curtis*, "Plaintiffs' choice to abandon [a] claim does not render it inadequate."  *Curtis*, slip

op., at 4.

   In sum, the pleadings on their face reflect that plaintiffs have adequate legal claims and

remedies available, and this Court should grant PM USA judgment on the pleadings for all of

plaintiffs' counts for unjust enrichment and requests for other equitable relief.  *See* Ex. 1.

## II.   The *Mirick* Case Should Be Dismissed On The Additional Ground That There Is No Independent Cause Of Action For Unjust Enrichment Under Mississippi Law

   In addition to plaintiffs having adequate remedies at law, the Court should dismiss the

*Mirick* case – which asserts a sole count for unjust enrichment – on the separate ground that

Mississippi law does not recognize an independent cause of action for unjust enrichment.

Rather, unjust enrichment is merely a *remedy* for other claims.  Thus, when a plaintiff fails to

assert a predicate claim, his or her action for unjust enrichment must be dismissed.  *See Estate of

Johnson v. Adkins*, 513 So.2d 922, 926 (Miss. 1987) (discussing the doctrine of unjust

enrichment as a measure of damages as opposed to an independent theory of recovery); *In re

Potash Antitrust Litig.*, 667 F. Supp. 2d 907, 948 (N.D. Ill. 2009) (holding that "under

---

[7]   In *Mirick*, the plaintiffs initially alleged breach of express warranty (*Mirick* FAC ¶¶ 44-50), breach of implied warranty (*Mirick* FAC ¶¶ 51-58), negligence and gross negligence (*Mirick* FAC ¶¶ 66-69), but later voluntarily dismissed those counts.  *See* Ex. 1.

[8]   Plaintiffs' complaint in *Haubrich* is derived from a prior complaint filed by the same counsel, Roda Nast PC, in the U.S. District Court for the Eastern District of Pennsylvania.  *See* Class Action Complaint, *Mark Weber v. Philip Morris USA, Inc.*, Case No. 09-cv-04466.  That action was filed on October 1, 2009, transferred to this MDL proceeding on November 5, 2009, and then voluntarily dismissed on November 20, 2009.  Plaintiffs in *Weber* alleged only claims at law.  *See Weber* Compl. ¶¶ 44-50 (asserting claims under Pennsylvania consumer fraud statutes), ¶¶ 51-58 (breach of express warranty); ¶¶ 59-65 (breach of implied warranty).

Mississippi law, unjust enrichment is not an independent theory of recovery," but "depends upon a showing of some legally cognizable wrong"; dismissing plaintiffs' unjust enrichment claim for failure to allege a predicate claim); *Coleman v. Conseco, Inc.*, 238 F. Supp. 2d 804, 813 (S.D. Miss. 2002) (partially abrogated on other grounds) (holding that unjust enrichment is not "an independent compensable tort").[9]

Again, plaintiffs in *Mirick* initially pursued and then abandoned their claims at law. *Compare Mirick* Compl. at ¶¶ 48-62 (asserting breach of warranty counts) and ¶¶ 70-73 (negligence counts) *with Mirick* SAC Compl. at ¶¶ 35-41 (amended to allege only unjust enrichment count). Consequently, the *Mirick* plaintiffs fail to allege any predicate claim as a basis for the equitable relief they seek. For that additional reason, the Court should dismiss the *Mirick* case in its entirety.

## CONCLUSION

For the reasons set forth above, this Court should grant PM USA judgment on the pleadings and dismiss three cases in their entirety: *Corse*, *Haubrich*, and *Mirick*. The Court should grant partial judgment on the pleadings in the rest of the cases: *Biundo*, *Domaingue*, *Good*, *Mulford*, *Nikolic*, *Parsons*, *Slater*, *Tang*, *Tyrer*, and *Williams*. In these latter cases, the Court should dismiss all of plaintiffs' unjust enrichment counts as well as their requests for equitable remedies, including restitution, disgorgement, constructive trust, and injunctive relief.

---

[9]   Without so much as acknowledging these cases, one federal district court has stated that unjust enrichment is an independent cause of action under state law. *See Blades v. Countrywide Home Loans Inc.*, No. 1:06CV1000-LG-JMR, 2007 WL 2746678, at *5 (S.D. Miss. Sept. 18, 2007). Unlike *Mirick*, however, the plaintiffs in *Blades* had predicate claims for conversion and fraud. And, the *Blades* decision is inconsistent with those from other courts, which have recognized that unjust enrichment cannot be alleged as an independent count where there is no predicate claim. *Coleman*, 238 F. Supp. 2d at 813.

DATED: March 29, 2010                    Respectfully submitted,


                                         /s/ H. Peter Del Bianco, Jr.
                                         H. Peter Del Bianco, Jr.
                                         LAMBERT COFFIN
                                         P.O. Box 15215
                                         477 Congress Street
                                         Portland, Maine 04112-5215
                                         (207) 874-4000

                                         Philip H. Curtis
                                         Nancy G. Milburn
                                         ARNOLD & PORTER LLP
                                         399 Park Avenue
                                         New York, NY 10022
                                         (212) 715-1000

                                         Judith Bernstein-Gaeta
                                         James M. Rosenthal
                                         ARNOLD & PORTER LLP
                                         555 12th Street, N.W.
                                         Washington, D.C. 20004
                                         (202) 942-5000

                                         John H. Beisner
                                         SKADDEN, ARPS, SLATE, MEAGHER
                                         & FLOM & AFFILIATES
                                         1440 New York Avenue, N.W.
                                         Washington, D.C. 20005
                                         (203) 371-7000

                                         Counsel to Defendant Philip Morris USA Inc.

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 29, 2010, I electronically filed the foregoing Motion for Judgment on the Pleadings with incorporated Memorandum in Support and Exhibits 1-3 with the Clerk of the Court using the EM/ECF system which will send notification of such filing to all counsel of record registered with the ECF system.

/s/ H. Peter Del Bianco, Jr.
H. Peter Del Bianco, Jr.
LAMBERT COFFIN
P.O. Box 15215
477 Congress Street
Portland, Maine 04101
Telephone: (207) 874-4000
pdelbianco@lambertcoffin.com