STATE OF MINNESOTA

COUNTY OF HENNEPIN

FILED

2009 DEC -4 PH 1:53

BY _____ DEPUTY
HENN CO. DISTRICT
COURT ADMINISTRATOR

DISTRICT COURT

FOURTH JUDICIAL DISTRICT

---

Gregory Curtis, Joni Kay Hanzal,
Josephine Leonard and Randy Hoskins,
Individually, and on Behalf of All Others
Similarly Situated,
Plaintiffs,

v.

Altria Group, Inc., and Philip Morris, Inc.,

Defendants.

Court File No.: 27-CV-01-18042

Judge Gary Larson

**ORDER AND MEMORANDUM
GRANTING DEFENDANTS' MOTION
FOR JUDGMENT ON THE
PLEADINGS WITH RESPECT TO
PLAINTIFFS' COUNT VI FOR
UNJUST ENRICHMENT**

---

The above-entitled matter came on before the Honorable Gary Larson, Judge of the

District Court, on November 16, 2009, and by further briefing on November 18, 2009, and

November 20, 2009 in connection with Defendants' Motion for Judgment on the Pleadings with

Respect to Plaintiffs' Count VI for Unjust Enrichment.  Kay Nord Hunt, Esq., and Martha

Wivell, Esq., appeared for and on behalf of Plaintiffs Gregory Curtis, et al. ("Plaintiffs").

Gregory Stone, Esq., George Soule, Esq., William Studer, Esq., and Nathan Marcusen, Esq.,

appeared for and on behalf of Defendants Altria Group, Inc. and Philip Morris USA, Inc.

("Defendants").  Based upon the files, records, and proceedings herein, the Court makes the

following **ORDER**:

1. Defendants' Motion for Judgment on the Pleadings, seeking dismissal of Plaintiffs'
   unjust enrichment claim is **GRANTED**.

2. Plaintiffs' Count VI for unjust enrichment is dismissed with prejudice.

3. The Court reaffirms the stipulated dismissal of Count V for common law fraud.

4. The Court reaffirms its order and memorandum of law granting Defendants' Motion for
   Summary Judgment, dismissing Counts I, II, III, and IV of the Second Amended
   Complaint.

5. As all counts have been disposed of, Plaintiffs' Second Amended Complaint is dismissed with prejudice.

6. The Court's Memorandum, filed herewith, and the memorandum filed with the Court's October 21, 2009 Order Granting Defendants' Motion for Partial Summary Judgment Against Plaintiffs' Consumer Protection Claims, are incorporated herein.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

Dated: _____          _____

The Honorable Gary Larson
Judge of District Court
C-1655 Government Center
300 South Sixth Street
Minneapolis, MN 55487-0422
612-348-8160

JUDGMENT

I HEREBY CERTIFY THAT THE ABOVE ORDER
CONSTITUTES THE ENTRY OF JUDGMENT OF THIS COURT

MARK S. THOMPSON, COURT ADMINISTRATOR

BY _____ DEPUTY

DATED _____ (SEAL)

W15B3642

## MEMORANDUM OF LAW

### I.   INTRODUCTION

Plaintiffs' Second Amended Complaint alleges six counts: (I) violation of the Minnesota Prevention of Consumer Fraud Act, Minn. Stat. §§ 325F.68-.70; (II) violation of the Minnesota Unlawful Trade Practices Act, Minn. Stat. §§ 325D.09-.16; (III) violation of the Minnesota Deceptive Trade Practices Act, Minn. Stat. §§ 325D.43-.48; (IV) violation of the Minnesota False Statement in Advertising Act, Minn. Stat. §§ 325F.67; (V) common law fraud; and (VI) unjust enrichment.  On October 21, 2009, this Court granted Defendant Philip Morris's Motion for Partial Summary Judgment with Respect to Counts I-IV.  Defendants now ask this Court to grant their Motion for Judgment on the Pleadings dismissing Plaintiffs' Count VI for Unjust Enrichment.

### II.   LEGAL ANALYSIS

#### A.   Standard of review.

"After the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."  Minn. R. Civ. P. 12.03.  "Judgment on the pleadings is proper where the defendant relies on an affirmative defense or counterclaim which does not raise material issues of fact."  *Jacobson v. Rauenhorst Corp.*, 221 N.W.2d 703, 706 (Minn. 1974).  A court must determine whether the complaint sets forth a legally sufficient claim for relief.  *Barton v. Moore*, 558 N.W.2d 746, 749 (Minn. 1997).  In doing so, the court accepts as true all facts alleged in the complaint and all reasonable inference are drawn in favor of the nonmoving party.  *Bodah v. Lakeville Motor Express, Inc.*, 663 N.W.2d 550, 553 (Minn. 2003); *Marchant Inv. & Mgmt. Co. v. St. Anthony W. Neighborhood Org.*, 694 N.W.2d 92, 95 (Minn. Ct. App. 2005).

