# Exhibit 2

RECEIVED

2006 MAY 31  A 9:58

BYRNES & KELLER LLP

The Honorable Paris Kallas

SUPERIOR COURT OF WASHINGTON IN AND FOR KING COUNTY

JULIE HUNTSBERRY, PATI HALL, and
GARY KMIECHAK, individually and on
behalf of all others similarly situated,

               Plaintiffs,

v.

R.J. REYNOLDS TOBACCO COMPANY, a
New Jersey corporation,

               Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CLASS ACTION

No. 04-2-08173-4SEA

[PROPOSED] FINDINGS OF FACT,
CONCLUSIONS OF LAW, AND ORDER
DENYING PLAINTIFFS' MOTION FOR
CLASS CERTIFICATION

THIS MATTER comes before the Court on Plaintiffs' Motion for Class Certification. The Court has reviewed the records and materials herein, all documents and materials submitted in support of and opposition to the motions, and heard argument of counsel in both the case referenced above and in *Davies, et al. v. Phillip Morris USA, Inc.*, Cause No. 04-2-08174-2SEA, on March 31, 2006. On April 21, 2006, the Court announced its oral ruling on the motions for class certification pending in this case and in the *Davies* case, which is incorporated herein. Being fully advised, the Court now makes the following findings of fact and conclusions of law:

    1.     The Plaintiffs assert claims under the Washington Consumer Protection Act. They contend that the Defendant has created, marketed, and sold a wholly misleading product, a light cigarette. They contend that rather than being sold a truly light, *i.e.*, more healthful, cigarette, the light cigarettes manufactured by Defendant are guaranteed to be light

[PROPOSED] FINDINGS OF FACT, CONCLUSIONS OF LAW,
AND ORDER DENYING PLAINTIFFS' MOTION FOR CLASS
CERTIFICATION - 1

only when smoked by a machine.  Plaintiffs further contend that Defendant has perpetuated a misleading system of measuring tar and nicotine in a deliberate effort to mislead the public into believing that light cigarettes create fewer health risks.

Based on these allegations, Plaintiffs move to certify the following class:  All persons who purchased Camel Light, Salem Light, and Winston Light brand cigarettes in Washington State between the first day Camel Lights, Salem Lights, and Winston Lights were placed in the stream of commerce through the date of trial.

2.      The Court denies Plaintiffs' motion for class certification.

3.      The Motion for Class Certification is governed by Civil Rule ("CR") 23. Washington courts favor a liberal interpretation of CR 23.  The Court must assume that the allegations in Plaintiffs' pleadings are true, but the Court may go beyond the pleadings and examine the evidence when analyzing whether CR 23 and its requirements have been met.  It is well-established that the Court must engage in a rigorous analysis to ensure that all CR 23 requirements are met. *Oda v. State of Washington*, 111 Wn. App. 79 (2002).

4.      Certification under CR 23 entails two steps.  In section (a) of the rule, the Court must first address four threshold requirements:  numerosity, commonality, typicality, and adequacy.  If those threshold requirements are met, the Court must then examine whether the class satisfies the factors set forth in CR 23(b).  Here, Plaintiffs contend that all three grounds of CR 23(b) justify certification.

5.      Turning first to the threshold requirements, the Court finds that this class satisfies the numerosity requirement.  It is so numerous that joinder would be impractical. This element is essentially conceded in the briefing before the Court.

6.      As to adequacy, the representative parties would fairly and adequately protect the interests of the class.  There are no disabling conflicts.  And Plaintiffs' counsel is highly qualified and more than amply able to represent the proposed class members.

[PROPOSED] FINDINGS OF FACT, CONCLUSIONS OF LAW,
AND ORDER DENYING PLAINTIFFS' MOTION FOR CLASS
CERTIFICATION - 2

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

7.    Under CR 23(a), Plaintiffs have established the elements of numerosity and adequacy.

8.    The Court's ruling denying class certification turns on typicality, commonality and predominance, which are separate elements, but analyzed here together.

