# Exhibit 7

September 23, 1970

INDUSTRY AGREEMENT ON ADVERTISING DISCLOSURE
OF FEDERAL TRADE COMMISSION TEST
DETERMINATIONS OF TAR AND NICOTINE CONTENT

    The undersigned cigarette manufacturers agree that they will, beginning January 2, 1971, in connection with the sale, offering for sale, or distribution of cigarettes in commerce in the United States, disclose clearly and prominently in advertising, as defined in this agreement, of a variety or varieties of cigarettes, the average cigarette values for tar and nicotine contained in published Federal Trade Commission test results for the advertised variety or varieties in milligrams of tar (to the nearest whole milligram as reported by the Commission) and nicotine (to the nearest 1/10 milligram as reported by the Commission).

    1. The term "advertising" shall mean paid commercial messages broadcast over radio and television in the United States, placed by a cigarette manufacturer in newspapers, magazines and other periodicals which are published in the United States, or printed on handbills and direct mail circulars which are distributed to consumers in the United States by the manufacturer.



2900099

WA Exhibit No. 893

- 2 -

2. In such disclosure in advertising each of the undersigned companies shall include the "tar" and nicotine data from the Federal Trade Commission test results most recently published in the Federal Register (a) in all advertising in newspapers, magazines and other periodicals for which the closing date (*i.e.*, the date on which an advertiser must, according to the regular schedule of the newspaper, magazine, or other periodical deliver in final form to the printer or publisher the advertising materials to be published) is 30 or more working days after publication of the Commission results in the Federal Register; (b) in all advertising printed on handbills and direct mail circulars which is delivered to the printer 30 or more working days after publication of the Commission test results in the Federal Register; and (c) in all advertising broadcast over radio and television which is submitted to the station or network 30 or more working days after publication of the Commission results in the Federal Register. In all other advertising, as defined herein, each company may use the "tar" and nicotine data from the published Commission test results covering the test prior to the most recently published test in lieu of the most recently published test results.

3. Within thirty days after the date of this agreement, each company shall provide the Federal Trade Commission with a list of all varieties of cigarettes which it manufactures

2900100

- 3 -

and which are sold in at least one retail outlet in the United States, and each company shall revise this list from time to time to reflect changes in the list of the varieties manufactured by it and sold in at least one retail outlet in the United States. In the event that the Federal Trade Commission in its pick-up of cigarettes for testing fails to pick up an adequate sample for testing of any variety included on any company's list, the Commission shall request it to supply to the Commission cigarettes of such variety in an amount and by selection procedures which are mutually acceptable to the Commission and to the cigarette manufacturer, and the Commission shall test such cigarettes at the same time and in the same manner as cigarettes picked up are tested and the results published.  The Commission shall not be required to test varieties not being advertised but being sold for purposes of Trademark protection.

2900101

-4-

4. In the event that any company manufactures a variety of cigarettes not available in at least one retail outlet in the United States at the time of a Commission pick-up, it may at any time supply to the Commission cigarettes of such variety in an amount and by selection procedures which are mutually acceptable to the Commission and to the cigarette manufacturer and the Commission shall conduct "tar" and nicotine tests in accordance with its methodology on such cigarettes and within 30 days after receiving such cigarettes furnish to ~~such~~ *such* company a report of the results of its tests on such cigarettes, <u>provided, however</u>, to maintain competition and to avoid premature disclosure of the formulation and trademark of any theretofore unadvertised new variety of cigarettes, the varieties so supplied may be coded.

5. Any company may, if it concludes, based upon its own tests on cigarettes manufactured, that the "tar" or

2900102

- 5 -

nicotine content of any variety of its cigarettes is larger or smaller by an amount in excess of ten percent of the figure most recently reported by the Commission, request at any time that the Commission test that variety as if it were a new variety, in accordance with the procedures relating to new varieties, and the Commission shall conduct such tests, provided, however, that if any company elects to follow this procedure in the case of a variety with a tar or nicotine change in excess of ten percent, it shall appropriately identify that variety after such change.

6. In the event the Commission does not publish in the Federal Register on January 1 (or within 30 days thereafter) and on July 1 (or within 30 days thereafter) of each year new test results, then all obligations imposed by this agreement to include tar and nicotine figures in advertising shall be immediately suspended subject to resumption at such time as the Commission thereafter publishes new test results in accordance with this agreement.

7. No company shall be subject to any regulatory action by the Commission on the ground that the tar and nicotine figures published by the Commission and stated in that company's advertising in accordance with this agreement

2900103

- 5 -

differ from the average "tar" and nicotine content of
cigarettes available to consumers.

    8. Upon application and the payment of the costs
of duplication, any company may obtain from the Commission
copies of all of the detailed original laboratory data on
the testing of any Commission market pick-up of cigarettes
or of those otherwise obtained by the Commission pursuant
to this agreement. Such copies shall be supplied at least
30 days prior to the publication of the Commission test
results in the Federal Register. If in the period before
such publication, calculation or other testing errors are
disclosed by any company to the Commission, the Commission
will correct its results in accordance with such disclosures,
<u>provided</u>, <u>however</u>, that nothing contained herein shall preclude
any company from seeking an injunction to restrain the Commission from publishing any demonstrable erroneous test
results or from requiring that company to use such erroneous
results in advertising pursuant to this agreement.

2900104

- 8 -

9. The tar and nicotine content of the advertised variety or varieties shall in all instances be uniformly disclosed in the following manner:

_____ mg. tar, _____mg. nicotine
FTC av. per cigarette

This agreement shall not be deemed to constitute an admission by any cigarette manufacturer that "tar" and nicotine have any significance in relation to human health.

10. If the Commission desires to change its testing methodology from that specified in the Federal Register Notice of August 1, 1967 (32 F.R. 11178), it may only do so after holding a public hearing.

11. Each company shall forthwith distribute a copy of this agreement to each of its cigarette operating divisions or departments and cigarette advertising agencies.

12. Each company shall notify the Commission at least 30 days prior to any proposed change in its cigarette operations, such as dissolution, assignment or sale resulting in the emergence of a successor

2900105

- 9 -

corporation, the creation or dissolution of subsidiaries or any other change in its operations that may affect compliance obligations under this agreement.

13. (Implementation of compliance.)

2900106

13. To implement compliance with this agreement, each of the undersigned companies further stipulates and agrees that in the event that the Commission determines to file a complaint under Section 5 of the Federal Trade Commission Act, as amended, for any alleged failure to comply with any provision of this agreement, it will not contest and hereby concedes the jurisdiction of the Commission to proceed against such alleged violation as an unfair method of competition alone under Section 5 and upon a finding of a violation of any provision of this agreement, in accordance with Section 5 of such Act, forthwith to enter a cease and desist order to require compliance with this agreement and to serve as a basis for the institution of civil penalty actions for any future violations. In such a proceeding under Section 5, the company shall have the right to contest the alleged violation, and shall also have an opportunity to establish that any noncompliance with any provision of this agreement was due to unintentional error, or to the error of third parties, or to other mitigating circumstances, or that such failure had been discovered and corrected prior to Commission notice, and the Commission shall take such demonstrated circumstances into account in determining whether to issue a cease and desist order.

2300107

INSERT A

Substitute after "advertising," beginning in 5th line of page 1

as defined in this agreement, of a variety or varieties of cigarettes, the average cigarette values for "tar" and nicotine contained in published Federal Trade Commission test results for the advertised variety or varieties in milligrams of tar (to the nearest whole milligram as reported by the Commission) and nicotine (to the nearest 1/10 milligram as reported by the Commission).

2900100