# Exhibit 32

Feb-11-00  02:24pm   From-HUNTON WILLIAMS                1424              T-911   P.04   F-035

IN THE CIRCUIT COURT
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

**FILED**

FEB 10 2000

CLERK OF CIRCUIT COURT #3
THIRD JUDICIAL CIRCUIT
MADISON COUNTY, ILLINOIS

SUSAN MILES and LINDA J. MCHATTON, )
individually and on Behalf of All Others Similarly )
Situated, )
 )
    Plaintiffs, )
 )
vs. )   Cause No. 00 C 112
 )
PHILIP MORRIS COMPANIES, INC., a )
corporation, and PHILIP MORRIS INCORPORATED, )
a corporation, )
 )   **JURY TRIAL DEMANDED**
    Defendants. )

## CLASS ACTION COMPLAINT

COME NOW Plaintiffs, on behalf of themselves and all others similarly situated, by and through their undersigned attorneys, and for their Class Action Complaint state:

1. Plaintiff SUSAN MILES is, and was at all relevant times, residing in Madison County, Illinois.

2. Plaintiff LINDA J. MCHATTON is, and was at all relevant times, residing in Madison County, Illinois.

3. Defendant PHILIP MORRIS COMPANIES INC. ("PHILIP MORRIS") is a Virginia corporation with its principal place of business at 120 Park Avenue, New York, N.Y. At all times relevant hereto, PHILIP MORRIS, through its wholly owned subsidiary PHILIP MORRIS INCORPORATED ("PMI" or the "subsidiary"), engaged in the business of manufacturing, promoting, marketing, distributing and selling Cambridge Lights and Marlboro Lights brand cigarettes. PHILIP MORRIS transacts business in Madison County, Illinois, and in all states throughout the Unites States and at all relevant times manufactured, promoted, marketed,

RECEIVED TIME    FEB.11.    2:28PM              PRINT TIME    FEB.11.   4:01PM

distributed, and/or sold cigarettes in Illinois and in all states throughout the Unites States. Defendant has significant contacts with Madison County and the activities complained of herein occurred, in whole or in part, in Madison County, Illinois.

4. Defendant PHILIP MORRIS INCORPORATED ("PMI" or the "subsidiary") is a Virginia corporation with its principal place of business at 120 Park Avenue, New York, N.Y. PMI is a wholly owned subsidiary of PHILIP MORRIS. At all times relevant hereto, PMI engaged in the business of manufacturing, promoting, marketing, distributing, and selling Cambridge Lights and Marlboro Lights brand cigarettes. PMI transacts business in Madison County, Illinois, and at all times relevant hereto manufactured, promoted, marketed, distributed and/or sold cigarettes in Illinois and in all states throughout the Unites States. Defendant has significant contacts with Madison County and the activities complained of herein occurred, in whole or in part, in Madison County, Illinois.

5. This court has jurisdiction over the subject matter hereto and the parties hereto pursuant to 735 ILCS 5/2-209.

6. Venue is proper in this court pursuant to 735 ILCS 5/2-101.

7. Defendants manufacture so-called "low-tar" filtered cigarettes under the brand names Cambridge Lights and Marlboro Lights. Defendant distributes and sells Cambridge Lights and Marlboro Lights in Madison County, Illinois and through the United States.

8. At all relevant times, Defendants sold and packaged Cambridge Lights and Marlboro Lights as having "lowered tar and nicotine."

9. While marketing and promoting decreased tar and nicotine deliveries, Defendants designed Cambridge Lights and Marlboro Lights cigarettes to deliver higher level of tar and

nicotine than could be measured by the standard testing apparatus. Defendants controlled the tar and nicotine delivery of Cambridge Lights and Marlboro Lights cigarettes under standard machine testing conditions to achieve apparent support for their claim that their Cambridge Lights and Marlboro Lights cigarettes are "light" and that their Cambridge Lights and Marlboro Lights cigarettes contained "lowered tar and nicotine."

10. Defendants' representations that Cambridge Lights and Marlboro Lights cigarettes deliver lower tar and nicotine than regular cigarettes are deceptive and misleading.

11. Defendants failed to disclose to consumers that the smoke produced by Cambridge Lights and Marlboro Lights is more genotoxic (causing genetic and chromosomal damage) per milligram of tar than 'regular' cigarettes.

