**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | | |
|---|---|---|
| **IN RE: LIGHT CIGARETTES MARKETING AND SALES PRACTICES LITIGATION** | )<br>)<br>) | **MDL DOCKET NO.: 1:09-2068**<br><br>**ALL CASES** |

**PLAINTIFFS' OPPOSITION TO PHILIP MORRIS USA INC.'S MOTION FOR JUDGMENT ON THE PLEADINGS ON PLAINTIFFS' UNJUST ENRICHMENT CLAIMS AND OTHER REQUESTS FOR EQUITABLE RELIEF**

TABLE OF CONTENTS

INTRODUCTION ....................................................................................................................1

ARGUMENT .........................................................................................................................2

I. Legal Standard ..............................................................................................................2

II. Plaintiffs' Unjust Enrichment Claims Sound at Law ....................................................2

A. Plaintiffs' Unjust Enrichment Claims are Most Similar to the Action of *Assumpsit* in 18th Century England and are Legal in Nature .................................3

B. The Restitution and Disgorgement Plaintiffs Seek in the Form of Monetary Relief are Legal in Nature .........................................................................................5

III. Many of the Remedies Defendant Characterizes as Equitable are Authorized by Statute ....................................................................................................8

IV. Mississippi Recognizes Unjust Enrichment as an Independent Cause of Action..........................................................................................................10

CONCLUSION.....................................................................................................................12

## TABLE OF AUTHORITIES

*Aladdin Electric Associates v. Town of Old Orchard Beach*,
645 A.2d 1142 (Me. 1994) ..........8

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)..........2

*Blades v. Countrywide Home Loans, Inc.*,
2007 WL 2746678 (S.D. Miss. Sept. 17, 2007)..........11

*Chauffeurs, Teamsters & Helpers Local No. 391 v. Terry*,
494 U.S. 558 (1990)..........3, 4

*Cox v. Microsoft Corp.*,
8 A.D.3d 39 (N.Y.A.D. 2004)..........8

*Curtis v. Philip Morris Cos.*,
No. 27-CV-01-18042, slip op. (Minn. Dist. Ct. Dec. 4, 2009) ..........8

*Dastgheib v. Genentech, Inc.*,
457 F. Supp. 2d 536 (E.D. Pa. 2006) ..........3, 4, 5, 7

*Dunn v. Dunn*,
853 So.2d 1150 (Miss. 2003)..........10, 11

*Estate of Johnson v. Adkins*,
513 So. 2d 922 (Miss. 1987)..........10, 11

*Great-West Life & Annuity Ins. Co. v. Knudson*,
534 U.S. 204 (2002) ..........6

*Koval v. Koval*,
576 So. 2d 134 (Miss. 1991)..........10, 11

*Lekas v. Briley*,
405 F.3d 602 (7th Cir. 2005).......... 2

*Magnolia Fed. Savings & Loan Assoc. v. Randal Craft Realty Co.*,
342 So. 2d 1308 (Miss. 1977)..........10, 11

*Moses v. Macferlan*,
97 Eng. Rep. 676 (K.B. 1760) ..........4, 5

*Omnibank of Mantee v. United S. Bank*,
607 So. 2d 76 (Miss. 1992)..........11

*Old Men's Home, Inc. v. Lee's Estate*,
2 So.2d 791 (Miss. 1941)....10

*Pendleton v. Sard*,
297 A.2d 889 (Me. 1972) ....8

*Pérez- Acevedo v. Rivero-Cubano*,
520 F.3d 26 (1st Cir. 2008)....2

*Prism Marketing Co., Inc. v. Casino Factory Shoppes, LLC*,
2009 WL 4348952 (N.D. Miss. Nov. 30, 2009) ....11

*Reich v. Continental Casualty Co.*,
33 F.3d 754 (7th Cir. 1994) ....6

*Simler v. Conner*,
372 U.S. 221 (1963)....3

*Wahlcometroflex, Inc. v. Alexander G. Baldwin*,
No. 08-592, 2010 WL 1076326 (Me. Mar. 25, 2010) ....7

