# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| IN RE: LIGHT CIGARETTES MARKETING SALES PRACTICES LITIGATION | MDL Docket No.: 1:09-MD-2068 |
| This document relates to: CAROL CORSE,     Plaintiff, v. PHILIP MORRIS USA, INC. and ALTRIA GROUP, INC.,     Defendants. | Case No. 09CV01122 [M.D. Tenn.] |
| STEPHANIE GOOD, LORI A. SPELLMAN, and ALLAIN L. THIBODEAU,     Plaintiffs, v. PHILIP MORRIS USA, INC. and ALTRIA GROUP, INC.,     Defendants. | Case No.1:05CV00127 [D. Me.] |
| MELANIE HAUBRICH,     Plaintiff, v. PHILIP MORRIS USA, INC.,     Defendant. | Case No. 09CV5867 [E.D. Pa.] |

| | |
|---|---|
| MILES TYRER,<br><br>  Plaintiff,<br><br>v.<br><br>PHILIP MORRIS USA, INC. and ALTRIA GROUP, INC.,<br><br>  Defendants. | Case No.1 :09CV00427 [S.D. Cal.] |

**PLAINTIFFS' RESPONSE TO DEFENDANT PHILIP MORRIS USA, INC.'S STATEMENT OF MATERIAL FACTS IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON PLAINTIFFS' CLAIMS FOR LACK OF CAUSATION, AND PLAINTIFFS' STATEMENT OF ADDITIONAL MATERIAL FACTS**

Pursuant to Rule 56(c) of the Local Rules for the United States District Court for the District of Maine, Plaintiffs submit this Response to Defendant Philip Morris USA Inc's ("PM USA") Statement of Material Facts in Support of Defendant's Motion for Summary Judgment on Plaintiffs' Claims for Lack of Causation, and Plaintiffs' Statement of Additional Facts.

Set forth below are the Material Facts contained in the Statement of Material Facts in Support of PM USA's Motion for Summary Judgment on Plaintiffs' Claims for Lack of Causation, and Plaintiffs' responses thereto. Plaintiffs' Statement of Additional Facts is also set forth below.

**Material Facts from PM USA's Statement, and Plaintiffs' Responses Thereto:**

*Good v. Philip Morris, Inc. & Altria Group, Inc.*

1. Plaintiffs Stephanie Good, Lori Spellman, and Allain Thibodeau claim that PM USA's and Altria's liability under Maine's Unfair Trade Practices Act ("UTPA") and for unjust enrichment arises out of their description of their cigarettes as "light" and having "lowered tar and nicotine." *Good* 2d Am. Compl. ¶ 2.

   **Plaintiffs' Response: QUALIFIED.** The *Good* Second Amended Compl. states that "This case arises out of the unfair and deceptive practices employed by Defendants to induce cigarette smokers to continue smoking in spite of the growing public awareness of a connection between cigarette smoking and serious health problems including cancer, *by designing, manufacturing, promoting, marketing and selling* Marlboro Lights and other 'Light' and 'Ultra Light' cigarettes ('Light Cigarettes') purporting to be 'light' and having 'lowered tar and nicotine,' all while Defendants knew those cigarettes would not deliver less tar or nicotine to the consumer." *Good* 2d Am. Compl. ¶ 2 (D.E. # 91) (emphasis added).

2. Plaintiffs claim that PM USA and Altria misrepresented that cigarettes with the descriptors "light" and "lowered tar and nicotine" delivered less tar and nicotine and were therefore safer than regular cigarettes. *Good* 2d Am. Compl. ¶ 14-15.

