# UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| IN RE:  LIGHT CIGARETTES MARKETING SALES PRACTICES LITIGATION | MDL Docket No. 1:09-MD-2068 ALL CASES |

**PHILIP MORRIS USA INC.'S REPLY MEMORANDUM IN SUPPORT OF MOTION FOR JUDGMENT ON THE PLEADINGS ON PLAINTIFFS' UNJUST ENRICHMENT CLAIMS AND OTHER REQUESTS FOR EQUITABLE RELIEF**

## <u>TABLE OF CONTENTS</u>

ARGUMENT ...................................................................................................................1

I.      Under *State Law*, Plaintiffs' Equitable Claims And Relief Are Barred Because Plaintiffs
        Have Adequate Remedies At Law .................................................................................1

II.     *Mirick* Should Be Dismissed On The Additional Ground That There Is No Independent
        Cause Of Action For Unjust Enrichment Under Mississippi Law ....................................6

CONCLUSION...............................................................................................................7

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**CASES**

*Burley v. Dep't of Pub. Welfare*,
    773 A.2d 230 (Pa. Cmwlth. 2001) .................................................................................5

*Caban Hernandez v. Philip Morris USA, Inc.*,
    486 F.3d 1 (1st Cir. 2007)..............................................................................................3

*Chase Manhattan Bank v. Candelaria*,
    90 P.3d 985 (N.M. 2004)...............................................................................................5

*Chauffers, Teamsters & Helpers Local No. 391 v. Terry*,
    494 U.S. 558 (1990) ......................................................................................................3

*City of Hope Nat'l Med. Ctr. v. Superior Court*,
    10 Cal. Rptr. 2d 465 (Cal. Ct. App. 1992).....................................................................7

*Cole v. JMR Chevron USA, Inc.*,
    554 F. Supp. 2d 655 (S.D. Miss. 2007) .........................................................................6

*Coleman v. Conseco, Inc.*,
    238 F. Supp. 2d 804 (S.D. Miss. 2002) .........................................................................6

*Commercial Union Ins. Co. v. Keebler Co.*,
    1990 WL 93324 (N.D. Ill. 1990) ..................................................................................3

*Cruz v. Lawson Software, Inc.*,
    2010 WL 890038 (D. Minn. 2010) ...............................................................................6

*Cummings v. Bean*,
    853 A.2d 221 (Me. 2004) ..............................................................................................5

*Curley v. Allstate Ins. Co.*,
    289 F. Supp. 2d 614 (E.D. Pa. 2003)............................................................................4

*Dastgheib v. Genentech, Inc.*,
    457 F. Supp. 2d 536 (E.D. Pa. 2006)............................................................................4

*Duke v. Browning-Ferris Indus. of Tennessee, Inc.*,
    2006 WL 1491547 (Ten. Ct. App. 2006) ......................................................................5

*Dunn v. Dunn*,
    853 So. 2d 1150 (Miss. 2003).......................................................................................7

*Erie R.R. Co. v. Tompkins*,
    304 U.S. 64 (1938) ....................................................................................................1, 3

*Estate of Johnson v. Adkins*,
  513 So. 2d 922 (Miss. 1987) ............................................................................5, 6

*Flagship West LLC v. Excel Realty Partners*,
  2007 WL 1574967 (E.D. Cal. 2007) ....................................................................3

*Gaidon v. Guardian Life Ins. Co. of Am.*,
  255 A.D.2d 101 (N.Y. App. Div. 1998), *mod. on other grounds*, 725 N.E.2d 598
  (N.Y. 1999) ........................................................................................................ 5-6

*Great-West Life & Annuity Ins. v. Knudson*,
  534 U.S. 204 (2002) ........................................................................................4, 5

*Grisham v. Philip Morris U.S.A., Inc.*,
  151 P.3d 1151 (Cal. 2007) ...................................................................................5

*GTFM, LLC v. TKN Sales, Inc.*,
  257 F.3d 235 (2d Cir. 2001) ................................................................................3

*Hatchell v. Wren*,
  211 S.W.3d 516 (Ark. 2005) ................................................................................5

