


July 13, 2010                                                           H. Peter Del Bianco, Jr.
                                                                        pdelbianco@lambertcoffin.com


Honorable John A. Woodcock, Jr.
Chief U.S. District Judge
U.S. District Court for the District of Maine
202 Harlow Street
P.O. Box 1007
Bangor, ME 04402-1007

      Re:   *In re: Light Cigarettes Marketing Sales Practices Litigation*, MDL Docket No. 1-09-2068 (D. Me.)

Dear Judge Woodcock:

Defendant Philip Morris USA Inc. ("PM USA") respectfully submits the attached decisions as supplemental authority in support of Defendants' Opposition to Plaintiffs' Motion for Class Certification ("Defendants' Opposition"):

- *Cleary v. Philip Morris USA Inc.*, **No. 09 C 1596, 2010 WL 2555640 (N.D. Ill. June 22, 2010).** As discussed in defendants' opposition, the court in *Cleary* rejected class certification of an Illinois unjust enrichment-based lights claim. *See* Defs.' Opp. at 2 n.3, 39, 50, 65 n.55. Since defendants filed their opposition, the court in *Cleary* dismissed plaintiffs' unjust enrichment claim for failure to plead a cognizable injury and causation. *See* 2010 WL 2555640, at *6.

- *Rule v. Fort Dodge Animal Health, Inc.*, **607 F.3d 250 (1st Cir. 2010).** As discussed in defendants' opposition, the district court in *Rule v. Fort Dodge Animal Health, Inc.*, 604 F. Supp. 2d 288, 302 (D. Mass. 2009), held that Massachusetts law requires a showing of economic loss in order to recover under that state's consumer protection statute. *See* Defs.' Opp. at 38. The First Circuit has now affirmed the district court's conclusion. *See* 607 F.3d at 253-55.

- *Aryeh v. Canon Business Solutions, Inc.*, **-- Cal. Rptr. 3d --, 2010 WL 2491415 (Cal. Ct. App. June 22, 2010).** *Aryeh* holds that for purposes of the UCL, "[w]hen the allegations regarding a defendant's conduct covers a period of time, the cause of action accrues at the time of the initial conduct." *Id*. at *4. It thus supports defendants'

Honorable John A. Woodcock, Jr.
July 13, 2010
Page 2

argument that plaintiffs cannot avoid the individual issues inherent in the statute of limitations by restricting the class period to the limitations period.  *See* Defs.' Opp. at 62-64.

Also submitted is *Shaw v. Marriott Int'l, Inc.*, 605 F.3d 1039 (D.C. Cir. May 28, 2010). *Shaw* suggests in *dicta* that the mere exposure to a deceptive act may be sufficient for Article III standing in claims brought under the D.C. consumer protection statute.  *Id*. at 1042 (internal citation omitted).  PM USA submits that this non-binding *dicta* is inconsistent with the D.C. Circuit's own prior authority as well as governing First Circuit decisions and would erroneously eviscerate Article III's standing requirements.  *See*, *e.g.*, *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 578 (1992) (Scalia, J., plurality opinion) ("Statutory broadening of the categories of injury that may be alleged in support of standing is a different matter from abandoning the requirement that the party seeking review must himself have suffered an injury.") (internal citations and quotations omitted); *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 6-7 (1st Cir. 2007) (plaintiffs established standing where they alleged "an actual economic loss" as opposed to mere exposure to deceptive statements); *Fund Democracy, LLC v. S.E.C.*, 278 F.3d 21, 27-28 (D.C. Cir. 2002) ("deprivation of [statutorily-created] right does not alone confer Article III standing"); *Doe v. National Bd. of Med. Examiners*, 199 F.3d 146, 153 (3d Cir. 1999) ("The proper analysis of standing focuses on whether the plaintiff suffered an actual injury, not on whether a statute was violated.").

Very Truly Yours,

/s/ H. Peter Del Bianco, Jr.

H. Peter Del Bianco, Jr.

Enclosures

Cc:   ECF service list