Slip Copy, 2010 WL 2555640 (N.D.Ill.)
**(Cite as: 2010 WL 2555640 (N.D.Ill.))**

Only the Westlaw citation is currently available.

United States District Court,
N.D. Illinois,
Eastern Division.
Brian CLEARY and Ines Taylor, individually and on behalf of all others similarly situated, Plaintiffs,
v.
PHILIP MORRIS USA, Inc., et al., Defendants.
**No. 09 C 1596.**

June 22, 2010.

Claire Eileen Gorman, Michael H. Moirano, Nisen & Elliott, Jennifer Lynne Doherty, Arthur W. Aufmann, Edward T. Joyce, Edward T. Joyce & Associates P.C., William J. Harte, William J. Harte, Ltd., Chicago, IL, for Plaintiffs.

Dan K. Webb, George Carter Lombardi, Jeffrey Mark Wagner, Kevin Anthony Banasik, Thomas James Frederick, Winston & Strawn LLP, Victoria L. Holland, Jones Day, James A. Morsch, John S. Ganz, Butler, Rubin, Saltarelli & Boyd LLP, Paul Alexis del Aguila, Ruth A. Bahe-Jachna, Greenberg Traurig, LLP, Blake T. Hannafan, Kurt D. Hadley, Michael T. Hannafan, Hannafan & Hannafan, Ltd., Chicago, IL, Mark Allen BelasicJones Day, Cleveland, OH, Gregory K. Wu, Holly Pauling Smith, John K. Sherk, III, Lindsey K. Heinz, Shook, Hardy & Bacon LLP, Kansas City, MO, Joseph G. Falcone, Chadbourne & Parke LLP, New York, NY, Larry E. Hepler, Hepler Broom LLC, Edwardsville, IL, for Defendants.

*MEMORANDUM OPINION AND ORDER*

MATTHEW F. KENNELLY, District Judge.

*1 The plaintiffs in this case, representing a putative class, have sued several tobacco companies and tobacco-related entities. They filed the case in state court in 1998. Defendant Lorillard Tobacco Co. removed it to this Court after plaintiffs filed a third amended complaint on March 3, 2009. The Court granted defendant's motion for summary judgment on several claims contained in the third amended complaint on February 1, 2010. On April 18, 2010, plaintiffs moved for leave to file a fourth amended complaint, a motion the Court granted on April 22, 2010. Defendants have moved to dismiss the fourth amended complaint, and for the reasons stated below, the Court grants the motion.

**Background**

Brian Cleary and Rita Burke filed this case in state court on behalf of several putative classes in 1998. They filed a third amended complaint on March 3, 2009, at which point defendant Lorillard Tobacco Co. removed it to this Court.

In their third amended complaint, plaintiffs asserted three claims on behalf of three putative classes. In all three claims, plaintiffs sought recovery on a theory of unjust enrichment. The first claim was a claim that defendants conspired to conceal facts about the addictive nature of nicotine (the "addiction" claim). The second claim was a claim that defendants improperly targeted their advertising and marketing to minors (the "youth marketing" claim). The third claim was a claim that defendants deceptively marketed their "low tar," "light," and "ultra light" cigarettes as being safer than regular cigarettes, knowing that proposition to be false (the "light cigarettes" claim). On the latter claim, the Court granted judgment on the pleadings in favor of defendants on all brands other than Marlboro Lights, which is produced by Philip Morris. The claim as it related to Marlboro Lights survived that ruling. *See Cleary v. Philip Morris USA, Inc.,* 683 F.Supp.2d 730 (N.D.Ill.2010).

Defendants then moved for summary judgment on the youth marketing claim on the ground that the

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2010 WL 2555640 (N.D.Ill.)
**(Cite as: 2010 WL 2555640 (N.D.Ill.))**

claim was time-barred. The Court concluded that Burke's and Cleary's youth marketing claims were barred by the statute of limitations and granted summary judgment for defendants on that claim. *See* Cleary v. Philip Morris USA, Inc., No. 09 C 1596, 2010 WL 431670 (N.D.Ill. Feb.1, 2010).

