UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| IN RE: LIGHT CIGARETTES ) | MDL DOCKET NO. 1-09-MD-2068 |
| MARKETING SALES PRACTICES ) | ALL CASES |
| LITIGATION ) | |

**ORDER ON PHILIP MORRIS USA INC.' MOTION FOR JUDGMENT ON THE PLEADINGS ON PLAINTIFFS' UNJUST ENRICHMENT CLAIMS AND OTHER REQUESTS FOR EQUITABLE RELIEF**

In this multi-district litigation, Philip Morris USA Inc. (PM) moves for judgment on the pleadings against the Plaintiffs' unjust enrichment claims on the ground that unjust enrichment sounds in equity and the Plaintiffs have adequate remedies at law, and as regards the Mississippi claim, PM says it is entitled to judgment because the state of Mississippi does not recognize a stand-alone cause of action for unjust enrichment. The Court denies PM's primary motion because it is premature and its Mississippi motion because it is wrong.

**I. STATEMENT OF FACTS**

On March 29, 2010, Philip Morris (PM) moved for judgment on the pleadings on the Plaintiffs' claims for unjust enrichment and requests for restitution, disgorgement, and injunctions, contending that they are barred because the Plaintiffs have adequate remedies at law. *PM's Mot. for J. on the Pleadings on Plaintiffs' Unjust Enrichment Claims and Other Requests for Equitable Relief* (Docket # 185) (*PM's Mot.*).[1] PM separately seeks judgment on the pleadings on *Mirick*, a Mississippi case that asserts a single count of unjust enrichment, arguing

---

[1] PM seeks dismissal of the three cases that assert only unjust enrichment counts and no claims at law: *Corse*, *Haubrich*, and *Mirick*. *PM's Mot.* at 1 n.1. PM seeks partial judgment on the pleadings on the ten cases in which the Plaintiffs plead claims at law and unjust enrichment: *Biundo*, *Domaingue*, *Good*, *Mulford*, *Nikolic*, *Parsons*, *Slater*, *Tang*, *Tyrer*, and *Williams*. *Id*.

that Mississippi does not recognize unjust enrichment as an independent cause of action. *Id.* On May 3, 2010, the Plaintiffs' responded. *Plaintiffs' Opp'n to PM's Mot. for J. on the Pleadings on Plaintiffs' Unjust Enrichment Claims and Other Requests for Equitable Relief* (Docket # 205) (*Pls.' Resp.*). PM replied on June 17, 2010. *PM's Reply in Support of Mot. for J. on the Pleadings on Plaintiffs' Unjust Enrichment Claims and Other Requests for Equitable Relief* (Docket # 220) (*PM's Reply*). The Court held oral argument on July 21, 2010.

## II. DISCUSSION

### A. Judgment on the Pleadings

A party may move for judgment on the pleadings "[a]fter the pleadings are closed—but early enough not to delay trial." Fed. R. Civ. P. 12(c).[2] "The standard for evaluating a Rule 12(c) motion for judgment on the pleadings is essentially the same as that for deciding a Rule 12(b)(6) motion." *Pasdon v. City of Peabody*, 417 F.3d 225, 226 (1st Cir. 2005). Courts must accept "all of the nonmovant's well-pleaded factual averments as true, and draw all reasonable inferences in his favor." *Id.* (quoting *Rivera-Gomiz v. de Castro*, 843 F.2d 631, 635 (1st Cir. 1988)). To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, ___U.S.___, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

---

[2] The Court, sitting in diversity, "look[s] to federal law to deduce the standards for deciding [motions for judgment on the pleadings]." *Gulf Coast Bank & Trust Co. v. Reder*, 355 F.3d 35, 38 n.1 (1st Cir. 2004).

### B. Unjust Enrichment, Restitution, Disgorgement, and Injunctions

#### 1. The Parties' Positions

##### a. PM

PM makes a three-part argument for why the Plaintiffs can neither assert unjust enrichment claims nor seek restitution, disgorgement, and injunctive relief. *PM's Reply* at 1. First, PM argues that under the state law of the jurisdictions at issue, equitable claims and remedies are "barred where Plaintiffs have adequate remedies at law." *PM's Mot.* at 4-10 (citing cases from all 11 jurisdictions). PM contends this limitation on equitable relief is necessary to "prevent the circumvention of an applicable legal claim through the use of a more general unjust enrichment claim." *Id.* (quoting *Wahlcometroflex, Inc. v. Baldwin*, 2010 ME 26, ¶ 21, ___A.2d___ ).

