## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| ———————————————————— ) | |
| IN RE: LIGHT CIGARETTES MARKETING ) | MDL Docket No.: 1:09-md-02068 |
| AND SALES PRACTICES LITIGATION ) | |
| ———————————————————— ) | |
| | |
| This case relates to: ) | |
| ) | |
| Clarence Calistro, Marcia DeGraff, ) | |
| Carlton D. Duncan, Jr., Martin Heywood, ) | |
| Carl C. Joseph, Dominic Moody, ) | |
| Leslie Singleton-Gumbs, ) | Virgin Islands |
| Riisa Richards, James A. Smith, ) | |
| Cynthia L. Stalker, Khader Suid, ) | Case No.: 09-cv-597-LA |
| and Harriet H. Wheatley, ) | |
| ) | **PHILIP MORRIS USA INC.'S** |
| Plaintiffs, ) | **ANSWER TO PLAINTIFFS'** |
| ) | **SECOND AMENDED CLASS** |
| Vs. ) | **ACTION COMPLAINT** |
| ) | |
| PHILIP MORRIS USA INC., ) | Jury Trial Demanded |
| A Virginia corporation, ) | |
| ) | |
| ) | |
| Defendant. ) | |

## PHILIP MORRIS USA INC.'S ANSWER TO
## PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT

Defendant Philip Morris USA Inc. (hereinafter referred to as "Philip Morris USA")

hereby answers Plaintiffs' Second Amended Class Action Complaint ("Complaint") as follows:

## PRELIMINARY STATEMENT

Plaintiffs' Complaint improperly mixes factual averments with argumentative rhetoric so

as to make admissions or denials of such averments difficult or impossible. Further, much of the

Complaint consists of a selective recitation of historical facts and/or rumors, much of which is

both irrelevant and inflammatory in tone and content. The Complaint also contains a selective

recitation of statistics, scientific premises and conclusions, technical discussions, and medical

conclusions, few of which are identified as to source or supported by relevant data. It is not reasonably possible to identify the sources of such allegations so as to respond meaningfully. Finally, many of the allegations in the Complaint are overbroad, vague, or conclusory and include terms that are undefined and that are susceptible to different meanings. Accordingly, by way of a general response, all allegations are denied unless specifically admitted, and any factual averment admitted is admitted only as to the specific facts and not as to any conclusions, characterizations, implications, or speculations which are contained in the averment or in the Complaint as a whole.

The Complaint also contains many purported quotations from a number of sources, some identified, some not. Plaintiffs do not provide copies of the documents from which quotations were taken, which has impaired Philip Morris USA's ability to confirm or deny the accuracy of the quotations in the Complaint as compared to the original text. Philip Morris USA, therefore, does not admit the authenticity of any documents from which the quotations were taken, and reserves the right to challenge the accuracy of the quotations (either as quoted or in the context of material not quoted). Furthermore, with reference to all quotations, citations to documents, or any such averments which might be offered into evidence, Philip Morris USA specifically reserves its right to object to any use of such averments of the Complaint as a whole in evidence for any purpose whatsoever.

In answering allegations consisting of quotations, any admission that the material quoted was contained in a document or uttered by the person quoted shall not constitute an admission that the substantive content of the quotation is or is not true. All such quotations as they appear in documents or testimony speak for themselves in the sense that the truth of the matters asserted may only be judged in light of all relevant facts and circumstances obtained at the time the

statement was made, which relevant facts are not contained in the Complaint.  If Plaintiffs seek to rely on such materials, they must specifically prove the truth of such materials subject to the right of Philip Morris USA to properly object to such evidence.  Accordingly, to the extent any such quoted materials are deemed allegations against Philip Morris USA, they are denied.

Philip Morris USA states that throughout the Complaint there are numerous allegations regarding the "industry," "manufacturers," the "tobacco industry," and the "tobacco companies." Philip Morris USA denies that it acts or has acted in concert with any cigarette manufacturer or with any other person or entity (except as specifically admitted) and, therefore, denies the same as indicated in this Answer.  Philip Morris USA answers these allegations only for itself.

These comments and objections are incorporated, to the extent appropriate, into each numbered paragraph of this Answer.

1.      Paragraph 1 asserts legal conclusions to which no response is required.  To the extent a response is required, Philip Morris USA states that the U.S. District Court for the District of the Virgin Islands has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).  On 10/7/10, Plaintiffs filed a Notice of a Tag-along Action with the United States Judicial Panel on Multidistrict Litigation (JPML), along with a Motion of Plaintiffs for Transfer of Action to the District of Maine Pursuant to 28 U.S.C. 1407 for Coordinated or Consolidated Pretrial Proceedings.  On 11/15/10, the case was officially transferred to the MDL.  Philip Morris USA denies the remaining allegations of Paragraph 1.

2.      Paragraph 2 asserts legal conclusions to which no response is required.  To the extent a response is required, Philip Morris USA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 and, therefore denies the same.

3.     Paragraph 3 asserts legal conclusions to which no response is required.  To the extent a response is required, Philip Morris USA is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 3 and, therefore denies the same.  Philip Morris USA denies that this lawsuit is appropriate for class action treatment or is manageable as a class action, denies that Paragraph 3 states a proper class, and denies the remaining allegations of Paragraph 3.

4.     Philip Morris USA admits that it is a Virginia corporation with its principal place of business located in Virginia.  Philip Morris USA further admits that it sells its cigarettes to its direct customers for ultimate resale to consumers of legal age for purchasing cigarettes throughout the United States, including the U.S. Virgin Islands.  Philip Morris USA denies the remaining allegations of Paragraph 4.

5.     Philip Morris USA admits that it is a wholly-owned subsidiary of Altria Group, Inc.  Philip Morris USA denies the remaining allegations of Paragraph 5.

6.     Philip Morris USA admits that, at one time or another, it has manufactured, advertised, and sold certain of the brands of cigarettes identified in Paragraph 6, but denies that it currently manufactures, advertises, or sells all of the brands named in Paragraph 6.  Philip Morris USA denies that it has ever manufactured, advertised, or sold Optima brand cigarettes.  Philip Morris USA denies the remaining allegations of Paragraph 6.

7.     Paragraph 7 asserts legal conclusions to which no response is required.  To the extent a response is required, Philip Morris USA states that the U.S. District Court for the District of the Virgin Islands has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).  On 10/7/10, Plaintiffs filed a Notice of a Tag-along Action with the United States Judicial Panel on Multidistrict Litigation (JPML), along with a Motion of Plaintiffs for Transfer

of Action to the District of Maine Pursuant to 28 U.S.C. 1407 for Coordinated or Consolidated Pretrial Proceedings.  On 11/15/10, the case was officially transferred to the MDL.  Philip Morris USA denies that Plaintiffs have stated a valid cause of action against Philip Morris USA or are entitled to the relief sought in this Complaint or any relief whatsoever.  Philip Morris USA denies that it engaged in the conduct alleged and denies the remaining allegations of Paragraph 7.

