UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| IN RE:  Light Cigarettes Marketing and Sales Practices Litigation | Master File No. 09-MD-2068 |
| THIS DOCUMENT RELATES TO: BRYANT TANG, on behalf of himself and all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> PHILIP MORRIS USA, INC., a Virginia corporation, and ALTRIA GROUP, INC., a Virginia corporation, <br><br> Defendants. | Case No.: 09-cv-00431 (D. Me.) <br>          08-cv-5085 (E.D.N.Y.) <br><br> **NOTICE OF INTENT TO PROCEED AND OBJECTION TO EXTENSION OF CLASS CERTIFICATION ORDER DATED NOVEMBER 24, 2010** |

  On April 15, 2011 the Court directed that each Plaintiff notify the Court by May 16, 2011 of whether he or she wishes to proceed with or dismiss his or her pending action. The Court further directed that in the event a Plaintiff wishes to proceed with the pending action the Plaintiff must inform the Court whether he or she objects to an Order extending the Court's Order on Plaintiffs' Motion for Class Certification [Dckt. 255] to his or her case.

  Plaintiff, Bryant Tang, files this report in accordance with the aforementioned Order and informs the Court that he wishes to proceed with his pending action and that he respectfully objects to an Order extending the Court's Order on Plaintiffs' Motion for Class Certification [Dckt. 255] to his case.

  Further, Plaintiff, Bryant Tang, respectfully requests that this Honorable Court suggest to the Judicial Panel of Multidistrict Litigation that his case be remanded back

to the United States District Court for the Eastern District of New York for further proceedings. The basis of Plaintiff's request is based upon multiple factors, including but not limited to:

(1) all pretrial proceedings that were appropriate for this Court to oversee as the Multidistrict Litigation transferee court have substantially concluded;

(2) remand would best serve the interest of and conserve the resources of the parties, their counsel and the judiciary; and

(3) a novel issue of New York law that is relevant only to plaintiff and class members who purchased cigarettes in the state of New York has recently arisen following the U.S. Supreme Court's decision in *Shady Grove Orthopedic Associates, PA v. Allstate Insurance Co.*, 130 S.Ct. 1431 (2010), which should be addressed by a federal court sitting in New York.

Dated: May 16, 2011
New York, New York

                                        Respectfully submitted,

                                        <u>s/Michael A. London</u>
                                        Michael A. London
                                        Virginia E. Anello
                                        DOUGLAS & LONDON, P.C.
                                        111 John Street, Suite 1400
                                        New York, New York 10038
                                        (212) 566-7500

                                        -and-

                                        Jerrold S. Parker
                                        Andres F. Alonso
                                        Peter J. Cambs, Sr.
                                        PARKER WAICHMAN ALONSO, LLP
                                        6 Harbor Park Drive
                                        Port Washington, New York 11050
                                        (516) 723-4611

                                        *Counsel for Plaintiff Bryant Tang*