UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| IN RE: Light Cigarettes Marketing and Sales Practices Litigation )<br><br>THIS DOCUMENT RELATES TO:<br>BRYANT TANG, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PHILIP MORRIS USA, INC.,<br><br>Defendant. | Master File No. 09-MD-2068<br><br>Case No.: 09-cv-00431 (D. Me.)<br>        08-cv-5085 (E.D.N.Y.)<br><br>**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR SUGGESTION OF REMAND** |

## TABLE OF CONTENTS

**Page Number**

INTRODUCTION ...................................................................................................................1
PROCEDURAL BACKGROUND.........................................................................................1
LEGAL ARGUMENT ........................................................................................................... 5
CONCLUSION ..................................................................................................................... 10

# **TABLE OF AUTHORITIES**

## **CASES**

*Page Number*

*Burns v. Volkswagen of America, Inc.,*
    460 N.Y.S. 2d 410, 413 (N.Y. Sup. 1982) ............................................................... 9

*Holster v. Gatco. Inc.,*
    130 S.Ct. 1575 (2010)............................................................................................. 9

*In Re Baycol Products Litigation,*
    2008 WL 6259241 at *13 (D.Minn. 2008) .............................................................. 6

*In re Brand-Name Prescription Drugs Antitrust Litigation,*
    264 F.Supp.2d 1372, 1375 (J.P.M.L. 2003) ............................................................ 6

*In re Bridgestone/Firestone, Inc.,*
    128 F.Supp. 2d 1196, 1197 (S.D. Ind. 2001) .......................................................... 7

*In re Evergreen Valley Project Litigation,*
    435 F.Supp. 923, 924 (J.P.M.L. 1977) .................................................................... 6

*In re IBM Peripheral EDP Devices Antitrust Litig.,*
    407 F.Supp 254, 256 (J.P.M.L. 1976) .................................................................... 7

*In re Patenaude,*
    210 F.3d 135, 145 (3d Cir. 2000) ........................................................................... 6

*In re Roberts,*
    178 F.3d 181, 183 (3d Cir. 1999) ........................................................................... 6

*In re State Street Bank and Trust Co., Fixed Income Funds Inv. Lit.,*
    2011 WL 1046162 (S.D.N.Y. 2011) ....................................................................... 6

*Lexecon v. Milberg Weiss,*
    523 U.S. 26, 36-37 (1998) ............................................................................... 8, 10

*Shady Grove Orthopedic Associates, PA v. Allstate Insurance Co.,*
    130 S.Ct. 1431 (2010).............................................................................................. 8

*Shady Grove Orthopedic Associates, PA v. Allstate Insurance Co.,*
    549 F.3d 137, 143-145 (2d Cir. 2008), *overruled by Shady Grove*
    *Orthopedic Associates, P.A.,* 130 S.Ct. 1431.   ...................................................... 9

*U.S. ex rel. Hockett v. Columbia/HCA Healthcare Corp.,*
    498 F.Supp.2d 25, 38 (D.D.C. 2007) ...................................................................... 7

*U.S. v. Philip Morris, Inc., et al.,*
    449 F.Supp.2d 1, 26-27 (D.D.C. 2006) .................................................................... 2

## **STATUTES**

28 U.S.C. § 1407(a) ................................................................................................... 5, 6

N.Y. CPLR § 901(b) ...................................................................................................... 9

N.Y. Gen. Bus. Law § 349 ........................................................................................ 3, 9

N.Y. Gen. Bus. Law § 350-e ......................................................................................... 9

Rule 10.2 of the Rules of the Judicial Panel on Multidistrict Litigation ............................ 6

Rule 10.3 of the Rules of the Judicial Panel on Multidistrict Litigation ............................ 6

## I.  INTRODUCTION

NOW COMES Plaintiff Bryant Tang, on behalf of himself and all others similarly situated who purchased cigarettes in the State of New York, and moves the Court for a Suggestion of Remand to the Judicial Panel of Multidistrict Litigation ("the Panel") of all causes of action asserted by Plaintiff Bryant Tang against Defendant Philip Morris USA, Inc. ("Philip Morris") back to the United States District Court for the Eastern District of New York, the district court from which his action was originally transferred, on the grounds that all pre-trial proceedings that were appropriate for this Court to oversee as the Multidistrict Litigation ("MDL") transferee court have been substantially concluded, and, thus, remand would best serve the interest of and conserve the resources of the parties, their counsel and the judiciary.

