UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| In re: Light Cigarettes Marketing and Sales Practices Litigation | Master File No. 09-MD-2068 |
| This Document Relates To: | |
| Bryan Cabbat, Individually and on behalf of all others similarly situated, Plaintiff, v. Philip Morris USA, Inc., Defendant. | Case No: 10-CV-00162 (D. Haw.) |

**PLAINTIFF'S MOTION THAT THE COURT SUGGEST REMAND**

Now Comes plaintiff, Bryan Cabbat, on behalf of himself and all others similarly situated, by and through counsel, and in support of this motion that the Court suggest remand of *Cabbat v. Philip Morris USA, Inc.* (hereinafter "*Cabbat*"), to the United States District Court for the District of Hawaii, where it was transferred from, states as follows:

**INTRODUCTION**

Remanding *Cabbat* is appropriate because: (1) the coordinated and consolidated discovery and pretrial motion phase of this MDL has concluded; (2) the discovery remaining in *Cabbat* relates almost exclusively to people, facts, and circumstances located in Hawaii; and (3) resolving the issues of Hawaii consumer law in *Cabbat* would most appropriately be addressed by a court located in Hawaii. Thus, respectfully, this Honorable Court should suggest to the Judicial Panel on Multidistrict Litigation (the "Panel") that *Cabbat* be remanded to the United States District Court for the District of Hawaii.

## PROCEDURAL BACKGROUND

On September 8, 2009, the Panel entered a Transfer Order finding that the MDL Actions involved "common issues of fact, and that centralization . . . in the District of Maine will serve the convenience of the parties and witnesses and promotes the just and efficient conduct of the litigation." Transfer Order, MDL 2068, at 2. On March 19, 2010, Plaintiff Cabbat filed his Class Action Complaint in the United States District Court for the District of Hawaii. *See* Class Action Complaint, *Cabbat v. Philip Morris USA, Inc.*, Case No. 10-CV-00162 (D. Haw.). On April 29, 2010, *Cabbat* was transferred to this Court by the Panel for coordinated or consolidated pretrial proceedings. *See* Transfer Order [D.E. #202].

MDL Plaintiffs engaged in significant coordinated and consolidated discovery and pretrial motion practice. Specifically, MDL Plaintiffs coordinated in preparing and responding to initial disclosures, requests to admit, requests to produce, and interrogatories, and in taking or defending the depositions of several fact and expert witnesses. Additionally, MDL Plaintiffs motioned the Court to apply collateral estoppel to the findings of Judge Kessler in *U.S. v. Philip Morris, Inc.*, 449 F. Supp. 2d 1 (D.D.C. 2006) (the "*DOJ* action"), requesting that the Court estop Philip Morris and Altria from re-litigating the issues they lost in the *DOJ* action;[1] coordinated in responding to two motions for summary judgment and one motion for judgment on the pleadings filed by Philip Morris;[2] and filed a consolidated motion for class certification on four exemplar jurisdictions, California, D.C., Illinois, and Maine. On November

---

[1] On March 15, 2010, the Court denied Plaintiffs' Motion for Application of Collateral Estoppel Doctrine. [D.E. #178].

[2] The Court denied Philip Morris' motions for summary judgment and motion for a judgment on the pleadings. *See* Order (May 26, 2010) [D.E. #216] (denying Philip Morris' motion for summary judgment); Order (July 26, 2010) [D.E. #232] (denying Philip Morris' motion for judgment on the pleadings); Order [D.E. #237] (denying Philip Morris' motion for summary judgment on causation).

24, 2010, the Court denied Plaintiffs' Consolidated Motion for Certification of California, D.C., Illinois, and Maine Classes. *See* Order (Nov. 24, 2010) [D.E. #255].

On April 15, 2011, the Court ordered that each MDL Plaintiff advise the Court of whether he wished to proceed with his case. Order [D.E. #277]. On May 16, 2011, Plaintiff Cabbat informed the Court through counsel that he wishes to proceed and that he seeks remand of his case to the United States District Court for the District of Hawaii. Report to the Court [D.E. #280].

## ARGUMENT

A transferred action should be remanded by the Panel "at or before the conclusion of . . . pretrial proceedings to the district from which it was transferred." 28 U.S.C. § 1407(a); *see also Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach,* 523 U.S. 26, 28 (1997) (recognizing the "duty" of the Panel to remand transferred actions before trial). Rule 10.1(b) of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation instructs that:

> Typically, the transferee judge recommends remand of an action, or a part of it, to the transferor court at any time by filing a suggestion of remand with the Panel. However, the Panel may remand an action . . . upon (i) the transferee court's suggestion of remand, (ii) the Panel's own initiative by entry of an order to show cause, a conditional remand order or other appropriate order, or (iii) motion of any party.

