UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| IN RE: LIGHT CIGARETTES MARKETING SALES PRACTICES LITIGATION | ) ) ) ) | MDL Docket No.: 1:09-MD-2068 |
| This document relates to: | ) ) | |
| BRYANT TANG, | ) ) | |
| Plaintiff, | ) ) | Case No. 08-cv-5085 (E.D.N.Y.) |
| v. | ) ) | |
| PHILIP MORRIS USA, INC., | ) ) | |
| Defendant; | ) ) | |
| EVA MARIE PHILLIPS and GREG A. PHILLIPS, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 5:10-cv-01741 (N.D. Ohio) |
| v. | ) ) | |
| PHILIP MORRIS COS. INC. et al., | ) ) | |
| Defendants; | ) ) | |
| BRYAN CABBAT, | ) ) | |
| Plaintiff, | ) ) | Case No. 10-cv-00162 (D. Haw.) |
| v. | ) ) | |
| PHILIP MORRIS USA, INC., | ) ) | |
| Defendant; | ) ) | |
| DEBI MCCLURE, | ) ) | |
| Plaintiff, | ) ) | Case No. 3:10-cv-0866 (M.D. Tenn.) |
| v. | ) ) | |
| PHILIP MORRIS USA, INC. and ALTRIA GROUP, INC., | ) ) ) | |
| Defendants; | ) | |

| | |
|---|---|
| CHARLES WYATT, | ) |
| | ) |
| Plaintiff | ) Case No. 09-cv-597-LA (E.D. Wis.) |
| | ) |
| v. | ) |
| | ) |
| PHILIP MORRIS USA, INC., and ALTRIA GROUP, INC., | ) |
| | ) |
| Defendants. | ) |
| | ) |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS'
MOTION FOR SUGGESTION OF REMAND AND IN SUPPORT OF
EXTENDING THE COURT'S ORDER DENYING CLASS CERTIFICATION
<u>WITH INCORPORATED REQUEST FOR ORAL ARGUMENT</u>**

The Judicial Panel on Multidistrict Litigation ("JPML") consolidated these light cigarette actions to achieve substantial efficiencies by having this Court alone address pretrial issues, including the class certification determination:

> Centralization under Section 1407 will eliminate duplicative discovery, prevent inconsistent pretrial rulings (*including with respect to class certification*), and conserve the resources of the parties, their counsel and the judiciary.

Transfer Order, *In re: Light Cigarettes Mktg. & Sales Practices Litig.*, MDL No. 2068, at 2 (J.P.M.L. Sept. 10, 2009) (emphasis added) ("JPML Transfer Order") (Ex. A). This decision was in accordance with the JPML's long-standing practice of consolidating related class certification motions in front of the same district court. *See, e.g., In re Piper Aircraft Distrib. Sys. Antitrust Litig.*, 405 F. Supp. 1402, 1403-04 (J.P.M.L. 1975) ("As the Panel has held in several past litigations, matters concerning class action certification should be included in the coordinated or consolidated pretrial proceedings in order to prevent inconsistent rulings and promote judicial efficiency.") (collecting cases).

Following this directive, this Court appropriately identified class certification as one of the "significant decisions" that it would address as a threshold matter. Oct. 26, 2009 Procedural Order, at 13. Over defendants' objections, the Court adopted an exemplar process by which certification would be decided first in four cases, and then the Court and parties would use the exemplar decisions for guidance in resolving the certification question in the remaining actions. Oct. 21, 2009 Hr'g Tr., at 30, 33, 42 (Ex. B).[1] As the Court explained, the exemplar ruling would potentially avoid the "need" to "run through all the variations of state law" in resolving class certification in the remaining cases. Oct. 21, 2009 Hr'g Tr., at 33. And plaintiffs

---

[1] Defendants sought to brief class certification in all of the consolidated cases at the same time. *Id.* at 30.

encouraged the use of exemplar cases because it would facilitate resolution of class certification in all of the consolidated actions. *Id.* at 37 (Mr. Barrett).

