UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| IN RE: LIGHT CIGARETTES | ) | |
| MARKETING SALES PRACTICES | ) | 1:09-md-02068-JAW |
| LITIGATION | ) | |

ORDER ON MOTIONS FOR SUGGESTION OF REMAND
TO TRANSFEROR COURT AND OBJECTIONS TO EXTENSION OF
ORDER ON MOTION FOR CLASS CERTIFICATION

The Court concludes that this multidistrict litigation has run its course and suggests to the Judicial Panel on Multidistrict Litigation that the remaining four cases be referred back to the transferor courts. The Court further declines to impose its class certification order on four exemplar cases to the remaining cases.

I.    STATEMENT OF FACTS

   A.    Procedural History

The Plaintiffs brought class actions on behalf of purchasers of light cigarettes manufactured by Philip Morris USA, Inc. and Altria Group, Inc. (the Defendants). On September 10, 2009, the United States Judicial Panel on Multidistrict Litigation (JPML) transferred the actions to this Court for centralization under 28 U.S.C. § 1407. *MDL Transfer Order* (Docket # 1). After transfer, each side agreed to submit two test cases to determine issues involving class certification. *Minute Entry* (Docket # 28); *Status Conference Transcript* at 28-42 (Docket # 29). The Plaintiffs picked California and Washington, D.C. and the Defendants Illinois and Maine. *Notice/Correspondence* (Docket # 47, 108). On November 24, 2010, the Court issued an Order concluding that common issues did not predominate and it

denied class certification for all four classes. *Order on Pls.' Mot. for Class Certification* (Docket # 255). In April 2011, the Court ordered Plaintiffs to notify the Court by May 16, 2011 as to whether they intended to proceed with the pending action and whether they objected to the extension of the Court's class certification order to their case. *Order* (Docket # 277). A number of Plaintiffs elected to request dismissal of their claims. *Report to Ct. Requesting Dismissal of Claims Without Prejudice* (Docket # 280, 283, 286); *Order of Dismissal* (Docket # 295); *Order* (Docket # 305).

Some Plaintiffs, however, preferred to continue with their civil actions, requested remand, and objected to the extension of the class certification order to their cases. *Notice of Intent to Proceed and Objection to Extension of Class Certification Order Dated Nov. 24, 2010* (Docket # 279); *Notice of Motion for Suggestion of Remand* (Docket # 282); *Notice of Intent to Proceed and Objection to Extension of Class Certification Order Dated Nov. 24, 2010* (Docket # 284, 285); *Pl.'s Mot. That the Ct. Suggest Remand* (Docket # 292); *Pls.' Notice of Intent to Proceed and Objection to the Extension of This Ct.'s Order on Pls.' Mot. for Class Certification to Their Case Together with Pls.' Req. for a Suggestion of Remand* (Docket # 293). The Defendants opposed the Plaintiffs' motions and requested oral argument. *Defs.' Mem. of Law in Opp'n to Pls.' Mot. for Suggestion of Remand and in Support of Extending the Ct.'s Order Denying Class Certification* (Docket # 299). The Plaintiffs replied. *Reply in Support of Pl.'s Mot. for Suggestion of Remand and Opp'n to Defs.' Cross-Motion to Extend the Ct.'s Order Denying Class Certification*

(Docket # 306); *Reply in Support of Pl.'s Mot. for Suggestion of Remand* (Docket # 307); *Reply in Support of Pl.'s Mot. for Suggestion of Remand* (Docket # 308); *Pls.' Reply Mem. in Support of Pls.' Objection to the Extension of This Ct.'s Order on Pls.' Mot. for Class Certification to Their Case and Pls.' Req. for a Suggestion of Remand* (Docket # 311).

The Defendants moved to file a sur-reply. *Defs.' Mot. for Leave to File Surreply in Opp'n to Pls.' Mot. for Suggestion of Remand and in Support of Extending the Ct.'s Order Denying Class Certification* (Docket # 312). The Plaintiffs opposed the motion. *Pls.' Resp. to Defs.' Mot. for Leave to File a Sur-Reply* (Docket # 313); *Opp'n to Defs.' Mot. for Leave to File a Surreply* (Docket # 314); *Opp'n to Defs.' Mot. for Leave to File a Surreply* (Docket # 315); *Phillips Pls.' Objection to Defs.' Mot. for Leave to File a Sur-Reply* (Docket # 316).