W15B33643

**B.**     **Plaintiffs' cannot maintain an unjust enrichment claim where there is an adequate remedy at law.**

"It is well settled in Minnesota that one may not seek a remedy in equity when there is an adequate remedy at law." *Southtown Plumbing, Inc. v. Har-Ned Lumber Co., Inc.*, 493 N.W.2d 137, 140 (Minn. Ct. App. 1992). Unjust enrichment is an equitable remedy. *Id.* Accordingly, "[r]elief under the theory of unjust enrichment is not available where there is an adequate remedy or where statutory standards for recovery are set by the legislature." *Id.*

Plaintiffs in this action had several adequate legal remedies. Plaintiffs filed a claim for common law fraud. Common law fraud, seeking monetary damages, is a legal remedy, precluding an unjust enrichment claim. *Dahl v. R.J. Reynolds Tobacco Co.*, was a "Lights" cigarette class action against R.J. Reynolds alleging substantially the same fraudulent conduct alleged in this case. 742 N.W.2d 186 (Minn. Ct. App. 2007). The Court of Appeals stated that the unjust enrichment count was "simply a recharacterization of appellants' fraudulent misrepresentation claims." *Id.* at 196. *See also Lindberg v. Gebo*, 381 N.W.2d 905, 907-08 (Minn. Ct. App. 1986) (affirming trial court's denial of equitable remedy in a motion for preliminary injunction because the plaintiff had an adequate remedy at law through a damages claim for fraud). Plaintiffs here also had an adequate legal remedy of common law fraud. *See Id.* Plaintiffs' choice to abandon that claim does not render it inadequate. *ServiceMaster of St. Cloud v. GAB Business Services, Inc.*, 544 N.W.2d 302, 305-07 (Minn. 1996).

Similarly, Plaintiffs' claims for violations of the Minnesota consumer protection statutes were statutory remedies pursued by Plaintiffs to obtain monetary damages, with standards for relief set by the legislature. These statutes provided adequate legal remedies and precluded an unjust enrichment claim. The dismissal of Plaintiffs' statutory consumer protection claims does not revive their unjust enrichment claim. In *In re Silicone Implant Ins. Coverage Litig.*, the

WI5B33644

plaintiff argued that its legal remedy was inadequate because it was unable to prove damages. 652 N.W.2d 46, 76 (Minn. Ct. App. 2002), *aff'd in part, rev'd in part on other grounds*, 667 N.W.2d 405 (Minn. 2003). The court rejected the argument, agreeing with the defendant that the plaintiff's "inability to prove damages suggests only that [its] proof was deficient, not that the remedy was inadequate." *Id.* Similarly, Plaintiffs here had an adequate statutory remedy, regardless of whether they could prevail on those claims.

Because Plaintiffs had several adequate legal remedies, Defendants' Motion for Judgment on the Pleadings is granted and Plaintiffs' claim for unjust enrichment is dismissed.

**C.    Plaintiffs' unjust enrichment claim is barred under the Settlement Agreement in the Minnesota Attorney General's action.**

This court previously ruled that Plaintiffs' consumer protection claims are barred by the Release in the Settlement Agreement in the Minnesota Attorney General's action. As previously noted, the Release "plainly bars the State of Minnesota, 'whether directly or indirectly, representatively, derivatively or in any other capacity,' from asserting claims related to the subject matter of the Attorney General action for past conduct 'which have been asserted now or in the future in the [Attorney General] action.'" Order and Memorandum granting Defendants' Motion for Partial Summary Judgment against Plaintiffs' Consumer Protection Claims, 10/21/09, p. 19. In that Order, this Court dismissed all of Plaintiffs' consumer protection claims. The Court stated that "Plaintiffs' claims fall squarely within the release of 'future' claims that bars 'monetary Claims directly or indirectly based on, arising out of or in any way related to, in whole or part, the use or exposure to Tobacco Products manufactured in the ordinary course of business.'" *Id.*, p. 20.

W15B33645

Because Plaintiffs' unjust enrichment claim is barred under the Settlement Agreement in the Minnesota Attorney General's action, Defendants' Motion for Judgment on the Pleadings is granted and Plaintiffs' claim for unjust enrichment is dismissed.

**III.    CONCLUSION**

For the foregoing reasons, Defendants' Motion for Judgment on the Pleadings dismissing with prejudice Count VI of Plaintiffs' Second Amended Complaint for unjust enrichment is granted.  With the dismissal of Plaintiffs' last remaining claim, final judgment is entered in this case.

STATE OF MINNESOTA, COUNTY OF HENNEPIN
I hereby certify this ____6____ page document
to be a true and correct copy of the original
on file and or record in my office.
District Court Administrator

By _____ Deputy

12-17-9

4

W15B3364S