9.    To analyze these elements, it is important to look at the claims alleged under Washington's Consumer Protection Act ("CPA"), RCW 19.86.  To prevail in a private right of action under the CPA, the Plaintiff or class of Plaintiffs must establish five distinct elements:  (1) an unfair act or practice, (2) occurring in trade or commerce, (3) affecting the public interest, (4) injuring the Plaintiffs' business or property, and (5) that injury is caused by the unfair act or practice.  *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wn.2d 778 (1986).

10.    Turning again to commonality and predominance, it is clear and well-established that only one common issue is needed to warrant a class.  Commonality exists, as indicated in *Miller v. Farmer Bros. Co.*, 115 Wn. App. 815 (2003), when the legal question linking the class members is substantially related to the resolution of the litigation even though the individuals are not identically situated.

11.    Predominance is a more stringent element than the commonality requirement, but it involves a similar inquiry.  The difference is that commonality is satisfied by the mere existence of a common legal or factual issue, but predominance requires that the common legal and factual issues predominate over any individual issues. The *Miller* Court indicates that the relevant inquiry is whether the issues shared by the class members is the dominant, central, or overriding issue shared by the class.

12.    Plaintiffs contend that in this case the common issue is whether the Defendant has engaged in and continues to engage in a course of conduct that includes misrepresentations regarding use of the word "light" on each and every cigarette package of light cigarettes.  The Court agrees that this is a common and a core issue in this case.

[PROPOSED] FINDINGS OF FACT, CONCLUSIONS OF LAW,
AND ORDER DENYING PLAINTIFFS' MOTION FOR CLASS
CERTIFICATION - 3

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

13.    The Court rejects the argument, to the extent it is made by at least one Defendant, that the various packages used over the years or the various commercial advertisements somehow strips this issue of its commonality.

14.    The one constant that has remained is the use of the word "lights." The Court finds there is a common issue regarding whether this Defendant has engaged in the deceptive acts or unfair acts as alleged by the Plaintiffs.

15.    As indicated above, the law requires that the Court accept Plaintiffs' allegations as true, but this does not end the analysis under the CPA. When a private right of action is brought, the case law requires not only proof of the unfair act or practice, but also proof that the injury was caused by the unfair act or practice. Thus, the plaintiff in a private consumer protection action is required to prove not only legal cause, but also that the injury would not have occurred but for the wrongful act.

16.    This statement of *Hangman Ridge* has been continually adhered to, and was recently applied in *Sheldon v. American States Preferred Insurance Co.*, 123 Wn. App. 12 (2004). In that case, the court held that violation of a notice provision was not actionable because the consumer had actual notice from another source.

17.    While causation is a settled element, it remains unresolved in Washington whether individual reliance and knowledge are required to prove causation. *Pickett v. Holland America Line-Westours, Inc.*, 145 Wn.2d 178 (2001).

18.    The Court will assume, without deciding, for purposes of this motion, that Plaintiffs are entitled to a presumption of reliance. Even so, however, both sides agree that the presumption is rebuttable.

19.    That brings the Court to the heart of the problem with class certification in this case. A class action is simply a procedural device that allows class-wide issues to be tried in an economical fashion. It is not a means by which the Plaintiff is relieved of proving its

[PROPOSED] FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER DENYING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION - 4

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

case. It is not a means by which the Defendant is denied an opportunity to present its

defense.

20.     This was best stated in *General Motors v. Garza*, 179 S.W.3d 76, 81 (Tex.

App. 2005):

> Evidence insufficient to prove a claim in a suit by an individual
> does not become sufficient in a class action simply because
> there are more plaintiffs. Inescapably individual differences
> cannot be concealed in a throng. The procedural differences of
> a class action eliminates the necessity of adducing the same
> evidence over and over again in a multitude of individual
> actions. It does not lessen the quality of evidence required in an
> individual action or relax burdens of proof.