12. Defendants engaged in a common course of deceptive and unlawful conduct in connection with the manufacture, distribution, promotion, marketing and sale of Cambridge Lights and Marlboro Lights cigarettes by:

    a. Falsely and/or misleadingly representing that their product delivers lowered tar and nicotine in comparison to regular cigarettes;

    b. Failing to disclose the material fact that the so-called lowered tar and nicotine deliveries of their product were unrelated to benign changes in the content of the tobacco in Cambridge Lights and Marlboro Lights cigarettes, but rather depended on deceptive changes in cigarette design and composition. These changes include the addition of microscopic vent holes on or around the cigarette filter that theoretically dilute the tar and nicotine content of smoke per puff as measured by the industry standard testing apparatus, and alteration of the materials used in filters and cigarette paper;

Feb-11-00  02:25pm  From-HUNTON WILLIAMS                    1424                    T-911  P.07/38  F-035

c. Failing to disclose the material fact that Defendants intentionally manipulated the design and content of Cambridge Lights and Marlboro Lights cigarettes in order to maximize nicotine delivery while falsely and/or deceptively claiming lowered tar and nicotine. These manipulations include the modification of tobacco blend, weight, rod length, and circumference; the use of reconstituted tobacco sheets and/or expanded tobacco; and the increase of smoke pH levels by chemical processing and additives, such as ammonia, which resulted in the delivery of far greater amounts of tar and nicotine when smoked under realistic conditions than Defendants' claims of lowered tar and nicotine would support;

d. Failing to disclose that these changes in design and composition were intended by Defendants to manipulate the machine tests that Defendants used as a basis to market their cigarettes as "lights;"

e. Failing to disclose the material fact that in order to achieve the claimed lowered tar of Cambridge Lights and Marlboro Lights cigarettes, consumers must refrain from obstructing the ventilation holes in the filter and from increasing puff volume or frequency; and,

f. Failing to disclose the material fact that the techniques employed by Defendants that purportedly reduce levels of tar in their Cambridge Lights and Marlboro Lights cigarettes actually increase the harmful biological effects, including mutagenicity (genetic and chromosomal damage) caused by the tar ingested by the consumer.

12. Through longstanding fraudulent conduct, Defendants wilfully concealed and misrepresented their manipulations of "light" cigarette design and composition.

13. Plaintiff SUSAN MILES has purchased and consumed (on average) approximately 15 Cambridge Lights cigarettes per day for 15 years. Plaintiff was without knowledge of the

4

RECEIVED TIME   FEB.11.   2:28PM              PRINT TIME   FEB.11.   4:01PM

Feb-11-00  02:25pm  From-HUNTON WILLIAMS                    1424                    T-911  P.08/38  F-035

conduct by Defendants alleged in this complaint, or of any facts from which it might reasonably be concluded that Defendants were so acting, or which would have lead to the discovery of such action, until early 2000.

14. Plaintiff Linda J. McHatton has purchased and consumed (on average) approximately 20 Marlboro Lights cigarettes per day for 20 years. Plaintiff was without knowledge of the conduct by Defendants alleged in this complaint, or of any facts from which it might reasonably be concluded that Defendants were so acting, or which would have lead to the discovery of such action, until early 2000.

15. Defendants have unfairly and unjustly profited from its failure to adequately disclose to consumers the true nature and function of their so-called "light" cigarettes.

### Class Action Allegations

16. Plaintiffs bring this action as a Class action against Defendants pursuant to §5/2-801 *et seq.*, of the Illinois Code of Civil Procedure individually and on behalf of a Class consisting of all residents of Illinois who purchased and consumed Defendants' Cambridge Lights and Marlboro Lights cigarettes but who do not have a claim for personal injury resulting from the purchase or consumption of cigarettes. The class period commences on the first date the Defendants placed their Cambridge Lights and Marlboro Lights cigarettes into the stream of commerce through the date of the Court certifies this suit as a class action. Excluded from the Class are Defendants, any parent, subsidiary, affiliate, or controlled person of Defendants, as well as the officers, directors, agents, servants, or employees of Defendants, and the immediate family member of any such person. Also excluded is any trial judge who may preside over this cause.

5

RECEIVED TIME   FEB.11.   2:28PM          PRINT TIME   FEB.11.   4:00PM

Feb-11-00 02:25pm From-HUNTON WILLIAMS 1424 T-911 P.09/38 F-035

17. Plaintiffs are members of the Class and they will fairly and adequately assert and protect the interests of the Class. The interests of the Plaintiffs are coincident with, and not antagonistic to, those of other members of the Class. Plaintiffs have retained attorneys who are experienced in Class action litigation.