*Williams Elec. Games, Inc. v. Garrity*,
366 F.3d 569 (7th Cir. 2004) ....7

Federal Statutes

Fed. R. Civ. P. 8 ....2

Fed. R. Civ. P. 12(c)....2

State Statutes

Cal. Bus. & Profs. Code §§ 17200, 17500....9

Cal. Civ. Code § 1780....9, 10

D.C. ST § 28-3905....9

815 ILCS 505/10a....8, 9

N.Y. Gen. Bus. Law § 349....8

N.Y. Gen. Bus. Law § 350....8

Other Authority

Dan B. Dobbs, *Law of Remedies: Damages-Equity-Restitution* (1993) .................................3, 4, 6

George E. Palmer, *The Law Restitution,* §§ 1:1-2 (1978) ..........................................................5, 6

Restatement of Restitution (1937) ..........................................................................................4, 6

Restatement (Third) of Restitution & Unjust Enrichment .....................................................11, 12

## INTRODUCTION

Defendant Philip Morris USA Inc.'s ("Defendant") Motion for Judgment on the Pleadings on Plaintiffs' Unjust Enrichment Claims and Other Requests for Equitable Relief ("Defendant's Motion") labels Plaintiffs' unjust enrichment claims as sounding in equity, and requests that the Court grant it judgment on the pleadings because it alleges that adequate remedies at law are available to Plaintiffs. Plaintiffs' unjust enrichment claims, however, sound at law, not in equity, and Defendant's motion does not analyze this distinction. Similarly, Defendants' motion fails to analyze whether the monetary remedies Plaintiffs seek to recover as a result of Defendant's unjust enrichment—restitution and disgorgement—sound in equity or at law. Here, these remedies are legal in nature.

Further, Defendant requests that the Court enter judgment on what it labels as Plaintiffs' "other requests for equitable relief"—which it barely mentions in its Motion—because Defendant alleges that adequate remedies at law are available to Plaintiffs. Defendant fails to recognize, however, that the statutes at issue in Plaintiffs' various complaints expressly authorize many of these "other requests for relief." Such statutory authorization renders these remedies at law, and not equitable, as Defendant contends. In addition, Defendant's assertion that Mississippi no longer recognizes unjust enrichment as an independent cause of action is incorrect, and substantial precedent contradicts Defendant's position.[1] For these reasons and as stated in more detail below, the Court should deny Defendant's Motion.

[1] Defendant limits its argument regarding unjust enrichment as an independent cause of action to Mississippi alone, and has therefore waived this argument with respect to any of the other jurisdictions at issue here.

## ARGUMENT

### I. Legal Standard

A motion under Rule 12(c) asks a court to render "judgment on the pleadings." Fed. R. Civ. P. 12(c). A complaint's ability to survive a Rule 12(c) challenge "inevitably turns on its ability to satisfy Rule 8 of the Federal Rules of Civil Procedure—the general rules of pleading a claim for relief." *Lekas v. Briley,* 405 F.3d 602, 606 (7th Cir. 2005) (describing the Rule 12(b)(6) standard). Under Rule 8, a "plaintiff's complaint need only contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). While "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions," a complaint "does not need detailed factual allegations." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007) (citations and quotations omitted). Rather, a complaint must describe the claim in sufficient detail to give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests," and its allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a "speculative level." *Twombly,* 550 U.S. at 555. "Because a Rule 12(c) motion calls for an assessment of the merits of the case at an embryonic stage, the court must view the facts contained in the pleadings in the light most favorable to the nonmovant and draw all reasonable inferences therefrom." *Pérez-Acevedo v. Rivero-Cubano,* 520 F.3d 26, 29 (1st Cir. 2008) (citations and internal punctuation omitted).

### II. Plaintiffs' Unjust Enrichment Claims Sound at Law

Plaintiffs' unjust enrichment claims relate to their allegations that Defendant profited enormously through its omissions and intentional misrepresentations, including that its Light cigarettes were healthier to smoke than regular cigarettes, despite the harsh fact that its Light cigarettes are actually more dangerous than regular cigarettes. Plaintiffs seek to recover money

damages in the form of restitution and/or disgorgement of the profits that Defendant obtained through its unlawful conduct and resulting unjust enrichment. While Defendant's Motion fails to address or analyze whether Plaintiffs' unjust enrichment claims sound in equity or at law (Defendant simply labels such claims equitable), as detailed herein, Plaintiffs' unjust enrichment claims sound at law.