   **Plaintiffs' Response: ADMITTED.**

3. Plaintiffs seek monetary relief based on the purchase of light cigarettes. *See Good* 2d Am. Compl., Prayer.

   **Plaintiffs' Response: ADMITTED.**

4. Plaintiff Good first filed a complaint in this lawsuit on August 15, 2005. *Good* Compl.

   **Plaintiffs' Response: ADMITTED.**

5. Plaintiff Good has read the complaint. Good Dep. 96:24-97:2, Dec. 14, 2009 (D.E. # 184-1, Ex. 1 to Def's Motion).

   **Plaintiffs' Response: ADMITTED.**

6. Plaintiff Good was deposed on December 14, 2009. Good Dep. 1:16.

   **Plaintiffs' Response: ADMITTED.**

7. Plaintiff Good continued to smoke Marlboro Lights in the four years since she filed her lawsuit. Good Dep. 99:4-13.

   **Plaintiffs' Response: ADMITTED.**

8. Plaintiff Good prefers the taste of Marlboro Lights over Marlboro Reds. Good Dep. 55:5-10.

   **Plaintiffs' Response: DENIED.**  Ms. Good did not state that she preferred the tasted of Marlboro Lights over Marlboro Reds; she merely testified that she did not like Marlboro Red, because "[i]t was strong." Good Dep. 55:7-10.

9. Plaintiff Lori Spellman first filed a complaint in this lawsuit on August 15, 2005. *Good* Compl.

   **Plaintiffs' Response: ADMITTED.**

10. Plaintiff Lori Plaintiff Spellman has read the complaint. Spellman Dep. 19: 11-20:24, Dec. 9, 2009 (D.E. # 184-3, Ex. 3 to Def's Motion).

    **Plaintiffs' Response: ADMITTED.**

11. Plaintiff Spellman was deposed on December 9, 2009. Spellman Dep. 1:15.

    **Plaintiffs' Response: ADMITTED.**

12. Plaintiff Spellman has formed the belief that Marlboro Lights are more dangerous than regular ("full-flavor") cigarettes. Spellman Dep. 116:19-117:8.

    **Plaintiffs' Response: DENIED.** Ms. Spellman testified that she believes that Marlboro Lights are "more mutagenic on a per milligram of tar [sic] than full-flavored cigarettes." Spellman Dep. 116:19-24.

13. Notwithstanding this belief, Plaintiff Spellman is still smoking Marlboro Lights cigarettes. Spellman Dep. 21:15-18.

    **Plaintiffs' Response: QUALIFIED.** Ms. Spellman still smokes Marlboro Lights, but as is set forth above, she did not testify that she held the belief that Marlboro Lights are more dangerous than full-flavor cigarettes. Spellman Dep. 21:15-18; 116:19-24.

14. Plaintiff Spellman has not decided whether she wants to stop smoking Marlboro Lights. Spellman Dep. 117:10-13.

    **Plaintiffs' Response: ADMITTED.**

15. Plaintiff Spellman wants to continue buying Marlboro Lights despite her lawsuit against PM USA.  Spellman Dep. 106:2-9.

    **Plaintiffs' Response: QUALIFIED.**  Ms. Spellman testified that she did not know whether she would be "in favor of Philip Morris taking Marlboro Lights off the market," and then testified that as she sat there in the deposition, she would "like to be able to buy Marlboro Lights . . . in the store when [she runs] out of cigarettes."  Spellman Dep. 106:2-9.

16. If Marlboro Lights were not available in the store when Plaintiff Spellman went to buy her next pack of cigarettes, she would go to another store.  Spellman Dep. 106: 10-12.

    **Plaintiffs' Response: ADMITTED.**

17. Plaintiff Allain Thibodeau first filed a complaint in this lawsuit on August 15, 2005.  *Good* Compl.

    **Plaintiffs' Response: ADMITTED.**

18. Plaintiff Thibodeau has read the complaint.  Thibodeau Dep. 14:18-15:1, Dec. 10, 2009 (Ex. 2).

    **Plaintiffs' Response: ADMITTED.**

19. Plaintiff Thibodeau was deposed on December 10, 2009.  Thibodeau Dep. 1:17 (D.E. # 184-2, Ex. 2 to Def's Motion).

    **Plaintiffs' Response: ADMITTED.**

20. Plaintiff Thibodeau formed the belief that Marlboro Lights are more dangerous than Marlboro Reds.  Thibodeau Dep. 62:15-18.