*In re Potash Antitrust Litig.*,
  667 F. Supp. 2d 907 (N.D. Ill. 2009) ...................................................................6

*Koval v. Koval*,
  576 So.2d 134 (Miss. 1991) .................................................................................7

*Lantz v. Am. Honda Motor Co.*,
  2007 WL 1424614 (N.D. Ill. 2007) ......................................................................4

*Linsky v. NYNEX Corp.*,
  1997 WL 1048597 (N.Y. Sup. Ct. 1997) ..............................................................5

*Ludyjan v. Cont'l Cas. Co.*,
  747 N.W.2d 745 (Wis. Ct. App. 2008) .................................................................5

*Magnolia Fed. Sav. & Loan Ass'n v. Randal Craft Realty Co.*,
  342 So. 2d 1308 (Miss. 1977) ..........................................................................6, 7

*McBride v. Boughton*,
  20 Cal. Rptr. 3d 115 (Cal. Ct. App. 2004) ...........................................................7

*McGuire v. Russell Miller, Inc.*,
  1 F.3d 1306 (2d Cir. 1993) ..................................................................................3

*Nesby v. Country Mut. Ins. Co.*,
  805 N.E.2d 241 (Ill. Ct. App. 2004) .....................................................................5

*Omnibank of Mantee v. United S. Bank,*
    607 So. 2d 76 (Miss. 1992)...................................................................................7

*Parrish v. Nat'l Football League Players Ass'n,*
    534 F. Supp. 2d 1081 (N.D. Cal. 2007)...............................................................4

*Pazarin v. Armes,*
    512 F. Supp. 2d 861 (W.D. Tex. 2007)................................................................3

*Peart v. Dist. of Columbia Hous. Auth.,*
    972 A.2d 810 (D.C. 2009).....................................................................................5

*Seven Hanover Assocs., LLC v. Jones Lang Lasalle Americas, Inc.,*
    2008 WL 464337 (S.D.N.Y. 2008).......................................................................4

*Simler v. Conner,*
    372 U.S. 221 (1963)...........................................................................................2, 3

*State v. Excel Mgmt. Servs., Inc.,*
    331 N.W.2d 312 (Wis. 1983)................................................................................6

*Tillman v. Camelot Music, Inc.,*
    408 F.3d 1300 (10th Cir. 2005)............................................................................4

## OTHER MATERIALS

*Dastgheib v. Genentech, Inc.*, Defendant's Memorandum of Law in Support of Its Motion
    for Judgment of Dismissal or in the Alternative to Strike Plaintiff's Jury Demand on
    the Unjust Enrichment Claim, 2006 WL 3496588................................................4

In its opening memorandum, PM USA established that, under state law, plaintiffs have adequate remedies at law that would bar all equitable claims and remedies. Def. Br. at 4-10. PM USA also established that, under state law, plaintiffs' claims for unjust enrichment, restitution, disgorgement, and injunctive relief are considered equitable. *Id.* Plaintiffs refute none of this. Instead, their opposition is premised on the fiction that *federal law* governs this issue, and thus this Court must analyze "18th century-actions brought in the courts of England" to determine how plaintiffs' claims and remedies would be characterized as legal or equitable at common law. Pls. Opp. at 3. That is wrong. Decades of precedent hold that, under *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938), a court sitting in diversity must apply state substantive law to determine whether a claim or remedy is equitable in nature. State law is thus applicable, and it warrants dismissal of plaintiffs' unjust enrichment claims and equitable remedies.

PM USA further established that the *Mirick* plaintiff's unjust enrichment claim fails for the additional reason that, as four courts have held, Mississippi does not recognize an independent tort claim for unjust enrichment. Again, plaintiffs offer no Mississippi authority refuting these decisions. This Court should grant PM USA judgment on the pleadings.