Defendants also moved for summary judgment against plaintiff Burke on all claims, arguing that she had failed to allege that she was injured as a result of the defendants' actions. The Court granted the motion as to the claims remaining against Burke. *See id.* Because Burke was the only plaintiff named in the addiction claim, the Court dismissed that claim and gave plaintiffs leave to refile it if they could identify an appropriate plaintiff. *See id.* Defendants did not move for summary judgment as to Cleary's Marlboro Lights claim, so that claim remained.

On April 18, 2010, plaintiffs moved for leave to file a fourth amended complaint, a motion the Court granted. The fourth amended complaint contains refashioned versions of the plaintiffs' addiction and Marlboro Lights claims.

**\*2** In count 1 of the fourth amended complaint, plaintiffs reassert the addiction claim that they included in the third amended complaint. On that claim, plaintiffs have identified a new named plaintiff, Ines Taylor, who brings the claim on behalf of a putative class ("class A") identified as including "[a]ll Illinois residents who, between December 14, 1953 (the date the conspiracy began) and July 27, 1965 (the effective date of the federal labeling act) purchased and/or consumed in Illinois tobacco products manufactured by the [defendants]." Fourth Amended Complaint ("FAC") ¶ 202. This class definition is identical to the one that plaintiffs offered in the third amended complaint.

In count 1, plaintiffs allege that Taylor, who was a smoker during the relevant period and continues to smoke today, was "subjected to Defendants' knowing and intentional concealment regarding the addictive nature of nicotine" and that "[defendants have reaped billions of dollars in revenue generated as a result of the sale of their tobacco products in the manner described above." *Id.* ¶¶ 212 & 214. Plaintiffs contend that they "had a legal right to know the true nature and hazards of defendants' tobacco products, including the addictive and dangerous nature of these products." *Id.* ¶ 218. They say that "[d]efendants ... had an affirmative duty under Illinois law to disclose to the plaintiffs, and every member of Class A, the full truth about the nature and effect of their products," and they contend defendants breached that duty by intentionally exposing plaintiffs to adverse health affects without full information about the risks. *Id.* ¶¶ 215 & 219. As a result, plaintiffs contend, defendants were unjustly enriched. *Id.* ¶ 226.

In count 2 of the fourth amended complaint, plaintiffs reassert their light cigarettes claim. The claim is almost identical to the light cigarettes claim in the third amended complaint, though it is now limited to Marlboro Lights and Philip Morris, due to the Court's earlier ruling. Count 2 is based on a proposition similar to that underlying count 1: plaintiffs assert that defendants had an affirmative duty to disclose the true nature of light cigarettes, which they breached to plaintiffs' detriment, resulting in unjust enrichment to Philip Morris.

Defendants have moved to dismiss the fourth amended complaint. They argue that it fails to allege that plaintiffs suffered harm as a result of defendants' actions and that as a result plaintiffs have failed to state a valid claim of unjust enrichment. They contend that the Court has already determined, in its ruling on the third amended complaint, that allegations substantially the same as those in the fourth amended complaint are insufficient, and that there is no reason to change that analysis. Plaintiffs argue that the fourth amended complaint adequately alleges that defendants acted to plaintiffs' detriment and that the Court's prior decisions do not preclude the claims in the fourth amended complaint.