Second, PM contends this bar applies to the Plaintiffs because their "own pleadings reflect that they have adequate remedies at law." *Id.* at 10 (pointing to the Plaintiffs' request for "*both* equitable relief *and* claims at law for damages under state consumer protection statutes"). At oral argument, PM pressed how the Plaintiffs had "not identified anything that makes the remedy [at law] incomplete." *Tr.* 23:9-10 (Docket # 231). Although the Plaintiffs have given "an amorphous statement that they didn't like recent Maine decisions [interpreting the Maine consumer protection statute]," PM contends that the adequacy of legal remedies turns on their existence, *id.* 23:7-9; mere lack of success is not "a basis for equitable intervention." *PM's Mot.* at 10 (quoting *Zeigler v. Zeigler*, 530 A.2d 445, 448 (Pa.

3

Super. Ct. 1987)).  Similarly, PM argues that the failure of some of the Plaintiffs to assert legal remedies does not render the remedies inadequate, only unasserted: for the three cases that assert only unjust enrichment, PM says the Court must assess the adequacy of the legal remedies the Plaintiffs could have brought.  *Id.* at 11.

Third, PM argues that under state law, the Plaintiffs' claims for relief "are considered equitable."  *PM's Reply* at 5 n.6 (citing cases that "confirm that unjust enrichment claims are considered equitable under the relevant state laws").  PM contends that federal, not state law governs because whether a claimant may bring an unjust enrichment claim is a matter of substantive law.  *Id.* at 3 (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938) for proposition that federal courts sitting in diversity apply state substantive law).  Although acknowledging that *Simler v. Conner*, 372 U.S. 221 (1963) held that federal law determines whether an action is legal or equitable for purposes of deciding jury trial rights, PM argues that this exception is limited to the Seventh Amendment context.  *Id.* (stating that *Simler* is only applicable when deciding "*whether a right to jury trial is indicated*") (quoting *Simler*, 372 U.S. at 222) (emphasis added by PM).  PM states that the United States District Court erred in *Dastgheib v. Genentech, Inc.*, 457 F. Supp. 2d 536, 542 (E.D. Pa. 2006) when it applied *Simler* to a motion to dismiss a claim of unjust enrichment.  *Id.* at 4.  Finally, PM rejects the Plaintiffs' argument that equitable remedies become legal in nature when authorized by state statute.  *Id.* at 5.  PM argues that not only have the Plaintiffs failed to support their theory with case law but cases "repeatedly describe these statutory remedies as 'equitable.'"  *Id.* (citing,

4

for example, *Grisham v. Philip Morris U.S.A., Inc.*, 151 P.3d 1151, 1153 n.2 (Cal. 2007)).

In support of its conclusion, PM relies heavily on *Curtis v. Philip Morris Cos., Inc.*, No-27-CV-01-18042 (Minn. Dist. Ct. Dec. 4, 2009) (order granting motion for judgment on the pleadings), in which a state court granted a similar motion by PM and dismissed the smokers' claim for unjust enrichment. *PM's Mot.* at 3. As in *Curtis*, PM concludes that the "state laws at issue preclude equitable relief" because the "plaintiffs have an adequate remedy at law." *Id.* at 4.

### b. The Plaintiffs

The Plaintiffs disagree with PM's premise: that unjust enrichment claims and requests for restitution, disgorgement, and injunctive relief sound in equity, not at law. *Pls.' Resp.* at 3. Although recognizing that "the substantive dimension of the claim asserted finds its source in state law," the Plaintiffs contend that the characterization of the unjust enrichment claim as legal or equitable "must be made by recourse to federal law." *Id.* at 3 (quoting *Simler*, 372 U.S. at 222). The Plaintiffs apply the two-part test used by federal courts to determine if a claim is equitable or legal. *Id.* (citing *Chauffeurs, Teamsters & Helpers, Local No. 391 v. Terry* (*Chauffeurs, Teamsters & Helpers*), 494 U.S. 558, 565 (1990)). First, they compare the action at issue "to 18th-century actions brought in the courts of England prior to the merger of the court of law and equity," *id.* (quoting *Chauffeurs, Teamsters & Helpers*, 494 U.S. at 565), and conclude that their "unjust enrichment claims are most closely tied to the action of *assumpsit*, and sound in law." *Id.* at 4-5

(citing the analysis and conclusion from *Dastgheib*, 457 F. Supp. 2d at 542). Second, the Plaintiffs "examine the remedy sought," *id.* at 3 (quoting *Chauffeurs, Teamsters & Helpers*, 494 U.S. at 565), and determine that although restitution and disgorgement can be either equitable or legal, here they are legal because the money sought "cannot be traced directly to any one fund or property." *Id.* at 7. The Plaintiffs conclude that their "unjust enrichment claims sound at law" pursuant to federal law and they distinguish *Curtis* as based on Minnesota state law. *Id.* at 8.

Finally, the Plaintiffs argue that the traditionally equitable remedies of restitution, disgorgement, and injunctive relief become legal in nature when authorized by state statute. *Id.* at 8. Because "the relevant statutes at issue here" authorize these remedies, the Plaintiffs conclude that the Court should treat them as "legal in nature." *Id.* at 8-10 (citing statutory language from the New York, Illinois, and California consumer protection laws that authorize both legal and equitable remedies).