8.      Paragraph 8 asserts legal conclusions to which no response is required.  To the extent a response is required, Philip Morris USA admits that venue in the United States District Court for the District of the Virgin Islands appears to be proper, but expressly reserves the right to seek a transfer of venue to another district or division.  On 10/7/10, Plaintiffs filed a Notice of a Tag-along Action with the United States Judicial Panel on Multidistrict Litigation (JPML), along with a Motion of Plaintiffs for Transfer of Action to the District of Maine Pursuant to 28 U.S.C. 1407 for Coordinated or Consolidated Pretrial Proceedings.  On 11/15/10, the case was officially transferred to the MDL.  Philip Morris USA denies that it engaged in the conduct alleged and denies the remaining allegations of Paragraph 8.

9.      Paragraph 9 asserts legal conclusions to which no response is required.  To the extent a response is required, Philip Morris USA states that 5 V.I.C. §1261 *et. seq.* speaks for itself.  Philip Morris USA further states that the U.S. District Court for the District of the Virgin Islands has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).  On 10/7/10, Plaintiffs filed a Notice of a Tag-along Action with the United States Judicial Panel on Multidistrict Litigation (JPML), along with a Motion of Plaintiffs for Transfer of Action to the District of Maine Pursuant to 28 U.S.C. 1407 for Coordinated or Consolidated Pretrial Proceedings.  On 11/15/10, the case was officially transferred to the MDL.  Philip Morris USA denies that Plaintiffs have stated a valid cause of action against Philip Morris USA or are entitled

to the relief sought in Paragraph 9 or any relief whatsoever and denies the remaining allegations of Paragraph 9.

## GENERAL ALLEGATIONS

10.    Philip Morris USA denies that it engaged in the conduct alleged and denies the remaining allegations of Paragraph 10.

11.    Philip Morris USA states that Paragraph 11 purports to refer to the opinions in *United States v. Philip Morris USA Inc.*, 449 F. Supp. 2d 1 (D.D.C. 2006), *aff'd in part, vacated in part*, 566 F.3d 1095 (D.C. Cir. 2009) and *Engle v. Liggett Group, Inc.*, 945 So.2d 1246 (Fla. 2006), but denies that the opinions are referred to in context or in their entireties, denies Plaintiffs' characterization of the opinions, and denies Plaintiffs' innuendo and implication regarding the content or meaning of the opinions.  Philip Morris USA states that the opinions speak for themselves.  Philip Morris USA denies that the opinions have any legal significance whatsoever relative to Plaintiffs' claims or Plaintiffs' ability to seek relief or recover damages from Philip Morris USA.  Further answering footnote 1 to Paragraph 11, Philip Morris USA admits that the Virgin Islands Legislature heard testimony regarding the Act of April 15, 2010, ch. 53a, 2010 V.I. Sess. Laws 7171, which testimony speaks for itself.  Philip Morris USA denies that this testimony is referred to in context or in its entirety, denies Plaintiffs' characterization of this testimony, and denies Plaintiffs' innuendo or implication regarding the content or meaning of this testimony.  Philip Morris USA denies the remaining allegations of Paragraph 11, including footnote 1 to Paragraph 11.

12.    Philip Morris USA admits that Plaintiffs purport to disclaim seeking recovery for personal injuries as a potential cause of action contained within this case, but Philip Morris USA denies that Plaintiffs and putative class members have suffered any damages whatsoever.  Philip Morris USA denies that this lawsuit is appropriate for class action treatment or is manageable as

a class action and denies that Paragraph 12 states a proper class.  Philip Morris USA denies that it engaged in the conduct alleged and denies the remaining allegations of Paragraph 12.

13.     Philip Morris USA is without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Plaintiffs' alleged smoking initiation and history and, therefore, denies the same.  Philip Morris USA denies the remaining allegations of Paragraph 13.

14.     Philip Morris USA is without knowledge or information sufficient to form a belief as to the existence, content, or accuracy of the unidentified estimates and/or statistics referred to in Paragraph 14 and, therefore, denies the same.  Philip Morris USA denies the remaining allegations of Paragraph 14.

15.     Philip Morris USA denies that Plaintiffs' allegations relating to its advertisements place them in their proper context, denies that its advertisements are referred to in context or in their entirety, denies Plaintiffs' characterization of its advertisements, and denies Plaintiffs' innuendo and implication regarding the content or meaning of its advertisements.  Philip Morris USA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 regarding what Plaintiffs allegedly "saw" or "believed" and, therefore, denies the same.  Philip Morris USA denies the remaining allegations of Paragraph 15.

16.     Philip Morris USA states that it does not market, advertise, or promote its cigarettes to persons under the legal age for purchasing cigarettes and denies that its advertising or marketing is designed to appeal to persons under the legal age for purchasing cigarettes.  Philip Morris USA further states that ordinary consumers having ordinary knowledge common to the community have been aware for decades of the widely publicized claims of the possible health risks of smoking cigarettes, including that it can be very difficult for smokers to quit smoking.  Philip Morris USA denies the remaining allegations of Paragraph 16.

17.     Philip Morris USA states that it does not market, advertise, or promote its cigarettes to persons under the legal age for purchasing cigarettes and denies that its advertising or marketing is designed to appeal to persons under the legal age for purchasing cigarettes. Philip Morris USA denies that it engaged in the conduct alleged and denies the remaining allegations of Paragraph 17.

18.     Philip Morris USA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 and, therefore, denies the same.

19.     Philip Morris USA admits that it has lawfully advertised, marketed, and promoted its cigarettes to existing smokers of legal age for purchasing cigarettes, but denies that its advertising and marketing efforts are referred to in context or in their entirety, denies Plaintiffs' characterization of its advertising, and denies Plaintiffs' innuendo and implication regarding the content or meaning of its advertisements.   Philip Morris USA states that it does not market, advertise, or promote its cigarettes to persons under the legal age for purchasing cigarettes and denies that its advertising or marketing is designed to appeal to persons under the legal age for purchasing cigarettes.  Philip Morris USA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 regarding Plaintiffs' alleged smoking history and, therefore, denies the same.  Philip Morris USA denies the remaining allegations of Paragraph 19.

20.     Philip Morris USA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 and, therefore, denies the same.

21.     Philip Morris USA denies that it made any "representations" as alleged in Paragraph 21, denies that it engaged in the conduct alleged, and denies the remaining allegations of Paragraph 21.