## II. **PROCEDURAL BACKGROUND**

This case arises out of the unfair and deceptive practices of the Defendant Philip Morris and Altria Group, Inc. ("Altria") to induce cigarette smokers to continue smoking in spite of the growing public awareness of a connection between cigarette smoking and serious health problems, including cancer, by fraudulently designing, manufacturing, promoting, marketing and/or selling their Marlboro Lights cigarettes (also referred to hereinafter as "Light" and/or "Low Tar" cigarettes).[1]  (Attached hereto as Exhibit "A" is Plaintiff's complaint.)

Specifically, it is alleged that Defendant Philip Morris and Altria designed, manufactured, promoted, marketed and/or sold their Marlboro Lights cigarettes as

---

[1] Plaintiff Bryant Tang's action was originally filed as only against Defendant Philip Morris. However, upon remand back to the Eastern District of New York, Plaintiff intends to move the Court for leave to amend his complaint to include Altria as a Defendant.

being "Light" and having "Lowered Tar and Nicotine" and being somehow safer than other/regular cigarettes, when it fact Defendant Philip Morris and Altria knew the descriptors "Light" and "Lowered Tar and Nicotine" were false and that these cigarettes were not safer than other/regular cigarettes. *Id.*

Prior to the filing of the present action, in 1999 the U.S. Department of Justice ("DOJ") brought an action against Defendant Philip Morris and Altria as well as other cigarette manufacturers under the Racketeer Influenced and Corrupt Organizations Act ("RICO") in the United States District Court for the District of Columbia charging, among other things, that Defendant Philip Morris, Altria and others had violated and continued to violate RICO by falsely representing that their "light" and low tar cigarettes were less harmful than full flavor cigarettes when they were more than aware that said cigarettes were just as harmful, if not more. *U.S. v. Philip Morris, Inc., et al.* 449 F.Supp.2d 1, 26-27 (D.D.C. 2006).

Following seven years of litigation and a nine month trial, at which tens of thousands of exhibits were presented, at which 84 witnesses provided live testimony and at which 162 witnesses provided written testimony, the District Court found that Defendant Philip Morris and Altria, among others, had indeed violated RICO. *Id.* at 27, 28, 851, 901, 907.

The Court specifically found that Defendant Philip Morris and Altria had falsely represented that their "light" and low tar cigarettes delivered less nicotine and tar and, therefore, presented fewer health risks than other/regular cigarettes *Id.* at 859-861.

All documents, exhibits, deposition testimony, trial testimony and additional evidence exchanged, reviewed and/or used during the seven year course of the prior DOJ action is available to the public, including Plaintiff Bryant Tang.

On December 17, 2008 Plaintiff, as an individual who purchased Marlboro Lights cigarettes within the State of New York and who was deceived by the aforementioned conduct of Defendant Philip Morris and Altria, originally brought this action on behalf of himself and all persons who purchased Defendant's Marlboro Light cigarettes in New York alleging that Defendant Philip Morris's conduct violated New York's consumer fraud laws (N.Y. Gen. Bus. Law §§ 349, *et seq.*) and unjust enrichment laws. *See* Exh. A. Similar actions arising out of the same alleged misconduct of Defendant Philip Morris and Altria were filed throughout the country. (Attached hereto as Exhibit "B" is a schedule of these actions.) However, with the exception of one action, these similar actions alleged violations of consumer fraud and unjust enrichment laws of states other than New York. *Id.*[2]

On September 10, 2009 the aforementioned actions were centralized by the Judicial Panel on Multidistrict Litigation (the "Panel") for pretrial proceedings before the Honorable Judge John A. Woodcock, Jr. of the United States District Court for the District of Maine ("the MDL Court") because the Panel found that common factual issues existed which warranted centralization. (Attached hereto as Exhibit C is a copy of the Panel's Transfer Order.)