"[T]he Panel is reluctant to order a remand absent the suggestion of the transferee judge." JPML Rule 10.3(a). When determining whether to suggest remand, courts attempt to determine whether remand is most "likely to insure the maximum efficiency for all parties and the judiciary." *United States ex rel. Hockett v. Columbia/HCA Healthcare,* 498 F.Supp.2d 25, 38 (D.D.C. 2007); *see also* Manual for Complex Litigation, Fourth § 20.133 at 307 (2010).

The coordinated and consolidated discovery and pretrial motion phase of this MDL has concluded, mooting the primary purposes of this MDL. *See, e.g., In re State Street Bank and*

*Trust Co.*, 2011 WL 1046162 (S.D.N.Y. 2011) (stating that remand is "often appropriate" when coordinated expert discovery and fact discovery are completed, as they are "among the primary purposes of multidistrict litigation."). Moreover, Plaintiff Cabbat and the Hawaii putative Class are residents of Hawaii, and any remaining fact discovery will likely be located in or relate exclusively to Hawaii. If the matter were to proceed to trial, the trial would occur in the United States District Court for the District of Hawaii. It would be more convenient for the parties and witnessesto have a Hawaii court to address any issues relating to such discovery and, respectfully, more efficient for the court that would eventually try the matter to address such issues. Thus, coordination or consolidation of this MDL no longer serves "the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation." Transfer Order, MDL 2068 (Sept. 10, 2009).

Additionally, the issues of Hawaii consumer law in *Cabbat* would most appropriately be addressed by a court sitting in Hawaii. *See, e.g., In re State Street Bank and Trust*, 2011 WL 1046162, at \*3 (noting that application of Texas law is a task "for which a court in Texas is better situated) (quoting *In re Ins. Brokerage Antitrust Litig.*, MDL No. 1663, 2009 WL 1874085, at \*4 (D.N.J. June 30, 2009) (noting that adjudication of dispositive motions would require application of Missouri law that "may best be undertaken by the court that sits in that state and more frequently applies the law that controls Plaintiffs' cases . . . This factor also weighs heavily in favor of remand.").

## CONCLUSION

For the reasons stated herein, remand of *Cabbat v. Philip Morris USA, Inc.*, to the United States District Court for the District of Hawaii, will best ensure the efficient adjudication of the

action. Thus, Plaintiff Cabbat, by and through counsel, respectfully requests that this Honorable Court suggest to the Panel that the action be remanded.

Dated: June 13, 2011                             Respectfully submitted,

/s/ Samuel W. Lanham, Jr.

Samuel W. Lanham, Jr.
**LANHAM BLACKWELL, P.A.**
470 Evergreen Woods
Bangor, ME 04401


Ben Barnow
**BARNOW AND ASSOCIATES, P.C.**
One North LaSalle Street, Suite 4600
Chicago, IL 60602

Don Barrett
**BARRETT LAW OFFICE, P.A.**
404 Court Square
Lexington, MS 39095-0987

Kent Caperton
**BEN BARNES GROUP**
1215 19th Street, NW
Washington, DC 20036

Marian S. Rosen
**MARIAN S. ROSEN**
**& ASSOCIATES**
5065 Westheimer, Suite 840
Houston, TX 77056

Howard Rubinstein
**LAW OFFICE OF**
**HOWARD WEIL RUBINSTEIN**
P.O. Box 4869
Aspen, CO 81611

Walter Umphrey
**PROVOST UMPHREY**
  **LAW FIRM, LLP**
P.O. Box 4905
Beaumont, TX 77704-4905

Joe R. Whatley, Jr.
**WHATLEY, DRAKE & KALLAS**
1540 Broadway, 37th Floor
New York, NY 1036

John Eddie Williams
**WILLIAMS, KHERKER, HART,**
  **BOUNDAS, LLP**
8441 Gulf Freeway, Suite 600
Houston, TX 77017

*Plaintiffs' Executive Committee*

## **CERTIFICATE OF SERVICE**

Service of foregoing document was made through the Court's ECF system on all those registered to receive ECF service.

Date:  June 13, 2011

*/s/ Samuel W. Lanham, Jr.*

Samuel W. Lanham, Jr.
**LANHAM BLACKWELL, P.A.**
470 Evergreen Woods
Bangor, ME 04401