After the exemplar ruling, plaintiffs conceded that "remand would not be proper yet" for any cases where "there's more work to do on class certification." Apr. 15, 2011 Hr'g Tr. at 9 (Mr. Whatley) (Ex. C). Nevertheless, plaintiffs in the five cases not dismissed[2] now seek to abandon the exemplar process and nullify the JPML's assignment of the class certification issue to this Court. The remaining plaintiffs contend that this Court should recommend remand without deciding class certification in those cases. Rather, according to plaintiffs, class certification and all other pretrial issues in these five related cases should be resolved by five different judges in five separate proceedings, notwithstanding the JPML's ruling consolidating these cases.

Every argument plaintiffs make in support of remand could have been raised before this Court's exemplar ruling. Yet plaintiffs waited until after that decision went against them to seek remand. The motivation underlying this request is transparent: having failed to obtain certification of what they thought were their "best" cases, plaintiffs in the remaining cases recognize they have no valid means of distinguishing the application of the exemplar ruling to their cases. Plaintiffs therefore want to end run these consolidated proceedings and this Court by seeking "mulligans" in front of new judges. If granted, plaintiffs' request would give rise to substantial inefficiencies because five new judges would have to master the same extensive class certification record that this Court reviewed in addressing the exemplar motion, which would be contrary to the JPML's objective of "conserv[ing] the resources of . . . the judiciary." JPML

---

[2] The five remaining cases are *Cabbat* (Hawaii), *McClure* (Tennessee), *Phillips* (Ohio), *Tang* (New York), and *Wyatt* (Wisconsin).


Transfer Order at 2.  And remanding now would create the very risk of "inconsistent pretrial rulings" that the JPML sought to avoid by consolidating the cases in this Court.  *Id.*

Defendants[3] respectfully request that the Court reject this attempt to end run the JPML consolidation order and this Court's exemplar process.  Below, we first explain why it would be improper to remand these cases before resolving class certification.  We demonstrate that the reasoning in the Court's exemplar ruling applies equally to each of the remaining cases, and thus the Court should extend its ruling and deny class certification in those cases.  We then explain that, even after that determination, there is substantial common pretrial discovery and motion practice remaining for this Court to coordinate if the five cases continue.  As a result, this Court should decline to suggest remand until all common pretrial discovery and motion practice is completed.

## ARGUMENT

Plaintiffs bear the burden to demonstrate "good cause" for remand prior to the completion of all pretrial procedures.  *In re S. Cent. States Bakery Prods. Antitrust Litig.*, 462 F. Supp. 388, 390 (J.P.M.L. 1978); *see also, e.g.*, *Chau v. Aviva Life & Annuity Co.*, 2011 WL 1990446, at *2 (N.D. Tex. 2011); *In re Integrated Res., Inc. Real Estate Ltd. P'ships Secs. Litig.*, 851 F. Supp. 556, 562 (S.D.N.Y. 1994).  Here, they cannot carry this burden as to either class certification or other pretrial activities because "continued consolidation will eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary."  *Chau*, 2011 WL 1990446, at *2 (quotation omitted).[4]

---

[3]  Altria Group, Inc. joins this opposition without prejudice to its affirmative defenses, including lack of personal jurisdiction, in any particular coordinated action.

[4]  Only the JPML has the power to remand consolidated actions to the transfer courts.  *See* 28 U.S.C. § 1407(a).  "The role of the transferee court in reviewing a motion for remand is to provide a suggestion or recommendation to the Panel," and its suggestion "carries great weight."  *In re Baycol Prods. Litig.*, 265 F.R.D. 453, 455 (D. Minn. 2008).  In the event that the MDL

Footnote continued on next page

I.  **This Court Should Decide Class Certification In The Remaining Cases And Extend Its Class Certification Order To Each Case**

   A.  **Remand Before Deciding Class Certification Would Frustrate The JPML's Efficiency And Consistency Mandate To This Court**

Courts routinely decline to recommend remand unless "the discrete function performed by the transferee court has been completed." *In re Baycol*, 265 F.R.D. at 455. The JPML specifically identified the class certification determination as a function assigned to this Court. JPML Transfer Order at 2 ("[c]entralization under Section 1407 will . . . prevent inconsistent pretrial rulings (including with respect to class certification)"). Because this Court has not completed this function in any of the remaining cases, this is reason alone for this Court not to recommend remand. *See, e.g.*, *In re Air Crash Disaster at Stapleton Int'l Airport*, 720 F. Supp. 1505, 1520-21 (D. Col. 1989), *rev'd on other grounds by Johnson v. Continental Airlines Corp.*, 964 F.2d 1059 (10th Cir. 1992).