B.  **Factual Background**

The remaining Plaintiffs include residents of New York (Tang), Wisconsin (Wyatt), Hawaii (Cabbatt), and Ohio (Phillips). Each Plaintiff says that remand is appropriate because there are idiosyncrasies in the law of his or her respective state that prevent the extension of the Court's class certification order and that justify a remand to the transferor court. The Defendants respond that class certification is a pretrial issue that the Court should resolve in order to achieve the substantial efficiencies contemplated by the JPML's reference. Otherwise, they say, the Defendants will continue to expend resources litigating in multiple jurisdictions, risk inconsistent court rulings, and amount to an "end run" around the JPML

process. The Plaintiffs reply that the Court has finished its work on common issues and that what remains is limited to matters unique to their specific cases.

## II.  DISCUSSION

Under 28 U.S.C. § 1407, the JPML is authorized to order civil actions "involving one or more common questions of fact . . . pending in different districts" to a single district "for coordinated or consolidated pretrial proceedings." 28 U.S.C. § 1407(a). The JPML is further authorized to transfer such actions when "such proceedings will be for the convenience of parties and witnesses and will promote the just and efficient conduct of such actions." *Id.* However, the JPML "leave[s] the extent and manner of coordination or consolidation of these actions to the discretion of the transferee court." *In re Vioxx Products Liability Litig.*, 360 F. Supp. 2d 1352, 1354 (Jud. Pan. Mult. Lit. 2005) (citing *In re Mut. Funds Invs. Litig.*, 310 F. Supp. 2d 1359 (Jud. Pan. Mult. Lit. 2004)). Under *Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998), the JPML's transfer to the transferee court does not include the trial of the transferred cases. Therefore, at some point after the JPML's referral, the transferee court is expected to suggest to the JPML that the matter should be returned to the transferor court for final resolution. The question these motions raise is when—short of trial—the transferee court's work is done and the case is ready to be remanded to the transferor court.

The power to remand a case to the transferor court rests solely with the JPML. 28 U.S.C. § 1407(a). In making this determination, the Manual for Complex Litigation notes that the JPML "looks to the transferee court to suggest when

4

remand should be ordered." MANUAL FOR COMPLEX LITIGATION § 31.133 (3rd ed. 1994). The JPML has stated:

> After all, the transferee judge is charged with the day-to-day supervision of centralized pretrial proceedings and, accordingly, has special insight into the question of whether further coordinated or consolidated proceedings are likely to be useful. A transferee judge's suggestion of remand to the Panel is an obvious indication that he has concluded that the game is no longer worth the candle (and, therefore, that he perceives his role under section 1407 to have ended).

*In re Brand-Name Prescription Drugs Antitrust Litig.*, 170 F. Supp. 2d 1350, 1376 (Jud. Pan. Mult. Lit. 2001).

In making a suggestion for remand, the transferee court should "consider at what point remand will best serve the expeditious disposition of the litigation." MANUAL FOR COMPLEX LITIGATION § 31.133. "It is not contemplated that a Section 1407 transferee judge will necessarily complete all pretrial proceedings in all actions transferred and assigned to him by the Panel, but rather that the transferee judge in his discretion will conduct the common pretrial proceedings with respect to the actions and any additional pretrial proceedings as he deems otherwise appropriate." *In re Evergreen Valley Project Litig.*, 435 F. Supp. 923, 924 (Jud. Pan. Mult. Lit. 1977).

Because only the JPML may order remand in multidistrict litigation, the Court uses the JPML's own remand standards as a guide. *See In re Bridgestone/Firestone, Inc.*, 128 F. Supp. 2d. 1196, 1197 (S. D. Ind. 2001) ("In determining whether to issue a suggestion for remand to the Panel a transferee court should be guided by the standards for remand employed by the Panel"). The

JPML "has the discretion to remand a case when everything that remains to be done is case-specific." *In re Patenaude*, 210 F.3d 135, 145 (3d Cir. 2000). The JPML often remands where doing so "will serve the convenience of the parties and witnesses and will promote the just and efficient conduct of the litigation." *Id.* (quoting *In re Air Crash Disaster at Tenerife*, 461 F. Supp. 671, 672 (Jud. Pan. Mult. Lit. 1978)). "Whether Section 1407 remand is appropriate for actions or claims in any particular multidistrict docket is based upon the totality of circumstances involved in that docket." *In re Brand-Name Prescription Drugs Antitrust Litig.*, 170 F. Supp. 2d at 1352.