In other words, as applied to this case, Defendant is entitled to an opportunity to rebut the

presumption of reliance. Defendant would be entitled to challenge each and every class

member as to causation. Defendant would be entitled to challenge each and every class

member as to his or her reasons for buying light cigarettes. Was the consumer motivated by

health-related reasons, or was the consumer motivated by taste, peer influence, price, habit, or

simply personal preference?

21.     As the record shows, there are numerous non-health-related reasons that people

buy light cigarettes. But absent a showing that "but for" the Defendant's alleged deceptive

practices a class member would not have purchased light cigarettes, causation would fail in

this case.

22.     These are inherently and necessarily individual questions. There is nothing

common about the answers. As recognized in *Carnett's, Inc. v. Hammond*, 610 S.E.2d 529

(Ga. 2005), commonality is defeated when, despite common questions, the answers vary

with each individual. That is the situation in this case.

23.     Moreover, the magnitude of these individual questions overwhelmingly

predominates over the common questions of deceptive acts or practices. In *Schwartz v.

Upper Deck*, 183 F.R.D. 672 (S.D.Ca. 1999), the court denied certification because the

[PROPOSED] FINDINGS OF FACT, CONCLUSIONS OF LAW,
AND ORDER DENYING PLAINTIFFS' MOTION FOR CLASS
CERTIFICATION - 5

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

claims necessitated examining the individual purchaser's motivation or state of mind. That would be the same examination required in this case.

24.     Accordingly, the Court finds that the causation questions are inherently individual questions that overwhelmingly predominate over common questions of deception or unfair acts or practices. This reason and this reason alone forms a sufficient basis for this ruling denying the motion for class certification. The ruling, however, is buttressed by the damages issue.

25.     It is not at all clear that the damages issue would involve anything other than individual questions that predominate, but that issue is not definitive. The Court will address the damages issue more as related to manageability.

26.     Turning to typicality, a plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of the other class members. On a very general level, these Plaintiffs' claims are typical, but there are some factual deviations. For example, Plaintiff Kmieciak in the *Huntsberry* case has indicated that he continues to smoke light cigarettes, and acknowledges that he probably knew they were no healthier than regular cigarettes as long as twenty years ago. One would be hard-pressed to find that his claim that he was deceived is similar to the claims alleged by the purported class members. Accordingly, on balance, typicality also fails.

27.     Plaintiffs seek certification on all three grounds set forth in CR 23(b). Addressing first CR 23(b)(3), the Court must consider whether common issues predominate. The Court has previously found as to causation that they do not.

28.     The Court must also consider whether a class action is superior to other available methods for a fair and efficient adjudication of the controversy. The Court must look to the four factors set out in CR 23(b)(3). While no other factor carries the day in this case, the Court will emphasize and focus on the manageability factor.

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

29.    The simple magnitude of a large class does not in and of itself render a class unmanageable. Numerous tools are available to a trial judge to creatively manage a class, as summarized in *Sitton*, 116 Wn. App. 245. While some courts warn against the "certify now and worry later" school of practice, there is also something to be said for that can-do approach, especially in consumer protection litigation. The challenge and difficulty posed by managing a large class is not the focus of the Court's conclusion that the case would be unmanageable as a class action. Instead, the proposed class is unmanageable because the questions on key issues, *i.e.*, causation and, as a result, damages, require individual proceedings. The class is therefore unmanageable.

30.    In *Miller v. Farmer Bros.*, 115 Wn. App at 828, the court explained, "the advantage of the class action vehicle would all but disappear" where class members' CPA claims "vary too much to be established by representative testimony." The absence of a trial plan here is significant not because it is a technical violation of the Court's Case Management Order, but because it reflects the hard reality that there is no manageable method by which to handle the individual issues the Defendant is entitled as a due process matter to raise in this case. The Court cannot contemplate anything other than individual cases, which is unmanageable as a class action.