18. Members of the Class are so numerous that joinder of all members is impracticable. Upon information and belief, there are thousands of members of the Class whose identities can be ascertained from the records and files of Defendants and from other sources.

19. Common questions of law or fact predominate over any questions affecting only individual members of the Class. Common questions include, but are not limited to, the following:

   a. Whether Defendants misrepresented the true tar and nicotine yields of the "light" cigarettes they manufactured, marketed, and/or distributed;

   b. Whether Defendants intentionally designed "light" cigarettes to generate misleading tar and nicotine measurements on the standard machine testing while delivering significantly higher quantities of tar and nicotine to human smokers;

   c. Whether the Defendants violated the Illinois Consumer Fraud and Deceptive Business Practices Act through their course of deceptive conduct as alleged herein;

   d. Whether the Defendants were unjustly enriched at the expense of the Class members; and

   e. Whether the Class had been damaged and, if so, the extent of such damages.

20. The prosecution of separate actions by individual members of the Class would create a risk of:

RECEIVED TIME FEB.11. 2:28PM    PRINT TIME FEB.11. 4:00PM

Feb-11-00  02:25pm   From-HUNTON WILLIAMS                    1424                T-911  P.10/38  F-035

  a. Inconsistent or varying adjudications with respect to individual members of the Class; and

  b. Adjudication with respect to individual members of the Class which would, as a practical matter, be dispositive of the interests of other members not parties to the adjudication or substantially impair or impede their ability to protect their interest.

4. The class action method is appropriate for the fair and efficient prosecution of this action.

5. Individual litigation of all claims which might be assessed by all Class Members would produce such a multiplicity of cases that the judicial system having jurisdiction of the claims would remain congested for years. Class treatment, by contrast, provides manageable judicial treatment calculated to bring a rapid conclusion to all litigation of all claims arising out of the conduct of Defendants.

6. The certification of a Class would allow litigation of claims that, in view of the expense of the litigation, may be insufficient an amount to support separate actions.

7. Accordingly, Plaintiffs bring this action on behalf of themselves and on behalf of all other members of the Class defined as follows:

> All residents of Illinois who purchased and consumed Defendants' Cambridge Lights and Marlboro Lights cigarettes but who do not have a claim for personal injury resulting from the purchase or consumption of cigarettes between the first date the Defendants placed their Cambridge Lights and Marlboro Lights cigarettes into the stream of commerce through the date of the Court certifies this suit as a class action.
>
> Excluded from the Class are Defendants, any parent, subsidiary, affiliate, or controlled person of Defendants, as well as the officers, directors, agents, servants, or employees of Defendants, and the immediate family members of such persons. Also excluded is any trial judge who may preside over this cause.

RECEIVED TIME   FEB.11.   2:28PM                PRINT TIME   FEB.11.   4:00PM

## COUNT I

Come now Plaintiffs and for Count I of their complaint against Defendants PHILIP MORRIS COMPANIES INC. and PHILIP MORRIS INCORPORATED allege:

8. Plaintiffs SUSAN MILES and LINDA J. MCHATTON reallege the allegations contained in paragraphs 1 through 24 as if fully set out herein.

9. This Count is brought pursuant to the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, et seq.

27. At all times material hereto, Plaintiffs, the Class and Defendants PHILIP MORRIS COMPANIES INC. and PHILIP MORRIS INCORPORATED were persons within the meaning of 815 ILCS 505/1 (c).

28. At all times material hereto, Plaintiffs and Class Members were consumers within the meaning of 815 ILCS 505/1 (e).

29. At all times material hereto, Defendants PHILIP MORRIS COMPANIES INC. and PHILIP MORRIS INCORPORATED conducted trade and commerce within the meaning of 815 ILCS 505/1 (f).

30. The Illinois Consumer Fraud and Deceptive Business Practices Act, 815 I.L.C.S. 505/1 et seq., provides in pertinent part:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression, or omission of any material fact, with intent that others rely upon the concealment, suppression, or omission of such material fact, or the use or employment of any practice described in Section 2 of the 'uniform deceptive trade practices act', approved August 6, 1965,

8

Feb-11-00  02:26pm    From-HUNTON WILLIAMS                    1424                    T-911    P.12/38    F-035

in conduct of any trade or commerce are hereby declared unlawful, whether any person has in fact been mislead, deceived, or damaged thereby.