When determining whether a claim sounds at law or in equity in a diversity matter, "the substantive dimension of the claim asserted finds its source in state law . . . but the characterization of that state-created claim as legal or equitable . . . must be made by recourse to federal law." *Simler v. Conner*, 372 U.S. 221, 222 (1963) (internal citations omitted). In *Chauffeurs, Teamsters & Helpers Local No. 391 v. Terry*, 494 U.S. 558, 565 (1990), the Supreme Court recognized a two-part test used to determine if a claim is equitable or legal:[2]

> First, we compare the [action at issue] to 18th-century actions brought in the courts of England prior to the merger of the courts of law and equity. Second, we examine the remedy sought and determine whether it is legal or equitable in nature.

When looking to the second part of the test, the remedy sought is "always given more weight than the nature of the analogous right." *Id*. at 559.

### A. Plaintiffs' Unjust Enrichment Claims are Most Similar to the Action of *Assumpsit* in 18th Century England and are Legal in Nature

The American Law Institute ("ALI") is most directly responsible for today's version of unjust enrichment, in that the ALI looked to both courts of law and courts of equity to formulate the core principle of unjust enrichment—that "'[a] person who has been unjustly enriched at the

[2] As the court noted in *Dastgheib v. Genentech, Inc*., "in eighteenth-century England, there were two court systems simultaneously in existence: the older courts of law that administered the law and the Court of Chancery that administered equity in the sense of 'providing flexible approaches where the law had become too rigid.'" 457 F. Supp. 2d 536, 539 (E.D. Pa. 2006) (quoting Dan B. Dobbs, *Law of Remedies: Damages-Equity-Restitution* § 2.1). But such court systems have since merged, "so that trial courts of general jurisdiction exercise both 'law' powers and 'equity' powers." *Id.* (quoting Dan B. Dobbs, *Law of Remedies: Damages-Equity-Restitution* § 2.6).

expense of another is required to make restitution to the other.'" *Dastgheib v. Genentech, Inc.*, 457 F. Supp. 2d 536, 542 (E.D. Pa. 2006) (citing Restatement of Restitution § 1 (1937)).

The court in *Dastgheib*—a leading authority on this topic—undertook a thorough historical analysis of the principle that "unjust enrichment is a synthesis of both law and equity principles, and was not *per se* available in the eighteenth-century," *Id.* (citing *Teamsters,*494 U.S. at 565–66 (because breach of duty of fair representation was not a cause of action in the 18th century, the Court looked "for an analogous cause of action that existed in the 18th century to determine whether the nature of this duty of fair representation suit is legal or equitable")). As the *Dastgheib* court recognized, Plaintiffs' unjust enrichment claims here are most analogous "to the action of *assumpsit* of eighteenth century England, which were 'indisputably law cases.'" *Id.* at 543 (quoting Dan B. Dobbs, *Law of Remedies: Damages-Equity-Restitution*, 378, 385 n.8 (1993) (explaining that a writ of *assumpsit* was utilized where there "was no contract at all between the parties, neither express nor implied in fact. This step was taken to prevent unjust enrichment of the defendant when 'in equity and in good conscience' he should not be permitted to keep gains he had received."))

The *Dastgheib* court went on to recount "the most renowned eighteenth-century case of a plaintiff bringing an action in *assumpsit* and seeking a refund of unjustly obtained funds from a defendant[,] [] *Moses v. Macferlan*, 97 Eng. Rep. 676 (K.B. 1760)":

> In that case, Macferlan represented to Moses that, if Moses endorsed certain promissory notes over to him, Macferlan would never enforce Moses' liability on the endorsements. After Moses endorsed over the notes, Macferlan sued Moses in the Court of Conscience, which ordered Moses to pay Macferlan on the endorsements. Moses then brought an action at law against Macferlan in the King's Bench Court for his money's repayment. Lord Mansfield affirmed a jury verdict in favor of Macferlan, explaining:
>
> > This kind of equitable action, to recover back money, which ought not in justice to be kept, is very beneficial, and therefore much

> encouraged. It lies [where a defendant receives money through] an undue advantage taken of the plaintiff's situation, contrary to laws made for the protection of persons under those circumstances. In one word, the gist of this kind of action is, that the defendant, upon the circumstances of the case, is obliged by the ties of natural justice and equity to refund the money.