    **Plaintiffs' Response: ADMITTED.**

21. Notwithstanding this belief, Plaintiff Thibodeau still occasionally smokes Marlboro Lights instead of Marlboro Reds. Thibodeau Dep. 62:22-63:7.

    **Plaintiffs' Response: ADMITTED.**

22. The last pack of cigarettes that Plaintiff Thibodeau purchased prior to his deposition was a pack of Marlboro Lights. Thibodeau Dep. 23:18-24:24.

    **Plaintiffs' Response: QUALIFIED.** Mr. Thibodeau testified that the last pack of cigarettes he purchased prior to his deposition was "*probably* a Marlboro Light." Thibodeau Dep. 23:19-20 (emphasis added).

*Corse v. Philip Morris USA, Inc. & Altria Group, Inc.*

23. Plaintiff Carol Corse claims that PM USA's and Altria's liability for unjust enrichment arises out of their description of their cigarettes as "light" and "ultra light" and therefore as delivering less tar and nicotine than regular cigarettes. *Corse* Compl. ¶ 16.

    **Plaintiffs' Response: QUALIFIED.** The *Corse* Compl. alleges that Defendants' liability arises from the facts that "Defendants *developed, manufactured, marketed, and sold* light cigarettes that purported to deliver less tar and nicotine than regular cigarettes," not just that they described their cigarettes as "light" and "ultra light." *Corse* Compl. ¶ 16 (emphasis added).

24. Plaintiff Corse claims that PM USA and Altria failed to disclose that consumers of light cigarettes would not be exposed to less tar or nicotine than consumers of non-light cigarettes of the same brand. *Corse* Compl. ¶ 32.

    **Plaintiffs' Response: ADMITTED.**

25. Plaintiff Corse seeks monetary relief based on the purchase of light cigarettes. *Corse* Compl., Prayer for Relief.

   **Plaintiffs' Response: ADMITTED.**

26. Plaintiff Corse filed her lawsuit on November 25, 2009. *See Corse* Compl.

   **Plaintiffs' Response: ADMITTED.**

27. Plaintiff Corse has read the complaint. Corse Dep. 74:9-11, Dec. 9, 2009 (D.E. # 184-6, Ex. 6 to Def's Motion).

   **Plaintiffs' Response: ADMITTED.**

28. Plaintiff Corse has formed the belief that defendant's light cigarettes are more dangerous than regular cigarettes. Corse Dep. 75:12-15.

   **Plaintiffs' Response: QUALIFIED.** Ms. Corse testified that it is her "understanding that Marlboro Light cigarettes are more harmful to [her and to others] than Marlboro full flavor cigarettes." Corse Dep. 75:12-15.

29. Plaintiff Corse continues to smoke light cigarettes even today, notwithstanding her allegations about light cigarettes. *See* Corse Dep. 10:4-5.

   **Plaintiffs' Response: ADMITTED.**

30. Plaintiff Corse likes the taste of light cigarettes. Corse Dep. 10:4-5; 49:7-9.

   **Plaintiffs' Response: QUALIFIED.** Ms. Corse testified only that she prefers what she smokes now to "others," and that she currently smokes L&M Light 100s. Corse Dep. 49:7-9; 10:4-5.

*Tyrer v. Philip Morris USA, Inc. & Altria Group, Inc.*

31. Plaintiff Miles Tyrer claims that PM USA's and Altria's liability under California's unfair competition and consumer protection statutes (the CLRA,

6

UCL, and FAL) arises out of their use of the terms "light," "ultra light," "low tar" and "low nicotine" to describe their cigarettes. *Tyrer* 2d Am. Compl. ¶ 1 (D.E. # 83).