## ARGUMENT

I.    **Under *State Law*, Plaintiffs' Equitable Claims And Relief Are Barred Because Plaintiffs Have Adequate Remedies At Law**

PM USA's motion is based on a three-step analysis: (1) under the state law of the jurisdictions at issue here, a plaintiff may not seek an equitable claim or remedy where there is an adequate remedy at law, Def. Br. at 4-10; (2) plaintiffs have adequate legal remedies within the meaning of that rule -- claims for damages, including under consumer protection statutes and common law fraud, *id*. at 10-12; and (3) plaintiffs' unjust enrichment claims, as well as their requests for relief such as restitution, disgorgement, and injunctive relief, sound in equity and

therefore fail as a matter of law, *id*. at 4-10.  Plaintiffs do not dispute the first two prongs of PM

USA's argument.  Indeed, they concede that it was proper for the court in *Curtis v. Philip Morris*

*Cos.* (Def. Ex. 2), to dismiss an unjust enrichment-based lights claim due to the existence of

adequate legal remedies because unjust enrichment claims are equitable under the state law at

issue (Minnesota).  Pls. Opp. at 8.

Plaintiffs challenge only the third prong, asserting that unjust enrichment and related

remedies "sound at law, not in equity."  Pls. Opp. at 1.  They do so despite having filed

complaints that seek "*equitable* relief under the causes of action stated herein,"[1] having asserted

that they are "entitled to *equitable* relief,"[2] and having based their unjust enrichment claims on

the allegation that "[i]t would be *inequitable* . . . for defendants to retain these ill-gotten

benefits."[3]

Plaintiffs offer two flawed reasons for attempting to recast these claims and remedies as

legal in nature.  *First*, based on a selective quotation of *Simler v. Conner*, 372 U.S. 221 (1963),

plaintiffs seek to avoid the application of state law altogether, arguing that federal law should

govern the assessment of the character of their state-law claims:  "[w]hen determining whether a

claim sounds at law or in equity in a diversity matter, 'the substantive dimension of the claim

asserted finds its source in state law . . . but the characterization of that state-created claim as

legal or equitable . . . must be made by recourse to federal law.'"  Pls. Opp. at 3 (ellipses added

by plaintiffs).

---

[1]    *E.g.*, *Tang* Compl. Prayer ¶ (j) (emphasis added).

[2]    *Tyrer* FAC ¶ 184 (emphasis added).

[3]    *E.g.*, *Biundo* SAC ¶ 54 (unjust enrichment count) (emphasis added).

But as made clear by the full quotation in that decision -- set forth below with the portion omitted by plaintiffs emphasized -- *Simler* was referring *only* to the procedural question of whether the claim triggers a right to a jury under the Seventh Amendment:

> The substantive dimension of the claim asserted finds its source in state law, [internal citations omitted], but the characterization of that state-created claim as legal or equitable *for purposes of whether a right to jury trial is indicated*, must be made by recourse to federal law.

372 U.S. at 222.  The *Simler* Court reasoned that applying federal law in this unique context was necessary to "achieve[]" the "uniformity" that is "demanded by the Seventh Amendment."  *Id.* At the same time, the Court emphasized that where "the substantive dimension of the claim" is at issue, as it is here, state law applies.  *Id.*  This ruling is consistent with decades of precedent under *Erie* holding that "a federal court sitting in diversity is bound to apply state substantive law."  *Caban Hernandez v. Philip Morris USA, Inc.*, 486 F.3d 1, 11 (1st Cir. 2007); *see also*, *e.g.*, *Pazarin v. Armes*, 512 F. Supp. 2d 861, 864 n.6 (W.D. Tex. 2007) (*Erie* requires application of state law to unjust enrichment claim); *Commercial Union Ins. Co. v. Keebler Co.*, 1990 WL 93324, at *1 (N.D. Ill. 1990) (same).  And courts repeatedly have recognized that *Simler*'s holding has no application beyond the Seventh Amendment context.  *See*, *e.g.*, *McGuire v. Russell Miller, Inc.*, 1 F.3d 1306, 1314 (2d Cir. 1993) ("*Simler v. Conner* stands principally for a rule not at issue in this case -- that federal law controls availability of a jury trial even when state law controls the substance of the case . . . ."); *GTFM, LLC v. TKN Sales, Inc.*, 257 F.3d 235, 240-42 (2d Cir. 2001); *Flagship West LLC v. Excel Realty Partners*, 2007 WL 1574967, at *13-14 (E.D. Cal. 2007).