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2010 WL 2555640 (N.D.Ill.)
**(Cite as: 2010 WL 2555640 (N.D.Ill.))**

### Discussion

**\*3** When considering a motion to dismiss a complaint, the Court accepts the facts alleged in the complaint as true and draws reasonable inferences in favor of the plaintiff. *Newell Operating Co. v. Int'l Union of United Auto., Aerospace, and Agr. Implement Workers of Am.,* 532 F.3d 583, 587 (7th Cir.2008). Though Federal Rule of Civil Procedure 8(a)(2) does not require a complaint to include detailed factual allegations, a plaintiff's statement of the claim must be sufficient to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citing *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, taken as true, to "state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* --- U.S. ----, ----, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009). If a plaintiff is "armed with nothing more than conclusions," he is not entitled to discovery to attempt to discover facts that might support a purely speculative claim. *Id.* The Supreme Court has made it clear, however, that "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that a recovery is very remote and unlikely ." *Twombly,* 550 U.S. at 555.

### A. Alleged shortcomings in fourth amended complaint

The defendants argue that the fourth amended complaint fails to allege that plaintiffs were harmed in any way as a result of defendants' wrongful conduct. Therefore, defendants argue, plaintiffs have failed to state a claim, and the fourth amended complaint should be dismissed.

In support, defendants cite the Court's ruling on the motion for summary judgment defendants filed regarding the third amended complaint. In that ruling, the Court granted summary judgment as to named plaintiff Burke because she had failed to identify any harm that she suffered as a result of defendants' conduct. With regard to Burke's claim about defendants' alleged concealment of the addictive nature of nicotine, the Court found that "mere allegations that the defendants concealed the addictive nature of nicotine, without some accompanying allegation that the deception resulted in some detriment to Burke, is insufficient to enable her to sue for unjust enrichment." *Cleary,* 2010 WL 431670, at \*4. With regard to Burke's claim about light cigarettes, the Court found that "Burke [did] not allege that she ever smoked Marlboro Lights, much less that she did so because she relied on defendants' false claims that they were safer than regular cigarettes." *Id.* at \*5.

Defendants argue that the same conclusion is compelled here. They assert that plaintiffs "still fail to allege that they became addicted or that they would not have purchased or used the defendants' products but for the defendants' alleged fraud." Defs.' Mem. in Support of Mot. to Dismiss at 5. They argue that "since this new Complaint rests upon the same flawed premise as the last one, it should be dismissed with prejudice." *Id.* at 6.

**\*4** In their response to defendant's motion to dismiss, plaintiffs reassert the same arguments they made in opposition to the motion for summary judgment. Plaintiffs acknowledge that a claim of unjust enrichment requires an allegation of a detriment to the plaintiff. They contend, however, that the requirement of a detriment does not require a showing of "actual loss." Pls.' Mem. in Opp. to Mot. to Dismiss at 2. They argue that "the purchase and/or smoking of cigarettes where defendants not only failed to disclose the inherent and extreme health risks associated with cigarettes, but also where the defendants flooded the market with mis-

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

information about those risks was 'detrimental' to smokers." *Id.* at 2-3. They make the same argument with regard to Marlboro Lights, contending that "it was certainly a 'detriment' to a Marlboro Light smoker to be subjected to misleading and false comments about the risks involved in smoking these cigarettes." *Id.* at 3. These allegations, plaintiffs argue, are sufficient to state a claim for unjust enrichment under Illinois law.