At oral argument, the Plaintiffs made three new arguments. First, the Plaintiffs argued that regardless of whether *Simler* applied, the states use the same analysis "when determining whether something is legal or equitable." *Tr.* 18:23-19:2.[3] Although acknowledging that "many of the states refer[] to unjust enrichment as equitable," the Plaintiffs stated that this language "simply refers to the fact that unjust enrichment is found upon principles of fairness, which it is." *Id.*

---

[3] In fairness to PM, the Court considered allowing it to respond in writing to the Plaintiffs' newly-made arguments. However, PM responded to these new points at oral argument and at the close of argument, the parties agreed that this motion and PM's causation motion, unlike the class certification motion, were ready for decision. *Tr.* 165:7-21.

19:6-12. Instead, the Plaintiffs urged the Court to follow the editorial comments in the draft version of the Restatement and hold that "unjust enrichment can sound at law, in equity, or both." *Id*. 19:12-15. Second, the Plaintiffs "dispute that there are adequate remedies at law." *Id*. 20:13-14. Giving Maine as an example, the Plaintiffs argued that their decision to seek only unjust enrichment and "not to proceed with the Maine Consumer Protection Act claim" proved that the Plaintiffs did not have an adequate remedy at law. *Id*. 20:16-21:3. Third, the Plaintiffs concluded that because Rule 8 and the First Circuit recognize "that plaintiffs may plead alternative theories of relief," *id*. 18:12-21 (citing *Dopp v. HTP Corp.*, 947 F.2d 506 (1st Cir. 1991)), it is inappropriate to dismiss their unjust enrichment claims "at this point in time." *Id*. 24:20-23.[4]

### 2. Legal or Equitable

#### a. Unjust Enrichment

In a diversity case, the sufficiency of the unjust enrichment claims is a question of substantive law governed by the law of the forum state. *Erie*, 304 U.S. at 78 (holding that for federal courts sitting in diversity, state law governs substantive rules of state common law); *Cabán Hernández v. Philip Morris USA, Inc.*, 486 F.3d 1, 11 (1st Cir. 2007) (describing how "a federal court sitting in diversity is bound to apply state substantive law"); *Commercial Union Ins. Co. v. Keebler Co.*, No. 89 C 8405, 1990 WL 93324, at *1 (N.D. Ill. June 20, 1990) (stating that the sufficiency of plaintiff's unjust enrichment claim is an issue of state

---

[4] In their brief, the Plaintiffs referenced Rule 8 when describing the standard for judgment on the pleadings. *Pls.' Resp.* at 2. They did not argue that Rule 8 authorizes pleading alternative theories of relief.

substantive law).[5] Furthermore, under state law an "adequate remedy at law" is a defense to claims in equity.[6]

Acknowledging these principles, the Plaintiffs argue that "whether a claim sounds at law or in equity" is a question of federal law and applying federal law, that unjust enrichment is a legal, not equitable claim. *Pls.' Resp*. at 3 (citing *Simler*, 372 U.S. at 222). The Court does not agree, however, that *Simler* stands for the proposition that in the usual case federal law controls whether a claim sounds in equity or law. It is true the United States Supreme Court in *Simler* concluded that "the characterization of that state-created claim as legal or equitable for purposes of whether a right to jury trial is indicated must be made by recourse to federal law." *Simler*, 372 U.S. at 222. However, the Supreme Court was addressing whether federal courts sitting in diversity should use state or federal law to characterize a claim to decide "whether a claimant has a right to a jury trial." *Id*. at 221.[7] Noting that "[t]he federal policy favoring jury trials is of historic and continuing strength," the *Simler* Court emphasized that "[o]nly through a holding that the jury trial right is to be determined according to federal law can the uniformity in its exercise which is demanded by the Seventh Amendment be

---

[5] Federal courts sitting in diversity in Washington D.C. "ascertain and apply District of Columbia law" even though *Erie* is limited to the states. *Anchorage-Hynning & Co. v. Moringiello*, 697 F.2d 356, 360 (D.C. Cir. 1983) (stating that "the *Erie* doctrine is to be analogously applied by federal courts exercising diversity jurisdiction in the District").

[6] At oral argument, the Plaintiffs asserted that the affirmative defense varied among states. *Tr*. 22:3-5 (stating the "[s]ome states refer to it as an adequate remedy at law; others refer to it as an adequate and complete remedy at law"). However, the Plaintiffs did not suggest that some states do not recognize the defense at all. *Id*. 22:1-2 (stating that the answer to whether there was an adequate remedy at law would depend on "how different states interpret the adequate remedy at law standard").