22.    Philip Morris USA admits that by the late 1960s there were some studies that indicated that use of lower tar cigarettes, as measured by the Cambridge **Filter** Method (formerly the FTC Method), is associated with decreased risk for lung cancer in smokers.  Philip Morris USA states that, beginning in the 1950s, the government and public health community called for the development and marketing of lower tar cigarettes.  During this time, consumer demand also increased for lower tar cigarettes.  Philip Morris USA denies that it has ever stated in its advertising or marketing that lowered tar cigarettes, including cigarettes with a "lights"[1] brand descriptor, offer "reduced risks" as compared to full-flavor cigarettes and, since the effective date of FCLAA on January 1, 1966, the same congressionally-prescribed warnings have been placed on every package of lowered tar cigarette brands, including cigarettes with a "lights" brand descriptor, as have been placed on packages of full-flavor brands sold in the United States. Philip Morris USA denies that the allegations of Paragraph 22 completely or accurately describe the design, development, marketing, and sale of Philip Morris USA's cigarettes, denies that it engaged in the conduct alleged, and denies the remaining allegations of Paragraph 22.

23.    Philip Morris USA is without knowledge or information sufficient to form a belief as to the existence, content, or accuracy of the unidentified estimates and/or statistics referenced in Paragraph 23 and, therefore, denies the same.  Philip Morris USA states that it does not market, advertise, or promote its cigarettes to persons under the legal age for purchasing cigarettes.  Philip Morris USA states that it has long acknowledged, and has also stated on its corporate website, www.philipmorrisusa.com, that "[t]here is no 'safe' cigarette."  Philip Morris USA has further stated on its corporate website, "[t]o reduce the health effects of cigarette

---

[1]    As of June 22, 2010, the Family Smoking Prevention and Tobacco Control Act prohibits the use of "light," "mild," "low," or similar descriptors.  All references to products with such descriptors are for historical purposes only.

smoking, the best thing to do is quit." Philip Morris USA denies that it engaged in the conduct alleged and denies the remaining allegations of Paragraph 23.

24.     Philip Morris USA denies that it engaged in the conduct alleged and denies the remaining allegations of Paragraph 24.

25.     Philip Morris USA denies the allegations of Paragraph 25.

26.     Philip Morris USA admits that language similar to that referred to and quoted in Paragraph 26 appears in a February 1, 1965 document by then-Philip Morris USA employee Ronald Tamol, but denies that this document is referred to or quoted accurately, in context, or in its entirety, denies Plaintiffs' characterization of this document, and denies Plaintiffs' innuendo and implication regarding the content or meaning of this document. Philip Morris USA denies the remaining allegations of Paragraph 26.

27.     Philip Morris USA admits that language similar to that referred to and quoted in Paragraph 27 appears in a August 11, 1967 Philip Morris USA document, but denies that this document is referred to or quoted accurately, in context, or in its entirety, denies Plaintiffs' characterization of this document, and denies Plaintiffs' innuendo and implication regarding the content or meaning of this document. Philip Morris USA denies the remaining allegations of Paragraph 27.

28.     Philip Morris USA admits that language similar to that referred to and quoted in Paragraph 28 appears in a May 7, 1968 Philip Morris USA document, but denies that this document is referred to or quoted accurately, in context, or in its entirety, denies Plaintiffs' characterization of this document, and denies Plaintiffs' innuendo and implication regarding the content or meaning of this document. Philip Morris USA denies the remaining allegations of Paragraph 28.

29.     Philip Morris USA admits that the allegations of Paragraph 29 purport to selectively paraphrase and/or reference a 1972 Philip Morris USA document, but denies that the document is paraphrased and/or referenced accurately, in context, or in its entirety, denies Plaintiffs' characterization of the document, and denies Plaintiffs' innuendo and implication regarding the content or meaning of the document. Philip Morris USA denies the remaining allegations of Paragraph 29.

30.     Philip Morris USA is informed and believes that language similar to that referred to and quoted in Paragraph 30 appears in a 1975 Philip Morris Europe document, but denies that this document is referred to or quoted accurately, in context, or in its entirety, denies Plaintiffs' characterization of this document, and denies Plaintiffs' innuendo and implication regarding the content or meaning of this document. Philip Morris USA denies the remaining allegations of Paragraph 30.

31.     Philip Morris USA admits that language similar to that referred to and quoted in Paragraph 31 appears in a 1975 Philip Morris USA document, but denies that this document is referred to or quoted accurately, in context, or in its entirety, denies Plaintiffs' characterization of this document, and denies Plaintiffs' innuendo and implication regarding the content or meaning of this document. Philip Morris USA denies the remaining allegations of Paragraph 31.

32.     Philip Morris USA admits that the allegations of Paragraph 32 purport to selectively paraphrase and/or reference a 1975 Philip Morris USA document, but denies that the document is paraphrased and/or referenced accurately, in context, or in its entirety, denies Plaintiffs' characterization of the document, and denies Plaintiffs' innuendo and implication regarding the content or meaning of the document. Philip Morris USA denies the remaining allegations of Paragraph 32.

33.     Philip Morris USA denies that it has ever stated in its advertising or marketing that lowered tar cigarettes, including cigarettes with a "lights" brand descriptor, offer "reduced risks" as compared to full-flavor cigarettes and, since the effective date of FCLAA on January 1, 1966, the same congressionally-prescribed warnings have been placed on every package of lowered tar cigarette brands, including cigarettes with a "lights" brand descriptor, as have been placed on packages of full-flavor brands sold in the United States.  The allegations contained in the second sentence of Paragraph 33 are not directed toward Philip Morris USA and, therefore, no response is required.   To the extent a response is required, Philip Morris USA is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of Paragraph 33 and, therefore, denies the same.  Philip Morris USA denies the remaining allegations of Paragraph 33.

34.     Philip Morris USA denies that it has ever stated in its advertising or marketing that lowered tar cigarettes, including cigarettes with a "lights" brand descriptor, offer "reduced risks" as compared to full-flavor cigarettes and, since the effective date of FCLAA on January 1, 1966, the same congressionally-prescribed warnings have been placed on every package of lowered tar cigarette brands, including cigarettes with a "lights" brand descriptor, as have been placed on packages of full-flavor brands sold in the United States.  Philip Morris USA denies that it engaged in the conduct alleged and denies the remaining allegations of Paragraph 34.