Specifically, the Panel noted that "all eight actions share[d] factual issues as to whether Philip Morris and/or Altria engaged in deceptive marketing of their light cigarettes and/or manipulated the design of those cigarettes to deliver more tar and nicotine when smoked than when tested by the government." *Id.* at p. 2. Thus, centralization was appropriate because it would "serve the convenience of the parties

---

[2] The other action which alleged violations of New York's consumer fraud and unjust enrichment laws, Kathryn Domaingue v. Philip Morris USA, Inc., et al., Case No. 1:09-cv-1144, is not subject to this motion.

3

and witnesses…[,] promote the just and efficient conduct of the litigation…eliminate duplicative discovery, prevent inconsistent pretrial rulings…, and conserve the resources of the parties, their counsel and the judiciary." *Id.*

Following the centralization of these actions before the MDL Court, discovery was conducted. Regarding discovery related to Defendant Philip Morris and Altria, little discovery was necessary because all relevant documents, sworn testimony and/or other evidence were publicly available to all MDL Plaintiffs as a result of the prior DOJ action discussed above. Thus, most of the discovery conducted in this MDL was directed at the MDL Plaintiffs. Indeed, Plaintiff Bryant Tang responded to all discovery demands served upon him by Defendant Philip Morris and Altria and sat for his deposition on December 8, 2009.

In addition to conducting discovery, the MDL Court entertained the MDL Plaintiffs' motion for application of the collateral estoppel doctrine. *See* Plaintiffs' Motion for Application of the Collateral Estoppel Doctrine. [Dckt. 59] Specifically, the MDL Plaintiffs moved the Court for an Order collaterally estopping Defendant Philip Morris and Altria from relitigating the same facts and issues which they previously litigated and lost in the prior DOJ action. *Id.* Said motion was denied on March 5, 2010. *See* Order on Plaintiffs' Motion for Application of the Collateral Estoppel Doctrine. [Dckt. 178].

Following the conclusion of discovery, the MDL Court entertained a motion for class certification in which class certification was sought by smokers of Light cigarettes in only four states: California, Illinois, Maine and Washington D.C. *See* Plaintiffs' Motion for Class Certification. [Dckt. 186] Said motion was meant to serve only as an exemplar motion and was not meant to be binding as to the other state

4

actions in which consumer fraud and/or unjust enrichment classes were sought. *See* Order on Plaintiff's Motion for Class Certification, n.2. [Dckt. 255]. On November 24, 2010 the Court entered its Decision denying class certification as to all four exemplar states. *Id.* Leave to appeal said decision was sought from the U.S. Court of Appeals for the First Circuit, but was denied on February 22, 2011.

On April 15, 2011, following two telephonic status conferences, the Court issued an Order directing all parties to notify the Court by May 16, 2011 of whether he or she wished to proceed with or dismiss his or her pending action. The Court further directed that in the event a Plaintiff wished to proceed with the pending action the Plaintiff must inform the Court whether he or she objected to an Order extending the Court's Order on Plaintiffs' Motion for Class Certification [Dckt. 255] to his or her case.

In compliance with the Court's Order, on May 16, 2011 Plaintiff, Bryant Tang, notified the Court that he wished to proceed with his pending action and that he objected to an Order extending the Court's Order on Plaintiffs' Motion for Class Certification to his case. *See* Plaintiff Bryan Tang's Notice of Intent to Proceed and Objection to Extension of Class Certification Order dated November 24, 2010 [Dckt. 279]. Plaintiff, Bryant Tang, further advised the Court of his intent to file the within motion. *Id.*

### III. LEGAL ARGUMENT

Pursuant to 28 U.S.C. § 1407(a) actions coordinated or consolidated by the Panel for pretrial proceedings, at or before the conclusion of such pretrial proceedings, shall be remanded by the Judicial Panel to the district court from which it was transferred unless it shall have been previously terminated. *Id.* The power to remand a case to the

transferor court lies solely within the discretion of the Panel. *In re Roberts*, 178 F.3d 181, 183 (3d Cir. 1999).

To this end, Rules 10.2 and 10.3 of the Rules of the Panel further provide that an action may be remanded back to the transferor court in one of three ways:

- upon the suggestion of the transferee district judge;
- upon the Panel's own initiative; or
- upon the motion of the party seeking remand.

*See* Rules 10.2 and 10.3 of the Panel.