In *Stapleton*, the MDL court used an exemplar process to try one of the consolidated cases first, with the expectation that the results of that trial would provide guidance to the remaining cases. 720 F. Supp. at 1510-11 & n. 2. The court rejected the punitive damages claim in the exemplar case and extended that ruling to the cases that had been consolidated at the same time as the exemplar. *Id.* at 1511. The court then rejected the request by the remaining plaintiffs -- whose cases had been consolidated after the exemplar -- to recommend remand before deciding whether the exemplar ruling applied to those cases as well. *Id.* at 1520-21. As the court explained, remand would be "contrary to our duty to resolve common pretrial issues under the multidistrict litigation statute." *Id.* at 1521; *see also, e.g.*, *In re Express Scripts, Inc.*, 2010 WL 5149270, at *2 (E.D. Mo. 2010) (refusing to suggest remand where "Defendant anticipates

---

Footnote continued from previous page
court declines to recommend remand, the party may unilaterally file a motion for remand with the JPML itself. J.P.M.L. Rule of Procedure 10.1(b)(iii).

4

filing a motion for summary judgment . . . on issues which are the same or similar in these cases"); *In re Fedex Ground Package Sys., Inc.*, 2010 WL 3239330, at *4 (N.D. Ind. 2010) (refusing to suggest remand of cases in which pending motions were "tied" together).

It would be particularly inappropriate to remand the remaining cases now in light of the substantial commitment of time and resources that is required for the class certification determination and that this Court has already invested on that issue. The parties submitted seven briefs on certification for the exemplar cases, totaling approximately 270 pages. The parties submitted an extensive factual record, including nine expert reports. Many of these experts attached substantial factual materials to their reports. For example, PM USA's expert, Charles Taylor, attached over 100 deposition transcripts of smokers that he had analyzed, a 542-page appendix excerpting much of the testimony upon which he relied, and almost 500 cigarette advertisements. Defs.' Opp'n To Pls.' Mot. For Class Cert., at Ex. 34 (May 3, 2010). Similarly, plaintiffs' expert Jeffrey Harris submitted an affidavit and a report in support of certification, each of which set forth a lengthy discussion of plaintiffs' purported damages including a complex econometric analysis of Marlboro shipment data over a 28-year period. *See* Pls.' Proffer Of Evidence To Be Presented At Trial, at Exs. B-C (Aug. 20, 2010). After analyzing this extensive record, the Court issued its ruling, making detailed factual findings about smokers' beliefs, purchasing motivations, and smoking behavior. *See* Order On Pls.' Mot. For Class Cert. (Nov. 24, 2010) ("Class Cert. Order"), *rev. denied*, No. 10-8042 (1st Cir. 2011) ("the district court's certification analysis is not sufficiently questionable to warrant interlocutory review.").

As a result of this process, this Court has developed substantial expertise with the issues presented by class certification in lights cases -- exactly as contemplated by MDL procedures. Because, as plaintiffs concede, the consolidated actions are "[s]imilar" and "aris[e] out of the

same alleged misconduct,"[5] this expertise would carry over to any consideration of certification in the remaining cases. In contrast, none of the transferor judges has heard even a single motion in these cases, let alone addressed any issue relevant to the certification determination. It would be inefficient -- and contrary to the very purpose of the MDL consolidation -- to remand now so that five new judges would be forced to go through the same learning process as this Court did.

In circumstances like these, courts routinely recognize that remand is inappropriate because it would defeat the efficiencies of MDL consolidation. For example, in *Baycol*, after the MDL court denied certification of a nationwide class of pharmaceutical consumers, a plaintiff who still sought certification of a statewide class sought remand. 265 F.R.D. at 454-55. The MDL court denied the plaintiff's motion. *Id.* at 456. As the court recognized, "[a]ny court that receives this matter will need to invest significant time learning the issues" to decide class certification and other pretrial motions, and it made no sense to remand before deciding these motions in light of the "extensive background, expertise, and knowledge acquired by [the] Court over the course of [the] litigation." *Id.*; *see also, e.g., United States ex rel. Hockett v. Columbia/HCA Healthcare Corp.*, 498 F. Supp. 2d 25, 38 (D.D.C. 2007) ("This Court's familiarity with the issues in this case . . . as well as the many related issues in the other cases in this MDL, indicates that it would be much more efficient to proceed to summary judgment motions in this Court rather than to ask the transferor court to play catch-up."); *In re Holiday Magic Secs. Litig.*, 433 F. Supp. 1125, 1126 (J.P.M.L. 1977) (denying motion to remand because the transferee court "has become thoroughly familiar with the issues in this entire litigation").