The district court in Missouri recently addressed a similar issue. In *In re Bisphenol-A (BPA) Polycarbonate Plastic Products Liability Litig.*, MDL No. 1967, Master Case No. 08-1967-MD-W-ODS, 2011 U.S. Dist. LEXIS 73375 (W.D. Mo. Jul. 5, 2011), the district court observed that a JPML reference "does not mean . . . that *all* pretrial matters need to be—or even should be—resolved by the transferee court." *Id.* at *5. The *BPA* Court noted that there is a countervailing benefit in remanding the referred cases back to the individual districts when there are issues that "affect[] only a few cases, and relate[] to the manner in which the case will be tried"; it is sensible for the judge who will preside over trial to be the judge to decide these issues. *Id.*

From this Court's perspective, the *Light Cigarettes* litigation has reached the point where this Court's continued oversight of the pretrial proceedings is no longer justified. There are only four remaining cases and in each, the Plaintiffs reasonably

claim that the class certification issues present case-specific questions unique to the state law of their respective jurisdictions. Furthermore, the transferor courts, each of which is familiar with the state law of their respective jurisdictions, are in a better position to assess the parties' state law arguments and their impact on the class certification issue. The Court concludes that the efficiencies of consolidated handling of pretrial matters have reached the point of diminishing returns.

Nor is the Court inclined to extend its class certification ruling to the four remaining Plaintiffs. First, the transferor courts should have the authority to review the Court's opinion, which denied class certification on the exemplar cases, and to decide whether its extension is merited to the cases before them. As judicial authority is about to be re-conferred on the transferor courts, their ability to properly administer their own cases should not be circumscribed. Second, although the parties elected to proceed under exemplar class certifications, they never agreed that the Court could impose its decision on the remaining cases. An extension of the class certification order to individual Plaintiffs who never agreed to the extension to their case and who argue idiosyncratic differences between their cases and the exemplar cases would present fundamental problems of fairness. Finally, even though the Court has not extended its order denying class certification to the remaining Plaintiffs, that order is available to the parties and to the transferor courts and the strength of the order can be measured by its power to convince.

It is true, as the Defendants observe, that the Court is leaving some pretrial work undone. Yet, the central purpose of the JPML referral has been achieved.

The Court ruled on certification questions involving four exemplars and has provided significant guidance on its view of the proper application of the class certification law to the facts in this litigation. As a consequence of the referral, twelve cases have been voluntarily dismissed and one remanded early on. This leaves only four remaining cases, substantially lessening the prospect of inconsistent determinations of common issues and the inconvenience and expense of multiple-jurisdiction litigation.

Finally, the Court rejects the Defendants' motion to file a sur-reply. Absent highly unusual circumstances, sur-replies are not favored. If the Court granted the Defendants the right to sur-reply, the Plaintiffs would no doubt ask for a right to file a sur-response. The Court also denies the Defendants' request for oral argument. The positions of the parties are well articulated in their filings and whatever benefit the Court might glean from oral argument is not justified by the additional expense and delay. In brief, there must be an endpoint to argument and this is it.

## III.  CONCLUSION

The Court GRANTS the Plaintiffs' Notice of Intent to Proceed and Objection to Extension of Class Certification Order Dated Nov. 24, 2010 (Docket # 279); Notice of Motion for Suggestion of Remand (Docket # 282); Notice of Intent to Proceed and Objection to Extension of Class Certification Order Dated Nov. 24, 2010 (Docket # 284, 285); Plaintiff's Motion That the Court Suggest Remand (Docket # 292); Plaintiffs' Notice of Intent to Proceed and Objection to the Extension of This Court's

Order on Plaintiffs' Motion for Class Certification to Their Case Together with Plaintiffs' Request for a Suggestion of Remand (Docket # 293). The Court DENIES the Defendants' Motion for Leave to File Surreply in Opposition to Plaintiffs' Motion for Suggestion of Remand and in Support of Extending the Court's Order Denying Class Certification (Docket # 312) and their request for oral argument (Docket # 299).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 12th day of December, 2011