31.    In addition to the causation issue rendering this class action unmanageable, determining and assessing damages also would be an unmanageable task in this particular case. In *Piggly Wiggly Clarksville, Inc. v. Interstate Brands Corp.*, 215 F.R.D. 523 (E.D. Tex. 2003), the court states: "Predominance and manageability may be destroyed by the complexity of determining damages when that determination does not lend itself to mathematical calculation that can be applied to all the class members." This issue has been briefed by both Defendants in the two cases argued, particularly by the Defendant, R.J. Reynolds, in *Huntsberry*, where they compare Ms. Huntsberry to Mr. Kmieciak and their

[PROPOSED] FINDINGS OF FACT, CONCLUSIONS OF LAW,
AND ORDER DENYING PLAINTIFFS' MOTION FOR CLASS
CERTIFICATION - 7

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

different smoking history.  Defendants in both cases correctly contend there is no class-wide method by which to determine individual damages.

32.     While not as significant, another valid point is that where it is unlikely consumers will have receipts or any method of proving prior purchases, Defendant should have an opportunity and be entitled to challenge each and every individual as to his or her claimed damages.  This also renders a determination of damages an unmanageable task.  *See In re Phenylpropanolamine (PPA) Products Liability Litigation*, 214 F.R.D. 614 (W.D. Wash. 2003).

33.     For all of the reasons stated above, the Court finds that the threshold elements of CR 23(a) are not satisfied regarding commonality and typicality.  As to CR 23(b), CR 23(b)(3) fails on the elements of both predominance and superiority.

Plaintiffs have also sought to certify this class under CR 23(b)(1) and (2).  The Court adopts Defendant's analysis as to why certification under those provisions of CR 23(b) also fails as set forth on pages 62-64 of its Opposition Brief.

For the reasons stated above, and after having conducted a rigorous analysis and applied the law that governs in Washington and finding guidance in out-of-jurisdiction decisions cited by all parties, NOW THEREFORE IT IS ORDERED:

Plaintiffs' motion for class certification is denied.

DATED this $\mathcal{26}$ day of May 2006.

*Paris K. Kallas*

Honorable Paris K. Kallas

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

1    Presented by:

2    BYRNES & KELLER LLP and
3    JONES DAY

4    By _____

5        Bradley S. Keller, WSBA No. 10665
         William H. Walsh, WSBA No. 21911
6        Sean P. Costello (*pro hac vice*)
         Hugh R. Whiting (*pro hac vice*)
7        Attorneys for R.J. Reynolds Tobacco Co.

8    Agreed as to Form and Notice of Presentation Waived:

9    JON FERGUSON LAW GROUP PLLC

10

11   By _____

12      Jon P. Ferguson, WSBA No. 5619
        Attorney for Plaintiffs

13

14

15

16

17

18

19

20

21

22

23

24

25

26

[PROPOSED] FINDINGS OF FACT, CONCLUSIONS OF LAW,
AND ORDER DENYING PLAINTIFFS' MOTION FOR CLASS
CERTIFICATION - 9

BYRNES & KELLER LLP
38TH FLOOR
1000 SECOND AVENUE
SEATTLE, WASHINGTON 98104
(206) 622-2000

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

<u>CERTIFICATE OF SERVICE</u>

The undersigned attorney certifies that on the 10th day of May, 2006, a true copy of the foregoing pleading was served upon the following individuals:

<u>Via E-Mail and U.S. Mail</u>:

Jon P. Ferguson
Jon Ferguson Law Group, PLLC
355 Ericksen Ave. NE, Suite 421
P. O. Box 11440
Bainbridge Island, WA  98110
jon@jonfergusonlaw.com

Charles E. Corrigan
T. Chad Plaster
Ramis Crew Corrigan, LLP
1727 N.W. Hoyt Street
Portland, OR  97209
chuckc@rcclawyers.com

Charles S. Tauman
Charles S. Tauman, PC
P.O. Box 19631
Portland, Oregon  97280
CTAUMAN@aol.com

[PROPOSED] FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER DENYING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION - 10