31. Beginning the first date the Defendants placed their Cambridge Lights and Marlboro Lights cigarettes into the stream of commerce and continuing through the present, Defendants, individually and/or jointly, by and through their employees, agents and/or brokers, engaged in unlawful schemes and courses of conduct that induced the Plaintiffs and the Illinois Class to purchase Defendants' Cambridge Lights and Marlboro Lights cigarettes through one or more of the following unfair and/or deceptive acts and/or practices:

    a. Falsely and/or misleadingly represented that their product delivers "lowered tar and nicotine" in comparison to regular cigarettes;

    b. Failed to state that changes in cigarette design and composition were intended to deliver lowered tar and nicotine levels under machine testing conditions while delivering heightened levels of these compounds when smoked by consumers;

    c. Placed ventilation holes on the filter of light cigarettes that are covered or blocked by the smoker's lips or fingers under normal use, thereby negating the represented effects of the low tar, low nicotine brand;

    d. Manipulated the nicotine levels in their light cigarettes;

    e. Failed to disclose that these changes in design and composition were intended by Defendants to manipulate the machine tests that Defendants used as a basis to market their cigarettes as "lights;"

    f. Failed to disclose the material fact or instruct consumers that to in order to achieve the claimed lowered tar and nicotine of Cambridge Lights and Marlboro Lights cigarettes consumers must refrain from obstructing the ventilation holes in the filter and from increasing puff volume or frequency;

    g. Failed to disclose that smoking their Cambridge Lights and Marlboro Lights cigarettes with the ventilation holes blocked results in the smoker receiving an increased amount of tar and nicotine; and,

9

  h. Failed to disclose the material fact that the techniques employed by Defendants that purportedly reduce levels of tar in their Cambridge Lights and Marlboro Lights cigarettes, including increased air dilution through the use of ventilation holes in or near the filter, actually increase the mutagenicity (genetic and chromosomal damage) of tar ingested by the consumer and thereby increase the levels of harmful toxins ingested by the consumer; and

  i. Failed to inform consumers regarding the manipulation of the tobacco in their Cambridge Lights and Marlboro Lights cigarettes, including modification of tobacco blend, weight, rod length and circumference; use of reconstituted tobacco sheets and/or expanded tobacco; increase of smoke pH levels by chemical processing and additives, such as ammonia, as well as Defendants' reasons for such manipulation.

32. The facts which Defendants misrepresented, concealed, suppressed, or omitted, as alleged in the preceding paragraph, were material to Plaintiffs' and Class Members' decisions about whether to purchase Cambridge Lights and Marlboro Lights cigarettes in that Plaintiffs and the Illinois Class Members would not have purchased Defendants' Cambridge Lights and Marlboro Lights cigarettes but for Defendants' unfair and/or deceptive acts and/or practices.

33. The concealment and/or omission of material facts and/or misrepresentations and/or deception alleged in the preceding paragraph occurred in connection with Defendants' conduct of trade and commerce in Illinois and other states.

32. Defendants intended for Plaintiffs and the Class to purchase Defendants' Cambridge Lights and Marlboro Lights cigarettes in reliance upon Defendants' unfair and/or deceptive acts and/or practices in the marketing and sale of their Cambridge Lights and Marlboro Lights cigarettes.

33. Defendants' unfair and/or deceptive acts and/or practices violate the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS § 505/2, and the Uniform

10

Deceptive Trade Practices Act, 815 ILCS § 510/2.

34. As a direct and proximate result of Defendants' violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS § 505/2, and the Uniform Deceptive Trade Practices Act, 815 ILCS § 510/2, Plaintiffs and the Class have suffered damages in an amount to be proven at trial, but less than $75,000 per plaintiff or class member, including all compensatory damages, attorneys' fees and costs.

WHEREFORE, Plaintiffs and the Class pray that the Court enter judgment in their favor and against Defendants PHILIP MORRIS COMPANIES INC. and PHILIP MORRIS INCORPORATED as follows:

A. Ordering that this action be maintained as a class action pursuant to 735 I.L.C.S. 5/2-801 and the following class be certified:

   All residents of Illinois who purchased and consumed Defendants' Cambridge Lights and Marlboro Lights cigarettes but who do not have a claim for personal injury resulting from the purchase or consumption of cigarettes between the first date the Defendants placed their Cambridge Lights and Marlboro Lights cigarettes into the stream of commerce through the date of the Court certifies this suit as a class action.