*Id.* at 543 (internal citations omitted). The *Dastgheib* court continued:

> Lord Mansfield's use of the term "equitable" in describing actions tried before a jury has cast a pale over the issue. However, as the scholar George E. Palmer has explained, "[a]lthough Mansfield's description of quasi-contract as 'equitable' has been repeated many times, this refers merely to the way in which a case should be approached, since it is clear that the action is at law and the relief given is a simple money judgment." Palmer, *The Law Restitution*, § 1:1 at 3, § 1.2 at 9 (1978).

*Id.*

Just like the *Moses* plaintiff's claim more than 200 years ago, Plaintiffs' unjust enrichment claims here seek a refund of monies unjustly obtained by Defendant. Both *Moses* and the present case involve allegations that a defendant engaged in dishonest, unjust, and wrongful conduct. Here, Defendant's advertising and marketing of its Light cigarettes as "Light" and less harmful to smoke than regular cigarettes, when they are in fact more dangerous to smoke than regular cigarettes of the same brand, rises to the same level of dishonest, unjust, and wrongful conduct present in *Moses*. Thus, Plaintiffs' unjust enrichment claims are most closely tied to the action of *assumpsit*, and sound at law.

**B. The Restitution and Disgorgement Plaintiffs Seek in the Form of Monetary Relief are Legal in Nature**

Plaintiffs seek restitution and disgorgement of profits in the form of monetary relief as a result of Defendant's unjust enrichment. Both restitution and disgorgement can be equitable or legal remedies, depending on the nature of the claims at issue. Defendant's Motion fails to address whether the restitution and disgorgement remedies Plaintiffs seek are legal or equitable,

and the Court should deny its Motion out-right. Regardless, the restitution and disgorgement Plaintiffs seek are legal remedies.

"[R]estitution is a legal remedy when ordered in a case at law and an equitable remedy . . . when ordered in an equity case," and whether it is legal or equitable depends on "the basis for [the plaintiff's] claim" and the nature of the underlying remedies sought. *Great-West Life & Annuity Ins. Co. v. Knudson*, 534 U.S. 204, 213 (2002) (citations omitted) (quoting *Reich v. Continental Casualty Co.*, 33 F.3d 754, 756 (7th Cir. 1994) (Posner, J.)). "Restitution claims for money are usually claims at law." Dan B. Dobbs, *Law of Remedies: Damages-Equity-Restitution*, 370 (1993).

Historically, a plaintiff had a right to restitution at law through an action derived from the common-law writ of *assumpsit*, where he or she "could not assert title or right to possession of particular property, but in which nevertheless he might be able to show just grounds for recovering money to pay for some benefit the defendant had received from him." *Knudson*, 534 U.S. at 213 (citing 1 Dobbs § 4.2(1), at 571). "In contrast, a plaintiff could seek restitution in equity, ordinarily in the form of a constructive trust or an equitable lien, where money or property identified as belonging in good conscience to the plaintiff could clearly be traced to particular funds or property in the defendant's possession." *Id.* at 213 (citing 1 Dobbs § 4.3(1), at 587-588; Restatement of Restitution, *supra,* § 160, Comment *a*, at 641-642; 1 G. Palmer, Law of Restitution § 1.4, p. 17; § 3.7, p. 262 (1978)).

As noted *supra*, Plaintiffs' unjust enrichment claims are similar to an action of *assumpsit,* as Plaintiffs seek to recover the money that Defendant collected as a result of its intentional omissions and misrepresentations, which deceived consumers about the health effects of smoking its Light cigarettes. The monetary relief sought by Plaintiffs cannot clearly be traced to

any fund or property within Defendant's possession. Rather, it relates to Plaintiffs' right to recover the monies that Defendant collected through its unlawful and deceptive conduct. Thus, the restitution each Plaintiff seeks sounds at law.