**Plaintiffs' Response: QUALIFIED.** The *Tyrer* Second Amended Compl. alleges that Defendants' liability arises out of the facts that they "*manufacture, package, market, promote, and/or sell* cigarettes that are labeled 'light', 'ultra light', 'low tar' and 'low nicotine'", their failure "to disclose that these Light Cigarettes are not actually less harmful and less addictive than full-flavor cigarettes", and the fact that they "misrepresent that consumers of their Light Cigarettes would be exposed to less tar and/or less nicotine than users of full-flavored cigarettes of the same brand." *Tyrer* 2d. Am. Compl. ¶¶1-3 (emphasis added).

32. Plaintiff Tyrer claims that PM USA and Altria failed to disclose to the class that light cigarettes were not actually less harmful or less addictive than full-flavor cigarettes, and misrepresented that consumers of light cigarettes would be exposed to less tar and/or nicotine than users of full-flavored cigarettes. *Tyrer* 2d Am. Compl. ¶ 2-3.

    **Plaintiffs' Response: ADMITTED.**

33. Plaintiff Tyrer seeks monetary relief based on the purchase of light cigarettes. *Tyrer* 2d Am. Compl., Prayer for Relief.

    **Plaintiffs' Response: ADMITTED.**

34. Plaintiff Tyrer first filed his lawsuit on January 14, 2009. *See Tyrer* Compl.

    **Plaintiffs' Response: ADMITTED.**

35. Plaintiff Tyrer has read the complaint. Tyrer Dep. 15:18-23, Dec. 16, 2009 (D.E. # 184-4, Ex. 4 to Def's Motion).

   **Plaintiffs' Response: ADMITTED.**

36. Plaintiff Tyrer has formed the belief that Marlboro Lights are not safer than full-flavor cigarettes. Tyrer Dep. 52:22-53:3.

   **Plaintiffs' Response: ADMITTED.**

37. Notwithstanding this belief, Plaintiff Tyrer is still smoking Marlboro Lights. Tyrer Dep. 10:18-23.

   **Plaintiffs' Response: ADMITTED.**

38. Plaintiff Tyrer has expressed a preference for the taste of Marlboro Lights 100s over other cigarette brands. Tyrer Dep. 69:9-16.

   **Plaintiffs' Response: ADMITTED.**

*Haubrich v. Philip Morris USA, Inc.*

39. Plaintiff Melanie Haubrich claims that PM USA's liability for unjust enrichment arises out of its description of its cigarettes as "light" or "ultra light" and therefore as delivering less nicotine and as being less harmful than regular cigarettes. *Haubrich* Compl. ¶ 3.

   **Plaintiffs' Response: QUALIFIED.** The *Haubrich* Compl. alleges that Defendants' liability arises out of their "*manufacturing, marketing, advertising, promotion, distribution and sale* of cigarettes labeled and represented as 'Light' or 'Ultra-Light' . . . as delivering less nicotine to consumers and as being less harmful to consumers than regular cigarettes of the same brand, despite Defendant's knowledge that

8

these representations were false, deceptive, misleading and unfair," not just out of their descriptions of such cigarettes. *Haubrich* Compl. ¶ 3 (emphasis added).

40. Plaintiff Haubrich claims that PM USA misrepresented that the cigarettes she purchased were light and lower in tar and nicotine, when in reality the cigarettes were not lower in tar or nicotine than regular cigarettes. *Haubrich* Compl. ¶ 4.

   **Plaintiffs' Response: ADMITTED.**

41. Plaintiff Haubrich seeks monetary relief based on the purchase of light cigarettes. *Haubrich* Compl., Prayer for Relief.

   **Plaintiffs' Response: ADMITTED.**

42. Plaintiff Haubrich first filed her lawsuit on December 8, 2009. *See Haubrich* Compl.

   **Plaintiffs' Response: ADMITTED.**

43. Plaintiff Haubrich has read the complaint. Haubrich Dep. 89:24-90:06, Jan. 7, 2010 (D.E. # 184-5, Ex. 5 to Def's Motion).