This motion does not involve the Seventh Amendment.  Plaintiffs' lengthy discussion of the "two-part test" articulated in *Chauffers, Teamsters & Helpers Local No. 391 v. Terry*, 494 U.S. 558 (1990), and whether their claims are "most similar" to an action of *assumpsit* in "18th

Century England" such that there is a right to a jury trial, Pls. Opp. at 3, is thus a red herring. There is no need to engage in this inquiry because substantive state law applies and under state law, these claims and remedies are equitable.[4]

The only case plaintiffs cite that applied federal law to determine whether a state-law unjust enrichment claim is equitable for any purpose besides the Seventh Amendment is *Dastgheib v. Genentech, Inc.*, 457 F. Supp. 2d 536 (E.D. Pa. 2006). This decision simply assumed (erroneously) that federal law applied and the defendant there did not argue that state law applied. *See* Defendant's Memorandum of Law in Support of Its Motion for Judgment of Dismissal or in the Alternative to Strike Plaintiff's Jury Demand on the Unjust Enrichment Claim, 2006 WL 3496588. And notwithstanding plaintiffs' claims that *Dastgheib* is the "leading authority of this topic," Pls. Opp. at 4, they do not -- and cannot -- cite any case that has cited it, let alone relied on it, to apply federal law to determine whether a state law claim is legal or equitable in nature. To the contrary, federal courts sitting in diversity -- including from the same court as *Dastgheib* -- consistently look to state law in determining whether a state-law claim should be dismissed as equitable for purposes of the adequate-remedy-at-law rule.[5]

---

[4]   For the same reason, plaintiffs' reliance on *Great-West Life & Annuity Ins. v. Knudson*, 534 U.S. 204 (2002) (cited in Pls. Opp. at 6), has no bearing here because the court there was addressing whether a claim is considered equitable or legal for purposes of a *federal* statute (ERISA) -- not state substantive law. *Id.* at 205-07.

[5]   *See, e.g., Tillman v. Camelot Music, Inc.*, 408 F.3d 1300, 1309 (10th Cir. 2005) (affirming dismissal of unjust enrichment claim under state law where plaintiff had state statutory remedies available); *Seven Hanover Assocs., LLC v. Jones Lang Lasalle Americas, Inc.*, 2008 WL 464337, at *3 (S.D.N.Y. 2008) ("*Under New York law*, equitable remedies are inappropriate when remedies at law are available under an existing contract" (emphasis added)); *Lantz v. Am. Honda Motor Co.*, 2007 WL 1424614, at *12 (N.D. Ill. 2007) (relying on Illinois authorities in dismissing unjust enrichment claim); *Parrish v. Nat'l Football League Players Ass'n*, 534 F. Supp. 2d 1081, 1100 (N.D. Cal. 2007) (dismissing equitable claim for an accounting under state law where "plaintiffs fail to plead that there is no adequate remedy at law"); *Curley v. Allstate Ins. Co.*, 289 F. Supp. 2d 614, 619 (E.D. Pa. 2003) (dismissing unjust enrichment claim based on state law).

*Second*, although plaintiffs do not dispute that their separate unjust enrichment claims are deemed equitable under state law,[6] they suggest that any *remedies* that would ordinarily be equitable -- such as their requests for restitution or injunctive relief -- become legal in nature to the extent they are independently authorized by a consumer protection or other state statute. Pls. Opp. at 8-9. Plaintiffs cite no authority for this proposition. Their argument is in fact refuted by the very case upon which they so heavily rely, *Great-West*, which concluded that "statutory references" to an equitable remedy "must, absent other indication, be deemed to *contain the limitations upon its availability that equity typically imposes*." 534 U.S. at 211 n.1 (emphasis added). Plaintiffs identify nothing in the statutes at issue here that seeks to abrogate traditional state-law limitations on equitable claims and remedies, including the requirement that plaintiffs must lack an adequate remedy at law. To the contrary, courts repeatedly describe these statutory remedies as "equitable." *See, e.g.*, *Grisham v. Philip Morris U.S.A., Inc.*, 151 P.3d 1151, 1153 n.2 (Cal. 2007) (referring to "disgorgement and other *equitable* remedies" that plaintiffs were asserting under the UCL and FAL claims at issue in *Tyrer* (emphasis added)); *Gaidon v. Guardian Life Ins. Co. of Am.*, 255 A.D.2d 101, 102 (N.Y. App. Div. 1998) (referring to "plaintiffs' claims for *equitable* relief . . . under General Business Law § 349" [at issue in *Tang*