**B. Unjust enrichment under Illinois law**

To state a claim for unjust enrichment under Illinois law, a plaintiff must allege that the defendant retained a benefit to the plaintiff's detriment and that the retention of that benefit violates fundamental principles of justice, equity, and good conscience. *HPI Health Care Servs., Inc. v. Mt. Vernon Hosp., Inc.,* 131 Ill.2d 145, 160, 137 Ill.Dec. 19, 545 N.E.2d 672, 679 (1989). In Illinois, "unjust enrichment is not a separate cause of action that, standing alone, will justify an action for recovery." *Martis v. Grinnel Mut. Reinsurance Co.,* 388 Ill.App.3d 1017, 1024, 329 Ill.Dec. 82, 905 N.E.2d 920, 928 (2009). "Rather, it is a condition that may be brought about by unlawful or improper conduct as defined by law, such as fraud, duress, or undue influence, and may be redressed by a cause of action based upon that improper conduct." *Alliance Acceptance Co. v. Yale Ins. Agency,* 271 Ill.App.3d 483, 492, 208 Ill.Dec. 49, 648 N.E.2d 971, 977 (1995). The underlying claim may be one for damages or restitution, but "[w]hen an underlying claim ... is deficient, a claim for unjust enrichment should also be dismissed." *Martis,* 388 Ill.App.3d at 1024, 329 Ill.Dec. 82, 905 N.E.2d at 928. In short, "for a cause of action for unjust enrichment to exist, there must be some independent basis which establishes a duty on the part of the defendant to act and the defendant must have failed to abide by that duty." *Lewis v. Lead Indus. Ass'n, Inc.,* 342 Ill.App.3d 95, 105, 276 Ill.Dec. 110, 793 N.E.2d 869, 877 (2003).

Though plaintiffs doubtless are correct that it was "detrimental" to smokers to purchase and consume products that are now known to be hazardous to health, that alone does not satisfy the "detriment" requirement in the legal sense. As plaintiffs acknowledge in their brief, they must allege that they suffered "illegal invasion of a legal right, even if such breach or invasion does not result in a loss for which damages may be awarded." FN1 Pls.' Mem. in Opp. to Mot. to Dismiss at 7.

> FN1. Plaintiffs spend a substantial portion of their brief discussing (as they did before) the differences between restitution and damages. They argue that a claim of unjust enrichment does not require a plaintiff to be injured in such a way that he can recover for damages, and they cite several cases where plaintiffs have succeeded in unjust enrichment claims without having suffered actual damages in the legal sense. Though correct, this does not change the requirement that there be an underlying harm (be it one that sounds in tort or one that sounds in restitution) to a plaintiff before he can sue for unjust enrichment.

**\*5** Plaintiffs allege that under Illinois law, defendants had a duty to disclose the true nature and risks of cigarettes, and plaintiffs had the legal right to know and be fully informed about the hazards associated with smoking cigarettes. FAC ¶¶ 215-17, 236-40. They allege that defendants intentionally concealed both the addictive nature of nicotine and the hazards of Marlboro Lights, in violation of the claimed duty to disclose. *Id.*

Citing the Court's ruling on the motion for summary judgment, defendants argue that the fourth amended complaint is insufficient because the plaintiffs have failed to allege that they became addicted, suffered injury, or purchased the defendants' products because of the alleged fraud. It is true that in its prior decision the Court suggested that plaintiffs could meet the detriment requirement for a claim of unjust enrichment if they alleged they had become addicted or would not have purchased or used the defendants' products absent the alleged

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.

fraud. These examples the Court provided in its prior decision were not intended, however, to provide an exhaustive list of the type of detriment needed to sustain a claim of unjust enrichment. The Court therefore turns to the language of the fourth amended complaint to evaluate the detriment plaintiffs allege and whether it is sufficient to support a claim of unjust enrichment.

The fourth amended complaint alleges that plaintiffs were deprived of "their legal right to know and to be fully apprised of the true nature and extent of the hazards" of cigarettes, FAC ¶¶ 219 & 240, and were "intentionally [exposed] to [heightened] adverse effects on their health" when defendants sold them addictive and hazardous products without fully informing them of the risk of addiction and health risks of smoking. *Id.* ¶ 219, 276 Ill.Dec. 110, 793 N.E.2d 869. These alleged detriments stem from what plaintiffs characterize as defendants' duty to disclose the health risks associated with cigarettes, and conversely, plaintiffs' legal right to be informed of those risks. Plaintiffs have not, however, identified any Illinois authority tending to establish that defendants had such a duty to disclose or plaintiffs had a legal right to be informed of the dangers of cigarettes.