[7] Had the Plaintiffs framed a congruent argument, namely that characterizing unjust enrichment as equitable would deprive them of their Seventh Amendment right to trial by jury, *Simler* would be apposite but they made no such claim.

achieved." *Id.* at 222. Thus, the Court restricted its holding to determining "whether a right to jury trial is indicated." *Id.* On its face, *Simler* appears limited to the Seventh Amendment context. *See Arrowsmith v. United Press Intern.*, 320 F.2d 219, 230 (2d Cir. 1963) (finding *Simler* inapplicable to service of process question because decision driven by the Seventh Amendment).

The Court recognizes that the district court in *Dastgheib* read *Simler* more broadly and applied the two-part federal test to determine whether a state claim for unjust enrichment sounded in equity or law. *Dastgheib*, 457 F. Supp. 2d at 539. In *Dastgheib*, the defendant moved to dismiss the plaintiff's unjust enrichment claim on the ground that it was equitable and he had an adequate remedy at law. *Id.* The federal district court, quoting *Simler*, acknowledged that state law governed the "substantive dimension of the claim" but stated that federal law determined "the characterization of that state-created claim as legal or equitable." *Id.* (quoting *Simler*, 372 U.S. at 222). However, the district court did not address whether *Simler* extends beyond the Seventh Amendment context and its holding is at odds with other federal courts that have decided similar motions. *See, e.g.*, *In re Flash Memory Antitrust Litig.*, 643 F. Supp. 2d 1133, 1163 (N.D. Cal. 2009) (accepting the defendants' argument that state law determines whether unjust enrichment claims are barred).[8]

---

[8] The Court is not convinced that the application of federal as opposed to state law makes a difference in determining whether unjust enrichment sounds in equity or law, and the Court does not reach this question. The two-part federal analysis set forth in *Simler* and *Dastgheib* is unarguably a valid way of approaching the question and it may be that some states follow the federal framework.

On the one hand, courts frequently refer to unjust enrichment as an "equitable claim." *See, e.g.*, *Cummings v. Bean*, 2004 ME 93, ¶ 9, 853 A.2d 221, 224 (distinguishing unjust enrichment,

### b.     Restitution, Disgorgement, Injunctions

Again, the Plaintiffs focus on the character of the remedy, appearing to concede that "lack of an otherwise adequate remedy" is necessary before courts can grant equitable relief. *Compute-A-Call, Inc. v. Tolleson*, 687 S.W.2d 129, 130 (Ark. 1985).[9] However, the Plaintiffs provide no support for their assertion that the authorization of equitable remedies by state statutes converts traditionally equitable claims into claims that are "legal in nature." *Pls.' Resp.* at 8. Instead,

---

"which is firmly rooted in equity," from quantum meruit, which "sound[s] in law, not equity"). On the other hand, at least one jurisdiction characterizes claims for unjust enrichment as either equitable or legal depending on the remedy requested. *See*, *e.g.*, *Burns Philp Food, Inc. v. Cavalea Cont'l Freight, Inc.*, 135 F.3d 526, 527-28 (7th Cir. 1998) (applying statute of limitations to claim of unjust enrichment based on finding that request for restitution meant that the unjust enrichment cause of action sounded at law, not equity); *Hanley v. Trendway Corp.*, No. 94 C 5406, 1995 WL 103748, at *2-3 (N.D. Ill. Mar. 6, 1995) (stating that because unjust enrichment is not necessarily an equitable action, "the existence of a full and adequate remedy at law . . . is not always an appropriate reason for dismissal").

The current draft of the Restatement (Third) of Restitution and Unjust Enrichment endorses the Illinois theory: "[l]iabilities and remedies within the law of restitution and unjust enrichment may have originated in law, in equity, or a combination of the two." Restatement (Third) of Restitution and Unjust Enrichment § 4 (Tentative Draft No. 7, 2010). The Restatement goes further, stating that "[a] claimant otherwise entitled to a remedy for unjust enrichment, including a remedy originating in equity, need not demonstrate the inadequacy of available remedies at law." *Id.* As yet, no jurisdiction has endorsed this second, more novel proposition.

The parties did not thoroughly brief this issue, and at oral argument, although the parties staked out opposing positions, they were unable to give comprehensive answers for all jurisdictions. In the context of this case with its multiple state variations, the issue is tricky and because the Court resolves PM's motion on different grounds, it demurs on this one. Should PM make a similar argument in the future, the parties are alerted to the issue.