35.     Philip Morris USA denies that it has ever stated in its advertising or marketing that lowered tar cigarettes, including cigarettes with a "lights" brand descriptor, offer "reduced risks" as compared to full-flavor cigarettes and, since the effective date of FCLAA on January 1, 1966, the same congressionally-prescribed warnings have been placed on every package of lowered tar cigarette brands, including cigarettes with a "lights" brand descriptor, as have been

placed on packages of full-flavor brands sold in the United States.  Philip Morris USA admits that the allegations of Paragraph 35 selectively paraphrase and/or reference *Monograph 13, Risks Associated with Smoking Cigarettes with Low Machine-Measured Yields of Tar and Nicotine*, National Cancer Institute (October 2001), but denies that *Monograph 13* is paraphrased and/or referenced in context or in its entirety, denies Plaintiffs' characterization of *Monograph 13*, and denies Plaintiffs' innuendo and implication regarding the context or meaning of *Monograph 13.* Philip Morris USA denies the remaining allegations of Paragraph 35.

36.     Philip Morris USA denies that it engaged in the conduct alleged and denies the remaining allegations of Paragraph 36.

37.     Philip Morris USA states that as early as 1966 it cautioned the FTC that tar and nicotine yields derived from the Cambridge **Filter** Method **(formerly FTC Method)** would not reflect the actual yields to any particular smoker.  Philip Morris USA also states that, since 1967, the FTC and other governmental and public health authorities have repeatedly made the same point.  Philip Morris USA denies the remaining allegations of Paragraph 37.

38.     Philip Morris USA denies that it engaged in the conduct alleged and denies the remaining allegations of Paragraph 38.

39.     Philip Morris USA denies that it engaged in the conduct alleged and denies the remaining allegations of Paragraph 39.

40.     Philip Morris USA denies that it engaged in the conduct alleged and denies the remaining allegations of Paragraph 40.

41.     Paragraph 41 asserts legal conclusions to which no response is required.  To the extent a response is required, Philip Morris USA denies that it engaged in the conduct alleged and denies the remaining allegations of Paragraph 41.

42.     Paragraph 42 asserts legal conclusions to which no response is required.  To the extent a response is required, Philip Morris USA denies that it engaged in the conduct alleged and denies the remaining allegations of Paragraph 42.

43.     Philip Morris USA denies that it engaged in the conduct alleged and denies the remaining allegations of Paragraph 43.

44.     Philip Morris USA denies that it engaged in the conduct alleged and denies the remaining allegations of Paragraph 44.

45.     Philip Morris USA is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 45 and, therefore, denies the same.  Philip Morris USA denies that it engaged in the wrongful conduct alleged in this Complaint and denies the remaining allegations of Paragraph 45.

46.     Philip Morris USA denies that it engaged in the conduct alleged and denies the remaining allegations of Paragraph 46.

## CLASS CERTIFICATION

47.     Philip Morris USA is without knowledge or information sufficient to form a belief as to the existence, content, or accuracy of the unidentified estimates and/or statistics referred to in Paragraph 47 and in footnote 3 to Paragraph 47 and, therefore, denies the same.  Philip Morris USA denies that Plaintiffs have stated a valid cause of action against Philip Morris USA or are entitled to the relief sought in this Complaint or any relief whatsoever.  Philip Morris USA denies the remaining allegations of Paragraph 47.

48.     Philip Morris USA denies that this lawsuit is appropriate for class action treatment or is manageable as a class action, denies that Paragraph 48 states a proper class or class period, and denies the remaining allegations of Paragraph 48.

49.     Philip Morris USA admits that Plaintiffs purport to estimate the number of putative class members, but denies that this lawsuit is appropriate for class action treatment or is manageable as a class action and denies the remaining allegations of Paragraph 49.

50.     Philip Morris USA denies that this lawsuit is appropriate for class action treatment or is manageable as a class action and denies the remaining allegations of Paragraph 50.

51.     Philip Morris USA admits that Plaintiffs purport to disclaim seeking recovery for personal injuries as a potential cause of action contained within this case, but Philip Morris USA denies that Plaintiffs and putative class members have suffered any damages whatsoever.  Philip Morris USA denies that this lawsuit is appropriate for class action treatment or is manageable as a class action and denies that Paragraph 51 states a proper class.  Philip Morris USA denies that it engaged in the conduct alleged and denies the remaining allegations of Paragraph 51, including footnote 4 to Paragraph 51.

52.     Philip Morris USA denies that Plaintiffs and putative class members have suffered any damages whatsoever.  Philip Morris USA denies that this action is appropriate for class action treatment or is manageable as a class action and denies the remaining allegations of Paragraph 52.

53.     Paragraph 53 asserts legal conclusions to which no response is required.  To the extent a response is required, Philip Morris USA admits that Plaintiffs purport to "not plead or allege" certain claims, but denies that such allegations have any legal significance whatsoever relative to Plaintiffs' claims and Plaintiffs' ability to seek relief or to recover damages from Philip Morris USA.  Philip Morris USA denies that Plaintiffs have stated a valid cause of action

against Philip Morris USA or are entitled to the relief sought in this Complaint or any relief whatsoever.  Philip Morris USA denies the remaining allegations of Paragraph 53.

54.     Paragraph 54 asserts legal conclusions to which no response is required.  To the extent a response is required, Philip Morris USA admits that Plaintiffs purport to "not plead or allege" certain claims, but denies that such allegations have any legal significance whatsoever relative to Plaintiffs' claims and Plaintiffs' ability to seek relief or to recover damages from Philip Morris USA.  Philip Morris USA denies that this lawsuit is appropriate for class action treatment or is manageable as a class action and denies that Paragraph 54 states a proper class.  Philip Morris USA denies that it engaged in the conduct alleged and denies the remaining allegations of Paragraph 54.

55.     Philip Morris USA denies that Plaintiffs have stated a valid cause of action against Philip Morris USA or are entitled to the relief sought in this Complaint or any relief whatsoever.  Philip Morris USA denies that Plaintiffs and putative class members have suffered any damages whatsoever and denies that this lawsuit is appropriate for class action treatment or is manageable as a class action.  Philip Morris USA denies that it engaged in the conduct alleged and denies the remaining allegations of Paragraph 55.

56.     Philip Morris USA denies that this lawsuit is appropriate for class action treatment or is manageable as a class action and denies the remaining allegations of Paragraph 56.

57.     Philip Morris USA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 57 and, therefore, denies the same.

58.     Philip Morris USA denies that this lawsuit is appropriate for class action treatment or is manageable as a class action and denies the remaining allegations of Paragraph 58.

## COUNT ONE

## UNFAIR AND DECEPTIVE TRADE PRACTICES UNDER VIRGIN ISLAND LAW

## 12 V.I.C. § 101, *ET SEQ.*

59.     Philip Morris USA restates, realleges, and incorporates by reference, as if fully set forth herein, its responses to Paragraphs 1-58 of the Complaint.

60.     Paragraph 60 asserts legal conclusions to which no response is required.  To the extent a response is required, Philip Morris USA denies that it engaged in the conduct alleged and denies the remaining allegations of Paragraph 60.