The Panel "is reluctant to order a remand absent the suggestion of the transferee judge." *See* Rule 10.3(a) of the Rules of the Panel; *see also In Re Baycol Products Litigation*, 2008 WL 6259241 at *13 (D.Minn. 2008)(*citing In re Evergreen Valley Project Litigation*, 435 F.Supp. 923, 924 (J.P.M.L. 1977)("the Panel is greatly influenced by the transferee judge's suggestion that remand of the action is appropriate.")). As such, given the guidance of the Panel, Plaintiff hereby moves your Honor, and thus the MDL Court, for a suggestion of remand.

"The plain language of section 1407 accords the Panel discretion to remand cases before the conclusion of pretrial proceedings, and courts routinely have read the statute in that flexible fashion." *In re Brand-Name Prescription Drugs Antitrust Litigation*, 264 F.Supp.2d 1372, 1375 (J.P.M.L. 2003)(*citing In re Patenaude*, 210 F.3d 135, 145 (3d Cir. 2000)). Indeed, it is not necessary or even contemplated that consolidated pretrial proceedings be completed before a case is remanded back to a transferor court. *In re State Street Bank and Trust Co., Fixed Income Funds Inv. Lit.*, 2011 WL 1046162 (S.D.N.Y. 2011).

Rather, the Panel has discretion to remand prior to the conclusion of pre-trial proceedings and "the exercise of that discretion generally turns on the question of whether the case will benefit from further coordinated pre-trial proceedings as part of the MDL." *In re Bridgestone/Firestone, Inc.,* 128 F.Supp. 2d 1196, 1197 (S.D. Ind. 2001). A district court deciding whether to issue a suggestion of remand "should be guided in large part by whether one option is more likely to insure the maximum efficiency for all parties and the judiciary." *U.S. ex rel. Hockett v. Columbia/HCA Healthcare Corp.*, 498 F.Supp.2d 25, 38 (D.D.C. 2007)(*quoting In re IBM Peripheral EDP Devices Antitrust Litig.*, 407 F.Supp 254, 256 (J.P.M.L. 1976). If case-specific proceedings remain, then a Court may exercise its discretion to suggest remand before the conclusion of pretrial proceedings. *In re Bridgestone/Firestone, Inc.* 128 F.Supp. 2d at 1197.

In this case, the Panel coordinated and/or consolidated these actions before this Court because they "share[d] factual issues as to whether Philip Morris and/or Altria engaged in deceptive marketing of their light cigarettes and/or manipulated the design of those cigarettes to deliver more tar and nicotine when smoked than when tested by the government." *See* Exh. C at p. 2. Particularly, the Panel found that coordination would "serve the convenience of the parties and witnesses…[,] promote the just and efficient conduct of the litigation…eliminate duplicative discovery, prevent inconsistent pretrial rulings, …, and conserve the resources of the parties, their counsel and the judiciary." *Id.*

Between the time that the Panel transferred Plaintiff's action to the MDL Court and today, the reasons behind which the Panel issued its original Transfer Order have become moot. In other words, Plaintiff's case will no longer benefit from further

7

coordinated pre-trial proceedings in this MDL given that all discovery and related motions (i.e. application of the collateral estoppel doctrine and class certification as to the four exemplar states) regarding the common issues of fact identified by the Panel have been completed, there is no longer a risk of duplicative discovery and/or inconsistent pretrial rulings and there is no longer a risk of needlessly expending the resources of the parties, their counsel and the judiciary.

Indeed, as to the latter, Plaintiff posits that remanding this case back to the Eastern District of New York will actually conserve the resources of and insure maximum efficiency for the parties, their counsel and the judiciary.