---

[5]   Tang Mem. Of Law In Supp. of Pls.' Mot. For Suggestion Of Remand, at 3 (May 16, 2011) ("Tang Br."); *see also, e.g.,* Interested Party Resp. Of Pl. Bryant Tang To Mot. Of Pls. For The Transfer Of Actions To A Single District, *In re: Light Cigarettes*, MDL No. 2068, at 8 (June 1, 2009) (Ex. D) (the consolidated actions "allege substantially similar, and in some cases identical causes of action" and are "based upon the same or substantially similar underlying facts").

The remaining plaintiffs argue that remand is appropriate because the issues of state law that would be presented by their class certification motions would supposedly be better decided by a federal judge in that state. As a threshold matter, this argument ignores that this Court's class certification analysis was based on principles of Rule 23 and Article III that would apply to all cases regardless of the underlying state law at issue. *See infra* at 9-11.

Moreover, to the extent that plaintiffs' motions would require some consideration of substantive state law, plaintiffs cannot argue that this Court is unqualified to make those determinations. To the contrary, in consolidating cases spread around the nation in this MDL, the JPML clearly contemplated that this Court would be called upon to decide issues of state law other than Maine, as is the case in most MDLs, and this Court repeatedly has done so throughout these proceedings.[6] Indeed, the JPML has rejected the argument that actions "dependent upon questions of different state laws" should not be consolidated where centralization would prevent inconsistent pretrial rulings "with respect to questions of class certification." *M3Power Razor Sys. Mktg. & Sales Practices Litig.*, 398 F. Supp. 2d 1363, 1364 (J.P.M.L. 2005). As the JPML explained, "[t]he presence of differing legal theories" pursuant to different state laws "is outweighed when the underlying actions, such as the actions here, arise from a common factual core." *Id.*; *see also, e.g., In re Aurora Dairy Corp. Organic Milk Mktg. & Sales Practices*, 536 F. Supp. 2d 1369, 1370 (J.P.M.L. 2008) (centralizing actions asserting "a variety of state law claims" in order to prevent inconsistent pretrial rulings "particularly with respect to the issue of class certification").

---

[6] *See, e.g.*, Class Cert. Order at 29-35 (interpreting elements of consumer protection statutes in California, D.C., and Illinois); Order On PM USA Inc.'s Mot. For J. On The Pleadings On Pls.' Unjust Enrichment Claims & Other Requests For Equitable Relief, at 15-19 (July 26, 2010) (determining whether unjust enrichment is a separate cause of action under Mississippi law).

7

Finally, it would be particularly unfair to remand now in light of the exemplar process that the Court used to decide class certification -- at plaintiffs' request and over defendants' objections. No one contemplated that the Court simply would decide class certification in four of the cases and then leave it to other judges to decide the issue in the remaining cases. Instead, as plaintiffs argued at the time, the very purpose of the exemplar process was to provide guidance for the class certification determination in the remaining cases. Oct. 21, 2009 Hr'g Tr., at 28, 37 (Mr. Barrett). If the Court had granted class certification, plaintiffs here presumably would have sought to have that ruling applied quickly to their cases. Yet now that the Court has denied certification, plaintiffs seek to strip the exemplar process of any meaning and start over again before new judges, creating the very diseconomy and risk of "inconsistent pretrial rulings" that the JPML sought to avoid. JPML Transfer Order at 2.[7]

These plaintiffs could have raised the same arguments for remand before the exemplar ruling, yet chose to wait and see how this Court would resolve the exemplar motion. "Plaintiffs' apparent dissatisfaction" with this Court's decision "is clearly not a factor to be taken into consideration," *Holiday Magic*, 433 F. Supp. at 1126, and the exemplar process should not be