   Excluded from the Class are Defendants, any parent, subsidiary, affiliate, or controlled person of Defendants, as well as the officers, directors, agents, servants, or employees of Defendants, and the immediate family members of such persons. Also excluded is any trial judge who may preside over this cause

B. Awarding Plaintiffs and Class Members compensatory damages, costs of suit, and attorneys' fees in an amount less than $75,000 per plaintiff or class member.

**PLAINTIFF DEMANDS A TRIAL BY JURY AS TO COUNT I**

## COUNT II

Come now Plaintiffs SUSAN MILES and LINDA J. MCHATTON and for Count II of their

Feb-11-00 02:26pm From-HUNTON WILLIAMS 1424 T-911 P.15/38 F-035

complaint against Defendants PHILIP MORRIS COMPANIES INC. and PHILIP MORRIS INCORPORATED allege:

35. Plaintiffs SUSAN MILES and LINDA J. MCHATTON reallege the allegations contained in paragraphs 1 through 34 as if fully set out herein.

36. As stated with more particularity above, Defendants embarked on and carried out a common scheme of marketing and selling light cigarettes by falsely and deceptively advertising that the cigarettes were "Lights," or contained "lowered tar and nicotine." Defendants failed to inform consumers of the material fact that the tar in their light cigarette smoke contains higher levels of harmful toxins than the tar in regular cigarette smoke. In addition, Defendants failed to inform consumers of the material fact that the tobacco in their Cambridge Lights and Marlboro Lights cigarettes was manipulated through, among other things, the addition of chemicals or other additives and that such manipulation was conducted in order to maximize nicotine delivery and thereby increase sales.

37. Defendants' omissions and practices resulted in Plaintiffs and the Class purchasing light cigarettes in order to receive a low tar, low nicotine alternative to regular cigarettes, but not getting the benefits of less tar and nicotine than in regular cigarettes.

38. Defendants' practices further resulted in Plaintiffs and the Class purchasing light cigarettes without understanding the true nature of Defendants' product or that Defendants manipulated the tobacco in their Cambridge Lights and Marlboro Lights cigarettes to increase their own ill-gotten profits.

39. The monies paid by Plaintiffs and the Class to Defendants in the purchase of Cambridge Lights and Marlboro Lights cigarettes conferred substantial benefits upon

12

Defendants. Defendants knew of and appreciated the benefits conferred upon them by Plaintiffs and the Class and accepted and retained these benefits, which, in justice and fairness, should be refunded and paid over to Plaintiffs and the Class in an amount to be proven at trial but less than $75,000 per plaintiff or class member, including prejudgment interest.

WHEREFORE, Plaintiffs and the Class pray that the Court enter judgment in their favor and against Defendants PHILIP MORRIS COMPANIES INC. and PHILIP MORRIS INCORPORATED as follows:

>   A.  Ordering that this action be maintained as a class action pursuant to 735 I.L.C.S. 5/2-801 and the following class be certified:
>
>   All residents of Illinois who purchased and consumed Defendants' Cambridge Lights and Marlboro Lights cigarettes but who do not have a claim for personal injury resulting from the purchase or consumption of cigarettes between the first date the Defendant placed their Cambridge Lights and Marlboro Lights cigarettes into the stream of commerce through the date of the Court certifies this suit as a class action.
>
>   Excluded from the Class are Defendants, any parent, subsidiary, affiliate, or controlled person of Defendants, as well as the officers, directors, agents, servants, or employees of Defendants, and the immediate family members of such persons. Also excluded is any trial judge who may preside over this cause
>
>   B.  Awarding Plaintiffs and the Class compensatory damages, costs of suit, and attorneys' fees in an amount less than $75,000 per plaintiff or class member.

## PLAINTIFF DEMANDS A TRIAL BY JURY AS TO COUNT II

**CARR, KOREIN, TILLERY, KUNIN, MONTROY, CATES, KATZ & GLASS**

By: *(signature)*

Sandor Korein, # 3533502
Stephen M. Tillery, #2834995
Christine J. Moody, #6209033
Lisa R. Kernan, #6257812
10 Executive Woods Court
Swansea, Illinois 62226
Telephone: (618) 277-1180
Facsimile: (618) 277-4676

Mark I. Bronson
NEWMAN & BRONSON
2300 West Port Plaza Dr.
St. Louis, Missouri 63146-3213
Telephone: (314) 878-8200
Facsimile: (314) 878-7839

**ATTORNEYS FOR PLAINTIFFS**

14