Similarly, the disgorgement that several Plaintiffs seek sounds at law. In *Williams Electronics Games, Inc. v. Garrity*, the court recognized that a claim for disgorgement of profits could be awarded "in either a suit at law or a suit in equity," explaining:

> But if all that the plaintiff is seeking is a sum of money equal to the defendant's profit, an order of restitution will do fine . . . . He can still get restitution in such a case, but as a legal remedy for a legal wrong, not as an equitable remedy for a legal or an equitable wrong.

366 F.3d 569, 572, 576–78 (7th Cir. 2004) (internal citations omitted). Though the *Williams* court held that the plaintiff's claims in that matter were equitable, the reasoning it applied is instructive. In *Dastgheib v. Genentech, Inc*., the court applied the reasoning of *Williams* and held that a plaintiff seeking "a sum of money equal to the defendant's profit," which could not be traced directly to any fund or property, was seeking a legal remedy. 457 F. Supp. 2d 536, 545 (E.D. Pa. 2006). Similarly, here, Plaintiffs seek disgorgement of the profits Defendant collected through its intentional omissions and misrepresentations to consumers regarding the health effects of smoking its Light cigarettes. These profits cannot be traced directly to any one fund or property and, as such, the disgorgement Plaintiffs seek is legal in nature.

Defendant relies upon cases that are distinguishable from this matter. In *Wahlcometroflex, Inc. v. Alexander G. Baldwin*, the court analyzed the plaintiff's unjust enrichment claim under Delaware law. No. 08-592, 2010 WL 1076326 (Me. Mar. 25, 2010). Under Delaware law, the absence of an adequate remedy at law is a required element for establishing an unjust enrichment claim. But neither Maine nor any of the other jurisdictions in

this MDL has adopted such a narrow approach to unjust enrichment claims.[3] Additionally, in *Curtis v. Philip Morris Cos.*, No. 27-CV-01-18042, slip op. (Minn. Dist. Ct. Dec. 4, 2009), the court applied Minnesota law, and held that the plaintiffs' unjust enrichment claims sounded in equity. In this case, as detailed herein, Plaintiffs' unjust enrichment claims sound at law, and Defendant's arguments in support of their dismissal are without merit.

**III. Many of the Remedies Defendant Characterizes as Equitable are Authorized by Statute**

Defendant's Motion attacks all forms of recovery that Plaintiffs seek here, which, under any circumstance, could ever be characterized as equitable. In so doing, though, Defendant ignores the fact that the relevant statutes at issue here authorize many of the forms of recovery that it characterizes as "other equitable remedies." Such statutory authority makes these various forms of recovery legal in nature.

For instance, the Court may award the *Tang* and *Domaingue* Plaintiffs injunctive relief relating to their allegations that Defendant violated New York's consumer protection laws. *See* N.Y. Gen. Bus. Law § 349 (authorizing persons to bring an action to enjoin "such unlawful act or practice, an action to recover his actual damages or fifty dollars, whichever is greater, or both such actions"); N.Y. Gen. Bus. Law § 350 (authorizing person to bring an action to enjoin "such unlawful act or practice, an action to recover his or her actual damages or five hundred dollars, whichever is greater, or both such actions").

Similarly, the Court may award the *Biundo* Plaintiff injunctive relief, restitution, and disgorgement relating to his allegation that Defendant violated the Illinois Consumer Fraud and

[3] *See, e.g., Aladdin Electric Associates v. Town of Old Orchard Beach*, 645 A.2d 1142, 1144 (Me. 1994) ("Lack of privity of contract and failure to perfect a lien do not bar an action for unjust enrichment") (citing *Pendleton v. Sard*, 297 A.2d 889, 894 (Me. 1972)); *Cox v. Microsoft Corp.*, 8 A.D.3d 39, 40 (N.Y.A.D. 2004) (holding that plaintiff stated a cause of action for unjust enrichment while also stating a claim for a violation of N.Y. Gen. Bus. Law § 349).