   **Plaintiffs' Response: ADMITTED.**

44. Plaintiff Haubrich has expressed a belief that light cigarettes are no less harmful than full-flavored cigarettes. *See* Haubrich Dep. 118:7-10.

   **Plaintiffs' Response: ADMITTED.**

45. Notwithstanding this belief, Plaintiff Haubrich is still smoking light cigarettes. Haubrich Dep. 22:6-14.

   **Plaintiffs' Response: ADMITTED.**

46. Plaintiff Haubrich has also expressed a preference for the taste of light cigarettes. Haubrich Dep. 73:9-74:9.

9

**Plaintiffs' Response: QUALIFIED.** Ms. Haubrich testified that among Marlboro cigarettes, she likes Ultra Lights the best. Haubrich Dep. 73:9-74:9.

## PLAINTIFFS' STATEMENT OF ADDITIONAL MATERIAL FACTS

47. Plaintiff Lori Spellman testified that she chose Marlboro Lights as her cigarette when she started smoking because she "thought it was less unhealthy than regular cigarettes." Spellman Dep. at 87:14-19.

48. Ms. Spellman testified that she continues to smoke Marlboro Lights because "[i]t's a habit" – both smoking in general and smoking Marlboro Lights specifically. *Id*. at 117:22-118:1.

49. Ms. Spellman also testified that she is addicted to nicotine, but does not know if that is the only reason why she continues to smoke. *Id.* at 105:17-21

50. Ms. Spellman testified that she does not like the taste of Marlboro Lights, or of any cigarettes. *Id.* at 104:5-8.

51. Ms. Spellman continues to smoke because she is addicted and she does not enjoy smoking. *Id.* at 145:2 ("Because I am now addicted, so I continue to smoke them."); 77:5-6 ("I wouldn't call it enjoy.").

52. Plaintiff Allain Thibodeau testified that he continues to smoke Marlboro Lights because of "habit. It's not that I choose to. It's just the addiction that I'm trying to get – you know, I'm trying to quit." Thibodeau Dep. at 62:22-63:1.

53. Mr. Thibodeau increased his smoking to a pack a day because of "[a]ddiction to nicotine." *Id.* at 28:20-21

54. Mr. Thibodoeau testified that he first started smoking Marlboro Lights because "[l]ower tar and lower nicotine made me think it was a safer, less-addictive cigarette." *Id.* at 33:7-8.

55. Mr. Thibodeau testified that upon learning about "light cigarettes not being the safer, less-addictive cigarette . . . [he] thought they were," he "started at that point to try to quit." *Id.* at 34:15-19.

56. Mr. Thibodeau recalls no difference between the taste or harshness of an Ultralight cigarette and a regular cigarette. *Id.* at 39:18-24.

57. Mr. Thibodeau does not enjoy smoking. *Id.* at 42:1-2.

58. Mr. Thibodeau began smoking as a teenager because at the time he thought it was "cool." *Id.* at 42:2. Once he stopped thinking it was cool, he continued smoking because he was addicted. *Id.* at 42:6-13.

59. Mr. Thibodeau does not "like the taste of cigarettes, period." *Id.* at 45:19.

60. Mr. Thibodeau testified that he smokes both Marlboro Lights and Marlboro Reds. *Id.* at 24:9-15.

61. Mr. Thibodeau testified that he sometimes buys Marlboro Lights due to "[f]orce of habit." *Id.* at 24:16-18.

62. Mr. Thibodeau has had difficulty trying to quit smoking. *Id*. at 37:15-16 ("Quitting has been an ongoing problem with me.").

63. Plaintiff Melanie Haubrich testified that she switched to light cigarettes from full-flavored cigarettes because they were lower in tar and nicotine. Haubrich Dep. at 25:13-15.