---

[6]     Nor could they. In addition to the authorities cited in PM USA's opening brief, the following authorities confirm that unjust enrichment claims are considered equitable under the relevant state laws. *See, e.g.*, *Hatchell v. Wren*, 211 S.W.3d 516, 521 (Ark. 2005) (referring to the "equitable remedy of unjust enrichment"); *Peart v. Dist. of Columbia Hous. Auth.*, 972 A.2d 810, 814 (D.C. 2009) (unjust enrichment is an "equitable claim"); *Nesby v. Country Mut. Ins. Co.*, 805 N.E.2d 241, 243 (Ill. Ct. App. 2004) ("unjust enrichment is an equitable remedy"); *Cummings v. Bean*, 853 A.2d 221, 224 (Me. 2004) ("the theory of unjust enrichment [] is firmly rooted in equity"); *Estate of Johnson v. Adkins*, 513 So. 2d 922, 926 (Miss. 1987) ("[u]njust enrichment is an equitable remedy"); *Chase Manhattan Bank v. Candelaria*, 90 P.3d 985, 988 (N.M. 2004) (unjust enrichment is an "equitable doctrine"); *Linsky v. NYNEX Corp.*, 1997 WL 1048597, at *2 (N.Y. Sup. Ct. 1997) ("unjust enrichment is an equitable remedy"); *Burley v. Dep't of Pub. Welfare*, 773 A.2d 230, 235 n.14 (Pa. Cmwlth. 2001) ("Unjust enrichment is an equitable doctrine."); *Duke v. Browning-Ferris Indus. of Tennessee, Inc.*, 2006 WL 1491547, at *10 (Ten. Ct. App. 2006) (unjust enrichment is an "equitable remedy"); *Ludyjan v. Cont'l Cas. Co.*, 747 N.W.2d 745, 748 (Wis. Ct. App. 2008) ("Unjust enrichment is an equitable doctrine").

and *Domaingue*] (emphasis added)), *mod. on other grounds*, 725 N.E.2d 598 (N.Y. 1999); *State v. Excel Mgm't. Servs., Inc.,* 331 N.W.2d 312, 315 (Wis. 1983) (noting complaint under Wisconsin statute at issue in *Nikolic* "requested equitable relief.").[7]

## II.     *Mirick* Should Be Dismissed On The Additional Ground That There Is No Independent Cause Of Action For Unjust Enrichment Under Mississippi Law

In addition to being barred under the adequate-remedy-at-law rule, the Mississippi unjust enrichment claim fails for an independent reason:  four different federal judges have found that "[u]nder Mississippi law, unjust enrichment is not an independent theory of recovery."  *Cole v. JMR Chevron USA, Inc.*, 554 F. Supp. 2d 655, 671 (S.D. Miss. 2007); *see also Coleman v. Conseco, Inc.*, 238 F. Supp. 2d 804, 813 (S.D. Miss. 2002) (partially abrogated on other grounds); *In re Potash Antitrust Litig.*, 667 F. Supp. 2d 907, 948 (N.D. Ill. 2009); *Cruz v. Lawson Software, Inc.*, 2010 WL 890038, at *6 (D. Minn. 2010).  These decisions are consistent with the Mississippi Supreme Court's description of unjust enrichment as a form of "remedy" in *Estate of Johnson v. Adkins*, 513 So. 2d 922, 926 (Miss. 1987).