In support of their claim, plaintiffs cite *Stella v. LVMH Perfumes & Cosmetics USA, Inc.,* 564 F.Supp.2d 833 (N.D.Ill.2008). In *Stella,* Judge Elaine Bucklo denied a motion to dismiss a complaint that arose out of allegedly dangerous levels of lead in a lipstick. The plaintiff alleged that the defendant had failed to disclose the dangerous lead levels contained in the lipstick, and the complaint included an unjust enrichment claim. Judge Bucklo denied the motion to dismiss the unjust enrichment claim, concluding that "the complaint sufficiently states a claim in light of allegations that the lipstick contained dangerous levels of lead and was unfit for its intended purposes and that it was inequitable for [defendant] to retain the funds it received as a consequence of the sale of the lipstick." *Id.* at 838. Plaintiffs argue that this supports their view that an unjust enrichment claim can proceed against the defendants in this case because it would be similarly unjust to allow defendants to retain the funds they made from the sale of cigarettes when they failed to adequately disclose the risks cigarettes pose.

**\*6** The plaintiff in *Stella,* however, expressly alleged elsewhere in her complaint that she would not have purchased the lipstick had she known about the dangerous levels of lead. That allegation was a key component of other claims contained in the complaint, including a claim under the Illinois Consumer Fraud and Deceptive Business Practices Act (ICFA) for failure to disclose the risk posed by the lipstick, and a claim for breach of implied warranty on the ground that the lipstick was not fit for its intended purpose. Both the ICFA claim and the breach of warranty claim survived the motion to dismiss, providing the underlying claim necessary for plaintiff's unjust enrichment claim to proceed. See *Alliance Acceptance Co.,* 271 Ill.App.3d at 492, 208 Ill.Dec. 49, 648 N.E.2d at 977. Judge Bucklo acknowledged as much when she referenced the underlying breach of warranty claim in her ruling on the unjust enrichment claim, saying the fact that the lipstick "was unfit for its intended purposes" was sufficient to allow the unjust enrichment claim to proceed. *Stella,* 564 F.Supp.2d at 838.

By contrast, the plaintiffs in this case have not alleged that they would not have purchased the cigarettes had they known of the risks they presented, nor have they alleged that the cigarettes they purchased were unfit for their intended purposes. And the fourth amended complaint contains no underlying ICFA, breach of warranty, or other claim that includes an allegation of actual injury or harm to plaintiffs. The fourth amended complaint contains dozens of pages of factual allegations about the ways defendants concealed and failed to disclose the truth, but it does not connect those allegations to any detriment caused by that alleged wrongdoing. To put it another way, even if defendants had a duty to disclose the dangers of smoking (a matter the Court need not determine), the complaint fails

Slip Copy, 2010 WL 2555640 (N.D.Ill.)
**(Cite as: 2010 WL 2555640 (N.D.Ill.))**

to allege that plaintiffs would have acted any differently had they been fully informed. One can certainly assume that it was to the plaintiffs' detriment to smoke cigarettes in the first place, just as it was to defendants' benefit to profit off the sale of cigarettes. Without some allegation of a connection between the acts of concealment and plaintiffs' smoking behavior, however, the complaint fails to allege the basis for a claim of unjust enrichment under Illinois law.

For these reasons, the Court concludes that plaintiffs have failed to state a claim for unjust enrichment under Illinois law. The Court therefore grants defendants' motion to dismiss the fourth amended complaint. Because plaintiffs have had multiple opportunities to assert viable unjust enrichment claims but have failed to do so, the Court determines that it is now appropriate to enter judgment against them.

## Conclusion

For the foregoing reasons, the Court grants the motion to dismiss the fourth amended complaint (docket no. 224). The Clerk is directed to enter judgment in favor of the defendants on all of the plaintiffs' claims.

N.D.Ill.,2010.
Cleary v. Philip Morris USA, Inc.
Slip Copy, 2010 WL 2555640 (N.D.Ill.)

END OF DOCUMENT

© 2010 Thomson Reuters. No Claim to Orig. US Gov. Works.