[9] Although both parties assume that state law governs whether an equitable remedy exists, the Court is not sure. Whether federal courts sitting in diversity are bound by state limits on equitable remedies is a matter of some dispute. *Perfect Fit Indus. v. Acme Quilting Co., Inc.*, 646 F.2d 800, 806 (2d Cir. 1981) (stating that federal court's equitable powers are not governed by state law even when state law provides the rule of decision); *cf. Sims Snowboards, Inc. v. Kelly*, 863 F.2d 643, 647 (9th Cir. 1988) (stating that state law governs availability of equitable remedies); 19 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 4513 (stating that the general rule is that when state law defines the underlying substantive right, state law also governs the availability of equitable remedies); *see also Bogosian v. Woloohojian Realty Corp.*, 923 F.2d 898, 904 (1st Cir. 1991) (noting that courts are divided as to whether state or federal law governs the availability of equitable relief).

However, the Court's decision does not depend on its resolution: an "adequate remedy at law" precludes equitable remedies under both state and federal law. *Dairy Queen, Inc. v. Wood*, 369 U.S. 469, 478 (1962) (stating that "a necessary prerequisite to the right to maintain a suit for an equitable accounting, like all other equitable remedies, is . . . the absence of an adequate remedy at law"); *Santiago-Negron v. Castro-Davila*, 865 F.2d 431, 439 (1st Cir. 1989).

state courts consistently refer to equitable remedies sought pursuant to state statutes as "equitable relief." *Gaidon v. Guardian Life Ins. Co. of Am.*, 255 A.D.2d 101, 102 (N.Y. App. Div 1998) (referring to "plaintiffs' claims for equitable relief" under the statute at issue in *Tang*); *State v. Excel Mgm't, Servs., Inc.*, 331 N.W.2d 312, 315 (Wis. 1983) (noting that the plaintiff "requested equitable relief" under the Wisconsin statute at issue in *Nikolic*). The Court does not accept the Plaintiffs' unsupported contention that because a state statute refers to an otherwise equitable remedy, the remedy necessarily becomes a remedy at law.[10]

### 3. Adequate Remedy at Law

#### a. Unjust Enrichment

In general, a party is allowed to "state as many separate claims or defenses as it has, regardless of consistency." Fed. R. Civ. P. 8(d)(3). Although an adequate remedy at law might prevent plaintiffs from eventually prevailing on equitable claims, nothing prevents the plaintiffs from pleading both types of causes of action. *See, e.g.*, *Rodriguez v. It's Just Lunch, Int'l*, No. 07 Civ. 9227 (SHS)(KNF), 2010 WL 685009, at *11 (S.D.N.Y. Feb. 23, 2010) (denying motion to dismiss unjust enrichment claim because enforceable contract not yet proven and the federal rules allow plaintiffs to plead alternative and inconsistent claims); *So. Wine and Spirits of Nev. v. Mountain Valley Spring Co., LLC*, 2008 WL 2186176, at *2 (W.D. Ark. May 23, 2008) (denying motion to dismiss unjust enrichment claim because federal rules allow plaintiffs to plead regardless of consistency); *GMAC Commercial Mortg.*

---

[10] Although the Court easily resolves this part of the Plaintiffs' argument, the Court remains unsure whether all the claims are equitable. At a minimum, however, injunctive relief is equitable, and the Court must inquire into whether there is an adequate remedy at law.

*Corp. v. Gleichman*, 84 F. Supp. 2d 127, 136-37 (D. Me. 1999) (denying motion to dismiss state unjust enrichment claim because the federal rules allow plaintiffs to plead alternative forms of relief). In general, courts cannot determine the adequacy of a legal remedy from the pleadings. *See*, *e.g.*, *Weydert Homes, Inc. v. Kammes*, 917 N.E.2d 64, 73 (Ill. App. Ct. 2009) (overturning trial court's dismissal of an unjust enrichment claim as premature because could not tell from the pleadings whether a binding contract existed).

The possible exception is when the legal cause of action provides an exclusive remedy. In such situations, courts may dismiss claims of unjust enrichment because the legal cause of action precludes parallel equitable claims. *See*, *e.g.*, *Frein v. Windsor Weeping Mary, LP*, ___ S.W.3d ___, 2009 Ark. App. 774 (Ark. Ct. App. 2009) (affirming dismissal of unjust enrichment claim because valid contract meant that breach of contract claim provided exclusive remedy); *Springfield Heating and Air Conditioning, Inc. v. 3947-55 King Drive at Oakwood, LLC*, 901 N.E. 2d 978, 985-86 (Ill. App. Ct. 2009) (upholding dismissal of unjust enrichment claim because state Mechanics' Lien Act provided exclusive remedy); *Batt v. City and County of San Francisco*, 65 Cal. Rptr. 3d 716, 721-22 (Cal. Ct. App. 2007) (denying equitable claims because administrative tax refund action was exclusive remedy); *Myskina v. Conde Nast Publ'ns, Inc.*, 386 F. Supp. 2d 409, 420 (S.D.N.Y. 2005) (granting summary judgment because state privacy statute provided an exclusive remedy, precluding separate common law causes of action). Even in this context, however, courts deny motions to dismiss when there is a question whether the exclusive

remedy applies. *See, e.g., Gleichman*, 84 F. Supp. 2d at 236-37 (refusing to dismiss an unjust enrichment claim even though two separate counts alleged breach of contract); *June Robert Agency, Inc. v. Venture Props., Inc.*, 676 A.2d 46, 49 n.1 (Me. 1996) (stating that although "the existence of a contract precludes recovery on a theory of unjust enrichment because unjust enrichment describes recovery for the value of the benefit retained when there is no contractual relationship," a plaintiff is "not precluded from pleading both theories because a factfinder may find that no contract exists and may still award damages on the theory of unjust enrichment"). Here, PM does not assert that state legislatures intended state consumer protection laws to provide exclusive remedies to consumers.[11]