61.     Paragraph 61 asserts legal conclusions to which no response is required.  To the extent a response is required, Philip Morris USA denies that it engaged in the conduct alleged and denies the remaining allegations of Paragraph 61.

62.     Philip Morris USA denies that it engaged in the conduct alleged and denies the remaining allegations of Paragraph 62.

63.     Paragraph 63 asserts legal conclusions to which no response is required.  To the extent a response is required, Philip Morris USA denies that it engaged in the conduct alleged and denies the remaining allegations of Paragraph 63.

64.     Philip Morris USA states that it does not market, advertise, or promote its cigarettes to persons under the legal age for purchasing cigarettes and denies that its advertising or marketing is designed to appeal to persons under the legal age for purchasing cigarettes. Philip Morris USA is without knowledge or information sufficient to form a belief as to the existence, content, or accuracy of the unidentified estimates and/or statistics referred to in

Paragraph 64 and, therefore, denies the same. Philip Morris USA denies the remaining allegations of Paragraph 64.

65. Philip Morris USA is without knowledge or information sufficient to form a belief as to the truth of the allegations of the first and last sentences of Paragraph 65 and, therefore, denies the same. Philip Morris USA denies that it engaged in the conduct alleged and denies the remaining allegations of Paragraph 65.

66. Philip Morris USA denies that it engaged in the conduct alleged and denies the remaining allegations of Paragraph 66.

67. The allegations of Paragraph 67 are not directed toward Philip Morris USA and, therefore, no response is required. To the extent a response is required, Philip Morris USA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 67 and, therefore, denies the same.

68. Paragraph 68 asserts legal conclusions to which no response is required. To the extent a response is required, Philip Morris USA states that Philip Morris USA is the only defendant in this action. Further answering, Philip Morris USA denies the allegations of Paragraph 68.

**COUNT TWO**

**UNFAIR AND DECEPTIVE TRADE PRACTICES UNDER VIRGIN ISLANDS LAW**

**12 V.I.C. § 301, *ET SEQ.***

69. Philip Morris USA restates, realleges, and incorporates by reference, as if fully set forth herein, its responses to Paragraphs 1-68 of the Complaint.

70. Paragraph 70 asserts legal conclusions to which no response is required. Philip Morris USA denies that it engaged in the conduct alleged and denies the remaining allegations of Paragraph 70.

71.     Philip Morris USA denies that Plaintiffs are entitled to the relief requested in the Complaint or any relief whatsoever and denies the remaining allegations of Paragraph 71.

72.     Paragraph 72 asserts legal conclusions to which no response is required.  To the extent a response is required, Philip Morris USA denies the allegations of Paragraph 72.

## COUNT THREE

## UNJUST ENRICHMENT

73.     Philip Morris USA restates, realleges, and incorporates by reference, as if fully set forth herein, its responses to Paragraphs 1-72 of the Complaint.

74.     Philip Morris USA denies the allegations of Paragraph 74.

75.     Philip Morris USA is without knowledge or information sufficient to form a belief as to the existence, content, or accuracy of the unidentified estimates and/or statistics referred to in Paragraph 75 and, therefore, denies the same.  Philip Morris USA denies the remaining allegations of Paragraph 75, including all subparagraphs.

76.     Philip Morris USA denies the allegations of Paragraph 76.

77.     Philip Morris USA admits that it sells its cigarettes to its direct customers for ultimate resale to consumers of legal age for purchasing cigarettes throughout the United States, including the U.S. Virgin Islands.  Philip Morris USA denies that it sells cigarettes directly to ultimate consumers.  Philip Morris USA denies that it engaged in the conduct alleged and denies the remaining allegations of Paragraph 77.

78.     Philip Morris USA is without knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 78 and, therefore, denies the same.

79.     Paragraph 79 asserts legal conclusions to which no response is required.  To the extent a response is required, Philip Morris USA denies that Plaintiffs have suffered any damages whatsoever and denies that Plaintiffs have any valid legal claim or are entitled to any

relief whatsoever. Philip Morris USA denies that it engaged in the conduct alleged and denies the remaining allegations of Paragraph 79.

80.　　Philip Morris USA denies that it engaged in the conduct alleged and denies the remaining allegations of Paragraph 80.

81.　　Paragraph 81 asserts legal conclusions to which no response is required. To the extent a response is required, Philip Morris USA denies the allegations of Paragraph 81.

## COUNT FOUR

## PUNITIVE DAMAGES

82.　　Philip Morris USA restates, realleges, and incorporates by reference, as if fully set forth herein, its responses to Paragraphs 1-81 of the Complaint.

83.　　Philip Morris USA admits that Plaintiffs purport to seek punitive damages, but denies that Plaintiffs have stated a valid cause of action against Philip Morris USA or are entitled to the relief sought in this Complaint or any relief whatsoever. Philip Morris USA denies the remaining allegations of Paragraph 83.

84.　　Paragraph 84 asserts legal conclusions to which no response is required. To the extent a response is required, Philip Morris USA denies that it engaged in the conduct alleged and denies the remaining allegations of Paragraph 84.

85.　　Philip Morris USA denies that it engaged in the conduct alleged and denies the remaining allegations of Paragraph 85.

86.　　Paragraph 86 asserts legal conclusions to which no response is required. To the extent a response is required, Philip Morris USA denies that it engaged in the conduct alleged and denies the remaining allegations of Paragraph 86.

87.　　Paragraph 87 asserts legal conclusions to which no response is required. To the extent a response is required, Philip Morris USA denies the allegations of Paragraph 87.

## PRAYER FOR RELIEF

WHEREFORE, Philip Morris USA denies that Plaintiffs are entitled to the relief requested in the Prayer for Relief or any relief whatsoever.

## JURY TRIAL DEMANDED

Philip Morris USA denies all allegations of the Complaint that have not been expressly admitted herein.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiffs' and putative class members' claims are barred, in whole or in part, by applicable statutes of limitations and repose.

### Third Affirmative Defense

Plaintiffs' and putative class members' claims are barred, in whole or in part, by the doctrines of laches, waiver, and equitable estoppel.

### Fourth Affirmative Defense

Plaintiffs' and putative class members' claims are barred, in whole or in part, because the sale of cigarettes to persons of legal age for purchasing cigarettes is a legal activity in the U.S. Virgin Islands.

### Fifth Affirmative Defense

The Complaint fails to allege facts, or a cause of action, sufficient to support a claim for attorneys' fees.

### Sixth Affirmative Defense

Plaintiffs' and putative class members' claims are barred, in whole or in part, because they violate Philip Morris USA's rights under the First Amendment to the United States Constitution and cognate provisions of the U.S. Virgin Islands' Constitution, which protect the rights to freedom of speech, to petition the government, and to freedom of association.