Plaintiff Bryant Tang wants to proceed with his case. He and his fact witnesses are located in New York as are a majority of the class members he could seek to represent. Additionally, his counsel is located in New York. Thus, he does not intend to waive his rights under *Lexecon v. Milberg Weiss*, 523 U.S. 26, 36-37 (1998), which holds that ultimately the Panel is obligated to remand a case back to the transferor court at the conclusion of pretrial proceedings. In this regard, Plaintiff respectfully submits that all pretrial proceedings that this MDL Court is charged with conducting have been completed in an efficient and timely manner. [3]

Plaintiff acknowledges that a decision as to whether his action should proceed as a class action under New York law has yet to be decided. However, because of a recent decision by the U.S. Supreme Court, *Shady Grove Orthopedic Associates, PA v. Allstate Insurance Co.*, 130 S.Ct. 1431 (2010), Plaintiff posits that a federal court sitting in New

---

[3] Plaintiff Bryant Tang has responded to extensive discovery. More specifically, he served an initial response and supplemental response to Defendants' First Request for Production of Documents, an initial response and two supplemental responses to Defendants' First Set of Interrogatories and a response to Defendants' First Request for Admissions. Additionally, Plaintiff Bryant Tang sat for his deposition on December 8, 2009.

York, particularly the Eastern District of New York, is the appropriate court to make such a decision.

It is the law of the state of New York that individuals cannot bring a class action in state court for the statutory damages provided for by New York's consumer fraud laws (N.Y. Gen. Bus. Law §§ 349 and 350-e). N.Y. CPLR § 901(b); *see also Burns v. Volkswagen of America, Inc.* 460 N.Y.S. 2d 410, 413 (N.Y. Sup. 1982). The source of said law is N.Y. CPLR § 901(b) which provides that no class action can be maintained when the recovery sought is a penalty or a minimum measure of recovery imposed by statute. *Id.*

Until recently, it was the law of the Second Circuit and lower federal courts that N.Y. CPLR § 901(b) did not conflict with Federal Rule of Civil Procedure 23 regarding certification of class actions and, as such, the ban on class actions for statutory damages provided for by §901(b) also applied in federal court. *See Shady Grove Orthopedic Associates, PA v. Allstate Insurance Co.,* 549 F.3d 137, 143-145 (2d Cir. 2008), *overruled by Shady Grove Orthopedic Associates, P.A.*, 130 S.Ct. 1431. As such, just as in New York state court, individuals could not bring a class action in federal court for the statutory damages provided for by New York's consumer fraud laws (N.Y. Gen. Bus. Law §§ 349 and 350-e). *Id.*

However, on March 31, 2010, the aforementioned Second Circuit law was overruled by the U.S. Supreme Court in *Shady Grove Orthopedic Associates, PA.,* 130 S.Ct. 1431. There, the Supreme Court "held that ... § 901(b) does not apply to state-law claims in federal court because it is validly preempted by [Federal] Rule [of Civil Procedure] 23. *Holster v. Gatco. Inc.*, 130 S.Ct. 1575 (2010). As a result of this decision,

9

plaintiffs, such as plaintiff Bryant Tang, may now maintain class actions <u>in federal court</u> in cases such as this one, where the damages being sought may be statutory.

In this regard, because New York does not allow class actions to be maintained in state court when the damages sought are statutory and because, until March 31, 2010, the law of the Second Circuit and lower federal courts similarly provided that such class actions could not be maintained in federal court, no court sitting in New York has ever had the opportunity to address the legal standard to be applied in consumer fraud cases where individuals seek class certification for the statutory damages provided by §§ 349 and 350-e. It is a novel issue and Plaintiff respectively submits that a court sitting in New York – in this case, the Eastern District of New York – is in a better position to address such a new issue unique to New York.

For all of the above reasons, especially because Plaintiff, Bryant Tang, has not waived and does not intend to waive *Lexecon* and because all appropriate pre-trial proceedings have been completed by this MDL Court, remand is the only option in this case.

## IV. <u>CONCLUSION</u>

For all of the foregoing reasons, Plaintiff Bryan Tang respectfully requests that this Court issue a suggestion of remand to the Judicial Panel of the above-captioned matter back to United States District Court for Eastern District of New York and for such other and further relief as the Court deems just and proper.

Dated: May 16, 2011
New York, New York

Respectfully submitted,

*s/Michael A. London*
Michael A. London
Virginia E. Anello
DOUGLAS & LONDON, P.C.
111 John Street, Suite 1400
New York, New York 10038
(212) 566-7500

-and-

Jerrold S. Parker
Andres F. Alonso
Peter J. Cambs, Sr.
PARKER WAICHMAN ALONSO, LLP
6 Harbor Park Drive
Port Washington, New York 11050
(516) 723-4611

*Counsel for Plaintiff Bryant Tang*