---

[7] The mere fact that many of the plaintiffs have voluntarily dismissed their cases is not a factor in deciding whether to remand, particularly in light of the investment of time that this Court has already committed to these proceedings. *See In re CBS Color Tube Patent Litig.*, 342 F. Supp. 1403, 1405 (J.P.M.L. 1972) ("[W]e are not convinced by defendants' arguments that an action, in which discovery is not yet completed, should be remanded simply because all other consolidated cases in the transferee court have been dismissed or terminated in some way."); *In re Merrill Lynch Auction Rate Secs. Litig.*, 2010 WL 2541227, at *2 (S.D.N.Y. 2010) (similar). Indeed, the JPML routinely finds that initial consolidation is appropriate in order to "prevent inconsistent pretrial rulings on class certification" where there are five or fewer pending actions. *See, e.g., In re Prograf Antitrust Litig.*, -- F. Supp. 2d --, 2011 WL 2269415, at *1 (J.P.M.L. 2011) (three actions and two potential tag-along actions); *In re Cardtronics ATM Fee Notice Litig.*, -- F. Supp. 2d --, 2011 WL 2118999, at *1 (J.P.M.L. 2011) (four actions); *In re Fresh Process Potatoes Antitrust Litig.*, 744 F. Supp. 2d 1381, 1381-82 & n.2 (J.P.M.L. 2010) (two actions and three potential tag-along actions); *In re Am. Family Mut. Ins. Co.*, 416 F. Supp. 2d 1346, 1346-47 (J.P.M.L. 2006) (two actions).

twisted into a one-way ratchet in which plaintiffs would have benefitted from a favorable ruling yet now get to try again in a different court.

  **B. This Court Should Extend Its Exemplar Class Certification Ruling To The Remaining Cases**

  Although the remaining plaintiffs summarily object to the extension of this Court's class certification ruling to their cases, they have failed to offer any explanation as to how their lawsuits could escape the Court's reasoning. Nor could they. The Court's rejection of class certification in the exemplar cases was based on factual and legal determinations that apply equally to the five remaining cases.

  Based on its analysis of the substantial record submitted by the parties, the Court found as a factual matter that "many light cigarette smokers do not fully compensate when they smoke and that the extent of their compensation can only be predicted by assessing their individual smoking habits." Class Cert. Order at 28. The Court determined further that "many smokers did not believe the Defendants' claims that light cigarettes had lower tar and nicotine and smoked light cigarettes for reasons unrelated to the alleged health benefits." *Id.* at 29. And the Court concluded that "[b]ecause cigarettes are inexpensive and purchased frequently, it is unlikely that class members will have receipts or other ways of objectively proving purchase history," as would be necessary to resolve class membership and the amount of damages. *Id.* at 42. These factual findings do not depend on state law or the specific classes at issue, but would apply to any proposed class of light smokers in any state.

  As a legal matter, the Court grounded its rejection of class certification on the requirements of Rule 23(b)(3) and Article III -- requirements that apply to all actions pending in federal court. Although the Court analyzed the state-law elements of each claim at issue, the Court concluded that any variation in these elements was immaterial to its certification analysis

9

because "[r]egardless of the specific requirements" of state law, "this Court's jurisdiction is limited by Article III standing." *Id.* at 34-35. The Court held that these Article III principles would foreclose a class action of light smokers because, in light of its factual findings that many light smokers received what was allegedly promised and/or were not deceived by the alleged misrepresentations, "the proposed classes include class members without standing." *Id.* at 37.

The *Tang* plaintiff responds that the Court's class certification ruling "was meant to serve only as an exemplar" and "was not meant to be binding as to the other state actions." Tang Br. at 4-5. But the issue is not whether the exemplar ruling is binding *per se*, but rather whether plaintiffs can identify any reason why the findings of fact and legal reasoning in that 44-page ruling would not apply to their cases. Plaintiffs cannot, and they have not even tried.