Deceptive Business Practices Act. *See* 815 ILCS 505/10a ("the court, in its discretion may award actual economic damages or any other relief which the court deems proper"). In addition, the Court may award the *Slater* and *Parsons* Plaintiffs injunctive relief, restitution, and order that a constructive trust be established relating to their allegations that Defendant violated the D.C. Consumer Protections Procedures Act. D.C. ST § 28-3905(k)(1) (authorizing the following remedies: "(A) treble damages, or $1,500 per violation, whichever is greater, payable to the consumer; (C) punitive damages; (D) an injunction against the use of the unlawful trade practice; (E) in representative actions, additional relief as may be necessary to restore to the consumer money or property, real or personal, which may have been acquired by means of the unlawful trade practice; or (F) any other relief which the court deems proper").

Defendant's Motion seeks judgment with respect to the *Tyrer* Plaintiff's California Consumer Legal Remedies Act ("CLRA") claim, and expressly states that it is not moving against the *Tyrer* Plaintiff's Cal. Bus. & Profs. Code §§ 17200 *et seq.* and 17500 *et seq.* claims. Exhibit A to Defendant's Motion admits, however, that the *Tyrer* Plaintiff's CLRA claim and statutory remedies sound at law. Based upon this admission alone, the Court should deny Defendant's Motion with respect to the *Tyrer* case. Regardless, the Court may award the *Tyrer* Plaintiff restitution, injunctive relief, and disgorgement relating to his allegations that Defendant violated the CLRA. *See* Cal. Civ. Code § 1780 (noting that "[a]ny consumer who suffers any damage as a result of the use or employment by any person of a method, act, or practice declared to be unlawful by [the CLRA] may bring an action against that person to recover or obtain any of the following: (1) Actual damages, but in no case shall the total award of damages in a class action be less than one thousand dollars ($1,000); (2) An order enjoining the methods, acts, or

practices; (3) Restitution of property; (4) Punitive damages; (5) Any other relief that the court deems proper.").

**IV. Mississippi Recognizes Unjust Enrichment as an Independent Cause of Action**

Mississippi has long recognized unjust enrichment as an independent cause of action. In *Magnolia Federal Savings & Loan Association v. Randal Craft Realty Co.*, the Mississippi Supreme Court noted that:

> [A] quasi or constructive contract rests on the equitable principle that a person shall not be allowed to enrich himself unjustly at the expense of another. It is an obligation created by law, in the absence of any agreement, when and because the acts of the parties or others have placed in the possession of one person money under circumstances that in equity and good conscience he ought not to retain and which in justice and fairness belongs to another.

342 So. 2d 1308, 1312 (Miss. 1977) (quoting *Old Men's Home, Inc. v. Lee's Estate*, 2 So. 2d 791 (Miss. 1941)). The principle that unjust enrichment is an independent cause of action in Mississippi is the current state of the law, and Mississippi's highest court has recognized this fact on several occasions. *See, e.g., Koval v. Koval*, 576 So.2d 134, 135–36 (Miss. 1991) (affirming the lower court's holding that the defendants were unjustly enriched, and adopting the lower court's statement that "the facts of the case at bar lend themselves to a recovery by the plaintiffs under the theory of unjust enrichment."); *Dunn v. Dunn*, 853 So. 2d 1150, 1153–54 (Miss. 2003) (affirming lower court's holding that the defendant had been unjustly enriched).

Defendant's argument to the contrary rests upon its taking two words entirely out-of-context from the court's opinion in *Estate of Johnson v. Adkins*, 513 So.2d 922, 926 (Miss. 1987). The *Adkins* court's use of the phrase "equitable remedy" did not overrule forty-five (45) years of precedent recognizing unjust enrichment as an independent cause of action in Mississippi. *See id.* When read in its entirety, the plain language of *Adkins* makes this fact clear. *Id.* In addition to using the phrase "equitable remedy," the *Adkins* court characterized unjust

enrichment as a doctrine and as a theory of recovery, holding that "the basis *for an action for 'unjust enrichment'* lies in a promise, which is implied in law, that one will pay to the person entitled thereto which in equity and good conscience is his." *Id.* at 926–27 (quoting *Magnolia Fed. Sav. and Loan Ass'n v. Randal Craft Realty Co.*, 342 So. 2d 1308, 1312 (Miss. 1977)) (emphasis added). The court's "for an action for unjust enrichment" language illustrates that the *Adkins* court viewed unjust enrichment as an independent cause of action, and not simply a remedy, as Defendant erroneously suggests.