64. Ms. Haubrich testified that she thought smoking a cigarette with less nicotine would be healthier. Id*.* at 76:9-12.

65. Ms. Haubrich testified that she believed that having less nicotine in her body might make her less addicted to cigarettes. *Id.* at 78:10-15.

11

66. Ms. Haubrich testified that she is still smoking because she is "addicted to it." *Id*. at 117:21-22.

67. Ms. Haubrich stated: "I try to quit almost every other day. It just don't work." *Id.* at 136:14-15.

68. Ms. Haubrich smokes "Marlboro Ultra Lights as opposed to Marlboro Reds or some other cigarette" because "the only reason why I started smoking them was because I thought it was less in tar and nicotine, and I thought it would be a little bit more healthier for me to smoke Ultra Light cigarettes." *Id.* at 117:23-118:6.

69. When pressed as to why she continues to smoke Marlboro Ultra Lights as opposed to another brand, Ms. Haubrich stated it was "[b]ecause I've been buying that brand for years," and "[b]ecause I've been smoking Marlboro my whole life" and "[b]ecause I can't quit." *Id.* at 118:11-22, 119:12-13.

70. Ms. Haubrich also testified: "I started smoking them, the Lights, because I thought they were lower in tar and nicotine. That's the only reason why I smoked them." *Id.* at 73:14-17.

71. Ms. Haubrich does not really like smoking. *Id.* at 119:2-3.

72. Ms. Haubrich does not get pleasure out of smoking; it is "just a habit." *Id.* at 122:2-5.

73. Plaintiff Stephanie Good became a regular smoker because she was addicted. Good Dep. at 47:16-17.

74. Ms. Good knows that it is difficult to quit smoking. *Id.* at 107:15-21.

75. Ms. Good testified that she thinks that by smoking Marlboro Lights she is at less risk of getting disease than from smoking full flavored cigarettes. *Id.* at 71:7-12.

12

76. Ms. Good testified that she is addicted to Marlboro Lights. *Id.* at 78:7-8; 146:3-10.

77. Plaintiff Carol Corse testified that she started smoking Marlboro Light cigarettes "because of the advertisements and promotions . . . that, you know, it's a healthier, lighter cigarette, less tar, less nicotine, why not go that route if you – if you're wise, you would. I was already at that point of addiction and habit that I needed to go light." Corse Dep. at 24:19-25:2.

78. Ms. Corse said that she took the use of the words "lower nicotine and tar" in Philip Morris advertisements of light cigarettes to mean "safer," because a smoker of light cigarettes would not be consuming as much tar – the "gooey black stuff that sticks to your lungs" – and nicotine – the "addiction part of it." Corse Dep. at 27:1-21.

79. Ms. Corse does not "enjoy" smoking so much as she is "in the habit and addicted." *Id.* at 16:20-21; 31:13-19.

80. Ms. Corse will not switch to a different brand of cigarettes because she has been "smoking them long enough that that's what [she] prefer[s]." *Id.* at 56:23-57:4.

81. Ms. Corse is still smoking light cigarettes because she is addicted to them, and testified that "they were supposed to be better for you is why I switched over to begin with, so now my – do they have something better out there than that?" *Id.* at 75:16-76:5.

82. Ms. Corse further testified that if she had not been misled to believe that light cigarettes were better for her, "if I could have had the option, knowing lights were

13

83. Ms. Corse continues to smoke "[b]ecause I guess Philip Morris has made it too hard to quit . . . ." *Id.* at 56:15-17.

84. Plaintiff Miles Conrad Tyrer testified that he understood Philip Morris's representations that Light Cigarettes are "lower in tar, lower in nicotine," to mean that they are "safer." Tyrer Dep. at 50:22-51:7.