In response, plaintiffs cite to three Mississippi Supreme Court decisions, all of which predate and were available to the *Cole*, *Potash*, and *Cruz* courts.  None addresses whether unjust enrichment is an independent theory of recovery in the context here.  Instead, in each, the plaintiff had asserted other claims, and the court merely noted that the plaintiff was entitled to recover for the amount to which the defendant was unjustly enriched.  *See Magnolia Fed. Sav. & Loan Ass'n v. Randal Craft Realty Co.* 342 So. 2d 1308, 1311 (Miss. 1977) (real estate dispute

---

[7]     Plaintiffs assert that the mere inclusion of the California Consumer Legal Remedies Act ("CLRA") in PM USA's chart at Def. Br. Ex. A is an "admission" that all remedies asserted under that statute "sound at law."  Pls. Opp. at 9.  It is no such thing and, as with equitable remedies sought under the other state consumer protection statutes, to the extent plaintiffs seek restitution, injunctive relief, or disgorgement under that statute, those remedies fail because plaintiffs have adequate remedies at law.

for constructive contract claim); *Koval v. Koval*, 576 So.2d 134, 135 (Miss. 1991) (plaintiffs

sought "enforcement of an oral contract to convey real property" or "an equitable lien" and the

court ordered monetary recovery because plaintiffs had made improvements to the property);

*Dunn v. Dunn*, 853 So. 2d 1150, 1151 (Miss. 2003) (underlying action involved reformation of a

real estate deed).[8]  If the decisions cited by plaintiffs are relevant at all, it is because they

recognized that the unjust enrichment remedy is "equitable."  *Magnolia*, 342 So. 2d at 1312

("quasi or constructive contract rests on the equitable principle"); *Koval*, 576 So.2d 134 ("unjust

enrichment is that to which the claimant is equitably entitled"); *Dunn*, 853 So. 2d at 1153 ("The

equitable principle of unjust enrichment clearly applies to the facts at hand.").

## CONCLUSION

For these reasons, this Court should grant PM USA judgment on the pleadings.


DATED: June 17, 2010                         Respectfully submitted,



                                           __/s/H. Peter Del Bianco, Jr._
                                           H. Peter Del Bianco, Jr.
                                           LAMBERT COFFIN
                                           P.O. Box 15215
                                           477 Congress Street
                                           Portland, Maine 04112-5215
                                           (207) 874-4000

---

[8]     Plaintiffs also cite *Omnibank of Mantee v. United S. Bank*, 607 So. 2d 76, 92 n.11 (Miss. 1992), for the proposition that the Mississippi Supreme Court has cited the Restatement of Restitution.  *See* Pl. Opp. at 11.  That, however, is hardly tantamount to adopting unjust enrichment as an independent cause of action.  California courts, for example, hold that "unjust enrichment is not a cause of action or even a remedy, but rather a general principle underlying various legal doctrines and remedies," yet cite to the Restatement of Restitution.  *City of Hope Nat'l Med. Ctr. v. Superior Court*, 10 Cal. Rptr. 2d 465, 468 (Cal. Ct. App. 1992); *see also McBride v. Boughton*, 20 Cal. Rptr. 3d 115, 121 (Cal. Ct. App. 2004).

Philip H. Curtis
Nancy G. Milburn
ARNOLD & PORTER LLP
399 Park Avenue
New York, NY 10022
(212) 715-1000

Judith Bernstein-Gaeta
James M. Rosenthal
ARNOLD & PORTER LLP
555 12th Street, N.W.
Washington, D.C. 20004
(202) 942-5000

John H. Beisner
SKADDEN, ARPS, SLATE, MEAGHER
& FLOM & AFFILIATES
1440 New York Avenue, N.W.
Washington, D.C. 20005
(203) 371-7000

Counsel to Defendant Philip Morris USA Inc.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 17, 2010, I electronically filed the foregoing Reply Memorandum in Support of Motion for Judgment on the Pleadings with the Clerk of the Court using the EM/ECF system which will send notification of such filing to all counsel of record registered with the ECF system.

/s/ H. Peter Del Bianco, Jr.
H. Peter Del Bianco, Jr., Esq.
LAMBERT COFFIN
P.O. Box 15215
477 Congress Street
Portland, Maine 04101
Telephone: (207) 874-4000
pdelbianco@lambertcoffin.com