Instead, PM presses that the existence of any legal remedy constitutes a sufficiently adequate remedy to justify dismissal. Pointing to the outcome in *Curtis*, the Minnesota district court case, PM argues that state consumer protection statutes provide the Plaintiffs with a sufficiently adequate remedy to preclude unjust enrichment claims. *PM's Mot.* at 10 (*Curtis*, No-27-CV-01-18042 at 2). The district court in *Curtis* granted the motion for judgment on the pleadings because it concluded that the Minnesota consumer protection statutes "provided adequate

---

[11] The Court's research confirms that state consumer protection laws do not provide exclusive remedies to consumers. None of the statutes states that it provides the sole remedy for defrauded consumers and state courts typically allow plaintiffs to bring both consumer protection and unjust enrichment claims. *See, e.g., Hall v. Sprint Spectrum L.P.*, 876 N.E.2d 1036 (Ill. App. Ct. 2007) (upholding class certification for claims based on the Illinois Consumer Fraud Act, other consumer protection statutes, and unjust enrichment).
    Furthermore, it makes intuitive sense to allow plaintiffs to plead both causes of action: unjust enrichment is aimed at the defendant's gain whereas consumer protection statutes focus on plaintiff's loss. *See County of San Bernardino v. Walsh*, 69 Cal. Rptr. 3d 848, 855-56 (Cal. Ct. App. 2007) (clarifying that unjust enrichment is broader than causes of action for restitution because deprives defendant of unjust benefit regardless of corresponding loss to plaintiffs).

legal remedies and precluded an unjust enrichment claim." *Curtis*, No-27-CV-01-18042 at 2. As a general proposition, the Court has no quarrel with the *Curtis* Court's conclusion that if there is an adequate remedy at law, an equitable remedy is precluded. Where the Court and the district court in *Curtis* part ways is whether the determination can be made at this stage in the proceedings.

At oral argument, PM further defined what constitutes an adequate remedy. Rejecting the Plaintiffs' argument that the adequacy of a legal remedy turns on whether the Plaintiffs can recover under it, PM described equity as a "gap filler" that "steps in" only "where the law has not provided a remedy." *Tr*. 15:20-22. PM contends that the Plaintiffs "have not identified anything that makes the remedy [at law] incomplete." *Id*. 23:9-10. Rather, PM argues that the Plaintiffs' unjust enrichment claims track their consumer protection claims: both allege that consumers "went out and bought a product, it wasn't what it was supposed to be, and as a result suffered an economic loss." *Id*. 23:11-13.

PM's argument inverts the presumption that state legal remedies are not considered exclusive remedies. Absent specific legislative intent to the contrary, "[l]egislatures are deemed to draft legislation against the backdrop of the common law" and state statutes are interpreted *not* to displace state common law causes of action. *See, e.g., Maietta Constr., Inc. v. Wainwright*, 2004 ME 53, ¶ 10, 847 A.2d 1169, 1174. At this stage, the Plaintiffs may assert multiple and duplicative legal and equitable claims for relief. *See, e.g., Levine v. First Am. Title Ins. Co.*, 682 F. Supp. 2d 442, 468-69 (E.D. Pa. 2010) (denying motion to dismiss unjust enrichment

claim because the state statute "does not provide an exclusive statutory remedy" and plaintiff can plead unjust enrichment in the alternative); *In re Wal-Mart Wage and Hour Employment Practices Litig.*, 490 F. Supp. 2d 1091, 1121 (D. Nev. 2007) (denying dismissal of unjust enrichment claims because Maine has not addressed whether the remedy provided by wage and hour statute is an adequate legal remedy and it is too early in the proceedings for the Court to decide) (applying Maine law).