### Seventh Affirmative Defense

Plaintiffs' and putative class members' claims are barred, in whole or in part, by the Supremacy Clause of the United States Constitution, Art. VI, § 2, because those claims are preempted and/or precluded by federal law, including, but not limited to, the Federal Cigarette Labeling and Advertising Act, 15 U.S.C. §§ 1331, *et seq.*, and the Federal Trade Commission's and the U.S. Food & Drug Administration's policies and regulations regarding the cigarette industry.

### Eighth Affirmative Defense

Plaintiffs' and putative class members' claims are barred, in whole or in part, by the First Amendment to the United States Constitution and the *Noerr-Pennington* Doctrine, to the extent their claims are premised, in whole or in part, on alleged statements or conduct in judicial, legislative, or administrative proceedings, of any kind or at any level of government.

### Ninth Affirmative Defense

Plaintiffs' and putative class members' claims are barred, in whole or in part, because they violate the due process provisions of the United States Constitution, as well as cognate provisions of the U.S. Virgin Islands' Constitution, to the extent that they seek to deprive Philip Morris USA of procedural and substantive safeguards, including traditional defenses to liability.

## Tenth Affirmative Defense

Plaintiffs' and putative class members' claims are barred to the extent they seek to impose liability retroactively for conduct that was not actionable at the time it occurred.

## Eleventh Affirmative Defense

Plaintiffs' and putative class members' claims are barred, in whole or in part, because they violate Philip Morris USA's right to a jury trial under the Seventh Amendment to the United States Constitution in that they, *inter alia*, seek to deprive Philip Morris USA of its right to have a jury determine whether Philip Morris USA is responsible for the alleged injuries and damages for which Plaintiffs make claims in this Complaint.

## Twelfth Affirmative Defense

Plaintiffs' and putative class members' claims violate the due process provisions of the United States and the U.S. Virgin Islands' Constitutions to the extent that they seek to deprive Philip Morris USA of traditional means of establishing that the alleged misconduct did not cause the alleged injuries and damages of any particular individual with respect to whom Plaintiffs make claims in this Complaint.

## Thirteenth Affirmative Defense

Plaintiffs and putative class members have no right to recover, or a verdict should be reduced by, the value of any benefits received by Plaintiffs and putative class members, paid on Plaintiffs' and putative class members' behalf, or available to Plaintiffs and putative class members, from any collateral source.

### Fourteenth Affirmative Defense

Plaintiffs and putative class members failed to mitigate any injuries and/or damages which they allegedly suffered, which failure bars or reduces any recovery by Plaintiffs and putative class members.

### Fifteenth Affirmative Defense

Plaintiffs and putative class members may not recover on the claims pleaded in the Complaint because the damages sought are too speculative and remote.

### Sixteenth Affirmative Defense

Plaintiffs' and putative class members' claims are barred, in whole or in part, by the doctrines of *res judicata*, estoppel, and by executed releases of the U.S. Virgin Islands.

### Seventeenth Affirmative Defense

Plaintiffs' and putative class members' claims are barred, in whole or in part, by settlement or accord and satisfaction of their claims.

### Eighteenth Affirmative Defense

Plaintiffs' and putative class members' should be dismissed for the reason that, among others, Plaintiffs' and putative class members' claims for relief are moot.

### Nineteenth Affirmative Defense

Plaintiffs' and putative class members' claim for punitive damages cannot be sustained because an award of punitive damages under the law of the U.S. Virgin Islands by a jury that: (1) is not provided constitutionally adequate standards of sufficient clarity for determining the appropriate imposition of, and the appropriate size of, a punitive damages award; (2) is not adequately instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment; (3) is not expressly prohibited from awarding punitive damages, or

determining the amount of an award of punitive damages, in whole or in part on the basis of invidiously discriminatory characteristics, including without limitation, the residence, wealth, and corporate status of Philip Morris USA; (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; (5) is not properly instructed regarding Plaintiffs' and putative class members' burden of proof with respect to each and every element of a claim for punitive damages; and (6) is not subject to trial court and appellate judicial review for reasonableness and furtherance of legitimate purposes on the basis of constitutionally adequate and objective standards, would violate Philip Morris USA's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and applicable provisions of the U.S. Virgin Islands' Constitution, and would be improper under the common law and public policy of the U.S. Virgin Islands.

## **Twentieth Affirmative Defense**

Plaintiffs' and putative class members' claim for punitive damages cannot be sustained because U.S. Virgin Island law regarding the standards for determining liability for and the amount of punitive damages fails to give Philip Morris USA prior notice of the conduct for which punitive damages may be imposed and the severity of the penalty that may be imposed and is void for vagueness in violation of Philip Morris USA's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and applicable provisions of the U.S. Virgin Island Constitution, and would be improper under the common law and public policies of the U.S. Virgin Islands.

## **Twenty-first Affirmative Defense**

Plaintiffs' and putative class members' claim for punitive damages against Philip Morris USA cannot be sustained, because an award of punitive damages under U.S. Virgin Islands law, subject to no predetermined limit, such as a maximum multiple of compensatory damages, or a maximum amount on the amount of punitive damages that may be imposed, would violate Philip Morris USA's due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and applicable provisions of the U.S. Virgin Islands Constitution, and would violate Philip Morris USA's right not to be subjected to an excessive award in violation of the Eighth Amendment to the United States Constitution and applicable provisions of the U.S. Virgin Islands Constitution, and would be improper under the common law and public policies of the U.S. Virgin Islands.

## **Twenty-second Affirmative Defense**

Plaintiffs' and putative class members' claim for punitive damages against Philip Morris USA cannot be sustained, because an award of punitive damages in this case, combined with any prior, contemporaneous, or subsequent judgments against Philip Morris USA for punitive damages arising out of the design, development, manufacture, distribution, supply, marketing, sale, and/or use of Philip Morris USA's cigarettes, would constitute impermissible multiple punishments for the same alleged wrong, in violation of Philip Morris USA's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and applicable provisions of the U.S. Virgin Islands Constitution, and would constitute double jeopardy in violation of the common law and statutory law of the U.S. Virgin Islands.

### Twenty-third Affirmative Defense

Plaintiffs' and putative class members' claim for punitive damages against Philip Morris USA cannot be sustained, because any award of punitive damages under law, which would be penal in nature, without according Philip Morris USA the same protections that are accorded to all criminal defendants, including the protection against unreasonable searches and seizures and self-incrimination and the right to confront adverse witnesses, a speedy trial, and the effective assistance of counsel, would violate Philip Morris USA's rights guaranteed by the Fourth, Fifth, and Sixth Amendments, as incorporated into the Fourteenth Amendment to the United States Constitution, and applicable provisions of the U.S. Virgin Islands Constitution, and would be improper under the common law and public policies of the U.S. Virgin Islands.