Instead, the *Tang* plaintiff points to *Shady Grove Orthopedic Assocs., P.A. v. Allstate Ins. Co.*, 130 S. Ct. 1431 (2010), as somehow justifying a suggestion of remand without first extending the exemplar ruling to his case. Not so. The question there was whether a New York state-law provision that prohibited class actions for statutory penalties under New York's consumer protection statutes applied in federal court actions subject to Federal Rule of Civil Procedure 23. *Id.* at 1437. Five justices agreed that Rule 23 superseded the New York state-law provision -- albeit for different reasons[8] -- and thus plaintiffs proceeding in federal court could

---

[8] The five justices agreed that Rule 23 would trump a state statute governing class certification unless application of Rule 23 would "abridge, enlarge, or modify any *substantive* right" under New York law. *Id.* at 1442 (plurality opinion) (emphasis added) (citation omitted); *see also id.* at 1449 (Stevens, J., concurring). The justices disagreed as to the test to be applied in determining whether the state law in question confers a substantive right. On this issue, Justice Stevens' concurring opinion is controlling because "the holding of the Court may be viewed as that position taken by those members who concurred in the judgment on the narrowest grounds." *Marks v. United States*, 430 U.S. 188, 193 (1977); *see also, e.g., McKinney v. Bayer Corp.*, 744 F. Supp. 2d 733, 747 (N.D. Ohio 2010) ("the Court finds that Justice Stevens' concurrence in *Shady Grove* is the controlling opinion by which it is bound"). Justice Stevens concluded that whether a state provision is "substantive" depends on whether the provision is treated as substantive under state law: "federal rules cannot displace a State's definition of its own rights and remedies." 130 S. Ct. at 1449 (Stevens, J. concurring).

10

seek to recover statutory penalties in a class action brought under New York's consumer protection statutes. *Id.* at 1443 (plurality opinion); *id.* at 1457-58 (Stevens, J., concurring).

Although not stated explicitly, the *Tang* plaintiff's argument appears to be that because *Shady Grove* permits him to seek statutory penalties as a form of relief, he would somehow be relieved from all of the proofs that this Court found would require individualized determinations. Contrary to plaintiff's suggestion, Tang Br. at 10, this position is not "novel" (nor is it correct as a matter of state law). To the contrary, it is the precise argument that the *Slater* plaintiff made in seeking certification of claims under the D.C. consumer protection statute, which similarly provides for the recovery of statutory penalties. *See, e.g.*, Pls.' Mot. For Class Cert. & Incorporated Mem. Of Law, at 34 (Mar. 29, 2010). This Court rejected this argument in declining to certify *Slater*. As the Court held, "regardless of the specific requirements of the . . . Washington D.C. CPPA," it would not be possible to certify a class of light smokers in view of the many class members who lacked standing. Class Cert. Order at 34-38. The *Tang* plaintiff does not even attempt to explain why this reasoning does not apply to his claim.

The *McClure* and *Phillips* plaintiffs note that they previously tried to pursue class actions in state court that failed due to state-law provisions that either eliminated[9] or severely restricted[10] consumer protection class actions. *See* Revised Order Dismissing Class Action Allegations, *McClure v. Philip Morris Cos. Inc.*, No. 99C148 (Tenn. Cir. Ct. Aug. 27, 2010) (Ex. E) (rejecting class action allegations); *Marrone v. Philip Morris USA, Inc.*, 850 N.E.2d 31, 38 (Ohio 2006) (same). These plaintiffs evidently intend to argue under *Shady Grove* that the state-law provisions that doomed their prior state court actions should be trumped by Rule 23. PM USA

---

[9] Tenn. Code Ann. § 47-18-109(a)(1).
[10] Ohio Rev. Code Ann. § 1345.09(B).

11

disagrees,[11] but that dispute is irrelevant for purposes of whether the exemplar order should be extended or whether remand is appropriate here. These state-law provisions go only to whether a plaintiff may *ever* pursue a consumer protection class action. Even if these state-law restrictions on class actions were preempted by Rule 23, each plaintiff would still have to satisfy the requirements of Rule 23 to obtain certification -- precisely the determination that this Court already made in its exemplar ruling.[12]

Finally, the *Wyatt* and *Cabbat* plaintiffs fail to offer any reason why the Court's reasoning in its exemplar decision should not apply to their cases.[13]

## II. This Court Should Decline To Recommend Remand Until All Common Pretrial Discovery And Motion Practice Is Concluded

The JPML did not limit the purpose of consolidation here to the class certification determination. Rather, it contemplated that consolidation would avoid "duplicative discovery" and "prevent inconsistent pretrial rulings." JPML Transfer Order at 2; *see also* Manual for Complex Litigation 11.61 (4th ed. 2011) ("In most cases transferred under 28 U.S.C. 1407, substantially all discovery will be completed before remand."). Accordingly, this Court should decline to suggest remand until all common pretrial discovery and motion practice is concluded.