Moreover, in *Koval*—decided four years after *Adkins*—the Mississippi Supreme Court adopted and affirmed the lower court's ruling that the defendants had been unjustly enriched, which was the only cause of action at issue in that matter, characterizing the ruling as "comprehensive" and a "model opinion". 576 So. 2d 134, 135. The court's opinion in *Koval* conclusively illustrates: (1) Mississippi's recognition of unjust enrichment as an independent cause of action; (2) that the court's opinion in *Adkins* did not change this principle; and (3) that Defendant's arguments to the contrary have no merit. *See also Prism Marketing Co., Inc. v. Casino Factory Shoppes, LLC*, 2009 WL 4348952 (N.D. Miss. Nov. 30, 2009) (holding that the plaintiff's unjust enrichment claims survived the defendant's motion for summary judgment); *Blades v. Countrywide Home Loans, Inc*., 2007 WL 2746678, at *5 (S.D. Miss. Sept. 17, 2007) (holding that Mississippi courts have recognized the existence of an unjust enrichment theory of recovery); *Dunn v. Dunn*, 853 So. 2d 1150, 1153-54 (Miss. 2003) (affirming lower court's holding that the defendant had been unjustly enriched); *see also Omnibank of Mantee v. United Southern Bank*, 607 So.2d 76, 92, n. 11 (Miss. 1992) (noting that the Mississippi Supreme Court has often cited the Restatement of Restitution); Restatement (Third) of Restitution & Unjust Enrichment § 1 cmt. h (T.D. 2000) ("The identification of unjust enrichment as an independent

basis of substantive liability in common-law legal systems in the Restatement of Restitution was the central achievement of the first Restatement of Restitution.").

**CONCLUSION**

Plaintiffs' unjust enrichment claims and the remedies sought thereunder sound at law, and are thus legal in nature. Additionally, the statutes at issue in Plaintiffs' various complaints expressly authorize such remedies, making them remedies at law, and not equitable, as Defendant contends. Finally, Mississippi recognizes unjust enrichment as an independent cause of action, and Defendant's arguments to the contrary are without merit. For these reasons, Plaintiffs respectfully request that this Honorable Court deny Defendant's Motion for Judgment on the Pleadings.

Dated: May 3, 2010

Respectfully submitted,

*/s/ Samuel W. Lanham, Jr.*

Samuel W. Lanham, Jr.
**LANHAM BLACKWELL, P.A.**
470 Evergreen Woods
Bangor, ME 04401

Ben Barnow
**BARNOW AND ASSOCIATES, P.C.**
One North LaSalle Street, Suite 4600
Chicago, IL 60602

Don Barrett
**BARRETT LAW OFFICE, P.A.**
404 Court Square
Lexington, MS 39095-0987

Kent Caperton
**BEN BARNES GROUP**
1215 19th Street, NW
Washington, DC 20036

Marian S. Rosen
**MARIAN S. ROSEN & ASSOCIATES**
5065 Westheimer, Suite 840
Houston, TX 77056

Howard Rubinstein
**LAW OFFICE OF HOWARD WEIL RUBINSTEIN**
P.O. Box 4869
Aspen, CO 81611

Walter Umphrey
**PROVOST UMPHREY LAW FIRM, LLP**
P.O. Box 4905
Beaumont, TX 77704-4905

Joe R. Whatley, Jr.
**WHATLEY, DRAKE & KALLAS**
1540 Broadway, 37th Floor
New York, NY 1036

John Eddie Williams
**WILLIAMS, KHERKER, HART, BOUNDAS, LLP**
8441 Gulf Freeway, Suite 600
Houston, TX 77017

*Plaintiffs Executive Committee*

**CERTIFICATE OF SERVICE**

Service of Plaintiffs' Opposition to Philip Morris USA Inc.'s Motion for Judgment on the Pleadings on Plaintiffs' Unjust Enrichment Claims and Other Requests for Equitable Relief has been made through the Court's ECF system on all those registered to receive ECF.

Date: May 3, 2010

*/s/ Samuel W. Lanham, Jr.*

Samuel W. Lanham, Jr.
**LANHAM BLACKWELL, P.A.**
470 Evergreen Woods
Bangor, ME 04401