85. Mr. Tyrer testified that, with respect to information provided in Philip Morris's packaging and advertising and promotional campaigns, "the less tar, the less nicotine, the light, it all suggests healthier or less harmful." *Id.* at 60:14-21.

86. Mr. Tyrer testified that when he first started smoking it was "a social thing," but that it is no longer that, but is rather "a curse." *Id.* at 73:25-74:6.

87. Mr. Tyrer is "addicted to smoking." *Id.* 57:20-21.

88. Mr. Tyrer continues to smoke today because he "can't quit." *Id.* at 81:12-13.

89. Mr. Tyrer testified that there is "no reason other than habit" why he does not switch to a different brand of cigarettes. *Id.* at 81:14-15.

90. Mr. Tyrer began smoking light cigarettes because of information regarding lower tar and nicotine that he received from a friend, because of advertisements stating that the light cigarettes were lower in tar and nicotine, and because the packs stated that they were lower in tar and nicotine. *Id.* at 87:17-24.

91. Mr. Tyrer testified that, in switching to Marlboro Lights from Marlboro Mediums, he hoped to that he could "wean [himself] off cigarettes, and if there was less tar

14

and nicotine going into [his] system, then the craving would somehow subside." *Id.* at 157:10-16.

92. Defendants have included onserts in some of their Light cigarette packs that state that "[t]here is no such thing as a safe cigarette….If you are concerned about the health effects of smoking, you should quit." Affidavit of Brendan McCormick, submitted in support of Defendant Philip Morris USA Inc.'s Motion For Summary Judgment On Plaintiffs' Claims For Purchases After December 1, 2002 (D.E. #130-7) ¶ 9, Ex. B.

Dated: May 3, 2010                                             Respectfully submitted,

                                                            */s/ Samuel W. Lanham, Jr.*
Samuel W. Lanham, Jr.
**LANHAM BLACKWELL, P.A.**
470 Evergreen Woods
Bangor, ME 04401

Ben Barnow
**BARNOW AND ASSOCIATES, P.C.**
One North LaSalle Street, Suite 4600
Chicago, IL 60602

Don Barrett
**BARRETT LAW OFFICE, P.A.**
404 Court Square
Lexington, MS 39095-0987

Kent Caperton
**BEN BARNES GROUP**
1215 19th Street, NW
Washington, DC 20036

Marian S. Rosen
**MARIAN S. ROSEN**
  **& ASSOCIATES**
5065 Westheimer, Suite 840
Houston, TX 77056

Howard Rubinstein
**LAW OFFICE OF**
**HOWARD WEIL RUBINSTEIN**
P.O. Box 4869
Aspen, CO 81611

Walter Umphrey
**PROVOST UMPHREY**
  **LAW FIRM, LLP**
P.O. Box 4905
Beaumont, TX 77704-4905

Joe R. Whatley, Jr.
**WHATLEY, DRAKE & KALLAS**
1540 Broadway, 37th Floor
New York, NY 1036

John Eddie Williams
**WILLIAMS, KHERKER, HART,**
  **BOUNDAS, LLP**
8441 Gulf Freeway, Suite 600
Houston, TX 77017

*Plaintiffs' Executive Committee*

## CERTIFICATE OF SERVICE

Service of Plaintiffs' Response to Defendant Philip Morris USA, Inc.'s Statement of Material Facts in Support of Defendants' Motion for Summary Judgment on Plaintiffs' Claims for Lack of Causation, and Plaintiffs' Statement of Additional Material Facts has been made through the Court's ECF system on all those registered to receive ECF service.

Date:   May 3, 2010

　　　　　　　　　　　　　　　　 */s/ Samuel W. Lanham, Jr.*
　　　　　　　　　　　　　　　　Samuel W. Lanham, Jr.
　　　　　　　　　　　　　　　　**LANHAM BLACKWELL, P.A.**
　　　　　　　　　　　　　　　　470 Evergreen Woods
　　　　　　　　　　　　　　　　Bangor, ME 04401