### b. Restitution, Disgorgement, and Injunctive Relief

PM's motion fares even worse in relation to the Plaintiffs' request for restitution, disgorgement, and injunctive relief. Money damages are not the Plaintiffs' exclusive remedy: state consumer protection statutes specifically contemplate that plaintiffs will seek both legal and equitable remedies. *See, e.g.*, N.Y. Gen. Bus. Law § 349 (authorizing persons to bring an action to enjoin "such unlawful act or practice, an action to recover his actual damages or fifty dollars, whichever is greater, or both such actions"). PM cites no cases to the contrary.[12] Even so, PM may ultimately be proven correct and the Plaintiffs may be unable to recover in equity what they recover at law; nevertheless, the Court cannot make this determination on the pleadings. *See, e.g.*, *Klayman v. Judicial Watch, Inc.*, Civil Action No. 06-670 (CKK), 2007 WL 140978, at *15 (D.D.C. Jan. 17, 2007) (denying motion to dismiss the plaintiffs' equitable remedies because unable to conclude at this stage of the proceedings whether available).

### C. Whether Unjust Enrichment is a Cause of Action in Mississippi

---

[12] The cases that PM does cite, such as *Kakaes v. George Washington Univ.*, 790 A.2d 581, 583-84 (D.C. 2002), refused to grant equitable relief where the plaintiff had not proven why damages did not provide complete relief. *PM's Mot.* at 5.

For its conclusion that Mississippi does not allow unjust enrichment as an independent cause of action, PM cites a string of federal district courts sitting in diversity, including two Mississippi federal district courts. *PM's Reply* at 6. *Cruz v. Lawson Software, Inc.*, Civil No. 08-5900 (MJD/JSM), 2010 WL 890038, at *6 (D. Minn. Jan. 5, 2010); *In re Potash Antitrust Litig.* (*Potash Antitrust*), 667 F. Supp. 2d 907, 948 (N.D. Ill. 2009); *Cole v. JMR Chevron USA, Inc.*, 554 F. Supp. 2d 655, 671 (S.D. Miss. 2007); *Coleman v. Conseco, Inc.*, 238 F. Supp. 2d 804, 813 (S.D. Miss. 2002), *partially abrogated on other grounds by Sweeney v. Sherwin Williams Co.*, 304 F. Supp. 2d 868 (S.D. Miss. 2004)).

The view that unjust enrichment is a theory of recovery, not an independent cause of action, can be traced to *Coleman*:

> Regarding Plaintiffs' unjust enrichment claim, "[t]he phrase '*unjust enrichment' does not describe a theory of recovery*, but an effect: the result of a failure to make restitution under circumstances where it is equitable to do so." 66 Am. Jur. 2d Restitution and Implied Contracts § 9 (2002) (emphasis added). Plaintiffs have cited no case law establishing "unjust enrichment" as an independent compensable tort, and the Court is aware of none.

*Coleman*, 238 F. Supp. 2d at 813 (brackets in the original).[13] The other district courts simply carried *Coleman*'s analysis forward.[14]

---

[13] The portion of *Restitution and Implied Contracts* cited by *Coleman* quotes a California, not Mississippi, case. 66 Am. Jur. 2d *Restitution and Implied Contracts* § 9 (quoting *Lauriedale Assocs., Ltd. v. Wilson*, 9 Cal. Rptr. 2d 774, 780 (Cal. Ct. App. 1992) ("The phrase 'Unjust Enrichment' does not describe a theory of recovery, but an effect: the result of a failure to make restitution under circumstances where it is equitable to do so.")).

[14] *Cole*, one of the Mississippi federal district court cases, cited *Estate of Johnson v. Adkins*, 513 So. 2d 922, 926 (Miss. 1987) as further support. *Cole*, 554 F. Supp. 2d at 671; *Potash Antitrust*, 667 F. Supp. 2d at 948 (positively referring to *Cole*'s citation of *Estate of Johnson*). The *Cole* Court, however, did not say why it concluded that *Estate of Johnson* stood for the proposition that unjust enrichment is a measure of damages, not an independent theory of recovery. *Cole*, 554 F. Supp. 2d at 671.

16

Contrary to *Coleman* and its federal progeny, however, there is a substantial body of Mississippi case law that treats unjust enrichment as a separate cause of action. In *Koval v. Koval*, the Supreme Court of Mississippi stated that "[t]he facts of the case at bar lend themselves to a recovery by the plaintiffs under the theory of unjust enrichment." 576 So. 2d 134, 137 (Miss. 1991). Quoting *Hans v. Hans*, 482 So. 2d 1117, 1122 (Miss. 1986), the *Koval* Court described the theory:

> [t]he doctrine of unjust enrichment . . . applies to situations where there is no legal contract but where the person sought to be charged is in possession of money or property which in good conscience and justice he should not retain but should deliver to another, the courts impos[e] a duty to refund the money or the use value of the property to the person to whom in good conscience it ought to belong.