### Twenty-fourth Affirmative Defense

To the extent that Plaintiffs and putative class members seek exemplary and/or punitive damages, such claims, on their face and as applied, violate the Excessive Fines and Penalties Clause of the United States Constitution.

### Twenty-fifth Affirmative Defense

Plaintiffs' and putative class members' claims for punitive damages cannot be sustained because an award of punitive damages exceeding the limits authorized by the criminal laws or other comparable laws of the U.S. Virgin Islands would violate Philip Morris USA's due process and equal protection rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution and the U.S. Virgin Islands, and would be improper under the common law and public policies of the U.S. Virgin Islands.

### Twenty-sixth Affirmative Defense

Plaintiffs' and putative class members' equitable claims are barred, in whole or in part, by the equitable doctrine of unclean hands, the legal doctrine of *in pari delicto*, and the maxim that "one who seeks equity must do equity."

### Twenty-seventh Affirmative Defense

Plaintiffs' and putative class members' claims for equitable relief are barred because equitable relief is not available under any of their alleged causes of action.

### Twenty-eighth Affirmative Defense

Plaintiffs' and putative class members' equitable claims are barred because Plaintiffs and putative class members have an adequate remedy at law.

### Twenty-ninth Affirmative Defense

Plaintiffs and putative class members are not entitled to any of the injunctive relief requested in the Complaint because the hardship that would be imposed on Philip Morris USA by the relief is greatly disproportionate to any hardship that Plaintiffs and putative class members might suffer in its absence.

### Thirtieth Affirmative Defense

The remedy of disgorgement to Plaintiffs and putative class members is barred because Philip Morris USA did not profit from violations of state laws, and any such disgorgement does not reasonably approximate the amount of any alleged unjust enrichment.

### Thirty-first Affirmative Defense

Plaintiffs and putative class members are not entitled to the relief requested in the Complaint because the Court lacks any sufficiently certain, nonspeculative basis for fashioning such relief.

### Thirty-second Affirmative Defense

Plaintiffs and putative class members are barred from recovery for some or all of the claims asserted against Philip Morris USA because Philip Morris USA did not owe any legal duty to Plaintiffs and putative class members or, if Philip Morris USA owed any such legal duty, Philip Morris USA did not breach that duty.

### Thirty-third Affirmative Defense

Plaintiffs' and putative class members' claims are barred, in whole or in part, by Plaintiffs' and putative class members contributory and/or comparative negligence or fault under 5 V.I.C. § 1451.

### Thirty-fourth Affirmative Defense

If Plaintiffs and putative class members were injured or damaged, which alleged injuries and damages are denied, the alleged injuries and damages were caused solely by the acts, wrongs, or omissions of Plaintiffs and putative class members themselves, by preexisting conditions, by intervening causes, or by other persons, entities, forces, and/or things over which Philip Morris USA had no control and for which Philip Morris USA is not responsible and not liable.

### Thirty-fifth Affirmative Defense

Plaintiffs' and putative class members' claims are barred, in whole or in part, because any alleged injuries and damages sustained by Plaintiffs and putative class members were caused, in whole or in part, by their assumption of the risk and want of due care, including, among other things, Plaintiffs' and putative class members' choice to smoke.

**Thirty-sixth Affirmative Defense**

While denying at all times that any product manufactured by Philip Morris USA caused or contributed to the alleged injuries and damages in the Complaint, Philip Morris USA avers that Plaintiffs and putative class members were warned or otherwise made aware of the alleged dangers of the product, and further, that any such dangers, if they existed, were not beyond that which would have been contemplated by an ordinary consumer of the product.  Plaintiffs and putative class members, therefore, are barred from any recovery on the claims asserted.

**Thirty-seventh Affirmative Defense**

To the extent Plaintiffs' and putative class members' claims are based on an alleged duty to disclose the risks associated with cigarette smoking, such claims are barred because such risks, to the extent they exist, are and always have been commonly known.

**Thirty-eighth Affirmative Defense**

Plaintiffs' and putative class members' claims are barred, in whole or in part, because of Plaintiffs' and putative class members' lack of awareness of, and lack of reliance upon, the representations alleged.

**Thirty-ninth Affirmative Defense**

Philip Morris USA is not liable to Plaintiffs and putative class members because it had no legal duty to disclose any of the information allegedly not disclosed.

**Fortieth Affirmative Defense**

Plaintiffs' and putative class members' claims cannot be sustained because Philip Morris USA did not have superior knowledge of material facts pertaining to its cigarettes that were not also readily available to Plaintiffs and putative class members.

### Forty-first Affirmative Defense

Philip Morris USA avers that it did not know, and in light of the existing reasonably available scientific and technological knowledge, could not have known of (1) the design characteristics, if any, that allegedly caused the damages complained of herein or the alleged danger of such characteristics, or (2) any alternative design referred to by Plaintiffs.   Philip Morris USA further avers that any alternative design was not feasible either scientifically or technologically, nor was one economically practical.

### Forty-second Affirmative Defense

Plaintiffs' and putative class members' claims are barred, in whole or in part, because any cigarettes manufactured and sold by Philip Morris USA are, and always have been, consistent with available technological, medical, scientific, and industrial state-of-the-art and comply, and have complied, with all applicable governmental regulations.

### Forty-third Affirmative Defense

Plaintiffs and putative class members are barred from recovering any damages by virtue of the fact that the dangers alleged by Plaintiffs and putative class members, if any, were open and obvious.

### Forty-fourth Affirmative Defense

Plaintiffs' and putative class members' claims are barred because the alleged damages for which Plaintiffs and putative class members seek to recover were allegedly caused by an inherent characteristic of cigarettes, which is a generic aspect of the product that cannot be eliminated without substantially compromising the product's usefulness or desirability and which is recognized by the ordinary person with the ordinary knowledge common to the community.

### Forty-fifth Affirmative Defense

Plaintiffs' and putative class members' fraud claims are barred because these claims are not pleaded with particularity as required by the applicable rules of civil procedure.

### Forty-sixth Affirmative Defense

Plaintiffs' and putative class members' claims are barred because the alleged conduct of Philip Morris USA was undertaken in good faith for a valid business purpose.

### Forty-seventh Affirmative Defense

Philip Morris USA is not liable to Plaintiffs and putative class members because all information allegedly not disclosed was in the public domain.