---

[11] Courts interpreting the Tennessee and Ohio provisions at issue in *McClure* and *Phillips* have held that those provisions are substantive and thus not superseded by Rule 23 in federal court actions. *See, e.g., McKinney*, 744 F. Supp. 2d at 748-49; *In re Whirlpool Corp. Front-Loading Washer Prods. Liab. Litig.*, 2010 WL 2756947, at *2 (N.D. Ohio 2010); *Bearden v. Honeywell Int'l Inc.*, 2010 WL 3239285, at *10 (M.D. Tenn. 2010).

[12] The Ohio Supreme Court rejected class certification in light of Ohio's "prior determination" limitation on consumer protection class actions. *See Marrone*, 850 N.E.2d 31, 38. It therefore did not review the substance of the lower state courts' initial decision to grant class certification in 2003. Moreover, the lower courts' decisions were not based on Federal Rule 23, nor on the record developed here, and seven courts since have rejected class certification of similar lights claims. *See* Class Cert. Order at 20-21 (compiling cases rejecting certification).

[13] If the Court decides not to extend its exemplar decision to each remaining action, the appropriate next step would be to complete class certification discovery in all of the remaining cases (discovery has been conducted only in *Tang* and *Wyatt*) and then to proceed with full briefing on plaintiffs' motions for class certification.

12

Contrary to plaintiffs' suggestions, common discovery has not been completed. Although the Court declined strictly to bifurcate class certification and merits discovery, it made clear that it expected the parties at the initial stage to "avoid[] discovery that does not relate to" class certification and collateral estoppel issues. Oct. 26, 2009 Procedural Order, at 13. Pursuant to this Court's direction, almost no merits-related discovery has taken place yet.

For example, plaintiffs have deposed only one company employee and only on the topic of PM USA's post-1999 disclosures regarding light cigarettes. *See* Dep. of Brendan McCormick (Mar. 12, 2010) (Ex. F) (deposition transcript cover page). If the remaining actions are remanded prior to the completion of discovery, defendants' employees could be subject to separate deposition notices regarding exactly the same issues in five different actions, and any discovery disputes would have to be resolved by separate judges. *See, e.g., In re Zyprexa Prod. Liab. Litig.*, 375 F. Supp. 2d 170, 172 (E.D.N.Y. 2005) (where discovery was "in progress," remand would "frustrate the purpose of the MDL procedures which are designed to prevent unnecessary duplicative discovery work by transferor courts"); *In re Bridgestone/Firestone, Inc.*, 128 F. Supp. 2d 1196, 1198 (S.D. Ind. 2001) (where parties intend to conduct in individual cases "the very discovery that will be coordinated in [the] MDL," remand would amount to the "abandonment of the Panel's judgment").[14]

Similarly, defendants have not yet had an opportunity to conduct discovery in *McClure*, *Phillips*, and *Cabbat* because those cases were transferred to this MDL after the close of class certification discovery in these proceedings. Nor has there been an opportunity to conduct merits

---

[14] *See also, e.g., In re Ameriquest Mortg. Co.*, 2010 WL 1418399, at *2 (N.D. Ill. 2010) (refusing to suggest remand where discovery was incomplete, even though no discovery requests were outstanding); *Express Scripts*, 2010 WL 5149270, at *2 (refusing to suggest remand in part because of remaining discovery "applicable to all cases pending before the Court"); *In re Nat'l Century Fin. Enters., Inc.*, 2004 WL 882456, at *5 (S.D. Ohio 2004) (refusing to suggest remand because "consolidated discovery and pretrial proceedings will promote judicial economy and conserve the resources of the parties").