*Id.* at 136. Although quoting *Estate of Johnson* for the proposition that "[u]njust enrichment is an equitable remedy closely associated with 'implied contracts' and trusts," the *Koval* Court appears to have interpreted the use of the term "remedy" broadly. *Id.* (quoting *Estate of Johnson*, 513 So. 2d at 926). In other words, Mississippi courts describe unjust enrichment as an "equitable remedy" to mean an equitable solution that encompasses a cause of action, not merely a type of recovery. Thus, in *Milliken & Michaels, Inc. v. Fred Netterville Lumber Co.*, the Supreme Court of Mississippi noted that the plaintiff "laments that [the defendant] is

---

In the Court's view, *Estate of Johnson* supports the conclusion that unjust enrichment is a stand-alone cause of action. *Estate of Johnson*, 513 So. 2d at 926 (concluding that the claim of quantum meruit, not unjust enrichment, applied to the facts). The Mississippi Supreme Court found that the type of recovery alone distinguished between the claim of quantum meruit it allowed and the claim of unjust enrichment it rejected: "[t]he measure of recovery is a distinction between quantum meruit and unjust enrichment. Recovery in quantum meruit is measured by the reasonable value of the materials or service rendered, while recovery in unjust enrichment is that to which the claimant is equitably entitled." *Id.* Because the plaintiff's claims were based on value of services rendered, the Court concluded that "quantum meruit is the proper measure of recovery." *Id.* In view of later Mississippi case law describing unjust enrichment as an action, *Estate of Johnson* has not persuaded the Court that it is not.

17

unjustly enriched," which seems to describe a cause of action, and affirmed a lower court determination that money paid to another by mistake is subject to repayment on the theory of unjust enrichment.  676 So. 2d 266, 269 (Miss. 1996); *see also Prism Marketing Co., Inc. v. Casino Factory Shoppes, LLC*, No. 2:08CV163-SA-SAA, 2009 WL 4348952, at *5 (N.D. Miss. Nov. 30, 2009) (holding that the plaintiffs' unjust enrichment claims survived the defendant's motion for summary judgment); *Blades v. Countrywide Home Loans, Inc.*, Civil Action No. 1:06CV1000-LG-JMR, 2007 WL 2746678, at *5 (S.D. Miss. Sept. 17, 2007) (holding that Mississippi courts recognize the existence of an unjust enrichment theory of recovery); *Dunn v. Dunn*, 853 So. 2d 1150, 1153-54 (Miss. 2003) (affirming lower court's holding that the defendant had been unjustly enriched); *Manning v. Tanner*, 594 So. 2d 1164, 1169 (Miss. 1992) (upholding recovery under the theory of unjust enrichment, stating that "the chancellor's finding of unjust enrichment is well supported by the law").

To the extent there is any lingering doubt, the Supreme Court of Mississippi in *Owens Corning v. R.J. Reynolds Tobacco Co.* described the requirements for an "action for unjust enrichment":

> Mississippi law provides that, in an action for unjust enrichment, the plaintiff need only allege and show that the defendant holds money which in equity and good conscience belongs to the plaintiff.

868 So. 2d 331, 342 (Miss. 2004).[15]  The view that unjust enrichment is a cause of action distinct from restitution is echoed in *Omnibank*, in which the Supreme Court

---

[15] *Owens Corning* also described the plaintiff in *Omnibank of Mantee v. United Southern Bank*, 607 So. 2d 76 (Miss. 1992), as bringing "an unjust enrichment action."  868 So. 2d at 342.

of Mississippi described unjust enrichment as a cause of action distinct from restitution:

> The mere fact that a third person . . . benefits from an arrangement between two other persons . . . does not make such third person liable in quasi contract, unjust enrichment, or restitution.

607 So. 2d at 92-93; *see In re Worldcom, Inc.*, 06 Cv. 2134 (BSJ), 2010 WL 334980, at *6 (S.D.N.Y. Jan. 29, 2010) (stating the elements of a claim for unjust enrichment under Mississippi law); *In re Zyprexa Prods. Liab. Litig.*, 671 F. Supp. 2d 397, 431 (E.D.N.Y. 2009) (stating that "causation is an essential element of the State's fraud, negligence, and unjust enrichment claims under Mississippi common law").[16]

The Court concludes that unjust enrichment is a separate cause of action under Mississippi state law.

### III.  CONCLUSION

The Court DENIES PM's Motion for Judgment on the Pleadings on Plaintiffs' Unjust Enrichment Claims and Other Requests for Equitable Relief (Docket # 185).

SO ORDERED.

    /s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 26th day of July, 2010

---

[16] Even if the Court applied the logic from *Lauriedale*, the Court would still recognize unjust enrichment as a cause of action. The *Lauriedale* Court denied the unjust enrichment claim on the facts, not because no unjust enrichment claim existed. *Lauriedale Associates*, 9 Cal. Rptr. 2d at 780 n.2 (stating "we need not consider whether appellants' 'unjust enrichment' cause of action is barred by the provisions of the Corporations Code"). *Lauriedale* makes the semantic distinction that the action is restitution, the effect unjust enrichment. *Id.* at 1448-49.