### Forty-eighth Affirmative Defense

While denying that Plaintiffs and putative class members have stated a valid claim under 12 V.I.C. § 101, *et seq.* and 12 V.I.C. § 301, *et seq.*, to the extent Plaintiffs and putative class members are found to have asserted any valid claims under 12 V.I.C. § 101, *et seq.* and 12 V.I.C. § 301, *et seq.*, Philip Morris USA pleads all available defenses under the Consumer Protection Law of 1973, including, but not limited to: 1) Plaintiffs and putative class members are precluded from recovery under the Consumer Protection Law of 1973 because the representations and actions alleged by Plaintiffs do not constitute deceptive acts or practices because they were and are not material, in that they were and are not likely to affect the decisions or conduct of Plaintiffs and putative class members or to have caused Plaintiffs and putative class members to have chosen differently but for such alleged representations or actions in light of the information available and known to Plaintiffs and putative class members, and in that the alleged representations and actions were not likely to mislead Plaintiffs and putative class members acting reasonably under the circumstances; and 2) Plaintiffs and putative class

members are precluded from recovery under the Consumer Protection Law of 1973 because the representations and actions alleged by Plaintiffs were not intended to deceive Plaintiffs and putative class members.

### Forty-ninth Affirmative Defense

Plaintiffs' and putative class members' personal injury claims based on alleged consumer fraud and/or deceptive business practices are barred by 12A V.I.C. § 333(d).

### Fiftieth Affirmative Defense

Plaintiffs' and putative class members' claims are barred, in whole or in part, because Philip Morris USA's advertisements for its cigarettes comply, and always have complied, with all applicable regulations of the Federal Trade Commission and the U.S. Food & Drug Administration.

### Fifty-first Affirmative Defense

Plaintiffs' and putative class members' claims are barred, in whole or in part, by the doctrines of abstention, exhaustion, and primary jurisdiction in so far as the United States Federal Trade Commission and U.S. Food & Drug Administration are vested with jurisdiction to regulate the advertising and marketing of cigarettes.

### Fifty-second Affirmative Defense

Plaintiffs' and putative class members' claims are barred, in whole or in part, because they conflict with federal and state statutory schemes that comprise a comprehensive regulatory policy governing the sale and use of tobacco products.

### Fifty-third Affirmative Defense

Plaintiffs' and putative class members' claims are barred by the Separation of Powers provided for in the United States Constitution.

### Fifty-fourth Affirmative Defense

Plaintiffs' and putative class members' claims are barred, in whole or in part, by the economic loss doctrine.

### Fifty-fifth Affirmative Defense

Plaintiffs' and putative class members' claims are barred, in whole or in part, by the voluntary payment doctrine.   Plaintiffs and putative class members are precluded from any recovery because Plaintiffs and putative class members made payment voluntarily with knowledge of the facts.

### Fifty-sixth Affirmative Defense

Plaintiffs' and putative class members' claims should be dismissed for the reason that, among others, Plaintiffs' and putative class members' claims for relief are not ripe.

### Fifty-seventh Affirmative Defense

Plaintiffs' and putative class members' claims alleged in the Complaint may not be properly maintained or certified as a class action.

### Fifty-eighth Affirmative Defense

Plaintiffs and putative class members lack either standing or capacity, or both, to bring some or all of the claims alleged.

### Fifty-ninth Affirmative Defense

The class action allegations of the Complaint are barred in that Philip Morris USA's rights under the United States Constitution, including but not limited to, its rights under the Fifth, Seventh, and Fourteenth Amendments, and Philip Morris USA's rights under the Constitution of the U.S. Virgin Islands, would be violated.

### Sixtieth Affirmative Defense

Plaintiffs' and putative class members' claims fail, in whole or in part, because of improper claim-splitting.

### Sixty-first Affirmative Defense

The class action allegations of the Complaint are barred in that trying Plaintiffs' claims through a class action or other aggregate proceeding would violate Philip Morris USA's due process and other constitutional rights by (a) allowing for the recovery of damages by class members who do not have valid claims; (b) allowing the class action procedural device to change the substantive law and substantive rights and responsibilities of the parties; and (c) depriving Philip Morris USA of its right to defend itself with respect to individual claims.

### Sixty-second Affirmative Defense

The causes of action set forth in the Complaint may not be certified or maintained as a class action because the questions of fact at issue are not common to the alleged putative class, but rather, are factually specific and will vary dramatically from person to person.

### Sixty-third Affirmative Defense

Plaintiffs' and putative class members' claims are barred, in whole or in part, because Plaintiffs have failed to join all necessary and/or indispensable parties to this suit.

### Sixty-fourth Affirmative Defense

Philip Morris USA hereby gives notice that it intends to rely upon any other defense that may become available or appear during the discovery proceedings in this case and hereby reserves its right to amend its Answer to assert any such defenses.

### Sixty-fifth Affirmative Defense

Philip Morris USA intends to rely upon and reserves its right to assert other and related defenses, as may become available in the event of a determination that this action, or some part thereof, is governed by the substantive law of a state other than the U.S. Virgin Islands.

### RELIEF REQUESTED

Philip Morris USA prays for entry of judgment in its favor and against Plaintiffs and putative class members as follows:

    i.    That the Complaint be dismissed in its entirety with prejudice;

    ii.    That Plaintiffs and putative class members take nothing by way of the Complaint;

    iii.    That Philip Morris USA recover its costs, disbursements, and attorneys' fees in this action; and

    iv.    For such other and further relief as this Court deems just and proper.

### JURY DEMAND

Philip Morris USA hereby demands a trial by jury on all issues.

DATED this 3rd day of November, 2010.

Respectfully submitted,

/s/ H. Peter Del Bianco, Jr.

H. Peter Del Bianco, Jr.
LAMBERT COFFIN
P.O. Box 15215
477 Congress Street
Portland, Maine  04112-5215
(207) 874-4000

Philip H. Curtis
Nancy G. Milburn

- 36 -

ARNOLD & PORTER LLP
399 Park Avenue
New York, NY 10022
(212) 715-1000

Judith Bernstein-Gaeta
James M. Rosenthal
ARNOLD & PORTER LLP
555 12th Street, N.W.
Washington, D.C. 20004
(202) 942-5000

John H. Beisner
SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP & AFFILIATES
1440 New York Avenue, N.W.
Washington, D.C. 20005
(202) 371-7000

Counsel to Defendant Philip Morris USA Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on November 23, 2010, I electronically filed the foregoing Philip Morris USA Inc.'s Answer to Plaintiffs' Second Amended Class Action Complaint with the Clerk of the Court using the EM/ECF system which will send notification of such filing to all counsel of record registered with the ECF system.

/s/ H. Peter Del Bianco, Jr.
_____

H. Peter Del Bianco, Jr.
Lambert Coffin
P.O. Box 15215
477 Congress Street
Portland, Maine 04101
Telephone: (207) 874-4000
pdelbianco@lambertcoffin.com