discovery in *Tang* and *Wyatt*. Indeed, plaintiffs in *Tang* and *Wyatt* have declined to answer discovery on the ground that it related only to the merits and thus was "premature." *See, e.g.*, Pl. Bryant Tang's Second Supp. Objections & Resps. To Defs.' First Interrogs. For Purposes Of Class Cert., at 2-3 (June 1, 2010) (Ex. G) (objecting to all contention interrogatories as "premature"); *id.* at Interrog. No. 17 (refusing to provide "the earliest date" on which plaintiffs contend a class member "could or should have known facts" underlying plaintiffs' claims, in-part because it was "not relevant to class certification" and "discovery is still ongoing"). Although much of this discovery would be directed at specific plaintiffs, the substance of the discovery is largely the same in each case. *Compare* PM USA's First Interrogs. For Purposes Of Class Cert. To Bryant Tang (Nov. 20, 2009) (Ex. H), *with* PM USA's First Interrogs. For Purposes Of Class Cert. To Pls. Nikolic & Konkel (Nov. 20, 2009) (Ex. I) (interrogatories to former named plaintiffs in *Wyatt*). As a result, any discovery disputes would likely be the same in each case and would benefit from resolution by a single judge.

Moreover, these cases depend heavily on the testimony of expert witnesses. Based on experience in prior litigation, discovery and motion practice relating to those experts will constitute a substantial portion of any pretrial preparation efforts.[15] Under the Court's case management order, however, the parties have disclosed only those experts whose testimony pertains to class certification; the process of disclosing and conducting discovery regarding merits experts has not even begun. Based on prior experience, plaintiffs almost surely will designate many or all of the same experts in each case, and PM USA anticipates that it will do so

---

[15] For example, in the only light cigarette action that has gone to trial, *Price v. Philip Morris Co.*, No. 00-L-112 (Ill. Cir. Ct.), the parties called seventeen experts to testify at trial and filed at least fourteen motions relating to the use of expert witnesses. Exhibit J (charts of expert witnesses and expert-related motions filed in *Price*).

as well.[16] As such, the remaining cases likely will involve a substantial amount of overlapping expert testimony, and any discovery or motion practice regarding the experts will be common to the remaining cases. It would be more efficient to have a single judge resolve any discovery dispute that arises as to any of these experts, or any *Daubert* or similar motion that is filed against any of these experts.

## CONCLUSION

For the reasons set forth above, this Court should deny each plaintiff's Motion For Suggestion Of Remand and should extend its class certification order to each remaining case. Defendants respectfully request oral argument on these issues.

DATED: July 6, 2011

Respectfully submitted,

 /s/ H. Peter Del Bianco, Jr.
H. Peter Del Bianco, Jr.
LAMBERT COFFIN
P.O. Box 15215
477 Congress Street
Portland, Maine  04112-5215
(207) 874-4000

Philip H. Curtis
Nancy G. Milburn
ARNOLD & PORTER LLP
399 Park Avenue
New York, NY  10022
(212) 715-1000

---

[16]   For example, plaintiffs in *Price* called as an expert Dr. Neal Benowitz, who, as of the filing of this brief, has testified in 22 tobacco-related trials and had his deposition testimony played in 18 additional trials. Exhibit K.  Similarly, plaintiffs' expert David M. Burns, who submitted a report in support of plaintiffs' motion for class certification in the exemplar cases, has testified in 40 tobacco-related trials (including *Price*) and had his deposition testimony played in 22 additional trials.  Exhibit L.

Judith Bernstein-Gaeta
James M. Rosenthal
ARNOLD & PORTER LLP
555 12th Street, N.W.
Washington, D.C. 20004
(202) 942-5000

John H. Beisner
SKADDEN, ARPS, SLATE, MEAGHER
& FLOM LLP & AFFILIATES
1440 New York Avenue, N.W.
Washington, D.C. 20005
(202) 371-7000

Counsel to Defendant Philip Morris USA Inc.


   /s/ David C King
David C. King
RUDMAN & WINCHELL
84 Harlow Street
P O. Box 1401
Bangor, ME  04401
(207) 992-2414

Guy Miller Struve
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY 10017
(212) 450-4192

Counsel to Defendant Altria Group, Inc.

**CERTIFICATE OF SERVICE**

      I hereby certify that on July 6, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record registered with the ECF system.

      /s/ H. Peter Del Bianco, Jr.
H. Peter Del Bianco, Jr.
LAMBERT COFFIN
P.O. Box 15215
477 Congress Street
Portland, Maine 04101
Telephone: (207) 874-4000
pdelbianco@lambertcoffin.com